UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISRAEL HERNANDEZ-LEIJA, and | ) |
| | ) |
| CARLOS OMAR CALVILLO-LOPEZ, | ) |
|   In their own name and right, | ) |
|   and on behalf of all others | ) |
|   similarly situated, | ) |
| | ) |
| v. | ) |
| | ) |
| E.M. TROMINSKI, INS DISTRICT | ) |
|   DIRECTOR, and | ) |
| JOHN ASHCROFT, ATTORNEY | ) |
|   GENERAL OF THE UNITED STATES. | ) |

C.A. No. B -01- 206

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Israel Hernandez-Leija and Carlos Omar Calvillo-Lopez, on their own
behalf and on behalf of all others similarly situated, hereby file
the instant Petition for Writ of Habeas Corpus, and Class Action
Complaint for Declaratory and Injunctive Relief.

## I.   JURISDICTION AND VENUE

1.   Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas
corpus), 1331 (federal question), and 1346(a)(2) (actions against
Officers of the United States), and pursuant to 28 U.S.C. §2201 et
seq, (Declaratory Judgement Act).

2.  Many of the acts and omissions complained of herein occurred in
Harlingen, Texas, which is also where Respondent Trominski
maintains his offices.   Further, both named Petitioners are
detained by Respondents at the Port Isabel Service Processing
Center, in Bayview, Texas, within the jurisdiction of this Court

## II.   THE PARTIES

3.  Petitioner Israel Hernandez-Leija is a native and citizen of
Mexico and lawful permanent resident of the United States, ("LPR"),

who has resided in this country since he was approximately eleven years old. He is currently being detained by Respondents at the Port Isabel Service Processing Center in Bayview, Texas, ("PISPC").

4. Petitioner Carlos Omar Calvillo-Lopez is also a citizen and national of Mexico, and lawful permanent resident of the United States, who has resided in the U.S. since he was about nine years old. He is also currently detained by Respondents at PISPC.

5. Respondent E. M. Trominski is the District Director of the Harlingen, Texas, office of the Immigration and Naturalization Service. He is sued in his official capacity only.

6. Respondent John Ashcroft is the Attorney General of the United States. He is also sued in his official capacity only.

### III.  THE FACTS

7. On or about August 9, 2000, Petitioner Hernandez was given deferred adjudication, and placed on probation, in Brooks County, Texas, for the offense of possession of marijuana.

8. On or about November 16, 2001, Petitioner Hernandez applied for admission as a returning resident at Roma, Texas. As a result of the above disposition, he was at that time detained, and placed under removal proceedings as an "arriving alien," under the authority of 8 U.S.C. §1225(b)(2)(A). He was not then, and has not now been arrested pursuant to a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a).

9. Because Respondents characterized Petitioner Hernandez as an "arriving alien," and he has not been arrested on a warrant issued by the Attorney General, he can only be paroled [1] into the United

---

[1]  As used herein, the term "parole" means that a person is permitted to go at liberty within the U.S., without being "admitted" as defined by 8 U.S.C. §1101(a)(13), whereas the term "conditional parole" means that a person arrested on a warrant issued by the Attorney General is allowed to go at liberty within the U.S., under specified conditions, pending removal proceedings.

States, under the authority of 8 U.S.C. §1182(d)(5), which parole may be, but is not necessarily, accompanied by payment of a bond, but he cannot be granted bond or "conditional parole" under the authority of 8 U.S.C. §1226(a)(2).

10.    Respondents did not give Petitioner Hernandez any form of notice of the possibility of parole under 8 U.S.C. §1182(d)(5), and it was only after he obtained counsel that he learned of this possibility, and his attorney requested parole under §1182(d)(5) on his behalf, thereby causing delay in the consideration of his request.   Petitioner's Exhibit A, incorporated by reference.

11.    Because he may only be paroled under 8 U.S.C. §1182(d)(5), Petitioner Hernandez is not entitled to a hearing before an Immigration Judge or other impartial adjudicator on his request for parole, in the event that it is denied by Respondent Trominski, as would be the case if he could be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2)(B).

12.    Petitioner Hernandez asserts that the criteria and procedures for consideration of applications for parole under 8 U.S.C. §1182(d)(5) deny him both procedural and substantive Due Process.

13.    In September 1999, Petitioner Calvillo was involved in a minor altercation, as a result of which he pled no contest to a charge of misdemeanor assault, was given deferred adjudication, and placed on probation.   The charges were eventually dismissed

14.    On or about January 22, 2001, Petitioner Calvillo was also granted deferred adjudication for the offense of (simple) possession of a controlled substance.

15.    On or about October 13, 2001, Petitioner Calvillo applied for admission at Los Indios, Texas. He was in a vehicle with two United States citizens, (in the front seat), and another LPR, (in the back seat with him). At the primary inspection station, the two persons in the front seat declared themselves to be United States citizens. Mr. Calvillo made no such declaration, but because he had forgotten

3

his green card, he was sent to secondary. Respondents allege that he also claimed to be a United States citizen, which charge he denies. However, once in secondary, he was detained, and placed under removal proceedings as an "arriving alien," under the authority of 8 U.S.C. §1225(b)(2)(A). He was not then, and has not now, been arrested pursuant to a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a).

16. Because Respondents characterized Petitioner Calvillo as an "arriving alien," and he has not been arrested on a warrant issued by the Attorney General, he can only be paroled into the United States by Respondent Trominski under the authority of 8 U.S.C. §1182(d)(5), which parole may be, but is not necessarily, accompanied by payment of a bond, but he cannot be granted bond or "conditional parole" under the authority of 8 U.S.C. §1226(a)(2).

17. Respondents did not provide Petitioner Calvillo with any form of notice of the possibility of parole under 8 U.S.C. §1182(d)(5), but once he obtained counsel, he learned of this possibility, and his attorney requested that Respondent Trominski grant parole under §1182(d)(5)(A). Said request was denied, on the stated grounds that, under "current guidelines" his release "is not considered to be in the public's interest or of an urgent humanitarian nature." Petitioner's Exhibit B, herein incorporated by reference.

18. Because he may only be paroled under 8 U.S.C. §1182(d)(5)(A), Petitioner Calvillo is not entitled to a hearing before an Immigration Judge or other impartial adjudicator on his request for parole, as would be the case if he could be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2)(B).

19. Acting *pro se,* Petitioner Calvillo nonetheless made a request for bond or conditional parole under 8 U.S.C. §1226(a), which request was denied by Immigration Judge David Ayala, for lack of jurisdiction. Petitioner's Exhibit C, incorporated by reference.

20. If, however, he were entitled to such a hearing, Petitioner

4

Calvillo asserts that he would qualify for bond or "conditional parole," in that he presents little if any flight risk, or danger or threat to the community, and that an otherwise similarly situated LPR who had been arrested on a warrant would have been granted bond or "conditional parole" following such a hearing.

21.  Petitioner Calvillo asserts that the criteria and procedures for consideration of applications for parole under 8 U.S.C. §1182(d)(5) deny him both procedural and substantive Due Process.

22. When an LPR seeking admission at a port of entry within the Harlingen INS District fails to satisfy the examining immigration officer that he or she is "clearly and beyond a doubt entitled to be admitted," that LPR is not arrested by Respondents on a "warrant issued by the Attorney General" within the meaning of 8 U.S.C. §1226(a), (although, in some cases, arrest warrants may be, or may have been, issued by other authorities, in connection with criminal charges).  Rather, Respondents "detain" such LPRs under the authority of 8 U.S.C. §1225(b)(2), and, if parole is not granted under 8 U.S.C. §1182(d)(5), such LPRs are subsequently either detained, without bond, while removal proceedings are conducted, or they are returned to Mexico to await their removal hearings, under 8 U.S.C. §1225(b)(2)(C).  In neither case do Respondents advise the LPRs of the possibility of parole under §1182(d)(5)

23.  It is a settled and uncontested principle of immigration law that parole of arriving aliens may be granted only under 8 U.S.C. §1182(d)(5), and that such persons may not be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2).

24.  On information and belief, it is alleged that all requests for bond or "conditional parole" which have been made by LPRs detained at PISPC as "arriving aliens" have either been ignored, as frivolous, or denied for lack of jurisdiction by the Immigration Judges in whose court the cases have fallen. *See*, Exhibit C. *See also,* Petitioner's Exhibit D, herein incorporated by reference.

25.  On information and belief, it is alleged that, in retaliation for having requested that an Immigration Judge grant bond or "conditional parole" under 8 U.S.C. §1226(a)(2), Respondent Trominski has either denied or refused to consider parole requests under 8 U.S.C. §1182(d)(5)(A) from other LPRs detained at PISPC as "arriving aliens" under 8 U.S.C. §1225(b)(2)(A).

26. On information and belief, it is alleged that: (a) the "current guidelines" for release on parole under §1182(d)(5) do not specifically distinguish between applications from LPRs and other "arriving aliens;" (b) the "current guidelines" for granting parole under §1182(d)(5) do not specify as a factor in the applicant's favor under the fact that he or she is an LPR; (c) the "current guidelines" do not specify that flight risk, and whether the person is a threat or danger to the community, are to be considered in deciding whether to grant parole to an LPR; and (d) the "current guidelines" permit respondents to exercise virtually unfettered discretion in deciding whether to parole applicants who are LPRs.

27. As applied to LPRs, the criteria and procedures for considering requests for parole under 8 U.S.C. §1182(d)(5), including: (a) the lack of statutory or regulatory authority for utilizing, in considering applications for parole from LPRs, the criteria employed in adjudicating requests for bond or "conditional parole" from otherwise similarly situated LPRs arrested on warrants issued by the Attorney General, which criteria are based on whether the LPR is a flight risk, and/or a threat or danger to the community, (b) the lack of notice to members of the putative class that parole under §1182(d)(5) is possible, and (c) the lack of a hearing before an Immigration Judge or other impartial adjudicator before parole is denied, violate both procedural and substantive Due Process.

## IV.  CLASS ALLEGATIONS

28.  Petitioners seek to represent the class of all LPRs who, when seeking admission at a port of entry within the geographical area

encompassed by the Harlingen District of the Immigration and
Naturalization Service, have been or will be placed in removal
proceedings as "arriving aliens," under the authority of 8 U.S.C.
§1225(b)(2); and who have not been arrested on a warrant issued by
the Attorney General, within the meaning of 8 U.S.C. §1226(a), and
who are or will be either detained by Respondents pending their
removal hearings, or returned to Mexico to await their hearings,
under 8 U.S.C. §1225(b)(2)(C), and all such former LPRs whose
removal orders are or may still be subject to some form of judicial
review, either in habeas corpus, or through a petition for review.

29.   The above class is so numerous that joinder of all members,
present and future, would be impracticable.  There are questions of
law, and/or of fact, which are common to the class.  The claims of
the representative parties are typical of the claims of the class.
The representative parties, and their counsel, can and will fairly
and adequately protect the interest of the class.

30.  Respondents have acted and refused to act on grounds generally
applicable to the class, thereby making appropriate final
injunctive relief, and/or corresponding declaratory relief, with
respect to the class as a whole.

**V.   THE CAUSES OF ACTION**
**1.   HABEAS CORPUS**

Petitioners Hernandez and Calvillo assert that their detention
violates the laws and Constitution of the United States, as well as
international law, and treaty obligations with their native country
of Mexico, which claims are cognizable in habeas corpus, under 28
U.S.C. §2241. They therefore request that preliminary and permanent
injunctions issue, requiring Respondents to grant them a prompt
hearing on their requests for parole, before an Immigration Judge
or other impartial adjudicator, and that, at said hearing, their
entitlement to parole, with or without payment of a bond, be
adjudged in a manner which would be both procedurally and

7

substantively consistent with a determination made under 8 U.S.C. §1226(a)(2) for granting bond or "conditional parole" to otherwise similarly situated LPRs who are arrested on a warrant issued by the Attorney General, and detained pending a decision on whether they are to be removed from the United States, to wit, that such applications be adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community.

## 2.   DECLARATORY JUDGMENT

Petitioners further seek a Declaratory Judgment, on their own behalf and on behalf of all others similarly situated, declaring and adjudging that it violates the laws and Constitution of the United States, as well as international law, and treaty obligations between the United States and other countries, to detain LPRs as "arriving aliens" under 8 U.S.C. §1225(b)(2), without advising them of the possibility of parole under §1182(d)(5), and without affording them a prompt hearing on any requests for parole before an Immigration Judge or other impartial adjudicator, and without adjudicating, at said hearing, their entitlement to parole, with or without payment of a bond, in a manner which would be both procedurally and substantively consistent with determinations made under 8 U.S.C. §1226(a)(2) for granting bond or "conditional parole" to otherwise similarly situated LPRs arrested on warrants issued by the Attorney General, and detained pending a decision on whether they are to be removed from the U.S., to wit, without adjudicating such applications on the basis of whether the LPR is a flight risk, or constitutes a threat or danger to the community.

## 3.   INJUNCTIVE RELIEF

Petitioners further seek a preliminary and permanent injunction, restraining and enjoining Respondents from detaining LPRs as "arriving aliens" under 8 U.S.C. §1225(b)(2), without advising them of the possibility of parole, and without granting them a prompt hearing on any requests for parole before an Immigration Judge or

8

other impartial adjudicator, and without adjudicating, at said hearing, their entitlement to parole, with or without payment of a bond, in a manner which would be both procedurally and substantively consistent with determinations made under 8 U.S.C. §1226(a)(2) for granting bond or "conditional parole" to otherwise similarly situated LPRs who are arrested on warrants issued by the Attorney General, and detained pending a decision on whether they are to be removed from the United States, to wit, without adjudicating such applications on the basis of whether the LPR is a flight risk, or constitutes a threat or danger to the community.

### 4. OTHER AND FURTHER RELIEF

Petitioners would note that, since they have not been arrested on warrants issued by the Attorney General, and because the class they seek to represent excludes persons arrested on such warrants, this action is not barred by 8 U.S.C. §1226(e), and the relief sought herein is wholly consistent with the Fifth Circuit's holding in the related case, *Ascencio-Guzman v. Trominski*, C.A. B-94-215. *See*, *Loa-Herrera v. Trominski*, 231 F.3d 984 (5th Cir. 2000).

Petitioners would further note that, because they are currently physically detained, they are not members of the class in *Ascencio-Guzman*. They do seek to represent a subset of that class, in the event that the pertinent aspect of the relief sought herein is not granted in that action. They also seek to represent other LPRs, who, like themselves, are excluded from that class because they are or will be physically detained by Respondents.

Therefore, they would request that this Honorable Court first address their request for habeas relief, and consider certifying a subclass, limited to current and future LPRs being detained in the U.S. as arriving aliens after seeking admission at a port of entry within the Harlingen INS District, (which LPRs are not members of the class in *Ascencio-Guzman*), and in order to avoid duplicative work, withhold consideration of the questions affecting the

9

remainder of the putative class until the issues raised in *Ascencio-Guzman* have been at least provisionally resolved.

Finally, Petitioners seek such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

## VERIFICATIONS

I, Thelma O. Garcia, hereby certify that I represent Petitioners Hernandez and Calvillo in their removal proceedings, and that the foregoing facts relating to their removal cases are true and correct to the best of my knowledge and belief.

December 17, 2001

I, Lisa S. Brodyaga, hereby certify that I have been certified in Immigration and Nationality law by the Texas Board of Legal Specialization since 1981, and have practiced immigration law in the Harlingen area since 1978, and that the foregoing averments of law and facts relating to procedures involving lawful permanent residents seeking admission within the Harlingen INS district are true and correct to the best of my knowledge and belief.

December 17, 2001

10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISRAEL HERNANDEZ-LEIJA, and | ) | |
| | ) | |
| CARLOS OMAR CALVILLO-LOPEZ, | ) | |
|   In their own name and right, | ) | |
|   and on behalf of all others | ) | |
|   similarly situated, | ) | |
| | ) | |
| v. | ) | C.A. No. B-01-206 |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT | ) | |
|   DIRECTOR, and | ) | |
| JOHN ASHCROFT, ATTORNEY | ) | |
|   GENERAL OF THE UNITED STATES. | ) | |
| | ) | |

EXHIBIT "A" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

*Law Offices of*

# Thelma O. Garcia

*Attorney - Abogada*

*301 E. Madison*
*Harlingen, Texas 78550*
*(956) 425-3701 • Fax (956) 428-3731*

December 17, 2001

Mr. Cecilio Ruiz
Assistant District Director for Deportations
Immigration & Naturalization Service
2102 Teege Avenue
Harlingen, Texas  78550

**RE:  ISRAEL HERNANDEZ LEIJA**
**FILE No.: A44 078 561**

Dear Mr. Ruiz:

Please be advised that I represent the above mentioned Respondent in proceedings before the Immigration & Naturalization Service and the Executive Office for Immigration Review. Enclosed is my G-28.

Respondent, **ISRAEL HERNANDEZ LEIJA** has been detained by the Immigration and Naturalization Service (INS) since on or about December 03, 2001 and has been issued a Notice to Appear. He is currently detained at the Port Isabel Service Processing Center at Los Fresnos, Texas.

In November 1999, Mr. Hernandez was charged with possession of marijuana and received three years deferred adjudication community supervision for said offense.  This is Mr. Hernandez' first offense.

Mr. Hernandez has lived continuously in the United States since 1989.  He is married to a U.S. citizen and has two (2) U.S.C. children whom he provides with support. Mr. Hernandez's parents are both LPR's, as well as his four siblings. He has no family ties in Mexico. He has resided in the United States most of his life.  Mr. Hernandez has been gainfully employed as a mechanic for "Power Training Professional", in Omaha, Nebraska where he resides.  A separation from his family would indeed create an extreme and unusual hardship to his children and to his wife.

I hereby respectfully request that Respondent be paroled into the United States pursuant to Section 212 of the Immigration and Nationality Act.  The Respondent is not a flight risk and will not abscond if paroled into the United States, in that he is aware that his failure to appear will bar him forever from the United States if ordered removed in his absence. Further, as I stated above, these type of

procedures generally take time, it would be in the best
interest of the Service and of the Respondent if he is
released while the pendency of the outcome in these
proceedings. Mr. Hernandez has strong family ties, most
importantly his U.S.C. wife, and children whom he provides
with support. He is an outstanding person who has never had
good moral character problems.  Further, this Respondent is
neither a security risk nor is he a threat to society.

        Thank you for your cooperation and consideration to this
matter.

Respectfully,

LAW OFFICE OF THELMA O. GARCIA

THELMA O. GARCIA, ESQ.

TOG/ndl
encl.






A93 090 805

PROCESSED FOR I-551.
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL 10/3/02
EMPLOYMENT AUTHORIZED

OMA

14. Family Name
HERNANDEZ

15 First (Given) Name
MODESTO

17. Country of Citizenship
MEXICO

16. Birth Date (Day/Mo/Yr)
15.12.57

STAPLE HERE

See Other Side

ENGLISH





CLASS: C    DL
DOB: 12-15-57    W
EXPIRES: 12-15-07
REST:
END:



4  44 07 P 564
PROCESSED FOR I-551
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL 10-3-02
EMPLOYMENT AUTHORIZED
29 III / 10-4-01
ORM

14 Family Name

HERNANDEZ

15 First (Given) Name

EDGAR

17 Country of Citizenship

16 Birth Date (Day/Mo/Yr)

01.04.87

For sale by the Superintendent of Documents, U.S. Government Printing Office
Washington, D.C. 20402



SOCIAL SECURITY

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

THIS NUMBER HAS BEEN ESTABLISHED FOR

EDGAR HERNANDEZ

SIGNATURE



Do not laminate this card.     *5 - 15 - 80*

This card is invalid if not signed by the number holder unless health or age prevents signature.

Improper use of this card and/or number by the number holder or any other person is punishable by fine, imprisonment or both.

This card is the property of the Social Security Administration and must be returned upon request. If found, return to:

SSA-ATTN: FOUND SSN CARD
P.O. Box 17087 Baltimore Md. 21203

Contact your local Social Security office for any other matter regarding this card.

**Department of Health and Human Services**
Social Security Administration
Form OA-702 (1-88)

C09018604

**Warning - A nonimmigrant who accepts unauthorized employment is subject to deportation.**

**Important - Retain this permit in your possession; you must surrender it when you leave the U.S.** Failure to do so may delay your entry into the U.S. in the future. You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of the law.

Surrender this permit when you leave the U.S.:
  - By sea or air, to the transportation line;
  - Across the Canadian border, to a Canadian Official;
  - Across the Mexican border, to a U.S. Official.

Students planning to reenter the U.S. within 30 days to return to the same school, see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.

**Record of Changes**

---

Port: 

Date:

Carrier:

Flight #/Ship Name:

**Departure Record**

**For sale by the Superintendent of Documents, U.S. Government Printing Office Washington, D.C. 20402**

---

Do not laminate this card.

This card is invalid if not signed by the number holder unless health or age prevents signature.

Improper use of this card and/or number by the number holder or any other person is punishable by fine, imprisonment or both.

This card is the property of the Social Security Administration and must be returned upon request. If found, return to:
  SSA-ATTN: FOUND SSN CARD
  P.O. Box 17087 Baltimore Md. 21203
Contact your local Social Security office for any other matter regarding this card.

Department of Health and Human Services
Social Security Administration
Form OA-702 (1-88)



C 66682986



A 44 078 563
ISSUED FOR I-551
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL  10/3/02
EMPLOYMENT AUTHORIZED
CH III  |  10/4/01

14. Family Name
HERNANDEZ

15 First (Given) Name
BERNARDO

16 Birth Date (Day/Mo/Yr)
20 08 82

17 Country of Citizenship
MEXICO



SOCIAL SECURITY

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
THIS NUMBER HAS BEEN ESTABLISHED FOR
BERNARDO HERNANDEZ

Bernardo Hernandez
SIGNATURE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, and ）
）
CARLOS OMAR CALVILLO-LOPEZ, ）
  In their own name and right, ）
  and on behalf of all others ）
  similarly situated, ）
）
v. ）          C.A. No.  **B-01-206**
）
E.M. TROMINSKI, INS DISTRICT ）
  DIRECTOR, and ）
JOHN ASHCROFT, ATTORNEY ）
  GENERAL OF THE UNITED STATES. ）
_____）


EXHIBIT "B" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF



U.S. DEPARTMENT OF JUSTICE

Immigration and Naturalization Service
*2102 Teege Avenue*
*Harlingen, Texas 78550-4667*

November 19, 2001

Law Offices of Thelma O. Garcia
301 E. Madison Avenue
Harlingen, Texas 78550

RE:    Carlos Omar CALVILLO-Lopez
       A44 332 239

Dear Ms. Garcia

    This letter is in response to your written request for parole of your client. After a thorough review of the facts of this case and based upon current guidelines, your client's release is not considered to be in the public's interest or of an urgent humanitarian nature. Due to the above stated facts, your request for parole is denied.

Sincerely,

Cecilio L. Ruiz, Jr.
Assistant District Director
Detention and Deportation

*Law Offices of*

# Thelma O. Garcia

*Attorney - Abogada*

*301 E. Madison*
*Harlingen, Texas 78550*
*(956) 425-3701 • Fax (956) 428-3731*

November 2, 2001

E.M. Trominski, District Director
Immigration & Naturalization Service
2102 Teege
Harlingen, Tx 78550                    **HAND-DELIVERED**

Re:  Parole of Carlos Omar Calvillo-Lopez
     A44 332 239

Dear Mr. Trominski:

Request is hereby made that you parole Mr. Calvillo-Lopez
into the United States, pending his removal hearing.

Mr. Calvillo is charged with three grounds of removability.
First, it is alleged that he has been convicted of a
controlled substance offense, to wit, possession of
approximately .5 grams of cocaine.  However, the alleged
"conviction" was in fact a grant of deffered adjudication,
based on a plea of no contest.  For Equal Protection reasons,
(see, the Federal First Offender Act), the Ninth Circuit does
not consider such a disposition to be a "conviction" for any
purpose.  See, Lujan-Armendariz v. INS and Roldan-Santoyo v.
INS, 222 F. 3d 728 (9th Cir. 2000).  The issue has not yet
been addressed in the Fifth Circuit, and the BIA is presently
considering whether or not to apply Lujan-Armendariz on a
nationwide basis.  See, In re Salazar, A24 384 420, argued,
June 21, 2001.

Second, Mr. Calvillo is charged with having made a false
claim to United States citizenship.  This charge is contested
on factual grounds.  He was in a car with several other
individuals, one or more of whom claimed U.S. citizenship,
and others claimed to be LPR[s], but he himself made no claim
to U.S. citizenship.

Third, he is charged with having been convicted of, or having
committed, a crime involving moral turpitude.  He also denies
this charge.  The offense at issue was a misdemeanor assault,
and he will strongly urge that it was not one involving
"moral turpitude."

Moreover, it is our position that the decision of the Supreme
Court in Rosenberg v. Fleuti was constitutionally based, and
since Mr. Calvillo's most recent trip to Mexico was brief,
casual, and innocent, he is not properly classified as an

arriving alien.

Obviously, it will require a significant period of time to resolve all the factual and legal issues involved.

Respondent entered the U.S. in 1982 and became an LPR in 1991.  He resides with his parents in San Benito, Texas. Respondent's step-father is a United States citizen and his mother is an LPR.  He has two brothers whom are LPR[s] and one sister and step-brother whom are both USC[s].

Respondent at the time of apprehension was a student at Texas State Technical College pursuing a technical degree as a bio-technical technician.   Respondent was also employed by Mail-Pak Your Box Store in Harlingen.

We are hereby requesting that this Respondent be paroled as soon as possible so that he can continue with his studies and not lose his credit hours for this school semester.

Your immediate attention would be greatly appreciated.

Sincerely,

Thelma O. Garcia

TOG:car

# PERMANENT RESIDENT CARD

NAME LOPEZ PARGA, JUANA

INS A# 091-233-423



Birthdate   Category   Sex
02/01/58     W16        F

Country of Birth
Mexico

CARD EXPIRES 06/27/10

Resident Since 12/26/89

```
C1USA0912334238SRC0016752529<<
5802014F1006272MEX<<<<<<<<<<8
LOPEZ<PARGA<<JUANA<<<<<<<<<<<<
```

# CERTIFICATE OF CITIZENSHIP

No. 7742681

### ORIGINAL.

Application No. A28 639 642

Personal description of holder as of date of issuance of this certificate: Sex Male
complexion ___ Date of birth February 21, 1961.
color of eyes Brown color of hair Black
height 5 feet 9 inches; marital status Married
visible distinctive marks tatoo of name "SARAH"
on left arm

Marital status Married

I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me.

_Victoriano Muñoz_
(Complete and true signature of holder)

Name VICTORIANO MUÑOZ
Pharr, Texas. 78577

_Be it known that_ ___ residing at 409 E. Villegas

Now therefore
in pursuance of the authority contained in Section 341 of the Immigration and Nationality Act

this ___ 20th ___
day of ___ Eighth ___

IT IS PUNISHABLE BY U. S. LAW TO COPY,
PRINT OR PHOTOGRAPH THIS CERTIFICATE.

DEPARTMENT OF JUSTICE

_Allen C. Nelson_

COMMISSIONER OF IMMIGRATION AND NATURALIZATION







A1USA044332244<01<9311<<<<<<
8502267M0311155<<<<<<F2B15913
CALVILLO<LOPEZ<<JOSE<JAIRO<<<

# PERMANENT RESIDENT CARD

NAME CALVILLO LOPEZ, AGUSTIN

INS A# 044-332-243

Birthdate ~~~~~~~ ry   Sex

12/23/~~~~~~~~~~~   M

Country of Birth

Mexico

CARD EXPIRES 12/~6/09

Resident Since 10/18/93




```
C1USA0443322432SRC9916853331<<
8112233M0912161MEX<<<<<<<<<<8
CALVILLO<LOPEZ<<AGUSTIN<<<<<<<
```

**TEXAS DEPARTMENT OF HEALTH**
BUREAU OF VITAL STATISTICS

FILE NO. **279266-86**

NAME **VICTOR MANUEL MUÑOZ**

DATE OF BIRTH **12-30-86**   SEX **MALE**

PLACE OF BIRTH **HIDALGO COUNTY TEXAS**

DATE FILED **01-15-87**   DATE ISSUED **04-22-91**

This is a true certification of name and birth facts as recorded in this office. Issued under authority of Rule 54a, Article 4477, Revised Civil Statutes of Texas.

J. L. HOWZE   STATE REGISTRAR

**CERTIFICATION OF BIRTH**

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF NATURALIZATION

No. 26161680

*Personal description of holder as of date of naturalization:*

*Date of birth:* **NOVEMBER 09, 1980**

*Sex:* **FEMALE**

*Height:* 5 *feet* 3 *inches*

*Marital status:* **SINGLE**

*Country of former nationality:* **MEXICO**



*Roxana Fabiola Calvillo*
(Complete and true signature of holder)

INS Registration No.:

A044392242

*I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.*

*Roxana Fabiola Calvillo*
(Complete and true signature of holder)

*Be it known that, pursuant to an application filed with the Attorney General,*

*at:* **HARLINGEN, TEXAS**

*The Attorney General having found that:*

**ROXANA FABIOLA CALVILLO**

*then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

**US DIST COURT SOUTHERN DISTRICT OF TX**

*at:* **MCALLEN, TEXAS**     *on:* **JAN 11 2001**

*that such person is admitted as a citizen of the United States of America.*


Commissioner of Immigration and Naturalization



IT IS PUNISHABLE BY U S LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

DEPARTMENT OF JUSTICE

Mail-Pak
Your Box Store
2224 S. 77 Sunshine Strip, Ste 96
Harlingen, Texas 78550
(956) 428-3400

---

October 25, 2001

To Whom It May Concern,

My name is Pamela Allen, the owner of Mail-Pak Your Box Store in Harlingen, Texas located at 2224 S. 77 Sunshine Strip, Ste 96.  I am writing in behalf of Carlos Omar Calvillo.  Mr. Calvillo has been employed with us since February 1, 2001 and has shown an excellent attendance record, as well as impeccable customer service.  Carlos has also shown respect, honesty, and self-motivation.  If you need any additional information about Carlos Calvillo, please contact me at (956)428-3400 or in Monterrey, Mexico where I live at 0115283172783.

Sincerely,

Pamela Allen
Owner

Case 1:01-cv-00206   Document 1   Filed in TXSD on 12/17/2001   Page 31 of 46

```
                    STUDENTS FILE INQUIRY                    PAGE 1

ENTER ID NO, NAME OR END: 0811980        APP STU FIN ARP VEN
ORIG.ENTRY.DATE: 06/19/98                LAST.UPDATED.DATE: 09/13/01
 1. LAST.....: CALVILLO                  16. S.S.NO....: 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
 2. FIRST....: CARLOS                    17. SEX.......: M
 3. MIDDLE...: OMAR                      18. ETHNIC....: HI HISPANIC
 4. PREFIX...:                           19. STUD.TYPE.:
 5. SUFFIX...:                           20. ALIEN.....:
 6. MAIL NAME: CARLOS O CALVILLO         21. CITIZEN...:

 7. ADDRESS..: 710 E PIERCE              22. BIRTH DATE: 11/28/1978
                                         23. BIRTHPLACE:
 8. CITY.....: HARLINGEN                 24. NICKNAME..:
 9. STATE....: TX                        25. HANDICAP
10. ZIP......: 78550
11. COUNTRY..:                           26. RELIGION..:
12. PHONE....: 956-425-7907              27. DIRECTORY.:
13. COUNTY...: 031 CAMERON               28. FORMER
14. MAR.STAT.:
15. MAIDEN...:

ENTER OPTION NO, (P)AGE NO, (E)XIT OR [NL]: #
```

COPY FOR
TSTC USE ONLY

STUDENT RECORDS

Case 1:01-cv-00206   Document 1   Filed in TXSD on 12/17/2001   Page 32 of 46

```
                        STUDENTS FILE INQUIRY                    PAGE 5

NAME: 0811980    CALVILLO, CARLOS OMAR                 S.S.NO: 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
 1. PROGRAM...: TD TRADITIONAL DEGREE   11. CLASS.......: 1Q 1ST QUARTER STANDIN
 2. LOCATION..: 002 HARLINGEN-ON CAMP   12. HXHV.INST...:
 3. START.TERM: 00/FA                   13. ANT.DEGREE..: AAS ASSOCIATE OF APP S
 4. ORIG.ENR..: HS HIGH SCHOOL GRAD     14. ANT.DEG.DATE: 04/01
 5. CUR.ENR...: TA TEA APPROVED REGUL   15. ANT.SPECIAL.:
 6. TRANS.TYPE: TR TRADITIONAL          16. ANT.CCDS....:
 7. MAJOR.....: EA    EXTERNAL TRAN O
                                           - M I S C E L L A N E O U S -
 8. MINOR.....: 200    HARLINGEN(DO NO  17.GOV.BEN 18.M1 19.M2 20.M3 21.M4 22.M5

 9. SPECIAL...:
    10. ADVISOR             ASSGN DT
 1) GT*0007    GOTTMAN, E.A.    09/22/00
    23. REGISTRATION TERMS
    TERM   STAT F.P PROGRAM REG.DATE  PRE-REG.DATE  24. SOC.CLASS.YEAR
 1) 01/FA  R    P    TD     09/05/01  09/04/01
 2) 01/SP  R    F    TD     01/11/01  01/10/01      25. RANK..:
 3) 00/FA  R    P    TD     09/06/00  09/05/00

ENTER OPTION NO, (P)AGE NO, (M)AINTAIN, (H)ISTORY, (E)XIT OR [NL] : #
```

COPY FOR
TSTC USE ONLY

```
                    REGISTRATION INQUIRY

            ENTER TERM OR END: 01/FA
      ENTER ID.NO, NAME OR [NL]: 0811980    CARLOS OMAR CALVILLO

   PROGRAM: TD    ANT.DEGREE: AAS    CLASS: 1Q    ADVISOR: GOTTMAN, E.A.
   LOCATION: 002   ANT.CCD:      MAJOR: EA


LN DEPT. CAT  SEC  T I T L E                  STAT DROP REP PAS PET CREDIT OK
NO       NO.  NO.                                  GRD  CRS AUD REQ
 1 BIOL  2401 33   ANATOMY/PHYSIOLOGY I  0591 U126     LEC  S       08:00AM-11:00AM
                                         0591 U135     LAB  S       11:00AM-02:00PM
 2 DMTH  0200 30   INTERMEDIATE ALGEBRA  0518 W220     LEC  TTH     05:30PM-06:45PM
 3 DMTH  0020 30   INTERM ALGEBRA LAB(0  0518 W213     LAB  W       05:00PM-05:50PM


                                                         -----
                                                          7.00

Press [NL] to continue: #
```

COPY FOR
TSTC USE ONLY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, and )
                                    )
CARLOS OMAR CALVILLO-LOPEZ, )
  In their own name and right, )
  and on behalf of all others )
  similarly situated, )
                                    )
v. )     C.A. No.  **B-01-206** '
                                    )
E.M. TROMINSKI, INS DISTRICT )
  DIRECTOR, and )
JOHN ASHCROFT, ATTORNEY )
  GENERAL OF THE UNITED STATES. )
_____ )

EXHIBIT "C" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

*Filed in 11/26/01 on A.G. Ct.*

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION REVIEW
BEFORE THE IMMIGRATION JUDGE

In re: Cabullo López, Carlos

44 331 239

MOTION FOR BOND OR CONDITIONAL PAROLE UNDER
SECTION 236(a)(2) OF THE ACT, 8 U.S.C. Ï1226(a)(2)

TO THE HONORABLE IMMIGRATION COURT:

Comes Respondent, *pro se*, and respectfully advises this Honorable
Immigration Court of the following:

I am a lawful permanent resident of the United States, and am
currently be detained for removal proceedings as an "arriving
alien," although I do not concede that I am in fact properly
considered to be such an "arriving alien." My green card, and
other lawfully issued documents, such as may drivers license, and
Social Security card, were taken from me by INS when I was detained
and placed in proceedings, and I am being held without bond.

I have been informed that, in the case of *Ascencio-Guzman, et al v.
Trominski, et al*, No. CA B-94-215, in a pleading filed January 25,
1999, Docket entry No. 111, (at page 39 of the record of
proceedings), the Office of Immigration Litigation, which
represents Respondents Ashcroft and Trominski herein, advised the
United States District Court as follows:

> ... [A]n alien, whether or not he is seeking admission,
> may be held by the INS pending a determination of whether
> that alien is to be removed from the United States. 8
> U.S.C. Ï 1226(a). The Attorney General may release such
> aliens on bond or conditional parole. 8 U.S.C. ÏÏ
> 1226(a)(2)(A) & (B). INA Ï 212(d)(5)(A) [8 U.S.C.
> Ï1182(d)(5)] provides for the circumstances under which
> such aliens may obtain release from custody ...

By this, it is clear that the attorneys for Respondents Ashcroft
and Trominski are taking the position that lawful permanent

residents such as I, who are seeking admission to the U.S. as returning residents, may be granted bond or conditional parole, under 8 U.S.C. Ï1226(a)(2), subject to any "conditions" imposed by 8 U.S.C. Ï1182(d)(5). This is contrary to what I have been told by others, who have told me that I am eligible for parole only under 8 U.S.C. Ï1182(d)(5)(A), and that since I was not arrested "on a warrant issued by the Attorney General," I am ineligible for release either on bond, or conditional parole, under Ï1226(a)(2).

It is also my understanding that, although this discrepancy has been pointed out to them, the attorneys for Respondents Ashcroft and Trominski continue to urge before the District Court that the authority to grant bond or parole to people in my situation is found under 8 U.S.C. Ï1226(a)(2), and that therefore, because of 8 U.S.C. Ï1226(e), the United States District Court does not have jurisdiction to address constitutional concerns about the manner in which it is handled by the Immigration and Naturalization Service.

It is difficult for me to believe that attorneys who work for the United States Department of Justice would advocate a legal position before the United States District Court which is either incorrect as a matter of undisputed law, or based on a false factual premise. Therefore, in the event that the Department of Justice is correct in the position it is urging before the United States District Court, I hereby request that this Honorable Immigration Court grant me bond, or conditional parole, under 8 U.S.C. Ï1226(a)(2). *See also,* 8 C.F.R. Ïï3.10 (authorizing Immigration Judges to "exercise the powers and duties in this chapter regarding the conduct of exclusion, deportation [and] removal ... proceedings") and 236.1(d) ("After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order un 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise

2

provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or Section 242(a)(1) of the Act as designated prior to April 1, 1997").

In the event, however, that this Court concurs with the advice I have been given by others, and finds that I am ineligible for bond or conditional parole under 8 U.S.C. Ï1226(a)(2), because I am an arriving alien, and/or because I was not arrested on a "warrant issued by the Attorney General," I hereby request a written Order from this Court, setting forth its conclusions of law and/or findings of fact, so that I may present a copy of this request, and of that Order, to the United States District Court, and, hopefully, convince that Honorable Court that jurisdiction over constitutional aspects of the manner in which parole of arriving lawful permanent residents is administered is not barred by 8 U.S.C. Ï1226(e).

Respectfully Submitted,

_____
Respondent, *Pro Se*

## CERTIFICATE OF SERVICE

I, the undersigned Respondent, hereby certify that a copy of the foregoing was personally handed to the INS Attorney at the same time as it was delivered to this Court.

_____
Respondent, *Pro Se*

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF IMMIGRATION REVIEW
PORT ISABEL SERVICE PROCESSING CENTER
LOS FRESNOS, TEXAS

IN THE MATTER OF           )
                           )
CALVILLO-LOPEZ, CARLOS     )        In Bond Proceedings
                           )
Respondent.                )        A44 332 239
_____)

### DENIAL OF MOTION FOR BOND OR CONDITIONAL PAROLE UNDER SECTION 236(a)(2) OF THE ACT, 8 U.S.C. §1226(a)(2)

The Respondent herein, acting *pro se*, has requested that this Immigration Court grant bond, or "conditional parole," based on §236(a)(2) of the Immigration and Nationality Act, as amended. The request is denied for lack of jurisdiction.

### I.  BACKGROUND

Respondent is a lawful permanent resident of the United States, who is currently detained, without bond, for removal proceedings as an "arriving alien," although he does not concede that he is in fact properly considered to be such an "arriving alien."

The Respondent has informed the Court that, in *Ascencio-Guzman, et al v. Trominski, et al*, No. CA B-94-215, in a pleading filed January 25, 1999, Docket entry No. 111, (at page 39 of the record of proceedings), the Office of Immigration Litigation, ("INS"), which represents the Defendants therein, represented to the United States District Court as follows (emphasis added):

> ... [A]n alien, whether or not he is seeking admission, may be held by the INS pending a determination of whether that alien is to be removed from the United States. 8 U.S.C. § 1226(a). **The Attorney General may release such aliens on bond or conditional parole. 8 U.S.C. §§ 1226(a)(2)(A) & (B).** INA § 212(d)(5)(A) [8 U.S.C. §1182(d)(5)] provides for the circumstances under which such aliens may obtain release from custody ...

Apparently, INS made similar representations to the Fifth Circuit in the initial appeal of that case, *Loa-Herrera v. Trominski*, 231 F.3d 984 (5th Cir. 2001), as seen from the Court's holding therein, *id.* at 991-92 (since the authority to parole an arriving alien is conferred by 8 U.S.C. §1226, the manner in which

that authority is exercised is immune from judicial review under §1226(e)).

As the Respondent herein correctly notes, the Attorney General has delegated to the Immigration Court the authority to grant bond, or "conditional parole," under 8 U.S.C. §1226(a)(2). *See* 8 C.F.R. §3.10 (authorizing Immigration Judges to "exercise the powers and duties in this chapter regarding the conduct of exclusion, deportation [and] removal ... proceedings") and §236.1(d):

> After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or Section 242(a)(1) of the Act as designated prior to April 1, 1997").

The Respondent has requested that this Court either grant bond or "conditional parole" under §236(a)(2) of the Act, or issue a written decision, giving the Court's reasons for refusing to do so.

As a matter of undisputed immigration law, summarized below, this Court does not have jurisdiction to grant bond or "conditional parole" to arriving aliens under 8 U.S.C. §1226(a)(2). Such persons may be paroled only pursuant to 8 U.S.C. §1182(d)(5)(A), which power has **not** been delegated to the Immigration Court. The "conditional parole" of §1226(a)(2) is a form of release on recognizance, not the kind of "parole" which allows an alien to be physically present in the United States, without having been "admitted," or making an "entry." Moreover, arriving aliens are simply "detained" under 8 U.S.C. §1225(b)(2)(A), not arrested on a "warrant issued by the Attorney General," a prerequisite to the exercise of the "conditional parole" power of §1226(a)(2)(B).

Since *Loa-Herrera* was remanded to the District Court, it is presumed that the clear error of law reached therein will be corrected on remand. Therefore, this Immigration Court declines to accept INS' theory, or to apply the holding of *Loa-Herrera*, by exercising jurisdiction under 8 U.S.C. §1226(a)(2).

## II.  LEGAL ANALYSIS

First, the authority to detain arriving aliens, including lawful permanent residents who are seeking admission as returning residents, is found at §235(b)(2) of the Act (8 U.S.C. §1225(b)(2)), which provides, in relevant part, as follows:

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly

2

and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 240 [8 U.S.C. §1229a].

In such cases, warrants of arrest, as authorized by 8 U.S.C. §1226(a), are neither required, nor utilized.  The power to arrest aliens within the United States, and detain them pending removal hearings, is found at 8 U.S.C. §1226(a).  It is only where, on a "warrant issued by the Attorney General," an alien has been "arrested and detained," that this Court may entertain applications for bond, or "conditional parole," under 8 U.S.C. §1226(a)(2).

Moreover, the term "conditional parole" as used in §1226(a)(2)(B) has an entirely different meaning than the term "parole," as used in 8 U.S.C. §1182(d)(5)(A).  The "conditional parole" of §1226(a)(2)(B) is similar to what is called "release on recognizance" in criminal cases.  It means that the person will be released from custody, without payment of a bond, but under certain conditions, typically, reporting requirements, and geographic limitations.  By contrast, the term "parole" as used in §1182(d)(5)(A) is a legal fiction, under which an applicant for admission is allowed to physically pass into the United States, without being considered to have made an "entry," or having been "admitted" to the United States. *See, e.g.*, 8 C.F.R. §1.1(q)

> (q) - The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport. An arriving alien remains such even if paroled pursuant to section 212(d)(5) of the Act, except that an alien who was paroled before April 1, 1997, or an alien who was granted advance parole which the alien applied for and obtained in the United States prior to the alien's departure from and return to the United States, shall not be considered an arriving alien for purposes of section 235(b)(1)(A)(i) of the Act.

The authority to grant "parole" under 8 U.S.C. §1182(d)(5)(A) has not been delegated to the Immigration Court.  *See, e.g.*, *Matter of United Airlines Flight UA802*, Int. Dec. 3396 (BIA 1999):

> It is well established... that the district director has exclusive jurisdiction to parole an alien into the United States pursuant to 8 C.F.R. § 212.5(a) (1999). Matter of Matelot, 18 I. & N. Dec. 334 (BIA 1982). The Board does not have authority to review the manner in which the district director exercises that power.

3

And arriving aliens, even permanent residents, are not eligible for bond or "conditional parole" under §236(a)(2) of the Act. They have not been arrested on a "warrant issued by the Attorney General," which is a prerequisite for granting bond or "conditional parole" under that section. Even if warrants were utilized, a bond or "conditional parole" would be conceptually impossible, unless the person were also granted "parole" under §1182(d)(5)(A), allowing him or her to be physically inside the United States. Therefore, even if the person had been arrested on a warrant, this Court could not grant bond or "conditional parole" unless the District Director had first granted "parole" under §1182(d)(5)(A). Even then, whether this Court had the authority to do so would be highly problematic.

**WHEREFORE**, in accordance with settled principles of immigration law, the application of the Respondent herein for bond, or "conditional parole" under 8 U.S.C. §1226(a)(2) must be, and the same hereby is, **DENIED FOR LACK OF JURISDICTION.**

DONE this <u>29TH</u> day of <u>NOVEMBER</u>, 2001.

<u>David Ayala</u>
DAVID AYALA
U.S. IMMIGRATION JUDGE

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, and        )
                                    )
CARLOS OMAR CALVILLO-LOPEZ,        )
  In their own name and right,     )
  and on behalf of all others      )
  similarly situated,              )
                                    )
v.                                  )        C.A. No. B-01-206
                                    )
E.M. TROMINSKI, INS DISTRICT       )
  DIRECTOR, and                    )
JOHN ASHCROFT, ATTORNEY            )
  GENERAL OF THE UNITED STATES.   )
_____)

EXHIBIT "D" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
RT 3 BOX 341   BUENA VISTA DR
LOS FRESNOS  TX  78566

In the Matter of                          Case No.  A36-741-501
PONCE-CARRALES, JOSE LUIS
                                          Docket: PORT ISABEL SERVICE PROCESSING CENTER

RESPONDENT                         IN REMOVAL PROCEEDINGS

        CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent
pursuant to 8 C.F.R. Part 236 and having considered the representations of the
Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED
that.

The Immigration Court does not have jurisdiction over this matter. *Respondent*
*is presently in a removal proceeding and the Notice To Appear alleges*
*that he is an arriving alien. 8 C.F.R. 3.19 (h)(2)(i)(B).*

                              HOWARD E. ACHTSAM
                              Immigration Judge
                              Date: Dec 7, 2001

Appeal: WAIVED  (A/I/B)
Appeal Due By:

_____

                  CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN / [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] INS
DATE: 12/7/01    BY: COURT STAFF _____
   Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR _____ (Custody   REMOVAL
RFC

AO 440 (Rev 1/80) Summons in a Civil Action

# United States District Court

SOUTHERN ——————— DISTRICT OF ——————— TEXAS

Israel Hernandez,
Carlos Calvillo, et al

V.

E.M. Trominski, INS District Director

John Ashcroft, US Attorney General

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-01-206

TO: (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

DATE    December 17, 2001

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_SouThern_ DISTRICT OF _Texas_

_Israel Hernandez_
_Carlos Calvillo, et al_

## SUMMONS IN A CIVIL ACTION

v.

CASE NUMBER **B -01 - 206**

_E.M. Trominski,_
_INS District Director +_
_John Ashcroft_
_US Attorney General_

TO: (Name and Address of Defendant)

_US Attorney_
_PO Box C 61129_
_Houston TX  77208_

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas  78586

an answer to the complaint which is herewith served upon you, within _____ _60_ _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**Michael N. Milby, Clerk**

_____
CLERK

_December 17, 2001_
_____
DATE

_____
BY DEPUTY CLERK

440 (Rev 1/90) Summons in a Civil Action

# United States District Court

_____ Southern _____ **DISTRICT OF** _____ Texas _____

Israel Hernandez,
Carlos Calvillo, et al

**SUMMONS IN A CIVIL ACTION**

v.

E.M. Trominski, INS District Director, and
John Ashcroft, U.S Attorney General

CASE NUMBER: **B -01 - 206**

**TO:** (Name and Address of Defendant)

John Ashcroft
950 Pennsylvania Ave NW   # 5111
Washington, DC   20530 - 0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**Michael N. Milby, Clerk**

_____
CLERK

_____
BY DEPUTY CLERK

December 17, 2001
DATE