

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 4 2002

Michael N. Milby
Clerk of Court.

| | |
|---|---|
| ISRAEL HERNANDEZ-LEIJA,<br>CARLOS OMAR CALVILLO-LOPEZ,<br>JORGE RIVERA-PULVIDA,<br>JOSE ANTONIO ESPARZA, and<br>DIONICIO GRIMALDO-BARRIENTOS,<br>  In their own name and right,<br>  and on behalf of all others<br>  similarly situated,<br><br>v.<br><br>E.M. TROMINSKI, INS DISTRICT<br>  DIRECTOR, and<br>JOHN ASHCROFT, ATTORNEY<br>  GENERAL OF THE UNITED STATES. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>C.A. No.  01-206 |

### FIRST AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Israel Hernandez-Leija, Carlos Omar Calvillo-Lopez, Jorge Rivera-Pulido, Jose Antonio Esparza, and Dionicio Grimaldo-Barrientos, on their own behalf and on behalf of all others similarly situated, file the instant, First Amended Petition for Writ of Habeas Corpus, and Class Action Complaint for Declaratory and Injunctive Relief.

### I.  JURISDICTION AND VENUE

1.  Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgement Act).

2.  Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, four of the five named Petitioners are currently detained by Respondents at the Port Isabel Service Processing Center, in Bayview, Texas, within the jurisdiction of this Court.

## II.  THE PARTIES

3.   Petitioner Israel Hernandez-Leija is a native and citizen of
Mexico and lawful permanent resident of the United States, ("LPR"),
who has resided in this country since he was about eleven years
old.  He is currently detained by Respondents, without bond, at the
Port Isabel Service Processing Center in Bayview, Texas, ("PISPC").

4.   Petitioner Carlos Omar Calvillo-Lopez is a native and citizen
of Mexico, and lawful permanent resident of the United States, who
has resided in the U.S. since he was about nine years old.  He is
currently detained by Respondents, without bond, at PISPC.

5. Petitioner Jorge Rivera-Pulida is a native and citizen of Mexico
and lawful permanent resident, who obtained his temporary, and then
permanent residence as a Special Agricultural Worker.   He is
currently detained by Respondents, without bond, at PISPC.

6.  Petitioner Jose Antonio Esparza is also a native and citizen of
Mexico, and lawful permanent resident of the U.S., who obtained his
temporary, and then permanent residence as a Special Agricultural
Worker.  He was detained by Respondents, without bond, at PISPC
from approximately December 29, 2001 until January 10, 2002.

7.  Petitioner Dionicio Grimaldo-Barrientos is a native and citizen
of Mexico, who has been a lawful permanent resident since 1973.  He
is also currently detained by Respondents, without bond, at PISPC.

8.   Respondent E. M. Trominski is the District Director of the
Harlingen, Texas, office of the Immigration and Naturalization
Service.  He is sued in his official capacity only.

9.  Respondent John Ashcroft is the Attorney General of the United
States.  He is also sued in his official capacity only.

2

### III. THE FACTS

10. On or about August 9, 2000, Petitioner Hernandez was given deferred adjudication, and placed on probation, in Brooks County, Texas, for the offense of possession of marijuana.

11. On or about November 16, 2001, Petitioner Hernandez applied for admission as a returning resident at Roma, Texas. As a result of the above disposition, he was detained, and placed under removal proceedings as an "arriving alien," allegedly under the authority of 8 U.S.C. §§1101(a)(13)(C), and 1225(b)(2)(A). He was not then, and has not now been arrested on a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a).

12. Because Respondents characterize Petitioner Hernandez as an "arriving alien" who is "seeking admission" within the meaning of 8 U.S.C. §1101(a)(13)(C), he was not arrested on a warrant issued by the Attorney General, and can only be paroled [1] into the United States under the authority of 8 U.S.C. §1182(d)(5), which parole may be, but is not necessarily, accompanied by payment of a bond, but he cannot be granted bond or "conditional parole" under the authority of 8 U.S.C. §1226(a)(2).

13. At no time did Respondents give Petitioner Hernandez any form of notice of the possibility of parole under 8 U.S.C. §1182(d)(5). Only after he obtained counsel did he learn of this possibility. His attorney requested parole under §1182(d)(5) on his behalf. Said request was denied by letter dated December 19, 2001 and mailed on December 26, 2001. Petitioner's Exhibits A and E, incorporated by reference. The denial alleged that, "in accordance with current policies and procedures," parole was "not in the best interest of

---

[1] As used herein, "parole" means permitting a person to go at liberty within the U.S., without being "admitted" as defined by 8 U.S.C. §1101(a)(13). This may occur while the person is under removal proceedings, but is not limited to such circumstances. The term "conditional parole" means that a person arrested on a warrant issued by the Attorney General is allowed to go at liberty, under specified conditions, while removal proceedings are pending.

the service or the public."  Exhibit E, at page 2.

14.  Because he may only be paroled under 8 U.S.C. §1182(d)(5),
Petitioner Hernandez is not entitled to a hearing before an
Immigration Judge or other impartial adjudicator on his request for
parole, as would be the case if he could be granted bond or
"conditional parole" under 8 U.S.C. §1226(a)(2)(B).  If, however,
he were entitled to such a hearing, Petitioner Hernandez asserts
that he would qualify for bond or "conditional parole," in that he
presents little if any flight risk, or danger or threat to the
community, and it is very likely that an otherwise similarly
situated LPR who had been arrested on a warrant would have been
granted bond or "conditional parole" following such a hearing.

15.  Petitioner Hernandez asserts that the lack of notice of the
possibility of parole under 8 U.S.C. §1182(d)(5), and the arbitrary
criteria and procedures for consideration of applications for such
parole deny him both procedural and substantive Due Process.

16.  In September 1999, Petitioner Calvillo was involved in a minor
altercation, as a result of which he pled no contest to misdemeanor
assault, was given deferred adjudication, and placed on probation.
The charges were eventually dismissed.  On or about January 22,
2001, Petitioner Calvillo was also granted deferred adjudication
for the offense of (simple) possession of a controlled substance.

17.  On or about October 13, 2001, Petitioner Calvillo applied for
admission at Los Indios, Texas. He was in a vehicle with two United
States citizens, (in the front seat), and another LPR, (in the back
seat with him). At the primary inspection station, the two persons
in the front seat declared themselves to be United States citizens.
Mr. Calvillo made no such declaration, but because he had forgotten
his green card, he was sent to secondary.  Respondents allege that
he also claimed to be a U.S. citizen, which charge he denies.
However, once in secondary, he was detained, and placed under
removal proceedings as an "arriving alien," under the authority of
8 U.S.C. §§1101(a)(13)(C) and 1225(b)(2)(A).  He was not then, and

4

has not now been arrested pursuant to a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a).

18. Because Respondents characterize Petitioner Calvillo as an "arriving alien," who is "seeking admission" within the meaning of 8 U.S.C. §1101(a)(13)(C), he has not been arrested on a warrant issued by the Attorney General, and can only be paroled into the United States by Respondent Trominski under the authority of 8 U.S.C. §1182(d)(5), which parole may be, but is not necessarily, accompanied by payment of a bond, but he cannot be granted bond or "conditional parole" under the authority of 8 U.S.C. §1226(a)(2).

19. Respondents did not provide Petitioner Calvillo with any form of notice of the possibility of parole under 8 U.S.C. §1182(d)(5), but once he obtained counsel, he learned of this possibility, and his attorney requested that Respondent Trominski grant parole under §1182(d)(5)(A). Said request was denied, on the stated grounds that, under "current guidelines" his release "is not considered to be in the public's interest or of an urgent humanitarian nature." Petitioner's Exhibit B, herein incorporated by reference.

20. Because he may only be paroled under 8 U.S.C. §1182(d)(5)(A), Petitioner Calvillo is not entitled to a hearing before an Immigration Judge or other impartial adjudicator on his request for parole, as would be the case if he could be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2)(B).

21. Acting *pro se,* Petitioner Calvillo nonetheless made a request for bond or conditional parole under 8 U.S.C. §1226(a), which request was denied by Immigration Judge David Ayala, for lack of jurisdiction. Petitioner's Exhibit C, incorporated by reference.

22. If, however, he were entitled to such a hearing, Petitioner Calvillo asserts that he would qualify for bond or "conditional parole," in that he presents little if any flight risk, or danger or threat to the community, and it is very likely that an otherwise similarly situated LPR who was arrested on a warrant would have

5

been granted bond or "conditional parole" following such a hearing.

23. Petitioner Calvillo asserts that the lack of notice of the possibility of parole under 8 U.S.C. §1182(d)(5), and the arbitrary criteria and procedures for consideration of applications for such parole deny him both procedural and substantive Due Process.

24. Petitioner Rivera-Pulvida is a native and citizen of Mexico. He became a lawful temporary resident in or about 1988, and a lawful permanent resident on or about December 1, 1990.

25. In or about 1993, Petitioner Rivera pled guilty or no contest to charges of possession of marijuana. He was not then placed under deportation proceedings. On or about December 6, 2001, Petitioner Rivera applied for admission as a returning resident at a port of entry within the Harlingen INS District.  He was detained and placed in removal proceedings, allegedly under the authority of 8 U.S.C. §§1101(a)(13)(C) and 1225(b)(2)(A).  He was not then, and has not now been arrested pursuant to a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a).

26. Because Respondents characterize Petitioner Rivera as an "arriving alien," who is "seeking admission" within the meaning of 8 U.S.C. §1101(a)(13)(C), he has not been arrested on a warrant issued by the Attorney General, and can only be paroled into the United States, under the authority of 8 U.S.C. §1182(d)(5), which parole may be, but is not necessarily, accompanied by payment of a bond, but he cannot be granted bond or "conditional parole" under the authority of 8 U.S.C. §1226(a)(2).

27. Respondents gave Petitioner Rivera no form of notice of the possibility of parole under 8 U.S.C. §1182(d)(5). It was only after he obtained counsel that he learned of this possibility, and parole under §1182(d)(5) was requested on his behalf. The lack of notice therefore delayed the making, and consideration of his request.

28. Because he may only be paroled under 8 U.S.C. §1182(d)(5), in the event his request for parole is denied by Respondents,

Petitioner Rivera will not be entitled to a hearing before an Immigration Judge or other impartial adjudicator on his request, as would be the case if he could be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2)(B). If, however, he were entitled to such a hearing, Petitioner Rivera asserts that he would qualify for bond or "conditional parole," in that he presents little if any flight risk, or danger or threat to the community, and it is very likely that an otherwise similarly situated LPR who had been arrested on a warrant would have been granted bond or "conditional parole" following such a hearing.

29. Petitioner Rivera asserts that lack of notice of the possibility of parole, and the arbitrary criteria and procedures for consideration of applications for parole under 8 U.S.C. §1182(d)(5) deny him both procedural and substantive Due Process.

30. Petitioner Esparza is a native and citizen of Mexico. He became a lawful temporary resident in or about 1988, and a lawful permanent resident on or about December 1, 1990. On or about December 11, 2001, Petitioner Esparza applied for admission as a returning resident at Rio Grande City, Texas. He was detained and charged with possession of marijuana. At that time, an NTA was issued, alleging that he was an "arriving alien" and that he was inadmissible under 8 U.S.C. §1182(a)(2)(C), because there was "reason to believe" that he was a drug trafficker. He was not then, and has not now been arrested pursuant to a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a). Petitioners' Exhibit F, herein incorporated by reference.

31. On December 27, 2001, the criminal charges against Petitioner Esparza were dismissed on motion of the Government. But Respondents continued to detain him until he was released on parole, under 8 U.S.C. §1182(d)(5), on January 10, 2002. Even though the criminal charges were dismissed, Respondents still seek to remove him, under 8 U.S.C. §1182(a)(2)(C), claiming he is an "arriving alien" and that there is "reason to believe" he is a drug trafficker.

7

32.  Respondents gave Petitioner Esparza no form of notice of the possibility of parole under 8 U.S.C. §1182(d)(5).  He did not have the funds to hire counsel, so he did not learn of the possibility of seeking such parole until approximately January 7, 2001. Without counsel, and without access to information explaining how to request parole under §1182(d)(5), he was unable to make such a request until he contacted Petitioners' counsel, who, on January 10, 2002, helped him make a *pro se* request for parole, which was granted the same day.  The lack of notice of the availability of, and information about the procedures for requesting parole, caused substantial delay in the making and consideration of his request.

33.  When he was first detained, Respondents confiscated Petitioner Esparza's wallet, with his "green card," drivers license, social security card, photographs, antique and other coins of sentimental value, and personal papers with the information necessary for him to contact his relatives in the U.S, and the attorney prosecuting his Workers Compensation claim in Maine.  Neither his wallet, nor any of its contents, was ever returned.  This further hindered his ability to obtain counsel, or to request parole. It also prejudices him with respect to his Workers Compensation claim, and hinders his ability to exercise the rights of a lawful permanent resident, as well as depriving him of valuable, lawfully held personal property.

34.  Because he may only be paroled under 8 U.S.C. §1182(d)(5), Petitioner Esparza had no right to a hearing before an Immigration Judge or other impartial adjudicator at which to make an oral, *pro se* request for parole, as would be the case if he could have been granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2)(B). So he was unable to make such a request until he found someone to prepare it, and deliver it to the appropriate INS officials.

35. Petitioner Esparza claims that the lack of procedures to advise LPRs held as arriving aliens of the possibility and means to seek parole under §1182(d)(5), the lack of a right to a hearing before an Immigration Judge or other impartial adjudicator on the issue of

8

parole, as well as the confiscation and retention of his personal papers, denied him both procedural and substantive Due Process.

36.  Petitioner Grimaldo-Barrientos is a native and citizen of Mexico, who has been a lawful permanent resident of the United States since 1973.  In 1995, he was charged with delivery of a controlled substance in Nebraska.  The case was resolved in a manner which Respondents now consider to be a conviction.  However, he was not placed in deportation proceedings at that time. Petitioner's Exhibit G, herein incorporated by reference.

37.  On or about November 23, 2001, Petitioner Grimaldo applied for admission as a returning resident at the port of entry in Hidalgo Texas, and was detained by INS.  He was not then, and has not now been arrested pursuant to a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a).  He was placed in removal proceedings, on the grounds that he is inadmissible for having been convicted of a controlled substance offense. (Exhibit G, at p. 1).

38.  Because Respondents characterize Petitioner Grimaldo as an "arriving alien," who is "seeking admission" within the meaning of 8 U.S.C. §1101(a)(13)(C), he has not been arrested on a warrant issued by the Attorney General, and can only be paroled into the United States, under the authority of 8 U.S.C. §1182(d)(5), which parole may be, but is not necessarily, accompanied by payment of a bond, but he cannot be granted bond or "conditional parole" under the authority of 8 U.S.C. §1226(a)(2).

39.  Respondents gave Petitioner Grimaldo no notice of the possibility of or means to seek parole under 8 U.S.C. §1182(d)(5). Only after he obtained counsel did he learn of this possibility, and on December 13, 2001, parole under §1182(d)(5) was requested on his behalf.  Substantial documentation was submitted in support of the request, demonstrating that he is neither a flight risk, nor threat to the community.  On December 17, 2001, his request was denied, on the stated grounds that "it is not in the best interest of the U.S. Immigration and Naturalization Service to release Mr.

9

GRIMALDO pending a decision in his case..." (Exhibit G, at page 3).

40.   Because he may only be paroled under 8 U.S.C. §1182(d)(5), Petitioner Grimaldo is not entitled to a hearing before an Immigration Judge or other impartial adjudicator on his request for parole, as would be the case if he could be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2)(B).  If, however, he were entitled to such a hearing, Petitioner Grimaldo asserts that he would qualify for bond or "conditional parole," in that he presents little if any flight risk, or danger or threat to the community, and it is very likely that an otherwise similarly situated LPR who had been arrested on a warrant would have been granted bond or "conditional parole" following such a hearing.

41.   Petitioner Grimaldo asserts that lack of notice of the possibility of and means to seek parole under 8 U.S.C. §1182(d)(5), and the arbitrary criteria and procedures for consideration of such applications deny him both procedural and substantive Due Process.

42.  On or about December 18, 2001, Petitioners' counsel requested, (Exhibit E, at page 5), that pursuant to the Freedom of Information Act, Respondent Trominski provide copies of:

> any and all documents in [his] possession, or otherwise accessible to [him], whether they be in written or electronic form, which would contain or relate to the "current guidelines" for granting parole, under 8 U.S.C. §1182(d)(5), to an applicant for admission."

43.   By letter dated December 20, 2001, Respondent Trominski replied, (id. at page 6), in pertinent part, as follows:

> We have searched for records that relate to your request and determined that if such records exist, they would be maintained under the jurisdiction of the INS office at the following address:
>
>> HQ FOIA/PA OPERATIONS SECTION
>> 425 I STREET, NW
>> 2nd Floor ULLICO Bldg.
>> Washington, DC 20536

We have forwarded your request to that office for consideration and direct reply to you. Any further inquiries should be sent to the FOIA/PA officer at the office identified above.

44. When an LPR seeking admission at a port of entry within the Harlingen INS District fails to satisfy the examining immigration officer that he or she is "clearly and beyond a doubt entitled to be admitted," that LPR is not arrested by Respondents on a "warrant issued by the Attorney General" within the meaning of 8 U.S.C. §1226(a), (although, in some cases, arrest warrants may be, or may have been, issued by other authorities, in connection with criminal charges). Rather, Respondents detain such LPRs under the authority of 8 U.S.C. §1225(b)(2), and, if parole is not immediately granted under 8 U.S.C. §1182(d)(5)(A), such LPRs are subsequently either detained under 8 U.S.C. §1225(b)(2)(A), at locations such as PISPC, without bond, while removal proceedings are conducted, or returned to Mexico to await removal hearings, under 8 U.S.C. §1225(b)(2)(C). In neither case do Respondents advise the LPRs of the possibility of, or procedures for requesting, parole under §1182(d)(5).

45. It is a settled and uncontested principle of immigration law that LPRs seeking admission as returning residents may be paroled only under 8 U.S.C. §1182(d)(5), and that such persons may not be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2).

46. On information and belief, it is alleged that all requests to Immigration Judges for bond or "conditional parole" made by LPRs detained at PISPC as "arriving aliens" have either been ignored, as frivolous, or denied for lack of jurisdiction by the Immigration Judges in whose court the cases have fallen. *See,* Exhibit C. *See also,* Petitioner's Exhibit D, herein incorporated by reference.

47. On information and belief, it is alleged that, apart from 8 C.F.R. §212.5(a), there are no written guidelines or policies governing consideration of parole requests under 8 U.S.C. §1182(d)(5)(A) made by or on behalf of LPRs detained at PISPC as

11

arriving aliens and placed under removal proceedings. Rather, such requests are granted or denied under arbitrary, and inconsistent, criteria, ranging from whether parole is in the "best interest of the U.S. Immigration and Naturalization Service" to whether the request is "of an urgent humanitarian nature." (Exhibit E).

48. On information and belief, it is further alleged that there are no written interpretations, guidelines, or policies governing the exercise of discretion under 8 U.S.C. §1182(d)(5)(A), which:

> (a) distinguish between non LPRs, and LPRs seeking admission as "returning residents" who are considered to be "seeking admission" under 8 U.S.C. §1101(a)(13)(C)(i), (ii), (iii), (iv), (v) or (vi); and
> (b) specify as a factor in the applicant's favor the fact that he or she is an LPR; or
> (c) take into consideration the fact that LPRs have a "weighty" interest in being able to rejoin their family within the United States, and "to stay and live and work in this land of freedom," ˉ and that said interest itself may fulfill the requirement that there exist "urgent humanitarian reasons or significant public benefit" as required for parole under 8 U.S.C. §1182(d)(5)(A) and 8 C.F.R. §212.5(a), such that the remaining criteria for determining whether or not parole should be granted are whether the LPR presents "a security risk" or "risk of absconding," as provided by 8 C.F.R. §212.5(a), and that if such criteria are fulfilled, the parole of such LPRs would be "in the public interest," within the meaning of 8 C.F.R. §212.5(a)(5).

49. The absence of such written guidelines or policies giving due consideration to the LPR status of Petitioners and the class they seek to represent, permits Respondents to exercise virtually unfettered discretion in deciding whether to parole such applicants for admission, in violation of Procedural and Substantive Due Process. Petitioners are further deprived of Due Process by:

> (a) the lack of notice to members of the putative class that parole under §1182(d)(5) is possible and the

_____

      ˙ *Landon v. Plasencia,* 459 U.S. 21,34 (1983), invoking the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).

procedures for making such a request, and
(b) the lack of a hearing before an Immigration Judge or
other impartial adjudicator before parole is denied.

50. When an LPR is detained at a port of entry within the
Harlingen INS district, pursuant to the authority of 8 U.S.C.
§1225(b)(2)(A), Respondents regularly confiscate all documents and
most of the personal property worn or carried by the LPR.
Particularly if the LPR is paroled into the U.S. for prosecution,
and therefore passes through the custody of more than one law
enforcement agency before being returned to Respondents' custody,
it is not uncommon for some or all of the confiscated personal
property, including money, personal papers, and validly issued
documents such as drivers' licenses and Social Security cards, to
be lost, and never returned. This also violates Due Process.

## IV. CLASS ALLEGATIONS

51. Petitioners seek to represent the class of all LPRs:

    (a)    who: (1) have sought or will seek admission at
           a port of entry within the geographical area
           encompassed by the Harlingen District of the
           Immigration and Naturalization Service, and
           (2)    were at that time placed in removal
           proceedings as "arriving aliens" under 8
           U.S.C. §§1101(a)(13)(C) and 1225(b)(2) and are
           still under such proceedings, or will then be
           placed in such proceedings; and
           (3) were not then and have not subsequently
           been arrested on a warrant issued by the
           Attorney General, within the meaning of 8
           U.S.C. §1226(a), and
           (4) have been, are, or will be either detained
           by Respondents pending their removal hearings
           under 8 U.S.C. §1225(b)(2)(A), or returned to
           Mexico to await their hearings, under 8 U.S.C.
           §1225(b)(2)(C), and
    (b)  all such former LPRs whose removal orders are or may
    still be subject to some form of judicial review, either
    in habeas corpus, or through a petition for review.

52. The above class is so numerous that joinder of all members,

13

present and future, would be impracticable.  There are questions of
law, and/or of fact, which are common to the class.  The claims of
the representative parties are typical of the claims of the class.
The representative parties, and their counsel, can and will fairly
and adequately protect the interest of the class.

53.  Respondents have acted and refused to act on grounds generally
applicable   to   the   class,   thereby   making   appropriate   final
injunctive relief, and/or corresponding declaratory relief, with
respect to the class as a whole.

## V.   THE CAUSES OF ACTION
### 1.   HABEAS CORPUS

Petitioners Hernandez, Calvillo, Rivera and Grimaldo assert that
their detention violates the laws and Constitution of the United
States, as well as international law and treaty obligations with
their native country of Mexico, which claims are cognizable in
habeas corpus under 28 U.S.C. §2241. They therefore request that
their  habeas  petitions  be  granted,  and  that  preliminary  and
permanent injunctions issue, requiring Respondents to grant them a
prompt hearing on their requests for parole, before an Immigration
Judge or other impartial adjudicator, and that at said hearing,
their entitlement to parole, with or without payment of a bond, be
adjudged in a manner consistent with determinations under 8 U.S.C.
§1226(a)(2) for granting bond or "conditional parole" to otherwise
similarly situated LPRs who are arrested on a warrant issued by the
Attorney General, and detained pending a decision on whether they
are to be removed from the United States, to wit, that such
applications be adjudicated on the basis of whether they present a
flight risk, or constitute a threat or danger to the community.
They further request that, upon their release from custody, all
lawfully possessed documents, (with the sole exception of their
"green cards"), personal papers, and other property confiscated
from them by Respondents be returned to them, and that they be
given appropriate proof of their status as LPRs.

14

**2. DECLARATORY JUDGMENT: NOTICE OF THE POSSIBILITY OF, AND MEANS FOR REQUESTING PAROLE, AND HEARINGS ON ANY PAROLE APPLICATIONS**

Petitioners further seek a Declaratory Judgment, declaring that it violates the laws and Constitution of the United States, as well as international law, and treaty obligations between the United States and other countries, to detain LPRs as "arriving aliens" under 8 U.S.C. §§1101(a)(13)(C) and 1225(b)(2):

> (1) without advising them of the possibility of, and procedures for requesting parole under 8 U.S.C. §1182(d)(5), and
> (2) without affording them a prompt hearing on any request for parole before an Immigration Judge or other impartial adjudicator, and
> (3) without adjudicating, at said hearing, their entitlement to parole, with or without payment of a bond, in a manner consistent with determinations made under 8 U.S.C. §1226(a)(2) for granting bond or "conditional parole" to otherwise similarly situated LPRs arrested on warrants issued by the Attorney General, and detained pending a decision on whether they are to be removed from the U.S., to wit, without (a) recognizing that because they are LPRs, Petitioners have certain liberty interests and fundamental rights which in and of themselves satisfy the "urgent humanitarian reasons or significant public interest" criteria of 8 U.S.C. §1182(d)(5)(A), and therefore, (b) adjudicating such applications on the basis of whether the LPR presents a "security risk [or] risk of absconding," which are the additional criteria of 8 C.F.R. §212.5(a), and the same criteria employed in determining whether otherwise similarly situated LPRs should be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2).

**3. INJUNCTIVE RELIEF: NOTICE OF THE POSSIBILITY OF AND MEANS FOR REQUESTING PAROLE, AND HEARINGS ON ANY PAROLE APPLICATIONS**

Petitioners further seek a preliminary and permanent injunction, restraining and enjoining Respondents from detaining LPRs as "arriving aliens" under 8 U.S.C. §§1101(a)(13)(C) and 1225(b)(2), without advising them of the possibility of, and procedures for requesting parole under 8 U.S.C. §1182(d)(5), and without granting them a prompt hearing on any requests for parole before an

Immigration Judge or other impartial adjudicator, and without adjudicating, at said hearing, their entitlement to parole, with or without payment of a bond, in a manner which would be consistent with determinations made under 8 U.S.C. §1226(a)(2) for granting bond or "conditional parole" to otherwise similarly situated LPRs who are arrested on warrants issued by the Attorney General, and detained under 8 U.S.C. §1226(a) pending a decision on whether they are to be removed from the United States, to wit, without:

> (a) recognizing that because they are LPRs, Petitioners have liberty interests and certain fundamental rights which in and of themselves satisfy the "urgent humanitarian reasons or significant public interest" criteria of 8 U.S.C. §1182(d)(5)(A), and therefore,
> (b) adjudicating such applications on the basis of whether the LPR presents a "security risk [or] risk of absconding," which are the additional criteria of 8 C.F.R. §212.5(a), and the same criteria employed in determining whether otherwise similarly situated LPRs should be granted bond or "conditional parole" under 8 U.S.C. §1226(a)(2).

### 4.   DECLARATORY RELIEF: CONFISCATION OF PERSONAL DOCUMENTS

Petitioners further seek a Declaratory Judgment, declaring that, absent a good faith belief that such documents constitute bona fide evidence of unlawful conduct, or for the purpose of safeguarding them while Petitioners are in their physical custody, it violates Due Process for Respondents to confiscate from LPRs placed in removal proceedings lawfully issued documents, such as drivers' licenses, Social Security cards, foreign passports, and that it further violates Due Process for Respondents not to promptly return any such documents once they are no longer needed as evidence, or the LPR is no longer physically detained, and that it further violates Due Process for Respondents to not keep an accurate and detailed inventory of all personal property seized from LPRs detained by them, and to not maintain appropriate documentation regarding the chain of custody of such items.

16

## 5.  INJUNCTIVE RELIEF:  CONFISCATION OF PERSONAL DOCUMENTS

Petitioners further seek a preliminary and permanent injunctions, restraining and enjoining Respondents from confiscating from LPRs placed in removal proceedings lawfully issued personal documents, such as drivers' licenses, Social Security cards, foreign passports, absent a good faith belief that such materials constitute bona fide evidence of unlawful conduct, or for the purpose of safeguarding them while Petitioners are in their physical custody, and that it further violates Due Process for Respondents not to promptly return any such documents once they are no longer needed as bona fide  evidence of unlawful conduct or the LPR is no longer physically detained, and from failing to maintain appropriate documentation as to the chain of custody of such items.

## 6.  DECLARATORY RELIEF: CONFISCATION OF PERSONAL PAPERS NEEDED TO ESTABLISH, OR TO MAINTAIN, COMMUNICATION WITH FRIENDS, RELATIVES, OR OTHER CONTACTS IN THE U.S.

Petitioners further seek a Declaratory Judgment, declaring that it violates The First Amendment and Due Process Clause of the Fifth Amendment of the United States Constitution, for Respondents:

> (a) absent a good faith belief that such items constitute bona fide evidence of unlawful conduct, to confiscate from LPRs placed in removal proceedings such personal items as address books, and slips of paper with names, addresses, or other information needed to communicate with friends, relatives, or other contacts within the United States, ' and
> (b) to not provide copies of such personal items to the LPR if and when they are confiscated,
> (c) to not promptly return any such personal items once they are no longer needed as evidence, and
> (d) to not keep an accurate and detailed inventory of all personal property seized from LPRs detained by them, and appropriate documentation regarding the chain of custody of such items.

---

ʼ    This Court previously issued an injunction to this effect for Salvadorans and Guatemalans. *Nunez v. Boldin*, 537 F. Supp. 578 (S.D.TX. 1982), *app. dis.*, 692 F.2d 755 (5ᵗʰ Cir. 1982) (Table).

**7.  INJUNCTIVE RELIEF:  CONFISCATION OF PERSONAL PAPERS NECESSARY TO ESTABLISH OR TO MAINTAIN COMMUNICATION WITH FRIENDS, RELATIVES, OR OTHER CONTACTS WITHIN THE U.S.**

Petitioners further seek a preliminary and permanent injunctions, restraining and enjoining Respondents from:

> (a) absent a good faith belief that such items constitute bona fide evidence of unlawful conduct, confiscating from LPRs placed in removal proceedings such personal items as address books, and slips of paper with names, addresses, or other information needed to communicate with friends, relatives, or other contacts in the United States, and
> (b) not providing copies of such personal items to the LPR if and when they are confiscated,
> (c) not promptly returning any such personal items once they are no longer needed as evidence, and
> (d) not keeping an accurate and detailed inventory of all personal property seized from LPRs detained by them, and appropriate documentation regarding the chain of custody of such items.

## 8.  OTHER AND FURTHER RELIEF

Petitioners would note that, since they have not been arrested on warrants issued by the Attorney General, and because the class they seek to represent excludes persons arrested on such warrants, this action is not barred by 8 U.S.C. §1226(e).  For this reason also, the relief sought herein is consistent with the Fifth Circuit's holding in the related case, *Ascencio-Guzman v. Trominski*, C.A. B-94-215. *See, Loa-Herrera v. Trominski,* 231 F.3d 984 (5th Cir. 2000).

Petitioners would further note that, because they are currently physically detained, four of the five named Petitioners are not members of the class in *Ascencio-Guzman*.  They do seek to represent a subset of the *Ascencio* class, but they also seek additional relief on their behalf which was not requested in that action.

Finally, Petitioners seek such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

18

Respectfully Submitted,



Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

### VERIFICATION

I, Lisa S. Brodyaga, hereby certify that I am familiar with the removal cases of the named Petitioners, and that the facts with respect thereto are true and correct to the best of my knowledge and belief. I further certify that I have been certified in Immigration and Nationality law by the Texas Board of Legal Specialization since 1981, and have practiced immigration law in the Harlingen area since 1978, and that the foregoing averments of law and facts relating to procedures involving lawful permanent residents seeking admission within the Harlingen INS district are also true and correct to the best of my knowledge and belief.

January 14, 2002

### CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, hereby certify that a copy of the foregoing, together with Exhibits E, F and G, was personally delivered to the office of Lisa Putnam, SAUSA, at 1701 Zoy St., Harlingen, Texas, this 14th day of January, 2002.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ISRAEL HERNANDEZ-LEIJA,                    )
CARLOS OMAR CALVILLO-LOPEZ,                )
JORGE RIVERA-PULVIDA,                      )
JOSE ANTONIO ESPARZA, and                  )
DIONICIO GRIMALDO-BARRIENTOS,              )
  In their own name and right,            )
  and on behalf of all others             )
  similarly situated,                     )
                                          )
v.                                         )        C.A. No.  01-206
                                          )
E.M. TROMINSKI, INS DISTRICT               )
  DIRECTOR, and                           )
JOHN ASHCROFT, ATTORNEY                    )
  GENERAL OF THE UNITED STATES.  )
_____)


EXHIBIT "E" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF



U.S. DEPARTMENT OF JUSTICE

Immigration and Naturalization Service
2102 Teege Avenue
Harlingen, Texas 78550-4667

November 19, 2001

Law Offices of Thelma O. Garcia
301 E. Madison Avenue
Harlingen, Texas  78550

    RE:    Carlos Omar CALVILLO-Lopez
           A44 332 239

Dear Ms. Garcia

    This letter is in response to your written request for parole of your client.  After a thorough review of the facts of this case and based upon current guidelines, your client's release is not considered to be in the public's interest or of an urgent humanitarian nature.  Due to the above stated facts, your request for parole is denied.

                       Sincerely,

                       Cecilio L. Ruiz, Jr.
                       Assistant District Director
                       Detention and Deportation



**U.S. DEPARTMEN  F JUSTICE**
Immigration and Naturalization Service
Rt. 3 Box 341
Los Fresnos, Texas 78566

---

*Port Isabel Service Processing Center*

Law Offices of Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550

December 19, 2001

**Re: Israel HERNANDEZ-Leija, A44 078 561**

Dear Ms. Garcia,

      Your parole request for Mr. Hernandez was received and has been considered in accordance with current policies and procedures. It is our determination that it is not in the best interest of the service or the public to grant Mr. Hernandez parole. Therefore, Mr. Hernandez will remain in the custody of the United States Immigration Service until the Immigration Judge reaches a final determination on his case.

Respectfully yours,

Cecilio L. Ruiz, Jr.
Assistant District Director for
Detention and Deportation

DEC 2 8 2001

U.S. Department of Justice
Immigration and Naturalization Service
Buena Vista Rd.
Rt. 3 Box 341
Los Fresnos, Texas 78566

U.S. OFFICIAL MAIL
U.S. POSTAGE
0.34
PENALTY
FOR
PRIVATE
USE $ 00
B METER
7340854

Law Office of Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550



**Department of Justice**
**Immigration and Naturalization Service**

---

*Route 3 Box 341*
*Los Fresnos, Texas 78566*

December 17, 2001

Law Offices of Jaime M. Diez
862 West Price Road
Brownsville, Texas 78521

Dear Mr. Diez,

This is in response to your request for the parole of Dionicio GRIMALDO-Barrientos, A34-646-445. After a thorough review of this case, it has been decided that it is not in the best interest of the U.S. Immigration and Naturalization Service to release Mr. GRIMALDO pending a decision in his case by the Immigration Court.

Sincerely,

Cecilio L. Ruiz, Jr.
Assistant District Director
For Detention and Deportation

# LAW OFFICES OF LISA S. BRODYAGA
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
December 18, 2001

FREEDOM OF INFORMATION ACT REQUEST

E M Trominski, District Director
Immigration and Naturalization Service
2102 Teege
Harlingen, Texas 78550

Dear Mr Trominski

Pursuant to the Freedom of Information Act, request is hereby made for a copy of any and all documents in your possession, or otherwise accessible to you, whether they be in written or electronic form, which would contain or relate to the "current guidelines" for granting parole, under 8 U S C. §1182(d)(5), to an applicant for admission

I am particularly interested in any such guidelines which would indicate that the fact that the applicant is a lawful permanent resident of the United States is to be taken into consideration in determining whether or not to grant such parole

Thank you for your prompt attention

Sincerely,

Lisa S Brodyaga
Attorney at Law



**U.S. Department of Justice**
Immigration and Naturalization Service

HLG2001002811

*2102 TEEGE AVENUE*
*HARLINGEN, TX 78550*

12/20/2001

Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Road
San Benito, Texas 78586

Dear Lisa S Brodyaga.

Your request was received in this office on 12/20/2001 regarding the subject: Guidelines for Granting Parole.

We have searched for records that relate to your request and determined that if such records exist, they would be maintained under the jurisdiction of the INS office at the following address:

HQ FOIA/PA OPERATIONS SECTION
425 I STREET, NW
2nd Floor ULLICO Bldg
Washington, DC 20536

We have forwarded your request to that office for consideration and direct reply to you. Any further inquiries should be sent to the FOIA/PA officer at the office identified above.

Sincerely,

E.M TROMINSKI
DISTRICT DIRECTOR

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
ISRAEL HERNANDEZ-LEIJA,          )
CARLOS OMAR CALVILLO-LOPEZ,      )
JORGE RIVERA-PULVIDA,            )
JOSE ANTONIO ESPARZA, and        )
DIONICIO GRIMALDO-BARRIENTOS,    )
  In their own name and right,   )
  and on behalf of all others    )
  similarly situated,            )
                                 )
v.                               )   C.A. No.  01-206
                                 )
E.M. TROMINSKI, INS DISTRICT     )
  DIRECTOR, and                  )
JOHN ASHCROFT, ATTORNEY          )
  GENERAL OF THE UNITED STATES.  )
_____)
```

EXHIBIT "F" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

ISRAEL HERNANDEZ-LEIJA, et al   )
                                )
v.                               )   C.A. No.  01-206
                                )
E.M. TROMINSKI, et al.       )
_____)

### DECLARATION OF JOSE ANTONIO ESPARZA-MORALES

I, Jose Antonio Esparza-Morales, hereby declare under penalty of
perjury of the laws of the United States as follows:

I am a native and citizen of Mexico, born March 25, 1955, in Villa
Garcia, Zacatecas, Mexico.  I worked in agriculture in the United
States for a number of years, as a result of which, I obtained
temporary resident status, and, in 1990, became a lawful permanent
resident.  In recent years, I had been working in a hatchery in
Maine.  In about March of 2001, I was injured at work. When the
injury did not heal on its own, my employer finally sent me to a
doctor, who discovered that I had broken a bone in my hand.  After
several months of treatment, during which I was only able to work
part-time, because may hand would swell up after moderate exertion,
I was fired.  I obtained an attorney, who was going to help me
obtain some form of compensation.  But because I was no longer
working, and had no income, in late September, 2001, I returned
temporarily to be with my family in Mexico. I would communicate
periodically with my attorney's office in Maine, but as of my last
contact, in about November of 2001, nothing had been arranged.

On or about December 11, 2001, a man I had known about ten years
ago, called "Limon," asked me to drive a car across the border for
him.  Unaware that there was anything wrong, I agreed, but at the
border, in Rio Grande City, it was discovered that there was
marijuana secreted in the vehicle.  I was detained by INS, and
placed under removal proceedings.  While I was being processed, INS

confiscated my wallet, and everything in it.  Included were my LPR
card, my current Texas drivers license, an my previous, expired
drivers license, my Social Security card, a number of business
cards, addresses and telephone numbers, including those of my
attorney, my former employer in Maine, and my relatives in the Rio
Grande Valley, Texas.  I also had pictures of my family, some old
coins, and one of those new gold colored U.S. dollars.  Neither my
wallet, nor any of its contents, has ever been returned to me.

After Immigration finished with me, they passed me to the DEA "the
narcs."  Among other things, the agent stripped off my belt, and
threw it in the trash, saying that it wasn't worth anything.
Eventually, I was taken to jail, and criminal charges were
instituted.   Since I did not have any money, or any way of
communicating with my family, I was represented by Tomas
Lindenmuth, of the McAllen Public Defenders Office.  Eventually,
the criminal charges were dropped, and on December 29, 2001, I was
sent to the Immigration detention facility in Bayview, Texas.

Still I did not have any means of communicating with my family, or
money to hire a lawyer. I had been told that I did not have a right
to an immigration bond. I asked why, since I was a lawful permanent
resident, and was told that it was because I had stopped at the
bridge.  It was my understanding that I would simply be deported.
It did not seem that there was any other possibility.  No-one ever
told me that I might be able to be "paroled" into the United
States, much less that it might be possible without paying a bond,
or even that I might be able to fight my case while I was detained.
I was given a hearing notice for January 15, 2002, and thought that
I would be deported on that day.  But on or about January 7, 2002,
I was interviewed by a woman by the name of Rosa, from PROBAR.  She
came back the next day, and told me their office could not
represent me, but that I should call Lisa Brodyaga, who was the
only one who might be able to help me.  So on January 9, I called
Ms. Brodyaga. She came to see me the next morning, and helped me
prepare a request for parole, which she took to the head of the INS

2

Deportations branch, in Harlingen.  He immediately arranged for my release, without paying a bond.  At about 6:00 p.m., I was being processed for release, and they asked me for the address where I would be staying.  I told them that I did not have it, because my papers had been confiscated by INS when I was arrested in Rio Grande City.  Unfortunately, my wallet was not sent to PISPC with the rest of my personal belongings.  So I again called Attorney Brodyaga, who came out to pick me up at PISPC, and gave me a place to spend the night, at Refugio del Rio Grande.  Once I was there, the Coordinator helped me call my family in Mexico, and through them, I was able to get the phone number of relatives in La Joya, Texas.  Later this afternoon, they will come pick me up, and I will be able to stay with them while my immigration case is resolved.

The foregoing was read and translated to me in Spanish by Attorney Lisa Brodyaga, and is true and correct to the best of my knowledge and belief.  Further Declarant sayeth not.


Jose Antonio Esparza
January 11, 2002

### CERTIFICATE OF TRANSLATOR

I, Lisa S. Brodyaga, hereby declare that I am competent in the English and Spanish languages, that the foregoing was prepared by me on the basis of the information provided by the Declarant, both through his oral testimony, and the documents in his possession. I further declare that I read the translated the same to him in Spanish, and that he did declare that it was true and correct to the best of his knowledge and belief, and in witness thereof, did sign the same in my presence, this 11th day of January, 2002.


Lisa S. Brodyaga

3

U.S. Department of Justice
Immigration and Naturalization Service

## Notice to Appear

---

# In removal proceedings under section 240 of the Immigration and Nationality Act

File No   _A91 288 206_

In the Matter of

Respondent:  _ESPARZA-MORALES, Jose Antonio_ _____  currently residing at.
**_(956) 547 1759_**

_Pispc/usins  Contact Duty Supervisor  Los Fresnos  TX  78501_ _____
(Number street city state and ZIP code)    (Area code and phone number)

☒ 1  You are an arriving alien

☐ 2  You are an alien present in the United States who has not been admitted or paroled

☐ 3  You have been admitted to the United States, but are deportable for the reasons stated below

The Service alleges that you

```
1. You are not a citizen or national of the United States.
2. You are a native of MEXICO and a citizen of MEXICO.
3. You were admitted to the United States as a resident alien on or about
   12/01/1990.
4. On 12/11/2001 you were an arriving alien driving a 1989 Mercury Grand
   Marquis Tx plates "XYW27V" and you presented your resident alien card.
5. A search of your vehicle revealed 59 lbs of marijuana concealed in the
   roof of the vehicle you were driving.
6. You are ineligible for admission to the United States because the
   Consular or Immigration Officer has reason to believe that you are or
```

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law

```
Section 212(a)(2)(C) of the Immigration and Nationality Act (Act), as amended,
in that a consular or immigration officer knows or has reason to believe you
are an alien who is or has been an illicit trafficker in any controlled
substance or who is or has been a knowing assister, abettor, conspirator, or
```

### SEE CONTINUATION FORM I-831 ATTACHED

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution

☐  Section 235(b)(1) order was vacated pursuant to    ☐ 8 CFR 208 30(f)(2)    ☐ 8 CFR 235 3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at _____
_201  E  Jackson  St  Harlingen  TX  78550_
(Complete Address of Immigration Court Including Room Number if any)
on _To be Set_ at _To be Set_ to show why you should not be removed from the United States based on the
(Date)    (Time)
charge(s) set forth above

**IMMIGRATION INSPECTOR**
(Signature and Title of Issuing Officer)

Date _12/11/2001_ _____     _RIO GRANDE CITY, TX_ _____
(City and state)

## See reverse for important information

Form I-862 (Rev  4-1-97)

# U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form _____ *I-862*

| Alien's Name | File Number | Date |
|---|---|---|
| ESPARZA-MORALES, Jose Antonio | A91 288 206 | 12/11/2001 |

ALLEGATIONS CONTINUED:

    have been an illicit trafficker of a controlled substance, or were or
have been a knowing assister, abettor, conspirator, or colluder with
others in the illicit trafficking of a controlled substance.

You are ineligible for admission to the United States because the consular or
immigration officer has reason to believe that you are or have been an illicit
trafficker of a controlled substance, or were or have been a knowing assister,
abettor, conspirator, or colluder with others in the illicit trafficking of a
controlled substance.

PROVISIONS CONTINUED:

colluder with others in the illicit trafficking in any such controlled
substance.

| Signature | Title |
|---|---|
| ADAN LONGORIA, JR. | IMMIGRATION INSPECTOR |

_2_ of _2_ Pages

Form I-831 Continuation Page (Rev 6 12 92)

# Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have the opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by an immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make such an application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before _____

_____
(Signature of Respondent)

_____
(Signature and Title of INS Officer)

Date: _____

### Certificate of Service

This Notice to Appear was served on the respondent by me on ___12/11/200__ , in the following manner and in compliance with section 239(a)(1)(F) of the Act.

☒ in person   ☐ by certified mail, return receipt requested   ☐ by regular mail

☐ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the ___Spanish___ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)

Form I-862 (Rev. 4-1-97)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION



DEC 27 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-01-3398-M |
| | § | |
| JOSE ANTONIO ESPARZA-MORALES | § | |

## GOVERNMENT'S MOTION TO DISMISS THE CRIMINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW the United States of America through MICHAEL T SHELBY, United States

Attorney in and for the Southern District of Texas, and respectfully requests that the Court dismiss

the CRIMINAL COMPLAINT in the above-captioned and numbered cause without prejudice for

the reason that the government no longer desires to prosecute.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

By. ___Robert Wells, Jr._____

ROBERT WELLS
Assistant United States Attorney
1701 West Highway 83, Suite 305
McAllen, Texas 78501
(210) 630-3170

Tomps Lindenmuth
630-2995

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-01-3398-M |
| | § | |
| JOSE ANTONIO ESPARZA-MORALES | § | |

## CERTIFICATE OF CONSULTATION

On this __27__ th day of December, 2001, I spoke to the attorney of record, Miguel Nogueras,

regarding the Government's Motion to Dismiss the Criminal Complaint Without Prejudice and he

was unopposed.


_Robert Wells, L_
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On this __27__ th day of December, 2001, a copy of the Government's Motion to Dismiss

Criminal Complaint Without Prejudice was hand delivered to Miguel Nogueras at 1701 W. Hwy.

83, McAllen, Texas 78501.


_Robert Wells, L_
Assistant United States Attorney

J  ''' `N    `\ ' 2 ` ~~ l· \\ 956 631 `547          FPI· SDTX McALLEN                                          ⌐002

ITED STATES COURTS
IHERN DISTRICT OF TEXAS
FILED

DEC 2 7 2001

ꞌael R. Milby, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-01-3398-M |
| | § | |
| JOSE ANTONIO ESPARZA-MORALES | § | |

## ORDER OF DISMISSAL

On this date came on to be considered the Government's Motion to Dismiss the Criminal

Complaint in the above-styled and numbered cause without prejudice for the stated reason that the

government no longer desires to prosecute, and the Court hereby GRANTS said Motion   It is,

therefore,

ORDERED, ADJUDGED, and DECREED that the Criminal Complaint in the above-styled

and numbered cause be DISMISSED without prejudice.

It is further ORDERED that the Clerk of the United States District Court deliver a copy of

this Order to the United States Marshal for the Southern District of Texas, counsel for defendant, and

counsel for the Government.

Signed at McAllen, Texas on this the 27th day of December, 2001.

_____
JUDGE PRESIDING

To: Cecilio Ruiz, #DDD
    INS Harlingen, Texas
From: Jose Antonio Esparza
      A91-500-206

1/10/02
PISPC
(Port Isabel Service Processing
Center, Bayview, Tx.)

Dear Mr. Ruiz:

I hereby request that I be pulled out of custody,
while my criminal proceedings are pending. I am a
lawful permanent resident, and am being held as an
criminal alien on the grounds that INS has reason to
believe that I am a drug trafficker, even though the
criminal charges against me were dismissed. If released,
I will be able to get an attorney to help me, but I do not
have the means to hire one. I want to fight for my
residence, but would have a hard time doing so if I am
detained. If released, I will go to live at the following address.

I will provide the address later. INS took my papers with
addresses and phone numbers when I was detained, so I do not
have it at this moment.

I have been in INS custody since December 29, 2001, at PISPC.
The above was prepared for me by Attorney Lisa Brodyaga,
who read and translated it into Spanish. It is true and
correct to the best of my knowledge and belief.

Jose A. Esparza



Departure Number

**604333043 01**

Immigration and
Naturalization Servi...

I-94
Departure Record

Released under parole
pending Immigration proceedings

RIO        01/10/02

A91 288 206

14 Family Name

E S P A R Z A   M O R A L E S

15 First (Given) Name                                    16 Birth Date (Day-Mo-Yr)

J O S E   A N T O N I O        2 5 0 3 5 5

17 Country of Citizenship

M E X I C O

**Warning** - A nonimmigrant who accepts unauthorized employment is subject to deportation

**Important** - Retain this permit in your possession, *you must surrender it when you leave the U.S.* Failure to do so may delay your entry into the U.S. in the future

You are authorized to stay in the U.S. only until the date written on this form. To remain past this date without permission from immigration authorities, is a violation of the law

**Surrender this permit when you leave the U.S.:**
  By sea or air  to the transportation line;
  Across the Canadian border to a Canadian Official;
  Across the Mexican border, to a U.S. Official

Students planning to reenter the U.S. within 30 days to return to the same school, see "Arrival/Departure" on page 2 of Form I-20 **prior to surrendering this permit.**

**Record of Changes**

EMPLOYMENT AUTHORIZED

Port                                                      **Departure Record**

Date

Carrier.

Flight #/Ship Name:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISRAEL HERNANDEZ-LEIJA,<br>CARLOS OMAR CALVILLO-LOPEZ,<br>JORGE RIVERA-PULVIDA,<br>JOSE ANTONIO ESPARZA, and<br>DIONICIO GRIMALDO-BARRIENTOS,<br>  In their own name and right,<br>  and on behalf of all others<br>  similarly situated, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| v. | ) | C.A. No.   01-206 |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT<br>  DIRECTOR, and<br>JOHN ASHCROFT, ATTORNEY<br>  GENERAL OF THE UNITED STATES. | )<br>)<br>)<br>) | |
| _____ | ) | |

EXHIBIT "G" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

U.S. Department of Justice

Immigration and Naturalization Service

**Notice to Appear**

---

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: _____ A 34 646 445 _____

In the Matter of:

Respondent:  GRIMALDO-Barrientos, Dionicio     currently residing at:

**P.I.S.P.C.  RT. 3 BOX 341, LOS FRESNOS, TEXAS 78566**     (956) 547-1759

(Number, street, city, state and ZIP code)     (Area code and phone number)

☒ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of Mexico and a citizen of Mexico;

3. On November 23, 2001, you applied for admission at the Port of Entry at Hidalgo, Texas as a returning resident alien;

4. You were, on August 08, 1995, convicted in the Douglas County District Court at Omaha, Nebraska for the offense of Unlawful Delivery of a Controlled Substance, in violation of Law.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision (s) of law:

Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, as amended, as an alien who has been convicted of, or admits having committed, or admits committing acts which constitute the essential elements of, a violation of, or a conspiracy or attempt to violate any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substance Act, 21 U.S.C. 802).

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.
☐ Section 235(b)(1) order was vacated pursuant to:  ☐ 8 CFR 208.30(f)(2)  ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____

**201 Jackson Street, Harlingen, Texas 78550**

(Complete Address of Immigration Court, Including Room Number, if any)

on _____ **TBS** _____  at ____ **TBS** ____  to show why you should not be removed from the United States based on the

(Date)          (Time)

charge(s) set forth above.

Cecilio L. Ruiz, Jr., Asst Dist Dir for Det and Dep

(Signature and Title of Issuing Officer)

Date  December 13, 2001     Harlingen, Texas

(City and State)

**See reverse for important information**
**Supercedes NTA dated November 23, 2001.**

Form I-862 (Rev. 4-1-97)

## Notice to Respondent

**Warning: Any statement you make may be used against you in removal proceedings.**

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so chose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at not cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have the right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide and address at which you may be reached during proceedings then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before

Paul D. Abrams, Deportation Officer

(Signature and Title of INS Officer)

Date   **December 13, 2001**

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ December 13, 2001 _____ , in the following manner and in
(date)

compliance with section 239(a)(1)(F) of the Act

☒ in person        ☐ by certified mail, return receipt requested        ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services

☒ The alien was provided oral notice in the _____ Spanish _____ language of the time and place of his or her
hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act

_____
(Signature of Respondent if Personally Served)

_____
Paul D. Abrams, Deportation Officer
(Signature and Title of Officer)

Form I-862(Rev 4-1-97)



Department of Justice
Immigration and Naturalization Service

---

Route 3 Box 341
Los Fresnos, Texas 78566

December 17, 2001

Law Offices of Jaime M. Diez
862 West Price Road
Brownsville, Texas 78521

Dear Mr. Diez,

This is in response to your request for the parole of Dionicio GRIMALDO-Barrientos, A34-646-445. After a thorough review of this case, it has been decided that it is not in the best interest of the U.S. Immigration and Naturalization Service to release Mr. GRIMALDO pending a decision in his case by the Immigration Court.

Sincerely,

Cecilio L. Ruiz, Jr.
Assistant District Director
For Detention and Deportation

**JAIME M. DIEZ**, L.LM
ATTORNEY AT LAW

WELLINGTON PLAZA

862 WEST PRICE ROAD

BROWNSVILLE, TEXAS 78521

TELECOPIER 956 969-0118                                    TELEPHONE 956 793-8848

December 13, 2001

Mr. Robert Adame
PISPC
Immigration and Naturalization Services
RT 3- Box 341
Los Fresnos, Texas 78566

RE:     PAROLE REQUEST FOR:
        Dionicio GRIMALDO-Barreinto A 34-646-445

Dear Mr. Adame:

Please find enclosed a copy of the parole request I filed with you office on December 12, 2001.

Once you have made a decision I would appreciate if you could contact me to the above telephone number and/or address.

Thank you,

Jaime M. Diez
Attorney at Law

JAIME M. DIEZ, L.LM
ATTORNEY AT LAW
WELLINGTON PLAZA
862 WEST PRICE ROAD
BROWNSVILLE, TEXAS 78521

TELECOPIER 956 546-5776                                    TELEPHONE 956 793-8848

December 12, 2001

Mr. Cecilio Ruiz
Examinations Division
Immigration and Naturalization Services
2102 Teege Avenue
Harlingen, Texas 78550

RE:    PAROLE REQUEST FOR: Dionicio GRIMALDO-Barrientos A 34-646-445

Dear Mr. Ruiz:

        Please be advised that I have been retained to represent the above-mentioned
Respondent in proceedings before Immigration and Naturalization Service and the
Executive Office for Immigration Review. *Please, see attached G-28.*

        Mr. Dionicio GRIMALDO-Barrientos is a Mexican National born in Guanajuato,
Mexico on November 11, 1942. Howeves, since 1973 he has been living in the United
States as a Legal Permanent Resident. Dionicio GRIMALDO-Barrientos is married to
Jeannette Lopez, a USC and they have two USC-Children. (Please see attached copies
of birth certificates). Dionicio GRIMALDO-Barrientos immediate family all resides in the
United States. He has two brothers, one of them a LPR and the other a USC: His father,
a LPR lives in Las Milpas, Texas.

        For the past (30) thirty-years Dionicio GRIMALDO-Barrientos has been gainfully
employed and has lived in Omaha, Nebraska (Please see attached copies of the 1999
and 2000 Tax Returns). He lived for 26 years at 6006 S. 25th Street, Omaha, Nebraska
for 26-years. For the past three-years he has been residing at a property him and his
wife bough in 1999- His address is 3625 Newport Ave, Omaha, Nebraska 68111
(Please see attached warranty deed)

        On or about November 23, 2001 the Respondent sought admission into the
United States, and was immediately detained by the Immigration and Naturalization
Services (INS). He was issued a Notice to Appear and charged as an arriving alien. It
appears that on November 3, 1994 Respondent was arrested and charged with un-
lawfull delivery of a controlled substance, ("a substance containing a detectable amount

of cocaine in a quantity of less than one ounce") and then on August 22, 1995 convicted for that offense.

Respondent respectfully request that he be able to post a bond so that he may return to work, he does support his family, he is gainfully employed, while his case is heard in court. In this regard, based on recent Supreme Court Decision, *INS v. St. Cyr*, it appears that because respondent conviction occurred prior to April of 1997 that he is eligible to apply for 212(c) relief that gives the Attorney General broad discretion to waive deportation of an alien. In this regard, I believe that due to the factors cited in *Matter of Marin* by the BIA it appears that respondent may be a good candidate for such relief.

I hereby respectfully request that he be paroled into the Unites States pursuant to Section 235 of the Immigration and Nationality Act. The Respondent is not at risk and will not abscond if paroled into the United States, in that he is aware that his failure to appear could bar him forever from the United States if ordered removed. He has lived in the United States for the past fifteen (30) years. He has strong family ties, his USC spouse depends on his work. This Respondent is neither a security risk nor is he a threat to society.

In support of this request please find enclosed the following documents:
1. Birth Certificate of Spouse- Jeanette Lopes- DOB 07-27-56- USC
2. Birth Certificate of Child- John L. Grimaldo- DOB 01-01-81- USC
3. Birth Certificate of Child- Joe L. Grimaldo- DOB 12-15-76- USC
4. Warrant Deed dated June 10, 1999 for the residence the respondent purchased with his wife in Omaha, Nebraska
5. Copy of the 2000 and 1999 Tax Returns filed by Respondent and his wife which showed earnings of $30,000+ for both years.
6. Copy of Payment of Property Taxes and water bill utilities by respondent and his spouse.
7. Copy of the Conviction Record of Respondent.

Thank you for your cooperation and consideration of this matter.

Sincerely yours,

Jaime M. Diez
Attorney for Respondent

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| | DATE DECEMBER 7, 2001 |
|---|---|
| BOND REDETERMINATION APPLICATION | FILE No. |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following

| | ☐ Petitioner ☐ Applicant |
|---|---|
| | ☐ Beneficiary ☐ |
| ADDRESS (Apt. No.) (Number & Street) | (City) (State) (ZIP Code) |
| PORT ISABEL DETENTION CENTER BAYVIEW TX | |

| NAME | ☐ Petitioner ☐ Applicant |
|---|---|
| | ☒ Beneficiary |
| ADDRESS (Apt. No.) (Number & Street) | (City) (State) (ZIP Code) |

Check Applicable Item(s) below.

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

U.S. Supreme Court _____ and am not under a
_(Name of Court)_

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law

☐ 2. I am an accredited representative of the following-named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board

☐ 3. I am associated with _____
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. (If you _check this item, also check item 1 or 2, whichever is appropriate._)

☐ 4. Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| _Jaime R_ | Jaime Diez, Attorney at Law |
| | 862 West Price Road |
| | Brownsville, Texas 78520 |
| NAME (type or Print) | TELEPHONE NUMBER |
| Jaime Diez | (956) 544-3565 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: Jaime Diez

(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER.

Immigration

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| GRIMALDO-BARRIENTO, Dionicio | _Dionicio X Grimaldo_ | DECEMBER 8, 2001 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

(OVER)

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

WHEN COPY CARRIES THE RAISED SEAL OF THE NEBRASKA STATE DEPARTMENT OF HEALTH,
IT CERTIFIES THE BELOW TO BE A TRUE COPY OF AN ORIGINAL RECORD ON FILE WITH THE STATE
DEPARTMENT OF HEALTH, BUREAU OF VITAL STATISTICS, WHICH IS THE LEGAL DEPOSITORY FOR
VITAL RECORDS.

DATE OF ISSUANCE

JAN 11 1995
LINCOLN, NEBRASKA

*Stanley S. Cooper*
STANLEY S. COOPER, DIRECTOR
BUREAU OF VITAL STATISTICS

Amended January 9, 1995
PHS-799(VS)
REV. 12-84
FEDERAL SECURITY AGENCY
PUBLIC HEALTH SERVICE

STATE OF NEBRASKA
DEPARTMENT OF HEALTH
Bureau of Vital Statistics
CERTIFICATE OF LIVE BIRTH

56-017040

BIRTH NO.

| | |
|---|---|
| 1. PLACE OF BIRTH | 2. USUAL RESIDENCE OF MOTHER (Where does mother live?) |
| a. COUNTY Douglas | a. STATE Nebraska   COUNTY Douglas |
| b. CITY (If outside corporate limits, write RURAL) Omaha | c. CITY (If outside corporate limits, write RURAL) Omaha |
| c. FULL NAME OF (If NOT in hospital or institution, give street address or location) HOSPITAL OR INSTITUTION Nicholas Hospital | d. STREET ADDRESS (If rural, give location) 3129 S 18 |

3. CHILD'S NAME (Type or print)  a. (First) Jeanette   b. (Middle) Yvonne   c. (Last) Lopez

4. SEX Female   5a. THIS BIRTH Single ☑  Twin ☐  Triplet ☐   5b. If TWIN OR TRIPLET (This child born) 1st ☐ 2nd ☐ 3rd ☐   6. DATE OF BIRTH (Month) 7 (Day) 27 (Year) 56   4-12d

FATHER OF CHILD

7. FULL NAME  a. (First) John   b. (Middle) L.   c. (Last) Lopez   8. COLOR OR RACE White

9. AGE (At time of this birth) 37   10. BIRTHPLACE (City, town, or county) (State or foreign country) Piersall Texas   11a. USUAL OCCUPATION Laborer   11b. KIND OF BUSINESS OR INDUSTRY Guadalupe Packing Co.

MOTHER OF CHILD

12. FULL MAIDEN NAME  a. (First) Irene   b. (Middle) M.   c. (Last) Garcia   13. COLOR OR RACE White

14. AGE (At time of this birth) 32   15. BIRTHPLACE (City, town or county) (State or foreign country) Minatare Neb   16. Children Previously Born to This Mother (Do NOT include this child)   a. How many OTHER children are now living? 3   b. How many OTHER children were born alive but are now dead?   c. How many children were stillborn (born dead after 20 weeks pregnancy)?

17. INFORMANT'S SIGNATURE Irene Lopez  Relationship mother

I hereby certify that this child was born alive on the date stated above at 4:50 P. m.

18a. SIGNATURE [signature]   18b. M. D. ☑  Midwife ☐  Other (Specify)

18c. ADDRESS 4424 So. 24 St Omaha

19. MOTHER'S MAILING ADDRESS Same as 2

20. DATE REC'D BY LOCAL REG. AUG 1956   21. REGISTRAR'S SIGNATURE [signature] M.D.

OMAHA-DOUGLAS COUNTY HEALTH ...RTMENT
Vital Statistics Section

**CERTIFICATE OF LIVE BIRTH**   126- **394517**

| CHILD - NAME | FIRST | MIDDLE | LAST | SEX | DATE OF BIRTH (Month, Day, Year) | HOUR |
|---|---|---|---|---|---|---|
| | John | J | Grimaldo | Male | January 1, 1981 | 12:38A. |

| HOSPITAL - NAME (If not in hospital, give street and number) | INSIDE CITY LIMITS (Specify Yes or No) | CITY, TOWN, OR LOCATION OF BIRTH | COUNTY OF BIRTH |
|---|---|---|---|
| Clarkson | Yes | Omaha | Douglas |

I certify that this stated information concerning this child is true to the best of my knowledge and belief.

DATE SIGNED (Month, Day, Year)

NAME AND TITLE OF ATTENDANT IF OTHER THAN CERTIFIER

CERTIFIER - NAME AND TITLE (Type of Print)

MAILING ADDRESS   (STREET OR R.F.D. NO., CITY OR TOWN, STATE, ZIP)

John R. Riecker; Myrle F. Marsh; M.D.   2602 J Street; Omaha, Nebraska 68107

REGISTRAR - SIGNATURE

*Daniel J. Strething, M.P.H.*

DATE RECEIVED BY REGISTRAR

MONTH   JAN 23 1981   YEAR

| MOTHER - MAIDEN NAME | FIRST | MIDDLE | LAST | AGE (At time of this birth) | CITY AND STATE OF BIRTH (If not in U.S.A. Name Country) |
|---|---|---|---|---|---|
| | Jeanette | G | Lopez | 24 | Omaha, Nebraska |

| RESIDENCE - STATE | COUNTY | CITY, TOWN, OR LOCATION, (Include zip code) | INSIDE CITY LIMITS (Specify Yes or No) | STREET AND NUMBER |
|---|---|---|---|---|
| Nebraska | Douglas | Omaha   68107 | Yes | 6006 South 25th |

MOTHER'S MAILING ADDRESS - Enter if not same as residence

| FATHER - NAME | FIRST | MIDDLE | LAST | AGE (At time of this birth) | CITY AND STATE OF BIRTH (If not in U.S.A. Name Country) |
|---|---|---|---|---|---|
| | Dionicio | B | Grimaldo | 38 | Guanajuato, Mexico |

I certify that the personal information provided on this certificate is correct to the best of my knowledge and belief.

(Signature of Parent or other informant)

RELATION TO CHILD

Jeanette G Grimaldo   Mother

This certifies this document to be a true copy of an original record on file
with the Omaha-Douglas County Health Department, Vital Statistics Section.

Date Issued: _____ JAN 28 1981 _____        *Daniel J. Strething, M.P.H.*
(Registrar)

No.547    P.2/5

358941

# OMAHA-DOUGLAS COUNTY HEALTH DEPARTMENT
## Division of Vital Statistics
# CERTIFICATE OF LIVE BIRTH

| CHILD - NAME | FIRST | MIDDLE | LAST | DATE OF BIRTH (MONTH, DAY, YEAR) | HOUR |
|---|---|---|---|---|---|
| 1 | Joe | J. | Grimaldo | December 15, 1976 | 3:32p. M |
| SEX | THIS BIRTH — SINGLE, TWIN, TRIPLET, ETC (SPECIFY) | | IF NOT SINGLE BIRTH — BORN FIRST, SECOND, (SPECIFY) | COUNTY OF BIRTH | |
| 2 Male | Single | | | Douglas | |
| CITY, TOWN, OR LOCATION OF BIRTH | INSIDE CITY LIMITS (SPECIFY YES OR NO) | HOSPITAL — NAME | | (IF NOT IN HOSPITAL GIVE STREET AND NUMBER) | |
| Omaha | Yes | Clarkson Hospital | | | |
| MOTHER — MAIDEN NAME | FIRST | MIDDLE | LAST | AGE (AT TIME OF THIS BIRTH) | STATE OF BIRTH (IF NOT IN U.S.A., NAME COUNTRY) |
| | Jeanette | G. | Lopez | 20 | Nebraska |
| RESIDENCE — STATE | COUNTY | CITY, TOWN, OR LOCATION | zip code | INSIDE CITY LIMITS (YES OR NO) | STREET AND NUMBER |
| Nebraska | Douglas | Omaha | 68107 | Yes | 6006 South 25th |
| FATHER — NAME | FIRST | MIDDLE | LAST | AGE (AT TIME OF THIS BIRTH) | STATE OF BIRTH (IF NOT IN U.S.A., NAME COUNTRY) |
| | Dionicio | B. | Grimaldo | 34 | Mexico |
| INFORMANT — NAME OR SIGNATURE | | | | RELATION TO CHILD | |
| | Jeanette Grimaldo | | | Mother | |
| I CERTIFY THAT THIS CHILD NAMED CHILD WAS BORN ALIVE AT THE PLACE AND TIME AND ON THE DATE STATED ABOVE | | | DATE SIGNED (MONTH, DAY, YEAR) | ATTENDANT — M.D., D.O., OTHER (SPECIFY) | |
| SIGNATURE | | | | | M.D. |
| CERTIFIER — NAME | (TYPE OR PRINT) | | MAILING ADDRESS | (STREET OR R.F.D. NO., CITY OR TOWN, STATE, ZIP) | |
| John R. Fischer — Myrle F. Marsh, M.D. | | | Omaha, Nebraska | | |
| REGISTRAR — SIGNATURE | | | | DATE RECEIVED BY LOCAL REGISTRAR | |
| | | | | MONTH  JAN 1 8 1977 | |

This certifies this document to be a true copy of an original record on file
with the Omaha-Douglas County Health Department, Division of Vital Statistics.

Date Issued    JAN 2 0 1977

(Registrar)





2124 394 DEED

8E235 99 394-

Nebr  Doc
Stamp Tax



Date

$108

By

no.548

RICKARD H. TAKECHI
REGISTER OF DEEDS
DOUGLAS COUNTY NE

99 JUN 18 PH 2: 09

RECORD

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## S U R V I V O R S H I P
## W A R R A N T Y   D E E D

KNOW ALL MEN BY THESE PRESENTS, THAT
Don-Fanon Chaney-Thomas f/k/a Donald R. Jones, a single person

,HEREIN CALLED
THE GRANTOR WHETHER ONE OR MORE, IN CONSIDERATION OF ONE DOLLAR AND OTHER
VALUABLE CONSIDERATION RECEIVED FROM GRANTEES, DOES GRANT, BARGAIN, SELL
CONVEY AND CONFIRM UNTO:
Dionicio B. Grimaldo and Jeanette G. Grimaldo

AS JOINT
TENANTS WITH RIGHT OF SURVIVORSHIP, AND NOT AS TENANTS IN COMMON, THE FOLLOWING
DESCRIBED REAL PROPERTY IN  Douglas          COUNTY, NEBRASKA.

East 50 feet of Lot 6 and the East 50 feet of the North 35 feet of Lot 7,
Block 2, Newport, an Addition to the City of Omaha, Douglas County, Nebraska.

TO HAVE AND TO HOLD THE ABOVE DESCRIBED PREMISES TOGETHER WITH ALL TENEMENTS,
HEREDITAMENTS AND APPURTENANCES THERETO BELONGING UNTO THE GRANTEES AND TO
THEIR ASSIGNS, OR TO THE HEIRS AND ASSIGNS OF THE SURVIVOR OF THEM FOREVER.

AND GRANTOR DOES HEREBY COVENANT WITH THE GRANTEES AND WITH THEIR ASSIGNS AND
WITH THE HEIRS AND ASSIGNS OF THE SURVIVOR OF THEM THAT GRANTOR IS LAWFULLY
SEISED OF SAID PREMISES; THAT THEY ARE FREE FROM ENCUMBRANCE:
     Except those easements, restrictions and covenants of record, if any
THAT GRANTOR HAS GOOD RIGHT AND LAWFUL AUTHORITY TO CONVEY THE SAME; AND THAT
GRANTOR WARRANTS AND WILL DEFEND THE TITLE TO SAID PREMISES AGAINST THE LAWFUL
CLAIMS OF ALL PERSONS WHOMSOEVER.

IT IS THE INTENTION OF ALL PARTIES HERETO THAT IN THE EVENT OF THE DEATH OF
EITHER OF THE GRANTEES, THE ENTIRE FEE SIMPLE TITLE TO THE REAL ESTATE SHALL
VEST IN THE SURVIVING GRANTEE.

EXECUTED: _____ June 10 _____, 1999.

_____          _____
Don-Fanon Chaney-Thomas f/k/a      Donald R. Jones

                                   8635   B  30-27260

                                   FEE
                                   BR    C-87
                                   DEL   SCAN

STATE OF Nebraska        ) SS
COUNTY OF Sarpy          )

ON THIS ____10____ DAY OF ____June____, 1999, BEFORE
ME, THE UNDERSIGNED A NOTARY PUBLIC, DULY COMMISSIONED AND QUALIFIED FOR IN
SAID COUNTY, PERSONALLY CAME Don Fanon Chaney-Thomas f/k/a Donald R. Jones,
     a single person
TO ME KNOWN TO BE THE IDENTICAL PERSON OR PERSONS WHOSE NAME IS OR NAMES ARE
AFFIXED TO THE FOREGOING INSTRUMENT AND ACKNOWLEDGED THE EXECUTION THEREOF TO

WITNESS MY HAND AND NO___IAL SEAL THE DAY AND YEAR I__T ABOVE WRITTEN.

_Mary R. Dunham_
NOTARY PUBLIC

GENERAL NOTARY-State of Nebraska
MARY R. DUNHAM
My Comm. Exp. Oct. 2, 2002

MY COMMISSION EXPIRES THIS _____ DAY OF _____, ____.

1KTQP.2/1Q

Case 1:01-cv-00206   Document 2   Filed in TXSD on 01/14/2002   Page 52 of 77

No.548

Department of the Treasury—Internal Revenue Service

## U.S. Individual Income Tax Return   (P)   **2000**

IRS Use Only—Do not write or staple in this space.

OMB No. 1545-0085

### Label
(See page 20.)

Your first name and initial: *Dianicio*   Last name: *Grimaldo*

Your social security number: 347 64 5481

If a joint return, spouse's first name and initial   Last name: *Newport   Ave*

Spouse's social security number: 508 74 4657

### Use the IRS label.
Otherwise, please print or type.

Home address (number and street). If you have a P.O. box, see page 21.   *9395 Newport*   *68117*   Apt. no.

City, town or post office, state, and ZIP code. If you have a foreign address, see page 21.

▲ **Important!** ▲
You must enter your SSN(s) above

### Presidential Election Campaign
(See page 21.)

Note. Checking "Yes" will not change your tax or reduce your refund.
Do you, or your spouse if filing a joint return, want $3 to go to this fund? ▶

| | You | Spouse |
|---|---|---|
| | ☐ Yes ☑ No | ☐ Yes ☐ No |

### Filing status

Check only one box

1 ☐ Single
2 ☐ Married filing joint return (even if only one had income)
3 ☑ Married filing separate return. Enter spouse's social security number above and full name here. ▶ *Newark*
4 ☐ Head of household (with qualifying person). (See page 22.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (year spouse died ▶            ). (See page 23.)

### Exemptions

If more than seven dependents, see page 23.

5a ☑ Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 5a.

b ☐ Spouse

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ☑ if qualifying child for child tax credit (see page 24) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

No. of boxes checked on 5a and 5b: 1

No. of your children on 5c who:
• lived with you
• did not live with you due to divorce or separation (see page 26)

Dependents on 5c not entered above

Add numbers entered on lines above: 1

d Total number of exemptions claimed.

### Income

Attach Form(s) W-2 here. Also attach Form(s) 1099-R if tax was withheld.

If you did not get a W-2, see page 26

Enclose, but do not attach, any payment.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2. | 7 | 30,146 04 |
| 8a | Taxable interest. Attach Schedule 1 if required. | 8a | 11 15 |
| b | Tax-exempt interest. Do not include on line 8a. | 8b | |
| 9 | Ordinary dividends. Attach Schedule 1 if required. | 9 | |
| 10 | Capital gain distributions (see page 26). | 10 | |
| 11a | Total IRA distributions. 11a | 11b Taxable amount (see page 26). | 11b |
| 12a | Total pensions and annuities. 12a | 12b Taxable amount (see page 27). | 12b |
| 13 | Unemployment compensation, qualified state tuition program earnings, and Alaska Permanent Fund dividends. | 13 | |
| 14a | Social security benefits. 14a | 14b Taxable amount (see page 29). | 14b |
| 15 | Add lines 7 through 14b (far right column). This is your total income. ▶ | 15 | 30,157 2 |

### Adjusted gross income

| | | | |
|---|---|---|---|
| 16 | IRA deduction (see page 31). | 16 | |
| 17 | Student loan interest deduction (see page 31). | 17 | |
| 18 | Add lines 16 and 17. These are your total adjustments. | 18 | |
| 19 | Subtract line 18 from line 15. This is your adjusted gross income. ▶ | 19 | 30,157 2 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 55.   Cat. No. 126026   Form **1040A** (2000)

Form 1040A (2000)                                                                                     Page 2

| | | | |
|---|---|---|---|
| **Taxable Income** | **20** | Enter the amount from line 19. | 20 | 30157 27 |

**21a** Check if: ☐ You were 65 or older   ☐ Blind   Enter number of
☐ Spouse was 65 or older   ☐ Blind   boxes checked ▶ 21a ☐

**b** If you are married filing separately and your spouse itemizes
deductions, see page 33 and check here . . . . . . . ▶ 21b ☐

**22** Enter the **standard deduction** for your filing status. But see page 33 if
you checked any box on line 21a or 21b or if someone can claim you
as a dependent.
 • Single—$4,400   • Married filing jointly or Qualifying widow(er)—$7,350
 • Head of household—$6,450   • Married filing separately—$3,675        **22**  3675 00

**23** Subtract line 22 from line 20. If line 22 is more than line 20, enter -0-.  **23**  26482 27

**24** Multiply $2,800 by the total number of exemptions claimed on line 6d.  **24**  2800 00

**25** Subtract line 24 from line 23. If line 24 is more than line 23, enter -0-.
This is your **taxable income.**                                         ▶ **25**  23682 27

| **Tax, credits, and payments** | **26** | **Tax** (see page 34). | **26** | 3779 00 |
|---|---|---|---|---|

**27** Credit for child and dependent care expenses.
Attach Schedule 2.                                   **27**

**28** Credit for the elderly or the disabled. Attach
Schedule 3.                                           **28**

**29** Education credits. Attach Form 8863.             **29**

**30** Child tax credit (see page 37).                 **30**

**31** Adoption credit. Attach Form 8839.              **31**

**32** Add lines 27 through 31. These are your total credits.   **32**

**33** Subtract line 32 from line 26. If line 32 is more than line 26, enter -0-.  **33**  3779 00

**34** Advance earned income credit payments from Form(s) W-2.   **34**

**35** Add lines 33 and 34. This is your **total tax.**   ▶ **35**  3779 00

**36** Federal income tax withheld from Forms W-2
and 1099.                                             **36**  3534 62

*If you have a qualifying child, attach Schedule EIC.*

**37** 2000 estimated tax payments and amount
applied from 1999 return.                            **37**

**38a** **Earned income credit (EIC).**                **38a**

**b** Nontaxable earned income:
amount ▶                  and type ▶

**39** Additional child tax credit. Attach Form 8812.   **39**

**40** Add lines 36, 37, 38a, and 39. These are your **total payments.**   ▶ **40**  3534 62

| **Refund** | **41** | If line 40 is more than line 35, subtract line 35 from line 40.
This is the amount you **overpaid.** | **41** | |
|---|---|---|---|---|

*Have it directly deposited! See page 46 and fill in 42b, 42c, and 42d.*

**42a** Amount of line 41 you want **refunded to you.**   **42a**

▶ **b** Routing number ☐☐☐☐☐☐☐☐☐   ▶ **c** Type: ☐ Checking   ☐ Savings

▶ **d** Account number ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**43** Amount of line 41 you want applied to your
2001 estimated tax.                                  **43**

| **Amount you owe** | **44** | If line 35 is more than line 40, subtract line 40 from line 35. This is the
**amount you owe.** For details on how to pay, see page 49. | **44** | 242 38 |
|---|---|---|---|---|

**45** Estimated tax penalty (see page 49).            **45**

**Sign here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my
knowledge and belief, they are true, correct, and accurately list all amounts and sources of income I received during the tax year. Declaration
of preparer (other than the taxpayer) is based on all information of which the preparer has any knowledge.

*Joint return? See page 21.*
*Keep a copy for your records.*

Your signature                         Date        Your occupation                Daytime phone number
                                                   LABOR

Spouse's signature. If a joint return, both must sign.   Date   Spouse's occupation   May the IRS discuss this return with the preparer
                                                                                      shown below (see page 50)?  ☐ Yes  ☐ No

**Paid preparer's use only**

Preparer's signature ▶                  Date                  Check if self-employed ☐   Preparer's SSN or PTIN

Firm's name (or yours if self-employed),
address, and ZIP code ▶                                       EIN
                                                              Phone no. (    )

Form 1040A (2000)

Case 1:01-cv-00206   Document 2   Filed in TXSD on 01/14/2002   Page 54 of 77

**NEBRASKA INDIVIDUAL INCOME TAX RETURN** FORM 1040N

for the taxable year January 1, 2000 — December 31, 2000
or other taxable ) 2000 through _____ 2000

**2000**

Read instructions before completing this form

PLEASE DO NOT WRITE IN THIS SPACE

First Name(s) and Initial(s): Last Name:
**Dionicio Grimaldo**

Home Address: **3625 Newport Ave**
City, Town, or Post Office: **Omaha NE 88111**

Check here if you do not wish to receive a booklet next year but need only a name and address label for filing your 2001 return ☐

Your Social Security Number: _____   Spouse's Social Security Number: **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**

High School District Code (must be entered using high school codes; page 15): **282800**

1 ☐ Farmer/Rancher   2 ☐ Active Military   Deceased (first name & date of death): ☐

**1 Federal Filing Status**
(1) ☐ Single   (3) ☑ Married, filing separate--Spouse's SS No. **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** (4) ☐ Head of Household
(2) ☐ Married, filing joint   and Full Name **JEANETTE GRIMALDO**   (5) ☐ Widow(er) with dependent children

**2a** Check if YOU were: (1) ☐ 65 or older (2) ☐ Blind   SPOUSE was: (3) ☐ 65 or older (4) ☐ Blind
**2b** Check here if someone (such as your parent) can claim you or your spouse as a dependent: (5) ☐

**3 Type of Return**
(1) ☑ Resident   (2) ☐ Partial-year resident from _____, 2000 to _____, 2000 (attach Schedule III)
(2) ☐ Nonresident (attach Schedule III)

| | | | |
|---|---|---|---|
| 4 Federal exemptions (number of exemptions claimed on your 2000 federal return) | 4 | 1 | |

If you entered -0- on Federal Form: 1040A, line 25; 1040EZ, line 10; Federal TeleFile Worksheet, line K; or 1040, lines 40, 41, and 54, see Special Instructions on page 6. Check box ☐ (Partial-year and nonresidents must still complete Nebraska Schedule III.)

| | | | |
|---|---|---|---|
| 5 Federal adjusted gross income (AGI) (line 19, Form 1040A; line 4, Form 1040EZ; line 1, TeleFile Worksheet; or line 33, Form 1040) | 5 | | $30,157.00 |
| 6 Federal standard deduction (line 22, Form 1040A; line J, TeleFile Worksheet; Form 1040, or Form 1040EZ – see instructions) | 6 | $3,675.00 | |
| 7 Total itemized deductions (line 36, Form 1040 – see instructions) | 7 | $0.00 | |
| 8 State and local income taxes (line 5, Schedule A, Form 1040 – see instructions) | 8 | $0.00 | |
| 9 Nebraska itemized deductions (line 7 minus line 8) | 9 | $0.00 | |
| 10 Enter the amount from line 6 or line 9, whichever is greater (see instructions) | 10 | | $3,675.00 |
| 11 Nebraska income before adjustments (line 5 minus line 10) | 11 | | $26,482.00 |
| 12 Adjustments increasing federal AGI (line 42, from attached Nebraska Schedule I) | 12 | $0.00 | |
| 13 Adjustments decreasing federal AGI (line 49, from attached Nebraska Schedule I) | 13 | $0.00 | |

If the amount on line 13 is ONLY for a state income tax refund deduction, check this box: ☐ (see instr.) (NOTE: If line 12 is zero (0), and you check this box, do not complete Nebraska Schedule I.)

| | | | |
|---|---|---|---|
| 14 Nebraska tax table income (enter line 11 plus line 12 minus line 13). If less than -0-, enter 0- | 14 | | $26,482.00 |
| 15 Nebraska income tax (residents use Nebr. Tax Table; others use Nebr. Sch. III) | 15 | $1,131.00 | |
| 16 Nebraska minimum or other tax (Forms 6251, 4972, or 5329 – see instructions) | 16 | $0.00 | |
| 17 Total Nebraska tax before personal exemption credit (add lines 15 and 16) | 17 | | $1,131.00 |

| | | | |
|---|---|---|---|
| 18 Amount from line 17 (Total Nebraska t......................................................... | | 18 | $1,131.00 |
| 19 Nebraska personal exemption credit ......sidents only ($91 per exemption claimed on line 4). If line 5 is more than $107,000 – married/joint, $65,000 – single, $90,000 – head of household – see page 10 of instructions. Nonresidents and partial-year residents – enter -0-, and complete line 61, Nebr. Schedule III............................................................ | | 19 | $91.00 |
| 20 Credit for tax paid to another state (attach Nebraska Schedule II and the other state's return)......................................................................................... | | 20 | $0.00 |
| 21 Credit for the elderly or disabled (attach copy of Federal Schedule R/Schedule 3 – see instructions)................................................................................ | | 21 | $0.00 |
| 22 CDAA Credit (see instructions)......................................................... | | 22 | $0.00 |
| 23 Form 3800N credit (attach Form 3800N)............................................. | | 23 | $0.00 |
| 24 Form 829N credit (see instructions)................................................... | | 24 | $794.00 |
| 25 Nebraska dependent/child care credit, if line 5 is more than $29,000 (see page 8 of instructions)............................................................................. | | 25 | $0.00 |
| 26 Total nonrefundable credit (add lines 19 through 25)........................... | | 26 | $885.00 |
| 27 Subtract line 26 from line 18 (if line 26 is more than line 18, enter -0-). If result is more than your federal tax liability and line 12 is less than $5,000, see instructions. If entering federal tax, check box: [ ], attach federal return copy......................................................... | | 27 | $246.00 |
| 28 Nebraska income tax withheld (attach 2000 W-2, W-2G, 1099-R, 1099-MISC, or 14N)............................................................................................ | | 28 | $194.00 |
| 29 2000 estimated tax payments (include 1999 overpayment credited to 2000)............. | | 29 | $0.00 |
| 30 Form 4136N credit (attach Form 4136N)............................................. | | 30 | $0.00 |
| 31 Nebraska child/dependent care refundable credit (if line 5 is $29,000 or less). (see page 9 of instructions)........................................................................ | | 31 | $0.00 |
| 32 Total of lines 28, 29, 30, and 31...................................................... | | 32 | $194.00 |
| 33 AMOUNT YOU OWE (subtract line 32 from line 27 and pay in full with return). If over $300 and Form 2210N is attached, check here: [ ] . Include penalty in line 33 and show here: 99 $ _____ | | 33 | $52.00 |
| 34 If line 32 is more than line 27, subtract line 27 from line 32. This is the amount you OVERPAID........... | | 34 | |
| 35 Amount of line 34 you want APPLIED TO YOUR 2001 ESTIMATED TAX | | 35 | |
| 36 Nongame and endangered species fund DONATION of $1.00 or more................... | | 36 | |
| 37 Nebraska campaign finance CONTRIBUTION of $2.00; $4.00 if married filing joint................................................................................ | | 37 | |
| 38 Amount of line 34 you want REFUNDED to you (line 34 minus lines 35, 36, and 37). Allow 12 weeks for your refund............................................................................ | | 38 | |

## Expecting a Refund?

### Have it sent directly to your bank account! (see instructions)

39a Routing Number [ ][ ][ ][ ][ ][ ][ ][ ][ ]   39b Type of Account [ ]   1 = Checking   2 - Savings

(Enter 9 digits, first two digits must be 01 through 12, or 21 through 32 use an actual check or savings account number, not a deposit slip)

39c Account Number [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

(Can be up to 17 characters. Omit hyphens, spaces, and special symbols. Enter from left to right and leave any unused boxes blank.)

Under penalties of perjury, I declare that, as taxpayer or preparer, I have examined this return to the best of my knowledge and belief, it is correct and complete.

_____   _____   _____   _____
Your Signature         Date          Signature of Preparer if Other than Taxpayer   Date

_____   _____   _____   _____
Spouse's Signature (if filing jointly, both must sign)   Phone   Address   Phone

Mail this return and payment to: NEBRASKA DEPARTMENT OF REVENUE, P.O. BOX 94818, LINCOLN, NE 68509-4818
A copy of the Taxpayer Bill of Rights is available by calling any of our regional offices or visiting our Website.

# Nebraska Wage Benefit Credit

* ATTACH TO FORM 1040N
* See Instruction on reverse side

**FORM 829N**
**2000**

Name as Shown on Form 1040N
DIONICIO GRIMALDO

Social Security Number
367 64 5481

Current Home Address (Number and Street or Rural Route and Box Number)

## Wage Benefit Credit Computation

| | | | |
|---|---|---|---|
| 1 Nebraska tax (line 17, Form 1040N) | 1 | 1131 | — |
| 2 Other nonrefundable credits (total of lines 19, 20, 21, 22, 23, and 25, Form 1040N) | 2 | 91 | |
| 3 Actual liability after other nonrefundable credits (line 1 minus line 2) (if zero or less, enter zero) | 3 | 1040 | |
| 4 Nebraska tax table income (line 14, Form 1040N) | 4 | 26,482 | |
| 5 Quality Jobs wages (box 6, Form W-829) | 5 | 23,260 | |
| 6 Modified tax table income (line 4 minus line 5) (if zero or less, enter zero) | 6 | 3,222 | |
| 7 Tax on modified tax table income (see instructions) | 7 | 93 | |
| 8 Other nonrefundable credits (line 2 above) | 8 | 91 | |
| 9 Modified tax liability (line 7 minus line 8) (if zero or less, enter zero) | 9 | 2 | |
| 10 Quality Jobs withholding (box 8, Form W-829) | 10 | 794 | |
| 11 Liability on LB 829 wages (line 3 minus line 9) | 11 | 1038 | — |
| 12 Credit for 1040N (smaller of lines 10 or 11) enter here and on line 24, Form 1040N | 12 | 794 | — |

**If line 11 is larger than line 10, STOP.** Attach Form W-829 and this form to Form 1040N.
**If line 10 is larger than line 11,** you can get a refund from your Quality Jobs Act employer.
Complete the rest of this form, attach copies of Form W-829 and this form to
Form 1040N, and file additional copies of Form W-829 and this form with your Quality Jobs Act employer.

**IMPORTANT**
* Use Form W-829. Do not use Form W-2 from Quality Jobs Employer with Nebraska return.

## Claim for Refund from Quality Jobs Act Employer

| | | |
|---|---|---|
| 13 If line 10 is larger than line 11, enter difference (line 10 minus line 11) | 13 | |

**THE AMOUNT ON LINE 13 WILL NOT BE REFUNDED BY THE NEBRASKA DEPARTMENT OF REVENUE.** You must pay any amount you owe on line 33 of Form 1040N before April 16, 2001, or you will be charged interest and possibly penalty. Being able to receive a refund from your employer does not eliminate the need to timely pay any tax owed to Nebraska.

The employer identified on your Form W-829 is required to refund the amount on line 13 to you within thirty days of your providing a copy of this schedule to the employer.

I claim a refund of the amount withheld under the Quality Jobs Act that exceeds the related tax liability. The amount claimed is the amount on line 13. I certify that I am owed the amount shown, and that this form is an accurate copy of the information filed with my return. I acknowledge that I may be required to provide a copy of my Nebraska state income tax return to verify the amount claimed.

**sign here**


Signature of Employee

Date

| FOR EMPLOYER USE ONLY | |
|---|---|
| Date Claim Received by Employer | Date Paid by Employer |
| | |

printed on recycled paper

8-537-2000

NO.550   P.1-17

Form **1040**  Department of the Treasury -- Internal Revenue Service
**U.S. Individual Income Tax Return**  **1999**  (99)  IRS Use Only -- Do not write or staple in this space.

For the year Jan. 1-Dec. 31, 1999, or other tax year beginning _____ , 1999, ending _____

OMB No. 1545-0074

| | |
|---|---|
| Use the IRS label. Other-wise, please print or type | DIONICIO GRIMALDO<br>3625 Newport Au.<br>~~3637 PARKER~~<br>OMAHA NE 68112- |

Your social security number  **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**

Spouse's social security no.  **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**

▲ You **must** enter your SSN(s).

**Presidential Election Campaign** ▶  Do you want $3 to go to this fund? . . . . . . . . . . . . . . .

If a joint return, does your spouse want $3 to go to this fund? . . . . . .

| | Yes | No |
|---|---|---|
| | | X |

Note: Checking "Yes" will not change your tax or reduce your refund.

**Filing Status**

Check only one box

| | 1 | | Single |
|---|---|---|---|
| | 2 | | Married filing joint return (even if only one had income) |
| | 3 | X | Married filing separate return. Enter spouse's SSN above & full name here ▶  JEANETTE GRIMALDO |
| | 4 | | Head of household (with qualifying person). (See inst.) If the qualifying person is a child but not your dependent, enter child's name here ▶ |
| | 5 | | Qualifying widow(er) with dependent child (yr. spouse died ▶ 19_____ ). (See instructions.) |

**Exemptions**

| | 6a | X | **Yourself.** If your parent (or someone else) can claim you as a dependent on his or her tax return, **do not** check box 6a. | | | | | No. of boxes checked on 6a and 6b | 1 |
|---|---|---|---|---|---|---|---|---|---|
| | b | | **Spouse** . . . . . . . . . . . . | | | | | | |

c  **Dependents:** If more than six dependents, see instructions

| (1) First name | Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if quali-fying child for child tax credit (see inst.) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on 6c who:
- ● lived with you  0
- ● did not live with you due to divorce or separation (see inst.)  0
- Dependents on 6c not entered above  0
- Add numbers entered on lines above ▶  1

| | d | Total number of exemptions claimed . . . . . . . . . . . . . . . . . . . . . . . . | | |
|---|---|---|---|---|

**Income**

Attach Copy B of your Forms W-2 and W-2G here. Also attach Form 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not staple, any payment. Also, please use Form 1040-V.

| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 30,662. |
|---|---|---|---|
| 8a | Taxable interest. Attach Schedule B if required . . . . . . . . . . . . | 8a | 28. |
| b | Tax-exempt interest. DO NOT include on line 8a . . . . . | 8b | | |
| 9 | Ordinary dividends. Attach Schedule B if required. . . . . . | 9 | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see instructions) . . | 10 | |
| 11 | Alimony received . . . . . . . . . . . . . . . . . . | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ . . . . . . . . | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ . . . . ☐ | 13 | |
| 14 | Other gains or (losses). Attach Form 4797. . . . . . . . . . . . . | 14 | |
| 15a | Total IRA distributions . . | 15a | | b Taxable amount (see inst.) | 15b | |
| 16a | Total pensions and annuities | 16a | | b Taxable amount (see inst.) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . . . | 17 | |
| 18 | Farm income or (loss). Attach Schedule F. . . . . . . . . . . | 18 | |
| 19 | Unemployment compensation . . . . . . . . . | 19 | |
| 20a | Social security benefits . | 20a | | b Taxable amount (see inst.) | 20b | |
| 21 | Other income. | | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22 | 30,690. |

**Adjusted Gross Income**

| 23 | IRA deduction (see instructions) . . . . . . | 23 | | | |
|---|---|---|---|---|---|
| 24 | Student loan interest deduction (see instructions) . . | 24 | | | |
| 25 | Medical savings account deduction. Attach Form 8853 | 25 | | | |
| 26 | Moving expenses. Attach Form 3903 . . . . . . . . | 26 | | | |
| 27 | One-half of self-employment tax. Attach Schedule SE . . | 27 | | | |
| 28 | Self-employed health insurance deduction (see inst.) . . . | 28 | | | |
| 29 | Keogh and self-employed SEP and SIMPLE plans . . . | 29 | | | |
| 30 | Penalty on early withdrawal of savings. . . . | 30 | | | |
| 31a | Alimony paid  b Recipient's SSN ▶ | 31a | | | |
| 32 | Add lines 23 through 31a. . . . . . . . . . . . | | 32 | 30,690. |
| 33 | Subtract line 32 from line 22. This is your **adjusted gross income** . . . . . . . . ▶ | | 33 | 30,690. |

**For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.**  Preparers Edition  Form **1040** (1999)

CAA   9  104012   NTF 22596

Copyright 1999 Greatland/Nelco LP - Forms Software Only

Form 1040 (1999)    DIONICIO GRIMALDO      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    Page 2

| | | | |
|---|---|---|---|
| **Tax and Credits** | 34 | Amount from line 33 (adjusted gross income) | **34** | 30,690. |

| Line | Description | | Amount |
|---|---|---|---|
| 34 | Amount from line 33 (adjusted gross income) | 34 | 30,690. |
| 35a | Check if: ☐ You were 65/older, ☐ Blind; ☐ Spouse was 65 or older, ☐ Blind Add the number of boxes checked above and enter the total here ▶ **35a** | | |
| b | If you are married filing separately and your spouse itemizes deductions or you were a dual-status alien, see instructions and check here ▶ **35b** ☐ | | |
| 36 | Enter your **itemized deductions** from Schedule A, line 28, **OR standard deduction** shown on the left. But see instructions to find your standard deduction if you checked any box on line 35a or 35b or if someone can claim you as a dependent | 36 | 3,600. |
| 37 | Subtract line 36 from line 34 | 37 | 27,090. |
| 38 | If line 34 is $94,975 or less, multiply $2,750 by the total number of exemptions claimed on line 6d. If line 34 is over $94,975, see the worksheet in the instructions for the amount to enter | 38 | 2,750. |
| 39 | **Taxable income.** Subtract line 38 from line 37. If line 38 is more than line 37, enter -0- | 39 | 24,340. |
| 40 | Tax (see inst.). Check if any tax is from a ☐ Form(s) 8814   b ☐ Form 4972 ▶ | 40 | 4,013. |
| 41 | Credit for child & dependent care expenses. Attach Form 2441 | 41 | |
| 42 | Credit for the elderly or the disabled. Attach Schedule R | 42 | |
| 43 | Child tax credit (see instructions) | 43 | |
| 44 | Education credits. Attach Form 8863 | 44 | |
| 45 | Adoption credit. Attach Form 8839 | 45 | |
| 46 | Foreign tax credit. Attach Form 1116 if required | 46 | |
| 47 | Other. Check if from a ☐ Form 3800   b ☐ Form 8396 c ☐ Form 8801   d ☐ Form | 47 | |
| 48 | Add lines 41 through 47. These are your **total credits** | 48 | |
| 49 | Subtract line 48 from line 40. If line 48 is more than line 40, enter -0- ▶ | 49 | 4,013. |

**Standard Deduction for Most People**
Single, $4,300
Head of household, $6,350
Married filing jointly or Qualifying widow(er), $7,200
Married filing separately, $3,600

| | Line | Description | | Amount |
|---|---|---|---|---|
| **Other Taxes** | 50 | Self-employment tax. Attach Schedule SE | 50 | |
| | 51 | Alternative minimum tax. Attach Form 6251 | 51 | |
| | 52 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 52 | |
| | 53 | Tax on IRAs, other retirement plans, and MSAs. Attach Form 5329 if required | 53 | |
| | 54 | Advance earned income credit payments from Form(s) W-2 | 54 | |
| | 55 | Household employment taxes. Attach Schedule H | 55 | |
| | 56 | Add lines 49 through 55. This is your **total tax** | 56 | 4,013. |
| **Payments** | 57 | Federal income tax withheld from Forms W-2 and 1099 | 57 | 3,619. |
| | 58 | 1999 estimated tax payments & amt. applied from 1998 return | 58 | |
| | 59a | **Earned income credit.** Attach Sch. EIC if you have a qualifying child | | |
| | b | Nontaxable earned income: amt ▶ & type ▶ | 59a | |
| | 60 | Additional child tax credit. Attach Form 8812 | 60 | |
| | 61 | Amount paid with request for extension to file (see instructions) | 61 | |
| | 62 | Excess social security and RRTA tax withheld (see instructions) | 62 | |
| | 63 | Other payments. Check if from a ☐ Form 2439 b ☐ Form 4136 | 63 | |
| | 64 | Add lines 57, 58, 59a, and 60 through 63. These are your **total payments** ▶ | 64 | 3,619. |
| **Refund** | 65 | If line 64 is more than line 56, subtract line 56 from line 64. This is the amount you **OVERPAID** | 65 | |
| Have it directly deposited! See inst. and fill in 66b, 66c, and 66d. | 66a | Amount of line 65 you want **REFUNDED TO YOU** ▶ | 66a | |
| | ▶ b | Routing no | ▶ c Type: ☐ Checking ☐ Savings | |
| | ▶ d | Account no | | |
| | 67 | Amt. of line 65 you want **APPLIED TO YOUR 2000 EST. TAX** ▶ | 67 | |
| **Amount You Owe** | 68 | If line 56 is more than line 64, subtract line 64 from line 56. This is the **AMOUNT YOU OWE.** For details on how to pay, see instructions ▶ | 68 | 394. |
| | 69 | Estimated tax penalty. Also include on line 68 | 69 | |

**Sign Here**
Joint return? See instructions.
Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation LEAD PACKER | Daytime telephone number (optional) |
|---|---|---|---|
| Spouse's signature. If a joint return, BOTH must sign. | Date | Spouse's occupation | |

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|
| Firm's name (or yours if self-employed) and address | IRS-PREPARED | | EIN |
| | | | ZIP code |

CAA   5 104012   NTF ZZ600
Copyright 1999 Greatland/Nelco LP - Forms Software Only

Preparers Edition    Form 1040 (1999)

Case 1:01-cv-00206   Document 2   Filed in TXSD on 01/14/2002   Page 59 of 77

# NEBRASKA DEPARTMENT OF REVENUE

IDENTIFICATION NUMBER: 21-0780954

NEBRASKA BEEF LTD

4501 S. 36TH STREET

OMAHA, NEBRASKA 68107

1. WAGES, TIPS, OTHER COMPENSATION

| 30662.09 |

2. FEDERAL INCOME TAX WITHHELD

| 3618.95 |

3. SOCIAL SECURITY WAGES

| 30662.09 |

EMPLOYEE'S SOCIAL SECURITY NUMBER

| 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 |

EMPLOYEE'S NAME

| Grimaldo, Dionicio |
| 6006 S 25th St  *J635 Newport Ave* |
| Omaha | NE | 68107  *68112* |

File this form and Form 829N with your Nebraska Individual Income Tax Return, Form 1040N to receive credit for your Quality Jobs withholding.

If your Quality Jobs withholding is larger than the credit allowable on your return, Nebraska Beef Ltd. will pay you a refund within thirty days of your filing a claim with Nebraska Beef

| 4. NEBRASKA WAGES | 5. TOTAL NEBRASKA W/H | 6. QUALITY JOB WAGES | 7. REGULAR WITHHOLDING | 8. QUALITY JOB WITHHOLDING |
|---|---|---|---|---|
| 30662.09 | 1004.48 | 30662.09 | 1004.48 | 1004.48 |

W-829          QUALITY JOBS WAGE AND TAX STATEMENT          1999

DEC. 6.2001  18:32AM      NO.550  P.4/17

## 1999    Form 1040-V

**Department of the Treasury
Internal Revenue Service**

### What Is Form 1040-V and Do You Have To Use It?

It is a statement you send with your check or money order for any balance due on line 66 of your 1999 Form 1040. Using Form 1040-V allows us to process your payment more accurately and efficiently. We strongly encourage you to use Form 1040-V, but there is no penalty if you do not do so.

### How To Fill In Form 1040-V

**Box 1.** Enter the amount you are paying by check or money order.

**Box 2.** Enter the first four letters of your last name. See examples below.

| Name | Enter | Name | Enter |
|------|-------|------|-------|
| John Brown | BROW | Nancy McCarthy | MCCA |
| Juan DeJesus | DEJE | Helen O'Neill | ONEI |
| Joan A. Lee | LEE | Pedro Torres-Lopez | TORR |

**Boxes 3 and 4.** Enter your social security number (SSN) in box 3. If you are filing a joint return, enter in box 3 the SSN shown first on your return and in box 4 the SSN shown second.

**Box 5.** Enter your name(s) and address as shown on your return.

### How To Prepare Your Payment

• Make your check or money order payable to the "United States Treasury." Do not send cash.

• Make sure your name and address appear on your check or money order.

• Enter "1999 Form 1040," your daytime telephone number, and your SSN on your check or money order. If you are filing a joint return, enter the SSN shown first on your return.

• To help us process your payment, enter the amount on the right side of your check like this: $ XXX.XX. Do not use dashes or lines (for example, do not enter "$ XXX‒‒" or "$ XXX $\frac{XX}{100}$").

### How To Send In Your Return, Payment, and Form 1040-V

• Detach Form 1040-V along the dotted line.

• Do not staple or otherwise attach your payment or Form 1040-V to your return or to each other. Instead, just put them loose in the envelope.

• If an envelope came with your tax package, please use it to mail your 1999 tax return, payment, and Form 1040-V.

• If you do not have that envelope or you moved or used a paid preparer, mail your tax return, payment, and Form 1040-V to the Internal Revenue Service at the address shown in the inst. that applies to you.

**Note:** If you filed electronically, send your check or money order and Form 1040-V to the applicable address shown in the instructions.

**Paperwork Reduction Act Notice.** We ask for the information on Form 1040-V to help us carry out the Internal Revenue laws of the United States. If you use Form 1040-V, you must provide the requested information. Your cooperation will help us ensure that we are collecting the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Internal Revenue Code section 6103.

The time needed to complete and mail Form 1040-V will vary depending on individual circumstances. The estimated average time is 19 minutes. If you have comments about the accuracy of this time estimate or suggestions for making Form 1040-V simpler, we would be happy to hear from you. See the instructions for Form 1040.

Form <strong>1040-V</strong> (1999)

---

▼ DETACH HERE AND MAIL WITH YOUR PAYMENT ▼

---

| Form **1040-V** | **Payment Voucher** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service (99) | ▶ Do not staple or attach this voucher to your payment. | **1999** |

| 1 Enter the amount you are paying by check or money order | 2 Enter the first four letters of your last name | 3 Enter your social security no. |
|---|---|---|
| ▶ $     394. | GRIM | 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 |

**4** If a joint return, enter the SSN shown second on that return

**5** Enter your name(s)
DIONICIO GRIMALDO

Enter your address
4227 PARKER

Enter your city, state, and ZIP code
OMAHA NE 68112-

CAA   9   1040V1    NTF 22965A

Copyright 1998 Greatland/Nelco LP • Forms Software Only

NO.550   P.5 17

# NEBRASKA INDIVIDUAL INCOME TAX RETURN

for the taxable year January 1, 1999 through December 31, 1999
or other taxable year:
, 1999 through

**FORM 1040N**

**1999** ▲

• **Read instructions before completing this form**

PLEASE DO NOT WRITE IN THIS SPACE

# COPY

First Name(s) and Initial(s): *Dionicio B*   Last Name: *Grimaldo*

Home Address (Number and Street, or Rural Route and Box Number): *3625 Newport Ave*

City, Town, or Post Office: *Omaha*   State: *Neb*   Zip Code: *68112*

☐ Check here if you do not wish to receive a booklet next year, but need only a name and address label for filing your 2000 return.

Your Social Security Number: 367 64 5481

Spouse's Social Security No.

High School District Code: 2 8 2 8 0 0 1 (must be entered using high school codes beginning on page 15)

(1) ☐ Farmer/Rancher   (2) ☐ Active Military   (1) ☐ Deceased (first name & date of death): / /

**1 Federal Filing Status**
(1) ☐ Single
(2) ☐ Married, filing joint
(3) ☒ Married, filing separate – Spouse's S.S. No: 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 and Full Name: *Jeanette Grimaldo*
(4) ☐ Head of Household
(5) ☐ Widow(er) with dependent children

**2a Check if YOU were:** (1) ☐ 65 or older (2) ☐ Blind
**SPOUSE was:** (3) ☐ 65 or older (4) ☐ Blind
**2b** Check here if someone (such as your parent) can claim you or your spouse as a dependent: (5) ☐

**3 Type of Return**
(1) ☒ Resident
(2) ☐ Partial-year resident from , 1999 to , 1999 (attach Schedule III)
(2) ☐ Nonresident (attach Schedule III)

**4** Federal exemptions (number of exemptions claimed on your 1999 federal return) ............ **4** |

If you entered -0- on Federal Form: 1040A, line 25; 1040EZ, line 10; Federal TeleFile Worksheet, line K; or 1040, lines 40, 51, and 53, see Special Instructions on page 6. Check box ☐. (Partial-year and nonresidents must still complete Nebraska Schedule III.)

| | | |
|---|---|---|
| **5** Federal adjusted gross income (AGI) (line 18, Form 1040A; line 4, Form 1040EZ; line I, TeleFile Worksheet; or line 33, Form 1040) | **5** | 30,690 — |
| **6** Federal standard deduction (line 21, Form 1040A; line J, TeleFile Worksheet; Form 1040, or Form 1040EZ — see instructions) | **6** 3,600 — | |
| **7** Total itemized deductions (line 36, Form 1040 – see instructions) | **7** | |
| **8** State and local income taxes (line 5, Schedule A, Form 1040 – see instructions) | **8** | |
| **9** Nebraska itemized deductions (line 7 minus line 6) | **9** | |
| **10** Enter the amount from line 6 or line 9, whichever is greater (see instructions) | **10** | 3,600 — |
| **11** Nebraska income before adjustments (line 5 minus line 10) | **11** | 27,090 — |
| **12** Adjustments increasing federal AGI (line 42, from attached Nebraska Schedule I) | **12** | |
| **13** Adjustments decreasing federal AGI (line 49, from attached Nebraska Schedule I) | **13** | |
| If the amount on line 13 is ONLY for a state income tax refund deduction, check this box ☐ (see instr.) (NOTE: If line 12 is zero (0), and you check this box, do not complete Nebraska Schedule I.) | | |
| **14** Nebraska tax table income (enter line 11 plus line 12 minus line 13). If less than -0-, enter -0- | **14** | 27,090 — |
| **15** Nebraska income tax (residents use Nebr. Tax Table; others use Nebr. Sch. III) | **15** 1,171 — | |
| **16** Nebraska minimum or other tax (Forms 6251, 4972, or 5329 – see instructions) | **16** | |
| **17** Total Nebraska tax before personal exemption credit (add lines 15 and 16) | **17** | 1,171 — |

**COMPLETE REVERSE SIDE**

▲

printed with soy ink on recycled paper

▲

8-117-99

DEC. 6.2001  10:33AM                                                        NO.550    P.6/17

| | | |
|---|---|---|
| 18 Amount from line 17 (Total Nebraska tax) | 18 | 171 |
| 19 Nebraska **personal exemption credit for residents only** ($89 per exemption claimed on line 4) If line 5 is more than $106,000 – married/joint, $64,000 – single, $88,000 – head of household – see page 10 of instructions. Nonresidents and partial-year residents – enter -0-, and complete line 61, Nebr. Schedule III. | 19 | 89 |
| 20 Credit for tax paid to another state (**attach Nebraska Schedule II and the other state's return**) | 20 | |
| 21 Credit for the elderly or disabled (**attach copy of Federal Schedule R/ Schedule 3 — see instructions**) | 21 | |
| 22 CDAA Credit (see instructions) | 22 | |
| 23 Form 3800N credit (**attach Form 3800N**) | 23 | |
| 24 Form 629N credit (see instructions) | 24 | 78 |
| 25 Nebraska dependent/child care credit, if line 5 is more than $29,000 (see page 8 of instructions) | 25 | |
| 26 Total nonrefundable credits (add lines 19 through 25) | 26 | 167 |
| 27 Subtract line 26 from line 18 (if line 26 is more than line 18, enter -0-). If result is more than your federal tax liability and line 12 is less than $5,000, see instructions. If entering federal tax, check box: ☐, attach federal return copy | 27 | 004 |
| 28 Nebraska income tax withheld (**attach 1999 W-2, W-2G, 1099-R, 1099-MISC, or 14N**) | 28 | 004 |
| 29 1999 estimated tax payments (include 1998 overpayment credited to 1999) | 29 | |
| 30 Form 4136N credit (**attach Form 4136N**) | 30 | |
| 31 Nebraska child/dependent care refundable credit (if line 5 is $29,000 or less) (see page 9 of instructions) | 31 | |
| 32 Total of lines 28, 29, 30, and 31 | 32 | 004 |
| 33 **AMOUNT YOU OWE** (subtract line 32 from line 27 and pay in full with return). If over $300 and Form 2210N is attached, check here: ☐ Include penalty in line 33 and show here: 99 $ | 33 | |
| 34 If line 32 is more than line 27, subtract line 27 from line 32. This is the amount you **OVERPAID** | 34 | |
| 35 Amount of line 34 you want **APPLIED TO YOUR 2000 ESTIMATED TAX** | 35 | |
| 36 Nongame and endangered species fund **DONATION** of $1.00 or more | 36 | |
| 37 Nebraska campaign finance **CONTRIBUTION** of $2.00; $4.00 if married filing joint | 37 | |
| 38 Amount of line 34 you want **REFUNDED** to you (line 34 minus lines 35, 36, and 37). Allow 12 weeks for your refund | 38 | |

## Expecting a Refund?
• Have it sent directly to your bank account! (see instructions)

**39b** Routing Number
(Enter 9 digits, First two digits must be 01 through 12, or 21 through 32.
Use an actual check or savings account number, no a deposit slip)

**39b** Type of Account [ ]   1 = Checking     2 = Savings

**39c** Account Number
(Can be up to 17 characters. Omit hyphens, spaces, and special symbols. Enter from left to right and leave any unused boxes blank.)

 **Direct Deposit**

Under penalties of perjury, I declare that, as taxpayer or preparer, I have examined this return and to the best of my knowledge and belief, it is correct and complete

**sign here**
Keep a copy of this return for your records.

Your Signature _____ Date _____
Spouse's Signature (if filing jointly, both must sign) _____ Daytime Phone

Signature of Preparer if Other Than Taxpayer _____ Date _____
Address _____ Daytime Phone

Mail this return and payment to: **NEBRASKA DEPARTMENT OF REVENUE, P.O. BOX 94818, LINCOLN, NE 68509-4818**
A copy of the Taxpayer Bill of Rights is available by calling any of our regional offices or visiting our Website.

nebraska department of revenue

## ebraska Wage Benefit C...dit

• ATTACH TO FORM 1040N
• See Instruction on reverse side

*COPY*

FORM 829N
**1999** ▲

Name as Shown on Form 1040N     Dionicia Grimaldo

Social Security Number     367 64 1548

Current Home Address (Number and Street or Rural Route and Box Number)

### Wage Benefit Credit Computation

| | | | |
|---|---|---|---|
| 1 Nebraska tax (line 17, Form 1040N) ............................................. | 1 | 1171 | |
| 2 Other nonrefundable credits (total of lines 19, 20, 21, 22, 23, and 25, Form 1040N) ....... | 2 | 89 | — |
| 3 Actual liability after other nonrefundable credits (line 1 minus line 2) (if zero or less, enter zero) ... | 3 | 1082 | — |
| 4 Nebraska tax table income (line 14, Form 1040N) ................................. | 4 | 27090 | |
| 5 Quality Jobs wages (box 6, Form W-829).. | 5 | 30662 | |
| 6 Modified tax table income (line 4 minus line 5) (if zero or less, enter zero) .............. | 6 | 0 | |
| 7 Tax on modified tax table income (see instructions) ................................. | 7 | 0 | |
| 8 Other nonrefundable credits (line 2 above) ............................................ | 8 | 89 | — |
| 9 Modified tax liability (line 7 minus line 8) (if zero or less, enter zero) .................. | 9 | 0 | |
| 10 Quality Jobs withholding (box 8, Form W-829) ...................................... | 10 | 1004 | — |
| 11 Liability on LB 829 wages (line 3 minus line 9) ..................................... | 11 | 78 | — |
| 12 Credit for 1040N (smaller of lines 10 or 11) enter here and on line 24, Form 1040N ..... | 12 | 78 | — |

If line 11 is larger than line 10, STOP. Attach Form W-829 and this form to Form 1040N.
If line 10 is larger than line 11, you can get a refund from your Quality Jobs Act employer.
Complete the rest of this form, attach copies of Form W-829 and this form to
Form 1040N, and file additional copies of Form W-829 and this form with your Quality Jobs Act employer.

**IMPORTANT**
• Use Form W-829. Do not use Form W-2 from Quality Jobs Employer with Nebraska return.

### Claim for Refund from Quality Jobs Act Employer

| | | | |
|---|---|---|---|
| 13 If line 10 is larger than line 11, enter difference (line 10 minus line 11) ....................... | 13 | | |

**THE AMOUNT ON LINE 13 WILL NOT BE REFUNDED BY THE NEBRASKA DEPARTMENT OF REVENUE.** You must pay any amount you owe on line 33 of Form 1040N before April 17, 2000, or you will be charged interest and possibly penalty. Being able to receive a refund from your employer does not eliminate the need to timely pay any tax owed to Nebraska.

The employer identified on your Form W-829 is required to refund the amount on line 13 to you within thirty days of your providing a copy of this schedule to the employer.

I claim a refund of the amount withheld under the Quality Jobs Act that exceeds the related tax liability. The amount claimed is the amount on line 13. I certify that I am owed the amount shown, and that this form is an accurate copy of the information filed with my return. I acknowledge that I may be required to provide a copy of my Nebraska state income tax return to verify the amount claimed.

**sign here** ▶

_____
Signature of Employee                    Date

| FOR EMPLOYER USE ONLY | |
|---|---|
| Date Claim Received by Employer | Date Paid by Employer |
| | |

▲

printed on recycled paper

▲     8-867

4501 S. 36TH STREET

OMAHA, NEBRASKA 60107

|  | 30662.09 |
|---|---|
| 2. FEDERAL INCOME T WITHHELD | 9618.95 |
| 3. SOCIAL SECURITY WAGES | 30662.09 |

EMPLOYEE'S SOCIAL SECURITY NUMBER

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

EMPLOYEE'S NAME

Grimaldo, Dionicio

6006 S 25th St   3625 Newport Ave

| Omaha | NE | 68107 |
|---|---|---|

File this form and Form 829N with your Nebraska Individual Income Tax Return, Form 1040N to receive credit for your Quality Jobs withholding.

If your Quality Jobs withholding is larger than the credit allowable on your return, Nebraska Beef Ltd. will pay you a refund within thirty days of your filing a claim with Nebraska Beef

| 4. NEBRASKA WAGES | 5. TOTAL NEBRASKA W/H | 6. QUALITY JOB WAGES | 7. REGULAR WITHOLDING | 8. QUALITY JOB WITHHOLDING |
|---|---|---|---|---|
| 30662.09 | 1004.48 | 30662.09 | 1004.48 | 1004.48 |

**W-829**      **QUALITY JOBS WAGE AND TAX STATEMENT**      **1999**

97513968024

97513968035

**▼ DETACH HERE ▼**

TRAVELERS EXPRESS COMPANY, INC. DRAWER
P.O. BOX 1476
MINNEAPOLIS, MN 55480
1-800-542-3590

| | DATE | AMOUNT |
|---|---|---|
| 97S1396802 | 04/08/01 | |
| 124   VN | | $52.00 |
| 0463013166931c | | 10 |

| | DATE | AMOUNT |
|---|---|---|
| 9751396803 | 04/09/01 | |
| 124   VN | | $242.38 |
| 0463013166931c | | 10 |

| | |
|---|---|
| 1 Wages, tips, other comp. 6886.52 | 2 Federal income tax withheld 744. |
| 3 Social security wages 6886.52 | 4 Social security tax withheld 426. |
| 5 Medicare wages and tips 6886.52 | 6 Medicare tax withheld 99. |
| b Control Number 000466 RTH  Dept. 300  Corp. A | Employer use only 14 |

c Employer's name, address, and ZIP code
JAMES SKINNER CO
4667 G STREET
OMAHA NE 68117

| b Employer's FED ID number 47-0656068 | d Employee's SSA number 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 |
|---|---|
| 7 Social security tips | 8 Allocated tips |
| 9 Advance EIC payment | 10 Dependent care benefits |
| 11 Nonqualified plans | 12 Benefits included in box 1 |
| 13 | 14 Other |

e/f Employee's name, address and ZIP code
DIONICIO GRIMALDO
3625 NEWPORT AV
OMAHA,NE 68112

| 16 State Employer's state ID no. NE 4466661 | 17 State wages, tips, etc. 6886.5 |
|---|---|
| 18 State income tax 193.93 | 19 Locality name |
| 20 Local wages, tips, etc. | 21 Local income tax |

NE.State Reference Copy

**W-2** Wage and Tax Statement **2000**

| a Control number | | OMB No. 1545-0008 | | |
|---|---|---|---|---|

| b Employer identification number | | 1 Wages, tips, other compensation | 2 Federal income tax withheld |
|---|---|---|---|
| 47-0780054 | | 23259.54 | 2792. |

| c Employer's name, address, and ZIP code | 3 Social security wages | 4 Social security tax withheld |
|---|---|---|
| | 23259.54 | 1442. |
| NEBRASKA BEEF LTD | 5 Medicare wages and tips | 6 Medicare tax withheld |
| 4501 S 36TH ST | 23259.54 | 337. |
| OMAHA, NE 68107 | 7 Social security tips | 8 Allocated tips |
| | 0.00 | |

| d Employee's social security number | 9 Advance EIC payment | 10 Dependent care benefits |
|---|---|---|
| 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 | 0.00 | |

| e Employee's name, address, and ZIP code | 11 Nonqualified plans | 12 Benefits included in box 1 |
|---|---|---|
| DIONICIO GRIMALDO | | |
| | 13 | 14 Other |
| 6006 S 25th St | | |
| Omaha, NE 68107 | | |

| 15 Statutory employee | Deceased | Pension plan | Legal rep. | Deferred compensation |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NE | 7109644 | 23259.54 | 794.27 | | 0.00 | 0.00 |

Form **W-2** Wage and Tax Statement **2000**

Department of the Treasury—Internal Revenue Service

Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return

## Nebraska Department of Revenue

Federal Tax Identification Number 47-0780054

Nebraska Tax Identification Number 21-7109644

Nebraska Beef, Ltd.
4501 South 36th Street
Omaha, Nebraska 68107

**Employee Social Security Number**
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

**Employee Name**
GRIMALDO, DIONICIO

**Address**
6006 S 25th St

Omaha              NE    68107

| 1. Wages, Tips Other Compensation | 23259.54 |
|---|---|
| 2. Federal Income Tax Withheld | 2793.34 |
| 3. Social Security Wages | 23259.54 |

File this form and Form 829N with your Nebraska individual income Tax Return, Form 1040N to receive credit for your Quality Jobs Withholding.

If your Quality Jobs withholding is larger than the credit allowable on your return, Nebraska Beef Ltd. will pay you a refund within thirty days of your filing a claim with Nebraska Beef.

| 4. Nebraska Wages Etc. | 23259.54 | 5. Total Nebraska Withholding | 794.27 | 6. Quality Jobs Wages | 23259.54 |
|---|---|---|---|---|---|
| | | 7. Regular Withholding | | 8. Quality Job Withholding | 89.12 |

**W-829     Quality Jobs Wage and Tax Statement     2000**



## Nebraska Department of Revenue

Federal Tax Identification Number 47-0780054
Nebraska Tax Identification Number 21-7109644

**Nebraska Beef, Ltd.**
4501 South 36th Street
Omaha, Nebraska 68107

**Employee Social Security Number**
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

**Employee Name**
GRIMALDO, DIONICIO

**Address**
6006 S 25th St

| Omaha | NE | 68107. |
|---|---|---|

**1. Wages, Tips Other Compensation**
23259.54

**2. Federal Income Tax Withheld**
2792.34

**3. Social Security Wages**
23259.54

File this form and Form 829N, with your Nebraska Individual Income Tax Return, Form 1040N to receive credit for your Quality Jobs Withholding.

If your Quality Jobs withholding is larger than the credit allowable on your return, Nebraska Beef Ltd will pay you a refund within thirty days of your filing a claim with Nebraska Beef.

| 4. Nebraska Wages Etc. | 5. Total Nebraska Withholding | 6. Quality Jobs Wages |
|---|---|---|
| 23259.54 | 794.27 | 23259.54 |
| | 7. Regular Withholding | 8. Quality Job Withholding |
| | | 794.27 |

| **W-829** | **Quality Jobs Wage and Tax Statement** | **2000** |
|---|---|---|

| a Control number | | OMB No. 1545-0008 | **Copy C For EMPLOYEE'S RECORDS** (See Notice to Employee on back of Copy B.) | |
|---|---|---|---|---|
| b Employer identification number 47-0780054 | | | 1 Wages, tips, other compensation 30662.09 | 2 Federal income tax withheld 3618.95 |
| c Employer's name, address, and ZIP code | | | 3 Social security wages 30662.09 | 4 Social security tax withheld 1901.09 |
| NEBRASKA BEEF LTD 4501 SOUTH 36TH STREET OMAHA, NE 68107-0000 | | | 5 Medicare wages and tips 30662.09 | 6 Medicare tax withheld 444.58 |
| | | | 7 Social security tips 0.00 | 8 Allocated tips |
| d Employee's social security number 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 | | | 9 Advance EIC payment 0.00 | 10 Dependent care benefits |
| e Employee's name, address, and ZIP code Dionicio Grimaldo | | | 11 Nonqualified plans | 12 Benefits included in box 1 |
| 3625 Newport Av 4008 S 24th St Omaha, NE 68107 68112 | | | 13 See instrs. for box 13 | 14 Other |
| | | | 15 Statutory employee / Deceased / Pension plan / Legal rep. / Deferred compensation | |

| 16 State | Employer's state I.D. no. | 17 State wages, tips, etc. | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|
| NE | 7109644 | 30662.09 | 1004.48 | | 0.00 | 0.00 |

Form **W-2** Wage and Tax Statement **1999**

Department of the Treasury—Internal Revenue Service

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

| 3  Social security wages |                | 4  Social security tax wht |
|---|---|---|
| 6886.52 |                | 744.?? |

| 3  Social security wages | 4  Social security tax wht |
|---|---|
| 6886.52 | 426 |
| 5  Medicare wages and tips | 6  Medicare tax withheld |
| 6886.32 | 99.85 |
| a  Control Number | Dept. | Corp. | Employer use only |
| 000486 RTH | 300 | A | 148 |
| b  Employer's name, address, and ZIP code |

JAMES SKINNER CO
4657 G STREET
OMAHA NE 68117

Batch #00523

| c  Employer's FED ID number | d  Employee's SSA number |
|---|---|
| 47-0036066 | 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 |
| 7  Social security tips | 8  Allocated tips |
| 9  Advance EIC payment | 10  Dependent care benefits |
| 11  Nonqualified plans | 12  Benefits included in box 1 |
| 13  See instrs for box 13 | 14  Other |
| 15  Stat emp. | Deceased | Pension plan | Legal rep. | Deferred comp. |

e/f  Employee's name, address and ZIP code

DIONICIO GRIMALDO
3625 NEWPORT AV
OMAHA,NE 68112

| 16  State | Employer's state ID no. | 17  State wages, tips, etc. |
|---|---|---|
| NE | 4460661 | 6886.52 |
| 18  State income tax | 19  Locality name |
| 193.63 | |
| 20  Local wages, tips, etc. | 21  Local income tax |

**W-2** Employee's Reference Copy
Wage and Tax
Statement **2000**

Copy C for employee's records   OMB No. 1545-0008

---

# 2000 W-2 and EARNINGS SUMMARY

This blue Earnings Summary section is included on your W-2 to help describe portions in more detail. The reverse side includes general information that you may also find helpful.

1. The following information reflects your final 2000 pay stub plus any adjustments submitted by your employer.

| Gross Pay | 6886.52 | Social Security Tax Withheld Box 4 of W-2 | 426.98 | NE State Income Tax Box 18 of W-2 SUI/SDI Box 14 of W-2 | 193.63 |
|---|---|---|---|---|---|
| | | Fed. Income Tax Withheld Box 2 of W-2 | 744.28 | Medicare Tax Withheld Box 6 of W-2 | 99.85 |

2. Your Gross Pay Was Adjusted as follows to produce your W-2 Statement.

|  | Wages, Tips, other Compensation Box 1 of W-2 | Social Security Wages Box 3 of W-2 | Medicare Wages Box 6 of W-2 | NE State Wages, Tips, Etc. Box 17 of W-2 |
|---|---|---|---|---|
| Gross Pay | 6,886.52 | 6,886.52 | 6,886.52 | 6,886.52 |
| Reported W-2 Wages | 6,886.52 | 6,886.52 | 6,886.52 | 6,886.52 |

3. Employee W-4 Profile. To change your Employee W-4 Profile information, file a new W-4 with your payroll dept.

DIONICIO GRIMALDO
3625 NEWPORT AV
OMAHA,NE 68112

Social Security Number: 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
Taxable Marital Status: MARRIED
Exemptions/Allowances:
FEDERAL: 0
STATE: 0

© 2000 AUTOMATIC DATA PROCESSING, INC.

Join the 40 million Americans who will e-file their income tax returns this year! Visit WWW.IRS.GOV for details.

| a  Control number | | OMB No. 1545-0008 | This information is being furnished to the ... nal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it | |
|---|---|---|---|---|
| b  Employer identification number<br>47-0780054 | | | 1  Wages, tips, other compensation<br>23259.54 | 2  Federal income tax withheld<br>2792.34 |
| c  Employer's name, address, and ZIP code<br><br>NEBRASKA BEEF LTD<br>4501 S 36TH ST<br><br>OMAHA, NE 68107 | | | 3  Social security wages<br>23259.54 | 4  Social security tax withheld<br>1442.17 |
| | | | 5  Medicare wages and tips<br>23259.54 | 6  Medicare tax withheld<br>337.26 |
| | | | 7  Social security tips<br>0.00 | 8  Allocated tips |
| d  Employee's social security number<br>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 | | | 9  Advance EIC payment<br>0.00 | 10  Dependent care benefits |
| e  Employee's name, address, and ZIP code<br>DIONICIO GRIMALDO<br><br><br>6006 S 25th St<br>Omaha, NE 68107 | | | 11  Nonqualified plans | 12  Benefits included in box 1 |
| | | | 13  See instrs. for box 13 | 14  Other |

| 15  Statutory employee | Deceased | Pension plan | Legal rep. | Deferred compensation |
|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ |

| 16  State  Employer's state I.D. no.<br>NE  7109644 | 17  State wages, tips, etc.<br>23259.54 | 18  State income tax<br>794.27 | 19  Locality name | 20  Local wages, tips, etc.<br>0.00 | 21  Local income tax<br>0.00 |
|---|---|---|---|---|---|

Form **W-2** **Wage and Tax Statement** **2000**   Department of the Treasury—Internal Revenue Service

Copy C For EMPLOYEE'S RECORDS (See Notice to Employee on back of Copy B.)

# 1ST HALF PAYMENT

DELINQUENT APRIL 1, 2000

REMIT THIS PORTION WITH PAYMENT TO PAY 1ST HALF TAX OR TOTAL TAX
MAKE CHECKS PAYABLE TO THE DOUGLAS COUNTY TREASURER

**JULIE M. HANEY, TREASURER**

| KEY | SUB | BLK | TXBK | YR PLAT | DIST | TOT VALUE | COMBINED LEVY |
|-----|-----|-----|------|---------|------|-----------|---------------|
| 3761 | 0000 | 18 | 30 | 0100 | | 49800 | 1.90625 |

MAIL TO:
DOUGLAS COUNTY TREASURER
ATTN: PROPERTY DIVISION
CIVIC CENTER, TAX ROOM H-03
1819 FARNAM STREET
OMAHA NE 68183-0403

3761 0000 18 30
DIONICIO B*GRIMALDO ETAL
3625 NEWPORT AVE
OMAHA, NE 68112-2956

WHOLE YEAR: 949.32
FIRST HALF: 474.66

FOR SPECIAL MESSAGE PHONE (402) 444-7272



```
          DOUGLAS COUNTY TREASURER
Cashier:D044BS1     3/27/0011:44AM 000805
85
   WS: 043  TR: 0080 Yr:1999  DIF: 0408
REAL PROPERTY
Parcel No: 1837610000     Payment: 1
DIONICIO B*GRIMALDO ETAL
036250 NEWPORT             AV    5

              Tax:         $474.66
    -  Interest:            $0.00
          Adv:              $0.00
    Total Paid:           $474.66

Check                     $474.66
CHANGE                      $0.00
```

DETACH HERE

# 2ND HALF PAYMENT

DELINQUENT AUGUST 1, 2000
REMIT THIS PORTION WITH PAYMENT TO PAY 2ND HALF TAX
MAKE CHECKS PAYABLE TO THE DOUGLAS COUNTY TREASURER

JULIE M. HANEY, TREASURER

| KEY | SUB | SECTION | | | | COMBINED LEVY |
|-----|-----|---------|--|--|--|---------------|
| 3761 0000 | 18 | 30 | 0100 | 49800 | 1.90625 | |

MAIL TO:
DOUGLAS COUNTY TREASURER
ATTN: PROPERTY DIVISION
CIVIC CENTER, TAX ROOM H-03
1819 FARNAM STREET
OMAHA NE 68183-0003

3761 0000 18 30
DIONICIO B*GRIMALDO ETAL
3625 NEWPORT AVE
OMAHA, NE  68112-2956

WHOLE YEAR:     948.32
2ND HALF:       474.66

IF A SPECIAL MESSAGE APPEARS CALL 402-444-7272

DETACH HERE

DOUGLAS COUNTY TREASURER

# 1ST HALF PAYMENT

**DELINQUENT APRIL 1, 2001**
REMIT THIS PORTION WITH PAYMENT TO PAY 1ST HALF TAX OR TOTAL TAX
MAKE CHECKS PAYABLE TO THE DOUGLAS COUNTY TREASURER

JULIE M. HANEY, TREASURER

| KEY | SUB | TXB | ... | DIST | NET VALUE | COMBINED LEVY |
|-----|-----|-----|-----|------|-----------|---------------|
| 0000 | 18 | 30 | 0100 | | 49800 | 1.88197 |

MAIL TO:
DOUGLAS COUNTY TREASURER
ATTN: PROPERTY DIVISION
CIVIC CENTER, TAX ROOM H-03
1819 FARNAM STREET
OMAHA NE 68183-0001

3761 0000 18 30
DIONICIO B*GRIMALDO ETAL   *Douglas County Treasurer*
3625 NEWPORT AVE
OMAHA, NE 68112-2956

WHOLE YEAR: 922.02
FIRST HALF: 461.01

IF A SPECIAL MESSAGE APPEARS, CALL 402-444-...

DOUGLAS COUNTY TREASURER
Cashier:0044003   3/29-0111:50AH County
46
WS: 084  TR: 0045 Yr:2000  GIT: 0-All
REAL PROPERTY
Parcel No: 1837610000
DIONICIO B*GRIMALDO ETAL
036250 NEWPORT

Tax
Interest
Adv
Real Prop

Cash
CHANGE

# 2ND HALF PAYMENT
DELINQUENT AUGUST 1, 2001
REMIT THIS PORTION WITH PAYMENT TO PAY 2ND HALF TAX
MAKE CHECKS PAYABLE TO THE DOUGLAS COUNTY TREASURER

JULIE M. HANEY, TREASURER

KEY   SUB   TXBK   FB   TXDIST          NET VALUE   COMBINED LEVY
2000   18   30   0100                   49800        1.88197

DIONICIO B GRIMALDO ETAL
3625 NEWPORT AVE
OMAHA, NE  68112-2956

MAIL TO:
DOUGLAS COUNTY TREASURER
ATTN. PROPERTY DIVISION
CIVIC CENTER, TAX ROOM H-03
1819 FARNAM STREET
OMAHA NE 68183-0003

WHOLE YEAR:   922.02
2ND HALF:     461.01

IF A SPECIAL MESSAGE APPEARS, CALL 402-444-7...

DETACH HERE                                           DETACH HERE

DOUGLAS COUNTY TREASURER
Date: 7/5/01 12:23PM TR: 0037 0009850E
WS: 052          Yr:2000  DIF: 0200
REAL PROPERTY
Parcel N: 1037610000
DIONICIO B GRIMALDO ETAL
036250  NEWPORT

Tax
Interest
Amt
Real Prop

Check
CHANGE

NO. 547   P. 4/5

| SERVICE | BILLING PERIOD | | | METER READING | | USAGE | HEATING VALUE | BILLING UNITS | UNITS SINCE JULY | DAYS | BILLING UNITS | UNITS SINCE JULY |
|---------|------|----|---|----------|---------|-------|---------------|---------------|------------------|------|---------------|------------------|
| | FROM | TO | | PREVIOUS | CURRENT | | | | | | | |
| GAS | OCT 25 | NOV 27 | 33 | 2985 | 3042 | 57 | X0.990× | 56 | 145 | 33 | 131 | 24 |
| WATER | OCT 25 | NOV 27 | 33 | 5236 | 5241 | 5 | | 5 | 55 | 33 | 8 | 10 |

### TRANSACTIONS
LAST MONTH'S BILL            $27.02
PAYMENT 11/14/1             $27.02CR
                            ------------
PREVIOUS BALANCE             $.00

### CURRENT BILL
GAS-THERMS    ACTUAL         $31.6!
WATER-CCF     ACTUAL          6.9:
SEWER                         8.9(
SALES TAX                     3.0!
                            --------
AMOUNT DUE UPON RECEIPT      $50.6!
AMOUNT DUE AFTER DEC 19      $52.1!

Walk Fargo Bank Nebraska, N.A.
First N. Office
#1510

DEC 07 '01

Teller # 3

ACCOUNT NUMBER:   1746-01245-4
CUSTOMER NAME:    D I GIMALDO
SERVICE LOCATION: 3625 NEWPORT AVE
BILLING DATE:     DEC 3, 2001
SEQUENCE NUMBER:  04453



**GAS - CUSTOMER PROFILE**

■ CURRENT USAGE  ▨ PREVIOUS USAGE



**metropolitan UTILITIES DISTRICT**

See reverse side for more information. Questions? Call 554.6666
1723 HARNEY ST • OMAHA NE • 68102-1960 • www.mudomaha.com • e-mail: customer_service@mudnebr.com
*Your customer-owned natural gas and water utility*

NO.547

Account Number: 8586500020
Meter Number: 7588240        Old Account ID: 101023218001501

UMAHA NE

Bill Inquiries Call The
1A Office(402) 536-4131
Statement Date:   December 3, 2001

| Rate | Billing Period | | Meter Reading | | | Kilowatt-hours |
| | From | To | Previous | Present | | Used |
|------|------|-----|----------|---------|---|----------------|
| Residential | Oct 31, 2001 | Dec 3, 2001 | 7390 | 7900 Actual | KWH | 510 |

| | |
|---|---|
| Basic Service | 5.15 |
| kWh Usage | 30.95 |
| Sales Tax | 2.35 |
| Total Current Bill | 38.45 |
| Net Amount Due Upon Receipt | $38.45 |
| Bill Delinquent and Gross Amount Due After 12/21/01 | $38.89 |

$35.85 Check received 11/14/01

OPPD is entering the renewable energy market with a new wind turbine generator and a landfill gas-to-energy plant. To sign up for the Green Power Program, see Outlets.

## Your Electric Use Profile

| BILLING PERIOD | BILLING DAYS | KWH USE | AVG. KWH PER DAY | AVG. HIGH | TEMP LOW |
|----------------|--------------|---------|------------------|-----------|----------|
| 2001 | 33 | 510 | 15 | 58 | 38 |
| 2000 | 34 | 620 | 18 | 45 | 26 |

YOUR AVERAGE DAILY ELECTRIC COST WAS $1.16



2001
2000

OPPD
Omaha Public Power District

SEE REVERSE SIDE