UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 7 2002

Michael N. Milby
Clerk of Court

ISRAEL HERNANDEZ-LEIJA, et al   )
                                )
v.                              )   C.A. No. 01-206
                                )
E.M. TROMINSKI, et al,          )
_____)

**PETITIONERS' NOTICE OF FILING OF EXHIBIT "I" IN SUPPORT
OF PENDING MOTION FOR PRELIMINARY INJUNCTION**

Petitioners, by and through the undersigned, hereby file Exhibit "I" in support of their pending motion for a preliminary injunction. Said exhibit consists of the (second) parole document, (I-94), given to (unnamed) class member Jose Espinoza, as well as INS Operation Instruction 264.2, which details exactly how I-94s must be prepared, in order to constitute temporary evidence of LPR status, as required by 8 C.F.R. 264.5. Like the I-94 given to Petitioner Esparza, (Exhibit F, at page 11), the I-94 given to Mr. Espinoza makes no mention of his LPR status, as required by 8 C.F.R. §264.5(g), and *Loa-Herrera v. Trominski*, 231 F.3d 984,989 (5th Cir. 2000). *See also*, Defendants' pending motion for summary judgment on remand, C.A. B-94-215, Docket No. 147, at p. 42, asserting that "INS is in compliance with 8 C.F.R. § 264.5(g)." In support thereof, INS presented a Declaration from Larry Doyle, ADDE. (INS' Exhibit 6). In said Declaration, Mr. Doyle asserted, in relevant part, that:

> 3. There does not exist in the lexicon of documents used for immigration purposes by the INS a formal form or document entitled "temporary Form I-551". Rather, Form I-94 is designated for use as the "temporary Form I-551" and serves as evidence of lawful permanent resident status;
> 4. If a lawful permanent resident alien, who is either in the United States or paroled into the United States, is

placed in immigration proceedings, the Harlingen District Office seizes the "green card" of the lawful permanent resident and replaces the green card with a I-94.

Note the absence of any assertion that "green cards" are routinely replaced with I-94s which, in fact, demonstrate LPR status. OI 264.2 governs how I-94s must be prepared in order to provide temporary proof of LPR status. It mandates use of the phrase "Temporary Evidence of Lawful Admission for permanent residence," (Exhibit I), and specifies that the *admissions* portion of Form I-94 be utilized. *See, Etuk v. Slattery*, 936 F.2d 1433 (2nd Cir. 1991) ("departure record" provided by INS to LPRs did not adequately reflect their status and fact that there were no restrictions on their ability to seek employment). OI 264.2 further states that:

> A photo of the applicant must be attached to the block next to the admission block, thereby obliterating the admission number. The Service seal shall then be placed half over the admission block and half over the photo.

Neither of the I-94s given to Petitioner Esparza and Mr. Espinoza mentions LPR status, and both are prepared on the departure, rather than the arrival portion. Ironically, however, they do show that parole was granted under §212(d) of the Act, [8 U.S.C. §1182(d)], **not** 8 U.S.C. §1226(a), as Defendants claimed in *Loa-Herrera, supra*.

Respectfully Submitted,

*(signature)*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

2

## CERTIFICATE OF SERVICE

I, Lisa S. Brodyaga, hereby certify that a copy of the foregoing, with attachments, was mailed to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas, 78551, this 17th day of January, 2002.





Número de salida

03294856700

Servicio de Inmigr...
Naturalización

I-94
Registro de salida

A90 366 054

14 Apellido
ESPINOZA FRIAS

15 Primer nombre
JOSE

16 Fecha de nac (día/mes/año)
05 07 63

17 Ciudadanía
MEXICO

EMPLOYMENT AUTHORIZED

PAROLED PURSUANT TO SEC. 212(d)(5) OF THE I & N ACT SEC.

HLG
01/16/02

Releaed under Parole pending Immigration Proceeding

*[Rotated text in upper right, sideways:]*

NOTIFICATION REQUIREMENT FOR (
REQUISITO DE NOTIFICACION DE (

Please be advised that any address change must be rep
QUEDE ADVERTIDO QUE CUALQUIER CAMBIO DE DIR

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION SERVICE
201 East Jackson
2102 Teege
Harlingen, Texas 78550
Harlingen,

AND

The notice must include your alien registration num
LA NOTIFICACION TIENE QUE INCLUIR SU NUMER

Please report your address change to both ag

Failure to report your address change to
FALTA DE REPORTAR SU CAMBIO DE DIRECCI
actions.
CUALQUIERA O TODAS DE LAS ACCIONES SI

A removal hearing may be held in your
Act.               EXPULSION PUEDE

---

**Aviso -** Si la persona que no es inmigrante acepta empleo sin autoriza sujeta a deportación

**Nota importante -** Retenga Ud. este permiso que debe presentar al salir de E.U. *no hacerlo prolongaría su entrada a E.U. en el futuro.*

UD. está autorizado a quedarse en E.U. solamente hasta la fecha indicada en esta planilla. Al pasar la fecha indicada sin el permiso de las autoridades de Inmigración sería violar la ley.

**Entréguele este permiso al salir de E.U.**

- A la línea de transportación, yá sea por mar o por aire,
- al oficial canadiense, al cruzar la frontera canadiense;
- al oficial estadounidense, al cruzar la frontera mejicana.

Estudiantes que planean volver a entrar a los E.U. con plazo de 30 días para asistir a la misma escuela, lean "Llegada y salida" en página 2, Formulario I-20 antes de entregar este permiso

**Record of Changes**

_____
_____
_____

**Port:**                                                          **Departure Record**

**Date:**

**Carrier:**

**Flight #/Ship Name:**

```
Section 264.2  Delivery of Form I-551  [emphasis added]
```

An application to replace a previously issued permanent resident alien be made on form I-90 accompanied by the specified fee, if required, and two color photographs as described on Form I-90. All such applicants, regardless of age, shall be required to appear in person at a United States Immigration office prior to the issuance of Form I-551. Form I-89 shall be prepared by a Service employee at the time of such interview and the required fingerprint shall be placed thereon. The fingerprint shall be required of all applicants regardless of age unless the interview, fingerprint and signature requirements are waived at the discretion of the district director because of confinement of age, physical infirmity, illiteracy, or other compelling reasons.

When an application is made for a new Form I-551 to replace a lost or destroyed Form I-151 or I-551 and the relating file is not readily available, a new Form I-551 may be issued on the basis of such other evidence at hand which establishes the alien's admission for permanent residence; similarly, in a change-of-name case, a new Form I-551 may be issued upon the presentation of evidence of marriage and the old I-151 or I-551. In such cases, the relating files must be obtained and checked on a post-audit basis.

When an application is made for a new Form I-551 to replace a Form I-151 or I-551 lost or destroyed, the loss or destruction must be satisfactorily established. An interview with respect to the allegations concerning the loss or destruction of a previously issued card may be required before action is taken on the application, in the discretion of the adjudicating officer. Additionally, in the discretion of the adjudicating officer, an applicant for a replacement Form I-551 in lieu of Form I-151 or I-551, lost or destroyed, may be required to present a fingerprint card (Form FD-258) prior to adjudication of his application. Any such required fingerprint card shall be submitted to the FBI Identification Division with Form G-325d filled in by the adjudicating officer and attached to the fingerprint card. The office code, type of case, and the date must be shown in the INS box on Form G-325d.

An original Form I-551 shall be forwarded to a Service officer abroad for delivery to an alien lawfully admitted for permanent residence when, because of an emergency, the alien's departure is required before it can be delivered to him; similarly, it maybe forwarded to the American consular officers in the areas specifically mentioned in 8 CFR 264.1(c).

An application for replacement Form I-551 may be submitted by a lawfully admitted permanent resident alien temporarily sojourning

abroad, directly to a Service officer stationed outside the United States or through an American consular officer. The application must be submitted in person and if the applicant has not previously been issued Form I-551, a completed Form I-89, with fingerprint, shall be prepared by the Service or consular officer and shall be forwarded by the Service officer to the district director having jurisdiction over the alien's place of residence in the United States. If the Service officer abroad is in a position to at the time the application is initially received to note pertinent information on the Form I-90, he shall do so. When issued, Form I-551 shall be forwarded to the Service officer abroad for delivery. If the adjudicating officer in the United States determines that the applicant should be interviewed because of discrepancies existing between information contained in the I-90 and the applicant's file, Forms I-90 and I-89 shall be accompanied by a memorandum requesting the Service officer abroad to conduct such interview. After interview, I-90 and I-89 shall be returned to the appropriate stateside office by memorandum containing the information obtained including the recommendation of the Service officer who conducted the interview.

When an application for a new Form I-551 is made to an American consular officer, he will accept the application and follow the procedure set forth in the preceding paragraph.

When a Service officer stationed outside the United States forwards a Form I-90 to a stateside office for adjudication, he shall attach a route slip requesting that adjudication, and mailing of the Form I-551 upon approval, be expedited. Stateside offices shall give priority to the adjudication of Forms I-90 received through consular or Service officers outside the United States, and to the preparation and expeditious mailing of Forms I-551 issued in such cases. Every Form I-551 forwarded abroad shall be accompanied by Form G-94 in duplicate.

When any registration document is found in the wrongful possession of another person, it shall be lifted, if possible, and forwarded with explanatory memorandum, including copies of Form I-213 or sworn statement, or both, to the file of the alien to whom such document was issued. However, counterfeit documents or documents with alterations or photo substitutions, unless needed for prosecution or other enforcement purposes, shall be sent initially to the regional intelligence officer for examination.

**When such action is clearly warranted because of an emergency, temporary evidence of lawful admission for permanent residence**

2

shall be issued on the arrival section of Form I-94. Only the information regarding the alien's name, date of birth, country of citizenship and alien registration number need be included. The admission number shall be crossed out. The admission block of the arrival section of Form I-94 shall be noted with a stamp using one of the two following legends:

Processed for I-551. Temporary Evidence of Lawful Admission for permanent residence. Valid until _____ Employment authorized.
or:
Temporary Form I-551. Admission for permanent residence at [port] [date] verified. [office of issuance] [date] [signature of issuing officer] [title]

The stamp must be in special formula ink in accordance with OI 103.2(m). A photo of the applicant must be attached to the block next to the admission block thereby obliterating the admission number. The Service seal shall then be placed half over the admission block and half over the photo. The alien shall be advised that the form should not be surrendered at the time of departure since it is a document for presentation at time of reentry.

The Form I-94 must be surrendered upon receipt of the laminated Form I-551. Every effort must be made to issue the laminated Form I-551 instead of Form I-94 as temporary evidence of permanent admission. Priority processing must be given to any Form I-90 when the alien has indicated that he/she intends to use the Form I-551 as a travel document. Any alien required by 8 CFR 264.1 to apply on Form I-90 shall do so prior to issuance of Form I-94 as temporary evidence of permanent admission. For procedures for a returning resident alien reapplying for admission, see OI 235.1(k)(3) and OI 235.4(d).

. . .