*16*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 6 2002

Michael N. Milby
Clerk of Court

ISRAEL HERNANDEZ-LEIJA, et al )
                               )
v.                                )      C.A. No.   01-206
                               )
E.M. TROMINSKI, et al,          )
_____ )

### OPPOSED MOTION OF RUBEN DARIO PRADO-RIVERA
### TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION,
### SEEKING A WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
### FOR DECLARATORY AND INJUNCTIVE RELIEF

Ruben Dario Prado-Rivera, ("Mr. Prado"), through counsel, hereby files the instant, presumptively opposed motion, to be joined as a named Plaintiff in the instant action, seeking Writs of Habeas Corpus, and Class Action Complaint for Declaratory and Injunctive Relief.  Petitioner would note that he is already a member of the putative class herein, which class has not yet been certified, and that no Answer has yet been filed herein, such that joinder will not greatly inconvenience the Parties, or the Court.

### I.   JURISDICTION AND VENUE

1.   Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgment Act).

2.  Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, Petitioner is currently detained by Respondents at the Port Isabel Service Processing Center, ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

### II.   THE PARTIES

3.  Petitioner Ruben Dario Prado-Rivera is a native and citizen of

Mexico, and lawful permanent resident of the United States, ("LPR"). He is currently detained by Respondents, without bond, at PISPC, pursuant to the authority of 8 U.S.C. §1225(b)(2)(A).

### III.    THE FACTS

4.    Ruben Prado has been an LPR for approximately thirty years. His wife, Maria Norma Prado, (nee, De Leon), A17 250 020, is also an LPR (since she was a toddler). The couple has four children, ages 9 to 18, all born in the United States. Mr. Prado's parents and siblings are also United States citizens. Mr. Prado and his family reside at 375 Media Luna, Apt. 1108, in Brownsville, Texas.

5.    On or about February 11, 2000, Mr. Prado was convicted in Brownsville, Texas, of the offense of (simple) possession of approximately one gram, or less, of cocaine, for which offense he was granted probation.

6.     On or about April 29, 2002, after a brief, casual, and innocent departure to Mexico, Mr. Prado sought admission as a returning resident, by presenting his "green card," (proof of resident alien status), at a port of entry in Brownsville, Texas. A computer check revealed the above conviction, and, as a result, he was detained by INS, and is currently being held as an "arriving alien," without bond, at the Port Isabel Service Processing Center (PISPC), in Los Fresnos, Texas. He has not been arrested on a "warrant issued by the Attorney General," as that phrase is used in 8 U.S.C. §1226(a). Rather, he is being detained under the authority of 8 U.S.C. §1225(b)(2)(A), and can be paroled only under the authority of 8 U.S.C. §1182(d)(5)(A).

7. Also on April 29, 2002, an NTA was issued, alleging the above conviction. Removability was charged under 8 U.S.C. §1182(a)(1)(A)(iii)(I). A superceding NTA was issued and served on May 9, 2002, although counsel has not yet seen that document.

2

8.   On May 1, 2002, Mr. Prado filed a written request with Respondents, asking that he be paroled into the United States.  In that request, he discussed his equities, to show that he is neither a flight risk, nor a threat to the community. He also outlined his reasons for claiming that he cannot constitutionally be held to have been convicted of an "aggravated felony," and will therefore assert eligibility for cancellation of removal. (Petitioner's Exhibit J, herein incorporated by reference).  Such constitutional claims which cannot be adjudicated by the Immigration Judge or the BIA, so it is anticipated that, (unless he gives up and accepts deportation, because he is not permitted to post bond), the merits of his case will not be finally determined for years.

9.  Although no written response has yet been received, counsel has been informally advised that the decision on Petitioner's request for parole will be based primarily on a determination of whether he is considered to be eligible for relief from removal.  Since his claim of eligibility cannot be addressed by the Immigration Judge, or the BIA, he believes that his request for parole will ultimately be denied. There is no appeal from such a denial.  Petitioner's administrative remedies are therefore inadequate. [1]

### IV.   THE CAUSES OF ACTION
### A.   HABEAS CORPUS

Petitioner asserts that his detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

---

[1]    *See, Goonsuwan v. Ashcroft,* 252 F.3d 383,389 (5th Cir. 2001) ("Even when exhaustion is a jurisdictional bar, this Court recognizes an exception 'when administrative remedies are inadequate.'").  Mr. Gonzalez has also made a second request for a hearing with the Immigration Judge, based on the ever accumulating court decisions that §1226(c) is unconstitutional as applied to LPRs, but there has, as yet, been no ruling on said request.

3

He therefore requests that his habeas petition be granted, and that preliminary and permanent injunctions issue, requiring that Respondents grant him a prompt hearing before an Immigration Judge on his request for parole, and that at said hearing his entitlement to parole under 8 U.S.C. §1182(d)(5)(A), with or without bond, be adjudicated on the basis of whether he presents a flight risk, or constitutes a threat or danger to the community.

## B.  DECLARATORY JUDGMENT

Petitioner seeks a Declaratory Judgment, declaring that, as applied to LPRs detained as "arriving aliens" pending removal proceedings, the lack of any entitlement to a hearing on their requests for parole under 1182(d)(5)(A), (with or without a bond), and notice of the procedures for requesting same, violate the Due Process Clause. Furthermore, because Petitioner is an LPR, he asserts that he has a fundamental right to re-unite with his family within the United States, and a fundamental liberty interest in being able to seek bond while awaiting removal proceedings to determine whether he will be allowed to stay in the United States, or whether a final order of removal will be entered against him which then, and only then, would terminate his status as an LPR.

Petitioner also seeks a Declaratory Judgment, declaring that for Respondents to lawfully detain him, they must show significant special justification that his civil detention would be justified, in light of his status as LPR physically detained within the U.S.

## C.  INJUNCTIVE RELIEF

Petitioner further seeks preliminary and permanent injunctions, restraining and enjoining Respondents from not affording him a parole hearing before an Immigration Judge, at which his entitlement to parole, with or without bond, during removal proceedings is determined on the basis of whether he is a flight risk, or constitutes a threat or danger to the community.

4

### D.  EQUAL PROTECTION

Petitioner would note that the relief requested is very similar to that which has been requested in *Reyna-Montoya et al v. Trominski et al,* CA B-02-026, and which has been ordered by the Tenth, Ninth, and Third Circuits, in *Hoang v. Comfort,* 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar,* 276 F.3d 523 (9th Cir. 2002), and *Patel v. Zemski,* 275 F.3d 299 (3rd Cir. 2001), and has also been granted by countless United States District Courts, including, very recently, the Northern District of Texas, in *Serrano v. Estrada,* No. 3-01OCV-1916-M (N.D.Tx. April 19, 2002).  Petitioner Prado asserts that it violates Equal Protection to grant bond hearings to otherwise similarly situated LPRs who were detained within the U.S., while denying it to those detained at a port of entry, following a brief, innocent, and casual visit to Mexico. He therefore prays that this Honorable Court will follow these decisions and find that it is unconstitutional to detain LPRs under 8 U.S.C. §1225(b)(2)(A), without providing them with a hearing on their requests for parole, with or without a bond, under the same criteria as applications for bond are judged in the cases of similarly situated LPRs arrested within the United States, to wit, on the basis of whether they constitute a danger to the community, or present a flight risk.

### E.  OTHER AND FURTHER RELIEF

Finally, Petitioner seeks such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

### V.  CERTIFICATE OF CONSULTATION

On May 13, 2002, the undersigned consulted with Lisa Putnam, SAUSA, who stated that she is not lead counsel, and that she would forward the faxed, proposed motion, to Ernesto Molina, from OIL.  Also on May 13, 2002, the undersigned attempted to call Mr. Molina.  She

5

left a message on his answering machine, requesting that he call to advise whether or not he would oppose the joinder of Mr. Prado as a named Plaintiff herein. As of the preparation of the instant motion, on May 15, 2002, Mr. Molina had not returned her call. It therefore must be presumed that he opposes the motion.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701
(956) 421-3423 (fax)                (956) 428-3731 (fax)
Fed. ID. 1178
Texas Bar 03052800

## VERIFICATION

I, Lisa S. Brodyaga, hereby certify that I am familiar with Mr. Prado's case, and that the facts as stated with respect thereto are true and correct to the best of my knowledge and belief.

May 15, 2002

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing with Exhibit J and proposed order, was mailed to Ernesto Molina, Attorney, OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044, on this 15th day of May, 2002.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ISRAEL HERNANDEZ-LEIJA, et al    )
                                 )
v.                               )        C.A. No.  01-206
                                 )
E.M. TROMINSKI, et al,           )
_____)


EXHIBIT "J" IN SUPPORT OF

UNOPPOSED MOTION OF RUBEN DARIO PRADO-RIVERA
TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION,
SEEKING A WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

## LAW OFFICES OF LISA S. BRODYAGA
### 17891 Landrum Park Rd.
### San Benito, Texas 78586
### (956) 421-3226
### FAX: 421-3423
May 1, 2002

Immigration & Naturalization Service     HAND DELIVERED
2102 Teege and/or 1709 Zoy
Harlingen, TX 78550

Attn:  Cecilio Ruiz, ADDD&D
Re:    Ruben Dario Prado-Rivera
       A34 586 508
       REQUEST FOR PAROLE

Dear Mr. Ruiz:

Ruben Dario Prado is a lawful permanent resident, who is currently
detained as an "arriving alien" on the basis of a conviction in
February 2000, for (simple) possession of approximately one gram,
or less, of cocaine.  He has been an LPR for approximately thirty
years.  His wife, Maria Norma Prado, (nee, De Leon), A17 250 020,
is also an LPR (since she was a toddler).  The couple has four
children, ages 9 to 18.  Mr. Prado's parents and siblings are also
United States citizens.  Most of the pertinent documents are
attached, although I do not yet have a copy of his wife's I-551.

As you know, the issue of whether an LPR convicted of simple
possession of a controlled substance is eligible for relief from
removal has been, and continues to be, the source of substantial
litigation.  Under the law as it was interpreted at the time he
pled guilty, Mr. Prado was eligible for cancellation of removal. [1]
The fact that he was not placed in proceedings at that time is a
fairly good indication that he had such a strong case that INS did
not consider it worth their while to put him in proceedings.

It is our position that it violates Due Process to apply a change
in the law retroactively, where the adverse impact on a person is
so dramatic, and results in completely unexpected consequences.
See, INS v. St. Cyr, 121 S.Ct. 2271 (2001)(finding that, to resolve
constitutional questions, the Court would assume that Congress did
not intend the repeal of §212(c) to apply retroactively. This
applies even though the change is one of interpretation, and not a

---

[1]    Matter of K-V-D-, Int. Dec. 3422 (BIA 1999).  See also,
Matter of L-G-, 21 I&N Dec. 89 (BIA 1995).

statutory amendment. [2]    I mention this solely by way of noting that, while Mr. Prado may not be considered eligible for cancellation under current interpretations, there are very strong constitutional arguments to made in his favor.  As a result, the case will not be resolved quickly, and his prolonged detention, at public expense, (but without public benefit), is likely to result.

There has been a lot of discussion lately about the new "Zero Tolerance" directive.  Although I have not yet seen it, [3]  I would be very surprised if it purported to completely abolish your discretion to take lawful acts, such as to grant parole, under 8 U.S.C. 1182(d)(5), to a lawful permanent resident, where such parole would be in the public interest.

As in prior cases, I believe that a review of the file, and of the documentation submitted herewith, will demonstrate that Mr. Prada is neither a threat to the community, nor a flight risk.  As husband, father, and provider for a family of five, his release on parole, with a reasonable bond, if you consider it appropriate, would clearly be in the public interest.  Not only would it save the public coffers from the expense of maintaining his family, but it would also alleviate the emotional suffering which is wife and children, (not to mention his parents), are already enduring.

Thank you for your prompt consideration.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

Encl/  As stated.

---

    [2] *See, BMW of North America v. Gore*, 517 U.S. 559,574 (1996) ("Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose"); *NLRB v. Bell Aerospace Co*, 41 U.S. 267, 290-95 (1976) (noting that it could be inappropriate in some circumstances to adopt new interpretations through adjudication); and *Ruangsuwang v. INS*, 599 F.2d 39, 44 (9th Cir. 1978) (same).

    [3] A copy was requested under the Freedom of Information Act.

2

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

In removal proceedings under Section 240 of the Immigration and Nationality Act:

File No   *A34 586 508*

In the Matter of:

Respondent:   **PRADO RIVERA, RUBEN DARIO**                                     currently residing at:

**PISPC, Rt 3 Box 341, Los Fresnos TX 78566**                     **956-547-1759**

(Number, street, city, state, and ZIP code)                     (Area code and phone number)

☑ 1.  You are an arriving alien.

☐ 2.  You are an alien present in the United States who has not been admitted or paroled.

☐ 3.  You have been admitted to the United States, but are deportable for the reasons stated below.

**The Service alleges that**

```
1.  You are not a citizen or national of the United States;
2.  You are a native of Mexico and a citizen of Mexico;
3.  On April 29, 2003 you applied for admission into the United States presenting your
Resident Alien card.
4.  A search of the TECS system revealed that on February 11, 2000 in Brownsville, Texas,
you were found guilty of possession of a controlled substance and sentenced to 2 years
confinement and 4 years probation.
```

**On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provisions(s) of law:**
212(a)(1)(A)(iii)(I)

☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

Section 235(b)(1) ordered was vacated pursuant to:      ☐  8 CFR 208.30(f)(2)      ☐  8 CFR 235.3(b)(5)(iv)

**YOU ARE ORDERED** to appear before an immigration judge of the United States Department of Justice at:

EOIR, 201 E Jackson St, Harlingen TX 78551

(Complete Address of Immigration Court, including Room Number, if any)

on   to be set   at   to be determined   to show why you should not be removed from the United States based on the charge(s)
        (Date)              (Time)
set forth above.

                                                                Special Operations Inspector
                                                          (Signature and Title of Issuing Officer)

Date:   *April 29, 2002*                                  Brownsville, Texas
                                                              (City and State)

See reverse for important information                     Form I-862 (Rev. 4-1-97) AXBRO

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF A COPY OF
ORIGINAL BIRTH CERTIFICATE OF

**Carlos Alexander Prado**

AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-
VILLE, TEXAS VOLUME 109 , PAGE 330.

Melissa Dennany Morales, CITY SECRETARY, BY _Catarino Flores_

Catarino Flores
01-05-1995

---

0019A0047001

## STATE OF TEXAS — CERTIFICATE OF BIRTH

**CHILD**

1. NAME (Type or print)
- (a) First: CARLOS
- (b) Middle: ALEXANDER
- (c) Last: PRADO

2. DATE OF BIRTH: 02/15/1993
3. SEX: M

4a. PLACE OF BIRTH—COUNTY: CAMERON
4b. CITY OR TOWN (if outside city limits, give precinct no.): BROWNSVILLE
4c. INSIDE CITY LIMITS?: EYES □NO
4d. NAME OF HOSPITAL (if not in hospital, give street address): VALLEY REGIONAL MEDICAL CENTER

5. PLACE OF BIRTH: ☒Hospital □Residence □Other (Specify)
5a. THIS BIRTH SINGLE, TWIN, TRIPLET, ETC. (Specify): Single
5b. IF NOT SINGLE BIRTH—BORN 1st, 2nd, 3rd, etc. (Specify):

7. DATE OF BIRTH: 09/20/1959
8. BIRTHPLACE (State or foreign country): Mexico

**FATHER**

6. NAME
- (a) First: RUBEN
- (b) Middle: DARIO
- (c) Last: PRADO

9. RACE (American Indian, Black, White, etc.): White
10a. IS FATHER OF HISPANIC ORIGIN?: ☒YES □NO
10b. IF YES, SPECIFY (Mexican, Cuban, Puerto Rican, etc.): Mexican

**MOTHER**

11. NAME
- (a) First: NORMA
- (b) Middle: ALICIA
- (c) Last (maiden): DE LEON

12. DATE OF BIRTH: 09/04/1962
13. BIRTHPLACE (State or foreign country): Mexico

14. RACE (American Indian, Black, White, etc.): White
15a. IS MOTHER OF HISPANIC ORIGIN?: ☒YES □NO
15b. IF YES, SPECIFY (Mexican, Cuban, Puerto Rican, etc.): Mexican

16a. STREET ADDRESS: 387 AVENIDA ESTRELLA
16b. CITY OR TOWN (if outside city limits, give precinct no.): BROWNSVILLE
16c. COUNTY: CAMERON
16d. INSIDE CITY LIMITS?: ☒YES □NO
16e. RESIDENCE—STATE: TEXAS
17. MOTHER'S MAILING ADDRESS (if same as residence, enter Zip Code only): 78520

18a. ATTENDANT'S ADDRESS: 95 E PRICE RD BLDG A
18b. ATTENDANT AT BIRTH: ☒M.D. □D.O. □C.N.M. □D.D.S. □Lay Midwife □Other (Specify)
18c. ATTENDANT'S NAME (Type or Print): RODOLFO MALSS M.D.
19a. DATE REC'D BY LOCAL REGISTRAR: 2-22-93

19b. REGISTRAR'S FILE NO.: 02-0461-93

CONFIDENTIAL INFORMATION BELOW

SIGNATURE OF LOCAL REGISTRAR: Melissa Dennany Morales, City Secretary

18d. I hereby certify that this child was born alive on the date stated above. at 04:43 O.M. [signature] 2/18/93

Texas Department of Health—Bureau of Vital Statistics

A form can be 3-10 years in prison and a fine of up to $5,000 (Article 447c, Revised Civil Statutes of Texas)

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF A COPY OF

ORIGINAL BIRTH CERTIFICATE OF

**ERIC LEE PRADO**

AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-

VILLE, TEXAS VOL. 95 LINE 680

MARGARITA G. GARCIA ____ 19 ____ Filed

Cynthia F. Urrutia

**CYNTHIA F. URRUTIA**

RECORD OF BIRTHS

STATE OF TEXAS — CERTIFICATE OF BIRTH

Texas Department of Health — BUREAU OF VITAL STATISTICS

| | | | BIRTH NO | 2 DATE OF BIRTH |
|---|---|---|---|---|
| CHILD | 1 NAME (Type or print) (a) First ERIC | (b) Middle LEE | (c) Last PRADO | 10-01-87 |
| | 3 SEX MALE | 4a CITY OR TOWN (If outside city limits, give precinct no.) BROWNSVILLE | 4a INSIDE CITY LIMITS? YES | 5a THIS BIRTH SINGLE, TWIN, TRIPLET, ETC. (Specify) SINGLE | 5b IF TWIN OR TRIPLET WAS CHILD BORN 1st, 2nd, 3rd, etc. |
| | 4c AGE OF BIRTH — COUNTY CAMERON | 4c NAME OF HOSPITAL (If not in hospital, give street address) BROWNSVILLE MEDICAL CENTER | | | |
| FATHER | 6 NAME (a) First RUBEN | (b) Full DARIO | | (c) Last PRADO | |
| | 7 RACE CAUC. | 8a IS FATHER OF SPANISH ORIGIN? YES | | 8a IF YES, SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC. MEXICAN | |
| | 9 AGE (At time of this birth) 28 | 10 BIRTHPLACE (State or foreign country) MEXICO | 11a USUAL OCCUPATION MAINTENANCE | 11b KIND OF BUSINESS OR INDUSTRY APARTMENT PROJECT | |
| MOTHER | 12 MAIDEN NAME (a) First NORMA | | (b) Middle ALICIA | (c) Last DE LEON | |
| | 13 RACE CAUC. | 14a IS MOTHER OF SPANISH ORIGIN? YES | | 14a IF YES, SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC. MEXICAN | |
| | 15 AGE (At time of this birth) 24 | 16 BIRTHPLACE (State or foreign country) MEXICO | 17a USUAL OCCUPATION HOMEMAKER | 17b KIND OF BUSINESS OR INDUSTRY | |
| | 18a RESIDENCE — STATE TEXAS | 18b COUNTY CAMERON | 18c CITY OR TOWN (If outside city limits, show rural) BROWNSVILLE, TEXAS 78520 | 18d STREET ADDRESS (If rural, give location) 605 PARADES LINE #212 | |
| | 19 Children previously born to this mother (Do NOT include this birth) | a. How many other children are now living? 1 | b. How many other children were born alive but are now dead? 0 | c. How many children were born dead after 20 weeks pregnancy? 0 | 20 INFORMANT NORMA A. PRADO |
| | 21 I hereby certify that this child was born alive on the date stated above at 7:10 A. M | 22a ATTENDANT'S SIGNATURE DR. MARTIN | | 22b ATTENDANT AT BIRTH M.D., D.O., C.N.M., MIDWIFE, OTHER (Specify) | 22c DATE SIGNED 10-04-87 |
| | 23a REGISTRAR'S FILE NO 87-1798 | 22c ATTENDANT'S ADDRESS BROWNSVILLE | 23b DATE REC'D 78520 | 23c SIGNATURE OF LOCAL REGISTRAR MARGARITA G. GARCIA | |

STATE OF TEXAS

**CERTIFICATE OF BIRTH**

Texas Department of Health — BUREAU OF VITAL STATISTICS

| | | | |
|---|---|---|---|
| **CHILD** | 1. NAME (Type or print) (a) First **ERICA** | (b) Middle **LIZETTE** | (c) Last **PRADO** | 2. DATE OF BIRTH **MARCH 24, 1989** |

| 3. SEX **FEMALE** | 4a. PLACE OF BIRTH—COUNTY **CAMERON** | 4b. CITY OR TOWN (If outside city limits, give precinct.) **BROWNSVILLE** | 4c. INSIDE CITY LIMITS? **YES** |
| 4d. NAME OF HOSPITAL (If not in hospital, give street address) **BCHC-MCCARTY CENTER 2137 E. 22ND ST.** | 5a. THIS BIRTH-SINGLE, TWIN, TRIPLET, ETC (Specify) **SINGLE** | 5b. IF TWIN OR TRIPLET, WAS CHILD BORN 1st, 2nd, 3rd (Specify) **N/A** |

| **FATHER** | 6. NAME (a) First **RUBEN** | (b) Middle | (c) Last **PRADO** |
| 7. RACE (American Indian, Black, White, etc.) **CAUC.** | 8. IS FATHER OF SPANISH ORIGIN? **YES** | 8b. IF YES, SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC. **MEXICAN** | 9. KIND OF BUSINESS OR INDUSTRY **SELF EMPLOYED** |
| 10. AGE (At time of this birth) **29** | 11. BIRTHPLACE (State or foreign country) **MEXICO** | 11a. USUAL OCCUPATION **PAINTER** |

| **MOTHER** | 12. MAIDEN NAME (a) First **NORMA** | (b) Middle | (c) Last **LEON** |
| 13. RACE **CAUC.** | 14. IS MOTHER OF SPANISH ORIGIN? **YES** | 14b. IF YES, SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC. **MEXICAN** | 15. KIND OF BUSINESS OR INDUSTRY **HOME** |
| 16. AGE (At time of this birth) **26** | 17. BIRTHPLACE (State or foreign country) **MEXICO** | 17a. USUAL OCCUPATION **HOUSEWIFE** |

| 18. RESIDENCE-STATE **TEXAS** | 18a. COUNTY **CAMERON** | 18b. CITY OR TOWN (If outside city limits, show rural ZIP CODE) **BROWNSVILLE** | 18c. INSIDE CITY LIMITS? **YES** | 18d. ZIP CODE **78520** | 18e. STREET ADDRESS (If in city, give location) **605 FARMERS LINE APT. 118** | 18f. INSIDE CITY LIMITS? **YES** |

| 19. Children given birth to this mother-Do NOT include this child (a) How many other children are now living? **2** (b) How many other children were born alive but are now dead? **0** (c) How many children were born dead after 20 weeks pregnancy? **0** | 20. INFORMANT **RUBEN PRADO** |

| 21. I hereby certify that this child was born alive on the stated above at 7:45 A.M. | 22a. ATTENDANT'S SIGNATURE **EDITH R. ANDERSON** | 22b. ATTENDANT AT BIRTH MD, DO, MIDWIFE, OTHER (Specify) **CNM** | 22c. DATE SIGNED **3-24-89** |
| | 23a. ATTENDANT'S ADDRESS **2137 E. 22ND ST.** | | |

| 24a. REGISTRAR'S FILE NO. **89-638** | 24b. DATE REC'D BY LOCAL REGISTRAR **3-31-89** | 24c. SIGNATURE OF LOCAL REGISTRAR **MARGARITA G. GARCIA** |

---

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF A COPY OF

ORIGINAL BIRTH CERTIFICATE OF

**ERICA LIZETTE PRADO**

—AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-
VILLE, TEXAS VOLUME **98** PAGE **507**

MARGARITA G. GARCIA, CITY SECRETARY, BY



TEXAS DEPARTMENT OF HEALTH
BUREAU OF VITAL STATISTICS
CERTIFICATE OF BIRTH
STATE OF TEXAS

| | | BIRTH NO |
|---|---|---|
| **CHILD** | 1 NAME (Type or print) (a) First **Ruben** (b) Middle **Dario** (c) Last **Prado** | 2 DATE OF BIRTH **Feb-27-1984** |
| | 3 SEX **Male** | 4a PLACE OF BIRTH — COUNTY **Cameron** | 4b. CITY OR TOWN (If outside city limits give precinct no) **Brownsville Texas** | 5a. THIS BIRTH SINGLE TWIN TRIPLET ETC (Specify) **Single** | 5b. IF TWIN OR TRIPLET, WAS CHILD BORN 1st, 2nd, 3rd (Specify) **N/a** |
| | 4c. NAME OF HOSPITAL (If not in hospital, give street address) **Brownsville Medical Center** | 4d INSIDE CITY LIMITS? **Yes** | |
| **FATHER** | 6 NAME (a) First **Ruben** (b) Middle **Dario** (c) Last **Prado** | | | |
| | 7 RACE **Cauc** | 8a. IS FATHER OF SPANISH ORIGIN? **Yes** | 8b. IF YES, SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC **Mexican** | |
| | 9 AGE (at time of this birth) **24** | 10. BIRTHPLACE (State or foreign country) **Mexico** | 11a. USUAL OCCUPATION **Self Emplyed** | 11b KIND OF BUSINESS OR INDUSTRY **Painter** |
| **MOTHER** | 12 MAIDEN NAME (a) First **Vyrna** (b) Middle **Alicia** (c) Last **De Leon** | | | |
| | 13 RACE **Cauc** | 14a. IS MOTHER OF SPANISH ORIGIN? **Yes** | 14b. IF YES, SPECIFY MEXICAN, CUBAN, PUERTO RICAN, ETC. **Mexican** | |
| | 15 AGE (At time of this birth) **21** | 16. BIRTHPLACE (State or foreign country) **Texas** | 17a. USUAL OCCUPATION **Womemaker** | 17b. KIND OF BUSINESS OR INDUSTRY **Home** |
| | 18a. RESIDENCE — STATE **Texas** | 18b COUNTY **Cameron** | 18c. CITY OR TOWN (If outside city limits show location) **Brownsville Texas78520** | 18d. STREET ADDRESS (If rural give location) **425 Ave, del Sol** | 18e. INSIDE CITY LIMITS? **Yes** |
| | 19 Children previously born to this mother (Do NOT include this birth) **0** | 20 How many other children are now living? **0** | 21 How many other children were born alive but are now dead? **0** | 22 How many children were born dead after 20 weeks pregnancy? **0** | 23 ATTENDANT AT BIRTH M.D, D.O. O.M. MIDWIFE, OTHER (Specify) **Orma Alicia Prado** |
| | 21 I hereby certify that this child was born alive on the date stated above | 22a ATTENDANT'S SIGNATURE **E. Marcado** | 22b ATTENDANT'S ADDRESS **Brownsville Texas78520** | | 22c DATE SIGNED **Feb-28-1984** |
| | 23a REGISTRAR'S FILE NO | 23b DATE RECEIVED BY LOCAL REGISTRAR **Mar-5-1984** | 24a SIGNATURE OF LOCAL REGISTRAR **Yolanda Ramos** | | |

FOR MEDICAL AND HEALTH USE ONLY (This Section MUST be completed)

| 23:06 P M | 13 | 7 | 24 WAS THE MOTHER MARRIED AT DELIVERY? **Yes** |

THE ORIGINAL BIRTH CERTIFICATE OF
**Ruben Prado**

AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-
VILLE, TEXAS VOLUME **89** PAGE **602**

**Yolanda Ramos** CITY SECRETARY.

**Marriage License**

No B 3933

RUBEN DARIO PRADO

AND

MARIA NORMA DE LEON

11-24-81

THE STATE OF TEXAS
COUNTY OF CAMERON

I, MIKE SHELDON, COUNTY CLERK IN AND FOR CAMERON COUNTY, TEXAS, DO HEREBY CERTIFY THAT THE FOREGOING IS A FULL, TRUE AND CORRECT COPY OF A MARRIAGE LICENSE TOGETHER WITH ITS RETURN THEREOF OF MR. **RUBEN DARIO PRADO** AND MISS **MARIA NORMA DE LEON** AS THE SAME APPEARS OF RECORD IN MY OFFICE IN VOLUME **96** PAGE **185** MARRIAGE LICENSE RECORD OF CAMERON COUNTY, TEXAS

TO CERTIFY WHICH, WITNESS MY HAND AND SEAL OF OFFICE, THIS THE **9** DAY OF **APRIL** A.D. 19 **84**

MIKE SHELDON, COUNTY CLERK
CAMERON COUNTY, TEXAS

BY _____ DEPUTY

MR & MRS RUBEN DARIO PRADO
425 AVE DEL SOL
BROWNSVILLE, TX 78520

CINDYANN GARZA

---

THIS LICENSE WILL BECOME INVALID AND OF NO EFFECT UNLESS THE MARRIAGE BE SOLEMNIZED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF THE MEDICAL EXAMINATION—EXCEPT WHEN REQUIREMENTS FOR MEDICAL EXAMINATIONS ARE WAIVED BY AN ORDER OF A COURT AS PROVIDED BY TITLE 1 OF THE FAMILY CODE, ACTS OF THE 61ST TEXAS LEGISLATURE, REGULAR SESSION 1969.

Date of medical examination of Male **RUBEN DARIO PRADO** **NOV. 4** 19 **81**

Date of medical examination of Female **MARIA NORMA DE LEON** **NOV 4** 19 **81**

Date of court ordering waiving requirements as to medical examination: _____ 19____

I HEREBY CERTIFY that provious to the issuance of this license there has been filed in my office the physician's certificate of medical examination of each applicant on the form as proposed by the Texas State Board of Health (or the sixteenth court order waiving the requirements as to medical examination), all as required by Title 1 of the Family Code, Acts of the 61st Texas Legislature, Regular Session 1969.

WITNESS my official signature this the **4** day of **NOVEMBER** A. D. 19 **81**

Letty Delgado
LETTY DELGADO

Joe G. Rivera
County Clerk




ISSUED BY
**TEXAS DEPT. OF PUBLIC SAFETY**
AUSTIN, TEXAS

**I. D. CARD**    IDENTIFICATION NUMBER
12148157

09  20  59    EXPIRES ON BIRTHDATE
1987
BRN  M  5 08    23413842060

**IDENTIFICATION CARD**

PRADO, RUBEN DARIO
425 AVENIDA DEL SOL
BROWNSVILLE        78520



**SOCIAL SECURITY**
VALID FOR WORK ONLY
WITH INS AUTHORIZATION
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
THIS NUMBER HAS BEEN ESTABLISHED FOR
NORMA A PRADO

SIGNATURE



**TEXAS**
DEPARTMENT OF PUBLIC SAFETY
IDENTIFICATION CARD

ID:   10383500
DOB: 09-04-62    HT: 5-02
EXPIRES: 09-04-01    EYES: BRN
DONOR: NO    SEX: F

PRADO, MARIA NORMA
375 MEDIA LUNA 1408
BROWNSVILLE TX 78521

# RECORD OF BIRTHS

TEXAS DEPARTMENT OF HEALTH
BUREAU OF VITAL STATISTICS
## CERTIFICATE OF BIRTH
STATE OF TEXAS

Form Title—Cive A—The Stork Co., Austin Okla. Januar, 1960. Ers. BofVs Form 11) (Tooke Jan. 1, 1960)

BIRTH NO.

**1. PLACE OF BIRTH**
a. COUNTY — Cameron

**2. USUAL RESIDENCE OF MOTHER (Where does mother live?)**
a. STATE — Texas
b. COUNTY — Cameron

b. CITY OR TOWN (If outside city limits, give precinct no.) — Brownsville, Texas

c. CITY OR TOWN (If outside city limits, give precinct no.) — Brownsville

c. NAME OF (if not in hospital, give street address) HOSPITAL OR INSTITUTION — 2464 Boca Chica Blvd.

d. STREET ADDRESS (if rural, give location) — 308 Cedar

d. IS PLACE OF BIRTH INSIDE CITY LIMITS? — YES ☒ NO ☐

e. IS RESIDENCE INSIDE CITY LIMITS? — YES ☒ NO ☐

f. IS RESIDENCE ON A FARM? — YES ☐ NO ☒

**CHILD**

3. NAME (Type or Print) — (a) First: Miguel  (b) Middle: Angel  (c) Last: Prado

4. DATE OF BIRTH — April 11, 1969

5. SEX — Male

5a. THIS BIRTH — SINGLE ☒  TWIN ☐  TRIPLET ☐

5b. IF TWIN OR TRIPLET, WAS CHILD BORN — 1st ☐  2nd ☐  3rd ☐

8. COLOR OR RACE — White

**FATHER**

7. NAME — (a) First: Dario  (b) Middle:  (c) Last: Prado

9. AGE (At time of this birth) — 39 YEARS

10. BIRTHPLACE (State or foreign country) — San Luis Potosi, Mexico

11. USUAL OCCUPATION — Labor

11a. KIND OF BUSINESS OR INDUSTRY — Trade Winds

13. COLOR OR RACE — White

**MOTHER**

12. MAIDEN NAME — (a) First: Everada  (b) Middle:  (c) Last: Rivera

14. AGE (At time of this birth) — 35 YEARS

15. BIRTHPLACE (State or foreign country) — San Luis Potosi, Mexico

16. CHILDREN PREVIOUSLY BORN TO THIS MOTHER (Do NOT include this child)
a. How many OTHER children are now living? — 3
b. How many OTHER children were born alive but are now dead? — 1
c. How many children were born dead (fetal deaths) after 20 weeks pregnancy?) — 1

17. INFORMANT — Mrs. Everada Prado

18. I hereby certify that this child was born alive on the date stated above — at 11:15 A. m.

19a. ATTENDANT'S SIGNATURE — Santiago Gonzalez M.D.

19b. ATTENDANT AT BIRTH — M.D. ☒  D.O. ☐  MIDWIFE ☐  OTHER ☐

19c. ATTENDANT'S ADDRESS — 2464 Boca Chica Blvd.

19d. DATE SIGNED — April 15, 1969

20a. DATE REC'D BY LOCAL REGISTRAR — 4-23-69

20b. REGISTRAR'S FILE NO. — 69-862

20c. REGISTRAR'S SIGNATURE — J.W. Sloss

**FOR MEDICAL AND HEALTH USE ONLY (This Section MUST be filled out)**

21. LEGITIMATE? — Yes

22. LENGTH OF PREGNANCY — COMPLETED WEEKS — 40

23. WEIGHT AT BIRTH — 6 LB. oz.

24. WAS EYE PROPHYLAXIS USED? — YES ☒  NO ☐

25. WAS SEROLOGIC TEST MADE? — YES ☒  NO ☐

26. WAS PRENATAL CARE GIVEN? IF YES, CIRCLE MONTH OF PREGNANCY OF FIRST VISIT FOR PRENATAL CARE — YES ☒  NO ☐ — 1  2  3  ( 4 )  5  6  7  8  9  10

27. CONGENITAL OR OTHER ABNORMALITY? IF YES, DESCRIBE. — NO ☒  YES ☐

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF A COPY OF
THE ORIGINAL BIRTH CERTIFICATE OF
Miguel Angel Prado
AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-
VILLE, TEXAS, VOLUME 53 PAGE 19
J.W. Sloss CITY SECRETARY, BY
County Clerk
Filed

THE UNITED STATES OF AMERICA

CERTIFICATE OF CITIZENSHIP

No. 21420119

THURUNGRAYUCDJ

Personal description of holder as of date of naturalization:

Date of birth: January 18, 1934

Sex: Female

Height: 5 feet 4 inches

Marital status: Married

Country of former nationality:

Mexico



INS Registration No. A10 815 884

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

Everda Prado
(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

Everada Prado

The Attorney General having found that:

at: Harlingen, Texas

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. District Court for the Southern District of Texas

at: McAllen, Texas                on:

that such person is admitted as a citizen of the United States of America.

Everda Prado

Commissioner of Immigration and Naturalization

IT IS PUNISHABLE BY U S LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

FORM N-550 REV. 6-91

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: Ruben Dario Prado - Rivera | DATE 4/30/02 |
| | FILE No. A34 586 508 |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s)

| NAME Same | [ ] Petitioner    [ ] Applicant |
| | [ ] Beneficiary    [ ] |
| ADDRESS (Apt. No.)    (Number & Street) 375 Media Luna Apt 1108 Brownsville, Tx 78521 | (City)    (State)    (ZIP Code) |
| NAME | [ ] Petitioner    [ ] Applicant |
| | [ ] Beneficiary    [ ] |
| ADDRESS (Apt. No.)    (Number & Street) | (City)    (State)    (ZIP Code) |

*Check Applicable Item(s) below:*

[X] 1.  I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

Texas _____ and am not under a
(Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

[ ] 2.  I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

[ ] 3.  I am associated with _____,
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

[ ] 4.  Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS |
| | REFUGIO DEL RIO GRANDE |
| | 17891 Landrum Park Road |
| | San Benito, Texas 78586 |
| NAME (Type or Print) Lisa S Brodyaga | TELEPHONE NUMBER (956)421-3226 |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: Lisa Brodyaga
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING Ruben Dario Prado Rivera. | DATE |

*(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)*

Form G–28
(Rev. 10–25–79)N                    (OVER)                    UNITED STATES DEPARTMENT OF JUSTICE
                                                            Immigration and Naturalization Service

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ISRAEL HERNANDEZ-LEIJA, et al      )
                                   )
v.                                 )      C.A. No.  01-206
                                   )
E.M. TROMINSKI, et al,             )
_____  )


ORDER GRANTING

OPPOSED MOTION OF RUBEN DARIO PRADO-RIVERA
TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION,
SEEKING A WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

Upon consideration of the opposed motion of Ruben Dario Prado-Rivera to be joined as a named Plaintiff in the instant action, the response of the Respondents, if any, and good cause appearing therefore, it is hereby:

**ORDERED** that said motion be, and the same hereby is, **GRANTED**.


**IT IS FURTHER ORDERED** that Ruben Dario Prado-Rivera be, and the same hereby is, joined as a named Plaintiff herein, and that the style of the case shall hereafter be as follows:

ISRAEL HERNANDEZ-LEIJA,              )
CARLOS OMAR CALVILLO-LOPEZ,          )
JORGE RIVERA-PULVIDA,                )
JOSE ANTONIO ESPARZA,                )
DIONICIO GRIMALDO-BARRIENTOS, and    )
RUBEN DARIO PRADO-rIVERA,            )
   In their own name and right,      )
   and on behalf of all others       )
   similarly situated,               )
                                     )
v.                                   )      C.A. No. B-01-206
                                     )
                                     )

```
E.M. TROMINSKI, INS DISTRICT         )
  DIRECTOR, and                      )
JOHN ASHCROFT, ATTORNEY              )
  GENERAL OF THE UNITED STATES.      ), and
```

**IT IS FURTHER ORDERED** that "Defendants/Respondents' Preliminary Opposition To Plaintiffs/Petitioners' Application For Temporary Restraining Order and Motion For Preliminary Injunction With Incorporated Points and Authorities" shall be considered equally applicable to Petitioner Prado.

**DONE** at Brownsville, Texas

this _____ day of _____, 2002.

_____

2