UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 2 2002

Michael N. Milby
Clerk of Court

ISRAEL HERNANDEZ-LEIJA, )
CARLOS OMAR CALVILLO-LOPEZ, )
JORGE RIVERA-PULVIDA, )
JOSE ANTONIO ESPARZA, and )
DIONICIO GRIMALDO-BARRIENTOS, )
  In their own name and right, )
  and on behalf of all others )
  similarly situated, )
  )
  )
v. )  C.A. No. B-01-206
  )
E.M. TROMINSKI, INS DISTRICT )
  DIRECTOR, and )
JOHN ASHCROFT, ATTORNEY )
  GENERAL OF THE UNITED STATES. )
  )

(OPPOSED) MOTION FOR CLASS CERTIFICATION,
WITH INCORPORATED POINTS AND AUTHORITIES IN SUPPORT THEREOF

The named petitioners, through the undersigned, request that this Honorable Court issue an Order, allowing the instant case to proceed as a class action, pursuant to F.R.Civ.Proc. Rule 23(b)(2), and in support thereof, would respectfully show as follows:

    I.  CLASS CERTIFICATION IS APPROPRIATE HEREIN

Petitioners seek to represent the class of all LPRs:
  (a)  who: (1) have sought or will seek admission at a port of entry within the geographical area encompassed by the Harlingen District of the Immigration and Naturalization Service, and (2) were at that time placed in removal proceedings as "arriving aliens" under 8 U.S.C. §§1101(a)(13)(C) and 1225(b)(2) and are still under such proceedings, or will then be placed in such proceedings; and

>    (3) were not then and have not subsequently been arrested on a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a), and
>    (4) have been, are, or will be either detained by Respondents pending their removal hearings under 8 U.S.C. §1225(b)(2)(A), or returned to Mexico to await their hearings, under 8 U.S.C. §1225(b)(2)(C), and
> (b) all such former LPRs whose removal orders are or may still be subject to some form of judicial review, either in habeas corpus, or through a petition for review.

*See*, First Amended Petition, at allegation number 51.

### A. THE INSTANT CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTICABLE.

Although Respondents have not yet answered the instant Petition,[1] it is urged that the fact that Petitioners satisfy the numerosity requirement is self-evident. 8 U.S.C. §1225(b)(2) applies to all LPRs in removal proceedings who are considered to be seeking admission, as that term is (negatively) defined by 8 U.S.C. §1101(a)(13)(C). It is now uncontested that such persons are not arrested "on a warrant issued by the Attorney General" and therefore cannot be paroled under 8 U.S.C. §1226(a)(2). Rather, they may be paroled only under 8 U.S.C. §1182(d)(5)(A).

Moreover, Petitioners also seek to represent future members of the class, making joinder impossible. *See, e.g., Pederson v. Louisiana State University*, 213 F.3d 858 (5th Cir. 2000) (Fact that proposed class includes unknown, unnamed future members, making joinder impractical, weighs in favor of certification).

---

[1] On or about January 24, 2002, Respondents filed a pleading captioned "Defendants/Respondents' Preliminary Opposition to Plaintiffs/Petitioners' Application for Temporary Restraining Order and Motion For Preliminary Injunction with Incorporated Points and Authorities." Although service was accomplished more than sixty days previously, Respondents have not filed a Return or Answer.

### B. THERE ARE QUESTIONS OF LAW COMMON TO THE CLASS.

One overriding question of law is presented herein, to wit, whether 8 U.S.C. §1182(d)(5)(A) and 8 C.F.R. §212.5(b) are being applied in a manner consistent with the rights of lawful permanent residents of the United States to Due Process of Law, and Equal Protection, when seeking readmission to the United States. This question, and the derivative issue of notice, and the claimed right to a hearing on parole requests made under §1182(d)(5)(A), are common to all putative class members.

### C. THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL OF THOSE OF THE CLASS.

The representative parties herein are all lawful permanent residents. They all have been held without being granted a bond hearing before an impartial adjudicator. Although some have subsequently been granted parole, they are subject to renewed detention by Respondents at virtually any time, and should this occur, still would need to be informed of the mechanics of requesting parole, and would not have access to a bond hearing. Consequently, the issues with respect to them are not moot.[2] Further, in the case of each named plaintiff, there is some reason to contest removability, or to assert that they are eligible for some form of relief. This is "typical" of class members.

### D. THE REPRESENTATIVE PARTIES WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.

Given their personal stake in the outcome, there is no reason to

---

[2] See, U.S. v. Brown, 250 F.3d 907,913,n.8 (5th Cir. 2001) (case not moot if challenged action is capable of repetition but evading review). See also, Sierra Club v. Glickman, 156 F.3d 606,620 (5th Cir. 1998) (the exception to the mootness doctrine that a controversy is capable of repetition but evading review "is designed to protect plaintiffs; it is not designed to protect defendants from the possibility of future lawsuits.")

believe that the named Petitioners will not fairly and adequately protect the interests of the class. Further, by virtue of their advocacy in other cases before this Honorable Court, this Court can take judicial notice of the fact that the undersigned counsel have the skills, resources, and inclination to vigorously prosecute the instant action on behalf of all putative class members.

## II. CERTIFICATE OF ATTEMPTED CONSULTATION

On May 13, 2002, the undersigned spoke with Lisa Putnam, SAUSA, who stated that she was not lead counsel, and that the undersgiend should confer with Ernesto Molina, Attorney, from the Office of Immigration Litigation in Washington, D.C. On May 13, 2002, the undersigned called Mr. Molina, and left a detailed message on his answering machine. To date, he has not returned her call. It must therefore be presumed that Respondents oppose the instant motion.

WHEREFORE, it is respectfully urged that the instant motion be granted, and that the class be so certified.

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney	Thelma O. Garcia, Attorney
17891 Landrum Park Road	301 E. Madison
San Benito, TX 78586	Harlingen, TX 78550
(956) 421-3226	(956) 425-3701
(956) 421-3423 (fax)	(956) 428-3731 (fax)
Fed. ID. 1178
Texas Bar 03052800

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with proposed Order, was mailed, first class postage prepaid, to Ernesto Molina, Attorney, OIL, P.O. Box 878, Ben Franklin Sta., Washington, D.C. 20044, on May 20, 2002.

4