United States District Court
Southern District of Texas
RECEIVED
Filed
MAY 28 2002

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al   )
                                )
                                )
v.                              )   C.A. No. 01-206
                                )
                                )
E.M. TROMINSKI, et al,          )
_____ )

**OPPOSED MOTION OF ANA PATRICIA CERDA-CARDENAS
TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION
AND TO CONSOLIDATE WITH HER INDIVIDUAL PETITION**

Ana Patricia Cerda-Cardenas ("Ms. Cerda"), through counsel, hereby files the instant, presumptively opposed motion, to be joined as a named Plaintiff in the instant action, seeking Writs of Habeas Corpus, and Class Action Complaint for Declaratory and Injunctive Relief. Petitioner would note that she is already a member of the putative class herein, which class has not yet been certified, and that no Answer has yet been filed herein, such that joinder and consolidation will not greatly inconvenience the Parties, or the Court. However, since Respondents therein are claiming that the "notice" claims are moot if counsel has advised the Petitioner of the existence of parole before the action is filed, a habeas petition was separately filed, before such advisals were given. *See, Cerda-Cardenas v. Trominski et al*, C.A. B-02-109 . She therefore also seeks that the actions be consolidated.

I. **JURISDICTION AND VENUE**

1. Jurisdiction herein is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgment Act).

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices.

Further, Petitioner is currently detained by Respondents at the Port Isabel Service Processing Center, ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. Petitioner Ana Patricia Cerda-Cardenas is a native and citizen of Mexico, and lawful permanent resident of the United States, ("LPR"). She is currently detained by Respondents, without bond, at PISPC, as an "arriving alien," allegedly pursuant to the authority of 8 U.S.C. §1101(a)(13)(C). Petitioners' Exhibit L, herein incorporated by reference.

## III. THE FACTS

4. Petitioner Cerda is a lawful permanent resident, who was admitted in about 1984, at the age of two or three years. *Id.*

5. Petitioner Cerda was admitted as a toddler, with her entire family. Her mother has since passed away, but her father and siblings are still here. They reside at 1929 Hackberry, in McAllen Texas, where they have been for about four or five years. *Id.*

6. Petitioner Cerda has never before had any problems with the law, and was working as a cashier, when the incident occurred which led to her detention, on or about May 3, 2002. She was returning from a brief, casual, and innocent trip to Mexico. A friend had lent her his car. He told her to put gas in it, because it was almost empty, and that when she got to the other side, she would be reimbursed. She had no idea that the vehicle was carrying contraband, and would not have gotten involved if she had been even the least bit suspicious. However, when she reached the bridge, marijuana was discovered in the vehicle, and she was detained, and sent to the detention center at PISPC. *Id.*

7. The Agents at the bridge were so rough with her that she still has a painful lump on her hand, where she was injured during their attempt to get her to "admit" that she knew the drugs were there. No criminal charges were filed, but Respondents are still detaining her. She asserts that she is innocent, and believes that she should be released. But the INS detention guards have told her that if she tries to fight her case, they will file federal criminal charges against her. They told her that she would spend ten years in prison, and that after that, would be deported anyway, so there is no point in trying to defend herself. *Id.*

8. Ms. Cerda wanted to pursue her legal remedies, in an attempt to retain her status as a lawful permanent resident, but had concluded that this was hopeless. No-one ever explained to her that there exists any process by which she could request a bond, or that such a thing as "parole" existed. To the contrary, she has been told that she is not eligible for a bond, and believing that, has not made any written applications for release.[1] In fact, she has never seen her deportation officer. *Id.*

9. Ms. Cerda had wanted to talk to her deportation officer, because she wanted to see if there was some way she could get her deportation more quickly, since she believed that was going to be deported anyway. But she never got the chance to do so. *Id.*

10. Ms. Cerda has been told that she has a hearing with Immigration Judge Ayala, on Wednesday, May 29, 2002. Depending on

---

[1] *See, Goonsuwan v. Ashcroft*, 252 F.3d 383,389 (5th Cir. 2001) ("Even when exhaustion is a jurisdictional bar, this Court recognizes an exception 'when administrative remedies are inadequate.'"). Mr. Gonzalez has also made a second request for a hearing with the Immigration Judge, based on the ever accumulating court decisions that §1226(c) is unconstitutional as applied to LPRs, but there has, as yet, been no ruling on said request.

what he tells her, she indicated that she may go ahead and sign her deportation.  She is desperate, and scared, as she believes INS' threats, that they will prosecute her in federal court, and that she will go to jail for ten years.  *Id.*

11.  The undersigned has tried to tell her that this is an empty threat, but that is difficult for her to believe, given everything that she have been told at PISPC by INS.  Since she believes that it is INS who has the ability to do file such charges, it is hard for her not to believe what they tell her.  *Id.*

### IV. THE CAUSES OF ACTION
#### A. HABEAS CORPUS

Petitioner asserts that her detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

She therefore requests that her habeas petition be granted, and that preliminary and permanent injunctions issue, requiring that Respondents: 1) advise her of the existence of parole; [2]  2) grant her a prompt hearing before an Immigration Judge at which she may request parole, and 3) that at said hearing her entitlement to parole under 8 U.S.C. §1182(d)(5)(A), with or without bond, be adjudicated on the basis of whether she presents a flight risk, or constitutes a threat or danger to the community.

#### B. DECLARATORY JUDGMENT

Petitioner seeks a Declaratory Judgment, declaring that, as applied

---

[2] Given Respondents' position that a case is "moot" if the LPR has been informed of parole prior to filing her petition, the undersigned has not yet advised Ms. Cerda of the existence of this remedy, and will do so only after the instant petition is filed.

4

to LPRs detained as "arriving aliens" pending removal proceedings, the lack of any entitlement to a hearing on their requests for parole under 1182(d)(5)(A), (with or without a bond), and notice of the procedures for requesting same, violate the Due Process Clause. Furthermore, because Petitioner is an LPR, she asserts that she has a fundamental right to re-unite with his family within the United States, and a fundamental liberty interest in being able to seek bond while awaiting removal proceedings to determine whether she will be allowed to stay in the United States, or whether a final order of removal will be entered against her which then, and only then, would terminate her status as an LPR.

Petitioner also seeks a Declaratory Judgment, declaring that for Respondents to lawfully detain her, they must show significant special justification that her civil detention would be justified, in light of her status as LPR physically detained within the U.S.

### C. INJUNCTIVE RELIEF

Petitioner further seeks preliminary and permanent injunctions, restraining and enjoining Respondents from not affording her a parole hearing before an Immigration Judge, at which her entitlement to parole, with or without bond, during removal proceedings is determined on the basis of whether she is a flight risk, or constitutes a threat or danger to the community.

### D. EQUAL PROTECTION

Petitioner would note that the relief requested is very similar to that which has been requested in *Reyna-Montoya et al v. Trominski et al*, CA B-02-026, and which has been ordered by the Tenth, Ninth, and Third Circuits, in *Hoang v. Comfort*, 282 F.3d 1247 (10th Cir. 2002); *Kim v. Ziglar*, 276 F.3d 523 (9th Cir. 2002), and *Patel v. Zemski*, 275 F.3d 299 (3rd Cir. 2001), and has also been granted by countless United States District Courts, including, very recently,

the Northern District of Texas, in *Serrano v. Estrada,* No. 3-010CV-1916-M (N.D.Tx. April 19, 2002). Petitioner Cerda asserts that it violates Equal Protection to grant bond hearings to otherwise similarly situated LPRs who were detained within the U.S., while denying it to those detained at a port of entry, following a brief, innocent, and casual visit to Mexico. She therefore prays that this Honorable Court will follow these decisions and find that it is unconstitutional to detain LPRs as "arriving aliens," within the meaning of 8 U.S.C. §1101(a)(13)(C), without providing them with notice of the availability of parole under 8 U.S.C. §1182(d)(5)(A), and providing a hearing on their requests for parole, with or without a bond, utilizing the criteria of 8 C.F.R. §212.5(c), as a guide to determining whether they constitute a danger to the community, or present a flight risk.

### E. OTHER AND FURTHER RELIEF

Finally, Petitioner seeks such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

### V. CERTIFICATE OF CONSULTATION

On at approximately 8:15 am, on May 28, 2002, the undersigned attempted to call Mr. Molina. She left a message on his answering machine, requesting that he call to advise whether or not he would oppose the joinder of Mr. Cerda as a named Plaintiff herein. As of the preparation of the instant motion, Mr. Molina had not returned her call. It is therefore presumed that he opposes the motion.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison

6

San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID.  1178
Texas Bar 03052800

Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing with Exhibit L and proposed order, was mailed to Ernesto Molina, Attorney, OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044, on this 28th day of May, 2002.

_____

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al   )
                                )
                                )
v.                              )      C.A. No.   01-206
                                )
                                )
E.M. TROMINSKI, et al,          )
_____ )

EXHIBIT "L" IN SUPPORT OF

OPPOSED MOTION OF ANA PATRICIA CERDA-CARDENAS
TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION
AND TO CONSOLIDATE WITH HER INDIVIDUAL PETITION

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al   )
                                )
                                )
v.                              )   C.A. No.  01-206
                                )
                                )
E.M. TROMINSKI, et al.          )
_____)

**DECLARATION IN SUPPORT OF OPPOSED MOTION OF PUTATIVE CLASS MEMBER
TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION,
SEEKING A WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

I, Ana Patricia Cerda-Cardenas, A44 344 250, hereby declare under penalty of perjury as follows:

I am a lawful permanent resident of the United States, having been admitted in approximately 1984, at the age of about two or three years. I have extensive family members and other equities in the United States, including the following:

I was admitted as a toddler, with my entire family. My mother has since passed away, but my father and all my siblings are still here. We live at 1929 Hackberry, in McAllen Texas, where we have been for about four or five years. I have never before had any problems with the law, and was working as a cashier, when the incident occurred which led to my detention.

I was detained by INS on May 3, 2002. I was returning from a brief, casual, and innocent trip to Mexico. A friend had lent me his car. He told me to put gas in it, because it was almost empty, and that when I got to the other side, I would be reimbursed. I had no idea that the vehicle was carrying contraband, and would not have gotten involved if I had been even the least bit suspicious. However, when I reached the bridge, they discovered marijuana, and I was

detained, and sent to the detention center near Los Fresnos. They were so rough with me that I still have a painful lump on my hand, where I was injured during their attempt to get me to "admit" that I knew the drugs were there. I never did admit it, because I was innocent. No criminal charges were filed against me, but they are still detaining me. I am innocent, and believe that I should be released. But the "green guards" have scoffed at me, telling me that if I try to fight my case, they will put federal criminal charges against me. They say that I will be in prison for ten years, and that after that, I will be deported anyway, so there is no point in trying to defend myself.

I wanted to pursue my legal remedies, in an attempt to retain my status as a lawful permanent resident, but had concluded that this was hopeless. No-one ever explained to me that there exists any process by which I could request a bond. To the contrary, I have been told that I am not eligible for a bond, and believing that, have not made any written applications for release. In fact, I have never seen the person who is supposed to be my deportation officer. I wanted to talk to her, because I wanted to see if there was some way I could get my deportation more quickly, since I was going to be deported anyway. But I never got the chance to do so.

I have been told that I have a hearing with Immigration Judge Ayala, on Wednesday, May 29, 2002. Depending on what he tells me, I may go ahead and sign my deportation. I am desperate, and scared, as I believe INS' threats, that they will prosecute me in federal court, and that I will go to jail for ten years. Ms. Brodyaga has tried to tell me that this is an empty threat, but that is hard to believe, given everything that I have been told here by INS. Since they are the ones who can do it, it is hard not to believe what they say.

The foregoing was explained to me in the English language, by

2

Attorney Lisa S. Brodyaga, and is true and correct to the best of my knowledge and belief.

_____
Patty Ciola
May 27, 2002