United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUN 1 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISRAEL HERNANDEZ-LEIJA, et al ) | |
| ) | |
| v.                              ) | C.A. B-01-206 |
| ) | |
| E.M. TROMINSKI, et al,          ) | |
| _____ ) | |
| | |
| and | |
| | |
| ANA PATRICIA CERDA-CARDENAS,    ) | |
| ) | |
| v.                              ) | C.A. B-02-109 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT    ) | |
|   DIRECTOR, AND                 ) | |
| JOHN ASHCROFT, U.S. ATTORNEY GENERAL. ) | |
| _____ ) | |

**PETITIONERS' SUPPLEMENT TO OPPOSED MOTION OF
ANA PATRICIA CERDA-CARDENAS TO BE JOINED AS A NAMED PLAINTIFF IN
HERNANDEZ-LEIJA, AND TO CONSOLIDATE THE TWO ACTIONS.**

Petitioners in both actions, through counsel, hereby file the instant supplement to their opposed motion, seeking to join Petitioner Cerda as a named Plaintiff in *Hernandez-Leija*, and requesting that the two actions be consolidated.

Petitioner Cerda would note that she is already a member of the putative class in *Hernandez-Leija*, which class has not yet been certified, and that no Answer or Return has yet been filed in either action. Therefore joinder and consolidation will not greatly inconvenience the Parties, or the Court. However, since Respondents in *Hernandez-Leija* are claiming that the "notice" claims are moot once counsel has advised the Petitioner of the existence of parole before the action is filed, a habeas petition was separately filed on behalf of Ms. Cerda, before such advisals were given, and before a request for parole was made on her behalf.

After said petition was filed, the undersigned filed a request for parole on Ms. Cerda's behalf. Said request was granted, and on Friday, June 7, 2002, she posted bond and was released. As a result, joinder of Ms. Cerda will no longer accomplish the objective of including a petitioner who had not learned of the existence of "parole" prior to being made a party, unless her individual petition is also consolidated with the *Hernandez-Leija* action. And although the undersigned considers that Respondents' position that the notice claim is moot with respect to the named Petitioners is incorrect, Petitioners also consider that the best means of disposing of said claim is to consolidate the two actions, and to allow Ms. Cerda to proceed as named Plaintiff on behalf of the putative class with respect to the notice claim.[1]

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing, with proposed Order, was mailed to Ernesto Molina, Attorney, OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044, on this 8th day of June, 2002.

---

[1] Although Respondents formulate the issue as mootness, it is more accurately a question of standing. Ms. Cerda had no knowledge of parole when her petition was filed, so she has standing to raise the issue. It is not moot, because she could encounter the same problem in the future, when counsel was not available to request parole on her behalf, or explain how to make such a request.