24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 12 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISREAL HERNANDEZ-LEIJA, et al., | ) ) ) |
| Plaintiffs/Petitioners, | ) ) |
| v. | ) ) No. B-01-206 ) |
| E.M. Trominski, et al., | ) ) |
| Defendants/Respondents. | ) ) ) |

## DEFENDANTS/RESPONDENTS' OPPOSITION TO *PLAINTIFFS/PETITIONERS' (OPPOSED) MOTION FOR CLASS CERTIFICATION, WITH INCORPORATED POINTS AND AUTHORITIES IN SUPPORT THEREOF* AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendants/Respondents E.M. Trominski and John Ashcroft (collectively referred to as "Defendants") hereby oppose Plaintiffs/Petitioners' *(Opposed) Motion for Class Certification, with Incorporated Points and Authorities in Support Thereof* ("Class Motion").

### BACKGROUND

### A.    Factual Background

Plaintiffs/Petitioners Israel Hernandez-Leija ("Hernandez"), Carlos Omar Calvillo-Lopez ("Calvillo"), Jorge Rivera-Pulvida ("Rivera"), Jose Antonio Esparza ("Esparza"), Dionicio Grimaldo-Barrientos ("Grimaldo"), Ruben Prado-Rivera ("Prado"), and Ana Patricia Cerda-Cardenas ("Cerda")[1] (collectively referred to as

---

[1]    Since the initiation of this lawsuit, Plaintiffs have
(continued...)

"Plaintiffs") are nationals and citizens of Mexico.  First
Amended Petition for Writ of Habeas Corpus and Class Action
Complaint for Declaratory and Injunctive Relief ("First Amended
Complaint") at ¶¶ 3-7; Prado's Motion at ¶ 3; Cerda's Motion at
¶ 3.  Plaintiffs allege that they individually made trips into
Mexico, that they were inspected upon their return to the United
States, and that they were detained and placed into proceedings
as arriving aliens who were inadmissible.  First Amended
Complaint at ¶ 11 (Hernandez), ¶ 17 (Calvillo), ¶ 25 (Rivera), ¶
30 (Esparza), & ¶ 37 (Grimaldo); Prado's Motion at ¶ 6; Cerda's
Complaint at ¶ 6.  With the exception of Prado, Plaintiffs allege
that they were never given any form of notice regarding the
availability of parole.  First Amended Complaint at ¶¶ 13, 19,
27, 32, 39; Cerda's Motion at 4.  With the exception of Cerda,
Plaintiffs admit that upon consulting an attorney, they learned

---

[1](...continued)
sought to add Prado and Cerda as named plaintiffs.  See
Plaintiffs Unopposed Motion of Ruben Dario Prado-Rivera ("Prado's
Motion"); Opposed Motion of Ana Patricia Cerda-Cardenas to Be
Joined as a Named Plaintiff in the Instant Action and to
Consolidate with Her Individual Petition ("Cerda's Motion").
Prado and Cerda raise some the same claims raised by the other
named plaintiffs, except that Prado does not allege to have never
received notice of the availability of parole and both Cerda and
Prado raise an equal protection claim not raised by the other
plaintiffs.  See Prado's Motion at 5; Cerda's Motion at 5.
However, the Court has not acted on those motions.  For
completeness sake, and without waving any opposition to their
addition as plaintiffs, the instant motion will address Prado's
and Cerda's facts as they relate to the claims raised by the
other plaintiffs.

of parole and did apply for it.  First Amended Complaint at ¶¶
13, 19, 27, 32, 39; Plaintiffs' Exhibit J (accompanying Prado's
Motion).  Subsequently, Esparza, Calvillo, and Rivera were
granted parole.  See Plaintiffs' Exhibit F (Esparza);
Government's Exhibit 1 (Calvillo); Government's Exhibit 2
(Rivera).

   **B.  First Amended Complaint**

   Plaintiffs' First Amended Complaint raises the following
claims: (1) Claim 1 alleges that Plaintiffs are entitled to a
prompt hearing before an immigration judge and consideration for
parole under INA § 236(a); Claim 2 alleges that Plaintiffs are
entitled to a declaratory judgment finding a violation of
statutes, the Constitution and treaties where they are not
advised of the possibility of parole under INA § 212(d)(5), where
they are not given prompt hearings before immigration judges, and
where they are not afforded procedures given to lawful permanent
residents who never leave the country; Claim 3 requests
injunctive relief requiring the personal notification of the
availability of parole under INA § 212(d)(5), requiring a hearing
before an immigration judge, and requiring the treatment afforded
to non-arriving lawful permanent residents under INA § 236(a);
and Claim 4 seeks other relief.  First Amended Complaint at 14-
18.  Reframed to avoid overlapping claims, Plaintiffs essentially
raise two claims:  (1) that they are entitled as a matter of due

process to specific notice of the availability of parole; and (2)
that they are entitled as a matter of due process to a hearing
before an "impartial adjudicator," i.e., an immigration judge, as
opposed to the District Director, on their applications for
parole.[2]          C.    **Class Allegations**

Plaintiffs seek to represent the class of all aliens
admitted for lawful permanent residence:

> (a)  who: (1) have sought or will seek admission at a
> port of entry within the geographical area
> encompassed by the Harlingen District of the
> Immigration and Naturalization Service, and (2)
> were at that time placed in removal proceedings as
> "arriving aliens under 8 U.S.C. §§ 1101(a)(13)(C)
> and 1225(b)(2) and are still under such
> proceedings, or will then be placed in such
> proceedings; and (3) were not then and have not
> subsequently been arrested on a warrant issued by
> the Attorney General, within the meaning of 8
> U.S.C. § 1226(a), and (4) have been, are, or will
> be either detained by [Defendants] pending their
> removal hearings under 8 U.S.C. § 1225(b)(2)(A),
> or returned to Mexico to await their hearings,
> under 8 U.S.C. § 1225(b)(2)(C), and
> (b)  all such former [lawful permanent resident aliens]
> whose removal orders are or may still be subject

---

[2]  In their motion for a preliminary injunction, Plaintiffs
appear to seek the adjudication of a third issue:  that the INS
allegedly deprives them of due process by confiscating lawfully
issued documents (such as driver's licenses, Social Security
cards, foreign passports), by failing to return such documents
when they are no longer needed as evidence, and by failing to
keep an accurate and detailed inventory and chain of custody for
all personal property seized from lawful permanent resident
aliens.  See Application for Temporary Restraining Order and
Motion for Preliminary Injunction with Incorporated Points and
Authorities ("TRO Motion") at 16-17.  However, that claim is not
raised in the First Amended Complaint and is not properly before
the Court.

to some form of judicial review, either in habeas
corpus, or through a petition for review.

First Amended Complaint at § 51; Class Motion at 1-2.

In justifying the class action status under Fed. R. Civ. P.
23(a), Plaintiffs allege that the class is so numerous as to make
joinder impracticable because they seek to represent "future"
members of the class. Class Motion at 2. Plaintiffs suggest
that common questions of law – namely, the application of 8
U.S.C. § 1182(d)(5)(A), 8 C.F.R. § 212.5(b), due process and
equal protection – apply to all the members of the class. Class
Motion at 3. Plaintiffs urge that their claims are
representative and typical of the class because they have all
been held without being granted a bond hearing before an
impartial adjudicator and those who have been released are
subject to renewed detention. Class Motion at 3. Finally,
Plaintiffs claim that they will adequately represent the
interests of the class because of their personal stakes in the
litigation. Plaintiffs further claim that the Court can take
judicial notice of counsels' skills, resources, and inclination
to vigorously prosecute the instant action on behalf of all
putative class members.

///

///

///

5

## DISCUSSION

### I.    THE COURT LACKS AUTHORITY TO CERTIFY A CLASS IN THE INSTANT CASE

The Court lacks authority to certify the proposed class in the instant case, particularly where Plaintiffs seek to enjoin the detention of aliens arriving illegally in the United States. In the instant case, Plaintiffs seek injunctive relief against their further detention and the detention of the proposed class. Complaint at 23; Class Memorandum at 2.  They also seek injunctive relief regarding the operation of release procedures in the context of removal proceedings and expedited removal proceedings.  Complaint at 23.  However, the Court lacks the authority to do so.

In 1996, Congress amended the Immigration and Nationality Act ("INA") in several important ways.  One such amendment was INA § 242(f)(1), which provides:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of chapter 4 of title II [8 U.S.C. §§ 1221-1231], as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such chapter have been initiated.

8 U.S.C. § 1252(f)(1) (Supp. 1997).  "By its plain terms. . . that provision is nothing more or less than a limit on injunctive relief.  It prohibits federal courts from granting classwide

6

injunctive relief against the operation of [8 U.S.C. §§ 1221-1231 (Supp. 1997)], but specifies that this ban does not extend to individual cases." <u>Reno v. American-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 481-82 (1999) ("AADC"). INA § 242(f)(1) applies to all cases where proceedings were commenced on or after April 1, 1997. <u>Id</u>. at 477; <u>see</u> <u>also</u> IIRIRA §§ 306(c)(1) & 309(a).

Plaintiffs and the proposed class are, and always have been, detained pursuant to the operation of INA § 235, 8 U.S.C. § 1225. Specifically, when the Plaintiffs and the proposed class were originally detained, they were detained pending inspection. 8 U.S.C. § 1225(a)(3) (Supp. 1997).

Plaintiffs, however, seek to enjoin the authority of the INS to detain them and the proposed class. First Amended Complaint at 14-16. That would constitute an injunction against the operation of INA § 235. Accordingly, the Court lacks the jurisdiction to enter any such class wide relief and therefore to certify a class for such purpose.

Moreover, Plaintiffs seek injunctive relief regarding the release from the detention authority provided by INA § 235. In particular, they want an injunction requiring hearings before an immigration judge as opposed to the district director. First Amended Complaint at 14. Plaintiffs seek injunctive relief requiring procedures never contemplated or required by Congress

in the context of INA § 235.  A class-wide injunction in that context is improper.  <u>AADC</u>, 525 U.S. at 481-82.

## II.  THE COURT SHOULD DENY THE MOTION FOR CLASS CERTIFICATION

### A.  Burden Of Proof

In order to obtain class certification under Federal Rule of Civil Procedure 23(a), the following four factors must be met: "(1) the class is so numerous that joinder of all members is impracticable [numerosity], (2) there are questions of law or fact common to the class [commonality], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality], and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy of representation]."  Fed. R. Civ. P. 23(a) (brackets added).  In addition to these requirements, a court must find that the class also satisfies at least one requirement of Rule 23(b).  <u>Stirman v. Exxon Corp.</u>, 280 F.3d 554, 559 (5th Cir. 2002).

The burden of proof falls squarely on the movant.  <u>Stirman</u>, 280 F.3d at 562.  "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class."  <u>Stirman</u>, 280 F.3d at 561, <u>quoting</u> <u>Castano v. American Tobacco Co.</u>, 84 F.3d 734, 740 (5th Cir. 1996).  Satisfaction of the requirements cannot be presumed.  <u>Berger v. Compaq Computer Corp.</u>, 257 F.3d 475, 481 (2001).

8

B.    **The Plaintiffs And Proposed Class Lack The Requisite
      "Nexus" For Commonality And Typicality**

Plaintiffs fail meet the requirements of commonality and

typicality.

> The requirements of commonality, typicality and
> adequacy of representation tend to merge. General
> Telephone Co. v. Falcon, 457 U.S. 147, 157 n.13, 102 S.
> Ct. 2364, 2370 n. 13, 72 L. Ed.2d 740 (1982).
> Commonality and typicality represent the "nexus"
> necessary between class representatives and class
> members.

Washington v. Brown & Williamson Tobacco, 959 F.2d 1566, 1569 n.8

(11th Cir. 1992).

> Traditionally, commonality refers to the group
> characteristics of the class as a whole, while
> typicality refers to the individual
> characteristics of the of the named plaintiff in
> relation to the class.

Piazza v. Ebsco Industries, 273 F.3d 1341, 1346 (11th Cir. 2001).

1.    **The plaintiff class fail to satisfy the
      commonality test because aliens subject to a final
      order of deportation fall under a different form
      of detention**

Plaintiffs' class does not satisfy the commonality of issues

requirement for class certification.  Plaintiffs assert that the

application of 8 U.S.C. § 1182(d)(5)(A), 8 C.F.R. § 212.5(b), due

process, and equal protection are common to all the plaintiff

class.  Class Motion at 3.  Plaintiffs misapprehend the legal

landscape.

Plaintiffs purport to represent "all such former lawful

permanent resident aliens whose removal orders are or may still

be subject to some form of judicial review, either in habeas corpus, or through a petition for review." Class Motion at 2. Put another way, Plaintiffs wish to also seek to represent aliens with final orders of removal. However, such aliens are subject to entirely different procedures. First, once an alien has a final order of removal, they are no longer subject to detention under INA §§ 235 or 236. Rather, such aliens are detained under INA § 241(a), 8 U.S.C. § 1231(a) (Supp. 1997). Under INA § 241(a), an alien must be detained for 90 days after the entry of a final order of removal. 8 U.S.C. § 1231(a)(1)(A) & (a)(2) (Supp. 1997); 8 C.F.R. § 241.3 (2002). After ninety days, the Attorney General may continue to detain certain types of criminal aliens. 8 U.S.C. § 1231(a)(6) (Supp. 1997). However, such aliens may seek release from the district director. 8 C.F.R. § 241.4(c).

This event has a dramatic effect on the instant litigation. For example, the alien's equal protection challenge is altogether removed. All aliens subject to detention under INA § 241(a) may seek release only from the district director. Thus, the nature of the equal protection issue changes. Such aliens no longer can allege that other similarly situated aliens are given a hearing before a different adjudicator. Accordingly, there is no

commonality of issues, and class certification would be improper.[3]

> ### 2.    Plaintiffs' claims are not typical of the class

Plaintiffs claims are not typical of the class.  First, Plaintiffs cannot represent the class on the issue of notice because each Plaintiff has received notice of the availability of parole and applying for parole.  See First Amended Complaint at ¶ 13 (Hernandez admits his attorney informed him); ¶ 19 (Calvillo admits his attorney informed him); ¶ 27 (Rivera admits same); ¶ 32 (Esparza admits learning of parole); ¶ 39 (Grimaldo admits his attorney informed him); Prado's Motion ¶ 8 (admitting he applied for parole).[4]  The propriety of class is assessed at the time the

---

[3]    Such aliens would also have an entirely different due process interest.  The Supreme Court has held that a former lawful permanent resident alien at the border may be detained indefinitely pending expulsion from the United States. Shaughnessy v. United States, ex. rel. Mezei, 345 U.S. 206, 215 (1953).  The Supreme Court has interpreted INA § 241(a)(6) to mean that a deportable alien may be detained only so long as his detention is possible in the reasonably foreseeable future. Zadvydas v. Davis, 533 U.S. 678, 700-01 (2001).  The Supreme Court indicated that detention for up to 180 days was presumptively reasonable.  Id.  However, the Supreme Court reaffirmed that Mezei remains good law.  Id. at 693, 695.  As in Mezei, former lawful permanent resident aliens who are held "at the border" - such as the proposed class - have no cognizable due process interest in entering the United States.

[4]    The only person who is unaware of parole is Movant Cerda-Cardenas.  However, her participation in the instant litigation is troublesome insofar as she appears to be wholly unaware of this litigation, and no party with proper standing represents her interest.  See Cerda-Cardenas Motion at 4.

Court certifies class. Accordingly, their claims are not typical
of the class, and the Court should deny the Class Motion.

>    **3.   The plaintiff class is over-broad because it includes
>          aliens with moot or unripe claims**

The Court should also deny the Class Motion because the

class is over-broad and includes aliens who have not been denied

parole or who have been granted parole.

In <u>Tefel v. Reno</u>, the Eleventh Circuit addressed a class

which consisted of:

>    All individuals within the states of Georgia,
>    Alabama and Florida who have been or will be
>    denied suspension of deportation as a result of
>    the BIA's decision to apply the transitional rule
>    of § 309(c)(5) of [IIRIRA] retroactively to
>    persons who have sought or are seeking suspension
>    of deportation.

<u>Tefel v. Reno</u>, 180 F.3d 1286, 1291 (11th Cir. 1999), <u>cert. denied</u>

530 U.S. 1228 (2000). The district court had certified the

class. <u>Id.</u> at 1290. The Eleventh Circuit's initial difficulty

with the propriety of class certification was based on its

determination that "the class appears to be overly broad." <u>Tefel</u>

180 F.3d at 1304. The Eleventh Circuit stated: "As defined, the

class includes aliens who had applied for but been denied

suspension of deportation and aliens who have never applied for

suspension." <u>Id</u>. The class was too broadly defined since it

included "aliens without claims that are ripe for resolution."

<u>Id.</u>, <u>quoting</u> <u>Reno v. Catholic Social Servs., Inc.</u>, 509 U.S. 43,

58-59 (1993), and Catholic Social Serv., Inc. v. INS, 182 F.3d
1053 (9th Cir. 1999).

The instant class is similarly over-broad in that it
includes aliens with moot or unripe claims. The present proposed
class does not distinguish between aliens who are denied parole
by the district director (aliens with ripe but not moot claims),
aliens who are granted parole by the district director (aliens
whose claims have ripened but whose claims are moot or aliens who
lack standing to raise the claim), and aliens who are awaiting
district director adjudication of their requests for parole
(aliens whose claims are not ripe or who lack standing). Indeed,
there is no requirement that the alien ever request parole to be
included in the class. The claims of this latter group of aliens
are not ripe for resolution. Tefel, 180 F.3d at 1304, citing
Reno v. Catholic Social Services, 509 U.S. 43, 58-59 (1993). The
inclusion of such aliens is improper, and the class should not be
certified. Tefel, 180 F.3d at 1304.

> **4. Plaintiffs fail to satisfy commonality and
> typicality with respect to aliens allowed to
> return to Mexico pending proceedings**

Plaintiffs lack commonality and typicality with respect to
aliens who are returned to Mexico pending removal proceedings.
In order to represent a class, a plaintiff must have the
requisite standing to represent a person within the class. See
Lewis v. Casey, 518 U.S. 343, 357-58 (1996). Put another way,

13

Plaintiffs cannot represent persons in different circumstances or factual positions than their own.

Here, named plaintiffs seek to represent the claims of aliens who are returned to Mexico.  Class Motion at 2.  However, none of the named plaintiffs are in that circumstance.  Thus, class certification would be improper.[5]

### 5.    Cerda lacks a ripe claim or standing regarding due process or whether equal protection is offended

Cerda lacks standing or has an unripe claim and cannot represent the class regarding whether an independent adjudicator is required by due process or equal protection.  In order to represent the class, the representative must have a ripe claim or have an injury.  See Lewis, 518 U.S. at 357-58.

Cerda, however, does not allege to have ever applied for parole.  Thus, she has not received an injury as the result of not having an independent adjudicator, whether required by due process or equal protection.  Lewis, 518 U.S. at 357-18.

Moreover, Cerda's claims are not ripe for adjudication. Abbott Laboratories v. Gardner, 387 U.S. 136, 148  (1967).  In particular, courts are reluctant to apply injunctive relief and declaratory judgment "unless the administrative action challenged [has] been 'felt in a concrete way by the challenging parties.'"

---

[5]  Moreover, class certification would be improper because aliens who are returned to Mexico are part of the class in a different case.  See Loa-Herrera v. Trominski, 231 F.3d 984, 986 (5th Cir. 2000).

Reno v. Catholic Social Services, 509 U.S. 43, 57 (1993).
(citation omitted) ("CSS").  Ripeness involves a two-part test:
(1) the fitness of the issues for judicial consideration; and (2)
the hardship to the parties of withholding court consideration.
Abbott Laboratories, 387 U.S. at 148.

    In the instant case, the issues are not fit for judicial
review because there have been no final administrative actions.
Abbott Laboratories, 387 U.S. at 149.  Moreover, there is no
hardship to Cerda in requiring her to apply for parole first,
because it is quite possible she may obtain parole, just as three
plaintiffs already have.  See Plaintiffs' Exhibit F (Esparza);
Government's Exhibit 1 (Calvillo); Government's Exhibit 2
(Rivera).  Thus, she cannot properly represent the class.

    **C.   The Proposed Class Is Not So Numerous As To Make
           Joinder Impractical**

    Plaintiffs fail to meet their burden of proof that the
potential class is so numerous that joinder would be
impracticable.  "[A] plaintiff must ordinarily demonstrate some
evidence or reasonable estimate of the number of purported class
members."  Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d
1030, 10389 (5th Cir. 1981).  "[T]he 'mere allegation that the
class is too numerous to make joinder practicable,' . . . by
itself, is insufficient."  Pederson v. Louisiana State
University, 213 F.3d 858, 868 (5th Cir. 2000), quoting Fleming v.
Travenol Laboratories, Inc., 707 F.2d 829, 833 (5th Cir. 1983).

Plaintiffs make no effort whatsoever to demonstrate the potential size of the class. Rather, Plaintiffs merely assert that it is "self-evident" that numerosity is satisfied because there are "future" class members. Class Motion at 2. In support of their suggestion, they cite Pederson. Their reliance is misplaced.

In Pederson, eight plaintiffs purported to represent the class of

> Those female students enrolled at LSU since 1993 and any time thereafter who have sought or seek to participate in varsity intercollegiate athletics at LSU but who are or were not allowed such participation due to LSU's failure to field teams in said female varsity athletics.

Id. at 865. In support of the numerosity requirement, plaintiffs demonstrated that over 5,000 young women were playing soccer or softball at the high schools in Louisiana. Id. at 868. Plaintiffs also demonstrated that many participants in the Baton Rough soccer club received scholarships to play sports at LSU. Id. The Fifth Circuit in Pederson acknowledged that future class members may be relevant to the numerosity question, but Pederson affirmatively held that more than a bare allegation of numerosity is necessary and that there must be some showing of the numbers. Pederson, 213 F.3d at 868. The Fifth Circuit determined that the numbers adduced were relevant because

> considering the talent pool in Louisiana established by these figures and the number of LSU students who come from Louisiana, Appellants have

16

> established that numerous future female LSU
> students will desire to try out for varsity soccer
> and fast-pitch softball.

Id. The Court indicated that such proof brought the plaintiffs

assertions of numerosity "beyond the mere allegation" of

numerosity.  Id.

Here, Plaintiffs make no effort to adduce the number of

lawful permanent resident aliens who fall within an appropriate

class.  In failing to do so, there make only a bare allegation of

numerosity, which is insufficient.  Id.; Fleming, 707 F.2d at

833.  Accordingly, they have failed to meet their affirmative

burden and class certification should be denied.  Moreover, by

failing to make the showing in their initial motion, they have

waived the opportunity to make such a showing.

### D.    Plaintiffs Do Not Satisfy The Adequacy Of Representation Component

Plaintiffs do not satisfy their burden as to the adequacy of

the representation of the class by the named plaintiffs or

counsel.  The Fifth Circuit has explained that

> [t]he adequacy requirement mandates an inquiry
> into [1] the zeal and competence of the
> representative[s'] counsel and . . . [2] the
> willingness and ability of the representative[s]
> to take to take an active role in and control the
> litigation and to protect the interests of the
> absentees[.]

Berger, 257 F.3d at 479, citing Horton v. Goose Creek Indep. Sch.

Dist., 690 F.2d 470, 484 (5th Cir. 1982) (brackets in original).

17

Plaintiffs make no effort to explain how they satisfy this requirement.[6]  Thus, they have failed their burden.  Indeed, it bears mentioning that Movant Cerda's ability or willingness to take an active role in and control of the litigation is manifestly absent or in doubt.  It appears that Cerda is wholly unaware of what the instant litigation is about.  See Cerda's Motion at 4.  Thus, she has not taken an active role, nor has she expressed a willingness to take such role or control in this case.  Thus, she cannot be an adequate representative.

### E.    Plaintiffs Fail To Make Any Additional Showing Under Fed. R. Civ. P. 23(b)

Plaintiffs fail to meet their burden to make a demonstration of at least one of the factors under Fed. R. Civ. P. 23(b).  Plaintiffs must make such a demonstration before the Court may certify the class.  Stirman, 280 F.3d at 559.  Plaintiffs' Class Motion makes no such effort.  It is too late for them to make such a showing now.  Accordingly, the Court should deny class certification.

---

[6]  Plaintiffs ask the Court to take judicial notice of counsels' adequacy.  However, such notice would be improper, as it is for Plaintiffs to establish their competence.  Moreover, judicial notice is only appropriate for facts which are beyond dispute.  The Court could not take such notice without affording the government the opportunity to voir dire counsel (or seemingly, the Court).

## CONCLUSION

WHEREFORE, the Court should deny Plaintiffs/Petitioners' *(Opposed) Motion for Class Certification, with Incorporated Points and Authorities in Support Thereof*.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration
     Litigation


ERNESTO H. MOLINA, JR.
Senior Litigation Counsel
Attorney in Charge
Ca. Bar No. 181304
U.S. Dept. of Justice
Civil Division
Office of Immigration
     Litigation
P.O. Box 878
Washington, DC  20044
Tel:  (202) 616-9344
Fax:  (202) 616-4975
Date:  June 11, 2002

GREGORY A. SERRES
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Ga. Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Fax:  (956) 389-7057

19

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2002, a copy of DEFENDANT/RESPONDENTS' OPPOSITION TO *PLAINTIFFS/PETITIONERS' (OPPOSED) MOTION FOR CLASS CERTIFICATION, WITH INCORPORATED POINTS AND AUTHORITIES IN SUPPORT THEREOF* AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES was served on Plaintiffs by placing it in the U.S. Department of Justice mail room for same day delivery addressed to:

> Lisa Brodyaga
> 17891 Landrum Park Road
> San Benito, TX  78586

ERNESTO H. MOLINA, JR.
Senior Litigation Counsel