26

United States District Court
Southern District of Texas
FILED

JUN 17 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al,          )
                                        )
v.                                      )        C.A. No. B-01-206
                                        )
E.M. TROMINSKI, et al.                  )
_____ )

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO THEIR
(OPPOSED) MOTION FOR CLASS CERTIFICATION.

TABLE OF CONTENTS

I.  ISSUES ADDRESSED ....................................... 1

II.  ARGUMENT ............................................... 2

A.  IT IS SETTLED LAW THAT IN DETERMINING WHETHER AN ISSUE IS
PROPERLY BEFORE THE COURT, THE QUESTION IS WHETHER FACTS WERE
ADEQUATELY PLED ON WHICH RELIEF CAN BE GRANTED, NOT WHETHER A GIVEN
FORM OF RELIEF, OR LEGAL THEORY IN SUPPORT THEREOF, WERE MENTIONED
IN THE PETITION/COMPLAINT ................................... 2

B.  THE SAME INCORRECT ASSERTION THAT PLAINTIFFS ARE LIMITED TO THE
LEGAL THEORIES AND RELIEF REQUESTED IN THEIR PETITION UNDERLIES THE
ASSERTION THAT THIS COURT CANNOT GRANT CLASS-WIDE RELIEF, AND, EVEN
IN THAT CONTEXT, IS INCORRECT AS A MATTER OF LAW. _____ 4

C.  THE REQUIREMENTS FOR CLASS CERTIFICATION HAVE BEEN MET ___ 7

    1.  NUMEROSITY IS SATISFIED          _____ 8

    2.  THERE ARE QUESTIONS OF LAW COMMON TO THE CLASS ___ 10

        a. Commonality Exists With Respect to LPRs
        Under Judicial Review.           _____ 10
        b.  Commonality Exists With Respect to LPRs
        Returned to Mexico to Await Their Hearings. _____ 12

    3.  THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL
    OF THOSE OF THE CLASS.               _____ 12
    4.  THE REPRESENTATIVE PARTIES, AND THEIR COUNSEL, WILL
    FAIRLY AND ADEQUATELY REPRESENT THE CLASS. _____ 14

**D.  MS. CERDA HAS STANDING: SHE ALLEGED SUBSTANTIAL INJURY FROM THE FACT THAT SHE SPENT ALMOST A MONTH IN DETENTION, WITH NO KNOWLEDGE OF THE EXISTENCE OF PAROLE, AND HER CLAIM IS CLEARLY RIPE _ _ _ _ _ 16**

## TABLE OF AUTHORITIES

### CASES

*Ascencio-Guzman et al v. Trominski et al,*
       No. CA B-94-215 (S.D.Tx. pending) . . . . . . . . . . 2, 4

*Cantu-Salinas et al v. Trominski et al,*
       CA B-97-183 (S.D.Tx. 1998) . . . . . . . . . . . . . 16

*Coleman v. Pension Ben. Guar. Corp.,*
       196 F.R.D. 193 (D.D.C. 2000) . . . . . . . . . . . . 14

*Dominguez-Perez et al v. Reno et al,*
       CA No. B-96-116 (S.D.Tx. pending) . . . . . . . . . . 16

*Eisen v. Carlisle and Jacquelin,*
       417 U.S. 156 (1974) . . . . . . . . . . . . . . . . . 5

*Garcia v. Gloor,*
       618 F.2d 264 (5th Cir.1980) . . . . . . . . . . . . . 9

*Gonzales v. Cassidy,*
       474 F.2d 67 (5th Cir.1973) . . . . . . . . . . . . . 14

*Grant v. Sullivan,*
       131 F.R.D. 436 (M.D.Pa.1990) . . . . . . . . . . . . 8

*Hawkins v. Frick-Reid Supply Corp.,*
       154 F.2d 88 (5th Cir.1946) . . . . . . . . . . . . . 3

*Hewlett v. Premier Salons Intern., Inc.*
       185 F.R.D. 211 (D.Md., 1997) . . . . . . . . . . . . 15

*In re Jones,*
       77 B.R. 541 (Bkrtcy. N.D.Tex. 1987) . . . . . . . . . 13

*Industrial Development Board of the Town of Section, Alabama v. Fuqua Industries Inc.,*
       523 F.2d 1226 (5th Cir.1975) . . . . . . . . . . . . 3

*James v. City of Dallas,*
      254 F.3d 551 (5th Cir. 2001) . . . . . . . . . . . . . 13

*Kalodner v. Michaels Stores,*
      172 F.R.D. 200 (N.D. Dallas 1997) . . . . . . . . . . 13

*Laird v. Integrated Resources,*
      897 F.2d 826 (5th Cir. 1990) . . . . . . . . . . . . . 3

*Loa-Herrera v. Trominski,*
      231 F.3d 984 (5th Cir. 2000) . . . . . . . . . . . . 17

*Manuel Made v. Ashcroft,*
      01Civ - 1039 (D.N.J. 2001), app. dismissed . . . . . . 6, 7

*Neumont v. Monroe County, Fla.,*
      198 F.R.D. 554 (S.D.Fla. 2000) . . . . . . . . . . . . 5

*Orantes-Hernandez v. Smith,*
      541 F.Supp. 351 (C.D.Cal. 1982) . . . . . . . . . . . 8

*Pederson v. Louisiana State University,*
      213 F.3d 858 (5th Cir. 2000) . . . . . . . . . . . . 9

*Pottinger v. City of Miami,*
      720 F.Supp. 955 (S.D.Fla,1989) . . . . . . . . . . . 14

*Rosenberg v. Fleuti,*
      374 U.S. 449 (1963) . . . . . . . . . . . . . . . . . 6

*Salazar-Regino v. Trominski,*
      C.A. B-02-045 (S.D.Tx. pending) . . . . . . . . . . 11

*Shaughnessy v. U.S. ex rel Mezei,*
      345 U.S. 206 (1953) . . . . . . . . . . . . . . . . 11

*Shipes v. Trinity Industries,*
      40 Fair Empl.Prac.Cas. (BNA) 1119, 1982 WL 1759 (E.D.Tx. 1982
      . . . . . . . . . . . . . . . . . . . . . . . . . . )9

*St. Paul Mercury Ins. Co. v. Williamson,*
      224 F.3d 425 (5th Cir. 2000) . . . . . . . . . . . 2

potential class members are under Respondents' control, are unaware of the instant litigation, and cannot be contacted by Petitioners.

Second, the facts that only injunctive and declaratory relief are sought, and that the class includes future members, mitigate in favor of certification. *Pederson v. Louisiana State University,* 213 F.3d 858 (5th Cir. 2000) (Fact that proposed class includes unknown, unnamed future members, making joinder impractical, weighs in favor of certification). *See also, Garcia v. Gloor,* 618 F.2d 264,267 (5th Cir.1980) ("The basic question is practicability of joinder, not numbers of interested persons per se."). As more fully explained in *Shipes v. Trinity Industries,* 40 Fair Empl.Prac.Cas. (BNA) 1119, 1982 WL 1759 (E.D.Tx. 1982), at *8:

> The requirement of numerosity is not to be resolved on the basis of an arbitrary numerical calculation, but rather with reference to the particular circumstances of the action. *General Telephone Co. of the Northwest, Inc. v. EEOC,* 446 U.S. 318,330 (1980). The core of the numerosity requirement involves an analysis of the practical realities which allegedly render joinder of all putative class members impracticable, as opposed to impossible. *See Garcia v. Gloor,* 618 F.2d 264 (5th Cir. 1980). As a general matter, smaller classes are more readily certified when the relief sought is, at least in part, injunctive. In such instance, the benefits would inure not only to the known class, but also to a future class of indefinite size (here, future employees at the two plants). *Jones v. Diamond,* 519 F.2d 1090, 1100 (5th Cir. 1975); *see* Rule 23(b)(2), and discussion of that Rule below. Properly considered, the plaintiff class should include these unknown future members. The joinder of such persons is unmistakenly and intrinsically impracticable. *Jack v. American Linen Service,* 498 F.2d 122, 124 (5th Cir. 1974). *See also Adams v. Jefferson Davis Parish School Board,* 76 F.R.D. 621, 622 (E.D. La. 1977).

Under all of the circumstances of the instant litigation, there is no question but that the putative class is sufficiently numerous that joinder would be not only impracticable, but impossible.

## 2.  THERE ARE QUESTIONS OF LAW COMMON TO THE CLASS

One overriding question of law is presented herein, to wit, whether 8 U.S.C. §1182(d)(5)(A) and 8 C.F.R. §212.5(b) are being applied in a manner consistent with the rights of lawful permanent residents of the United States to Due Process of Law, and Equal Protection, when seeking readmission to the United States.  This question, and the derivative issue of notice, and the claimed right to a hearing on parole requests made under  §1182(d)(5)(A), are common to all putative class members.    Nonetheless, Respondents assert that commonality is lacking with respect to two sub-groups.

### a.  Commonality Exists With LPRs Under Judicial Review

First, Respondents assert that commonality is lacking with respect to LPRs whose cases are already in the judicial arena, since they "fall under a different form of detention," (RespOPP:9). Specifically, Respondents assert that such persons are subject to detention under 8 U.S.C. §1231(a), rather than §1225(b)(2) (RespOPP:9), and that, after ninety days, they may seek release from the INS District Director.  *Id.*  As a result, Respondents claim that "the alien's equal protection challenge is altogether removed," since aliens subject to detention under that provision "may seek release only from the district director," *id.*  From this Respondents conclude as follows, *id.*, at pp. 10-11:

> Such aliens no longer can allege that other similarly situated aliens are given a hearing before a different adjudicator.  Accordingly, there is no commonality of issues, and class certification would be improper.

Respondents overlook the fact that Equal Protection vis-a-vis LPRs detained within the U.S. is only one of several legal theories propounded by Petitioners.  Moreover, persons in that category are not entitled to "a hearing before a different adjudicator."  To the contrary, they get no hearings at all, which was the crux of the problem in *Zadvydas v. Davis,* 533 U.S. 678 (2001).

10

*Stirman v. Exxon Corp.,*
    280 F.3d 554 (5th Cir. 2002) . . . . . . . . . . . . 13

*Wright v. Circuit City Stores, Inc.,*
    201 F.R.D. 526 (N.D.Ala.2001) . . . . . . . . . . . . 15

*Zadvydas v. Davis,*
    533 U.S. 678 (2001) . . . . . . . . . . . . . . . . . 10


**STATUTES**

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1346(a)(2) . . . . . . . . . . . . . . . . . 6

28 U.S.C. §2201 . . . . . . . . . . . . . . . . . . . . 6

8 U.S.C. §1101(a)(13)(C) . . . . . . . . . . . . . 7, 14

8 U.S.C. §1182(c) . . . . . . . . . . . . . . . . . . 16

8 U.S.C. §1182(d)(5) . . . . . . . . . . . . 6, 7, 10, 12

8 U.S.C. §1221 . . . . . . . . . . . . . . . . . . . . 7

8 U.S.C. §1225(b)(2) . . . . . . . . . . . . . . . 6, 10

8 U.S.C. §1225(b)(2)(A) . . . . . . . . . . . . . . . . 6

8 U.S.C. §1231(a) . . . . . . . . . . . . . . . . . . 10

8 U.S.C. §1252(f)(1) . . . . . . . . . . . . . . . 4, 6, 7

Antiterrorism and Effective Death Penalty Act,
    §440(d) . . . . . . . . . . . . . . . . . . . . . . 16


**REGULATIONS**

8 C.F.R. §212.5(b) . . . . . . . . . . . . . . . . . . 10

## OTHER AUTHORITIES

Federal Rules of Civil Procedure,
    Rule 23(b)(2)  . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure,
    Rule 23(c)(1)  . . . . . . . . . . . . . . . . 10, 23

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISRAEL HERNANDEZ-LEIJA, et al, | ) | |
| | ) | |
| v. | ) | C.A. No. B-01-206 |
| | ) | |
| E.M. TROMINSKI, et al. | ) | |
| _____ | ) | |

### PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO THEIR (OPPOSED) MOTION FOR CLASS CERTIFICATION.

Petitioners, through counsel, herewith reply to Respondents' opposition to their motion requesting that the instant case proceed as a class action, pursuant to F.R.Civ.Proc. Rule 23(b)(2). [1]

## I.   ISSUES ADDRESSED

**A.   IT IS SETTLED LAW THAT IN DETERMINING WHETHER AN ISSUE IS PROPERLY BEFORE THE COURT, THE QUESTION IS WHETHER FACTS WERE ADEQUATELY PLED ON WHICH RELIEF CAN BE GRANTED, NOT WHETHER A GIVEN FORM OF RELIEF, OR LEGAL THEORY IN SUPPORT THEREOF, WERE MENTIONED IN THE PETITION/COMPLAINT.**

**B.   THE SAME INCORRECT ASSERTION THAT PLAINTIFFS ARE LIMITED TO THE LEGAL THEORIES AND RELIEF REQUESTED IN THEIR PETITION UNDERLIES THE ASSERTION THAT THIS COURT CANNOT GRANT CLASS-WIDE RELIEF, AND, EVEN IN THAT CONTEXT, IS INCORRECT AS A MATTER OF LAW.**

**C.   ALL THE REQUIREMENTS FOR CLASS CERTIFICATION HAVE BEEN MET.**

### 1.   NUMEROSITY IS SATISFIED

### 2.   THERE ARE QUESTIONS OF LAW COMMON TO THE CLASS

**Commonality Exists Both With Respect to LPRs Under Judicial Review, and With LPRs Who Are Returned to Mexico to Await Removal Hearings.**

---

[1]   Said pleading will be referred to herein as "Respondents' Opposition," and cited as (RespOPP:__).

**3. THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL OF THOSE OF THE CLASS.**

**4. THE REPRESENTATIVE PARTIES, AND THEIR COUNSEL, WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.**

**D. MS. CERDA HAS STANDING, AS SHE ALLEGED SUBSTANTIAL INJURY FROM THE FACT THAT SHE SPENT ALMOST A MONTH IN DETENTION WITH NO KNOWLEDGE OF THE EXISTENCE OF PAROLE, AND HER CLAIM IS CLEARLY RIPE**

## II.  ARGUMENT

**A.  IT IS SETTLED LAW THAT IN DETERMINING WHETHER AN ISSUE IS PROPERLY BEFORE THE COURT, THE QUESTION IS WHETHER FACTS WERE ADEQUATELY PLED ON WHICH RELIEF CAN BE GRANTED, NOT WHETHER A GIVEN FORM OF RELIEF, OR LEGAL THEORY IN SUPPORT THEREOF, WERE MENTIONED IN THE PETITION/COMPLAINT.**

One recurring claim urged by Respondents, both in this case, [2] and the related litigation, *Ascencio-Guzman et al v. Trominski et al,* No. CA B-94-215, is that, in order for an issue to be properly before the Court, any form of relief to be granted, and all legal theories in support thereof, must be specifically pled in the complaint.  This is incorrect as a matter of law.

Pleadings in the federal system need not contain every detail of a plaintiff's case, every legal theory supporting the relief sought, or even every form of relief which may ultimately be granted.  As held in *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425,434 (5th Cir. 2000) (internal citations omitted) (emphasis added):

The notice pleading requirements of Federal Rule of Civil

---

[2]    *See, e.g.,* (RespOPP:4,n.2) (claiming that the issue of confiscating documents such as drivers licenses, Social Security cards, etc. "is not raised in the First Amended Complaint and is not properly before the Court." *See also,* (RespOPP:1-2,n.1) (asserting that "Prado and Cerda raise an equal protection claim not raised by the other plaintiffs.").

2

Procedure 8 and case law do not require an inordinate amount of detail or precision. Rule 8 provides that "[a] pleading ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies. ... **The "form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."**

*See also*, *Laird v. Integrated Resources*, 897 F.2d 826,841-42 (5th Cir. 1990) (footnote in original) (emphasis added):

> We have consistently interpreted [Rule 8(a)(3), F.R.Civ.P.] to **allow a plaintiff any relief that the pleaded claim supports; requesting an improper remedy is not fatal.** [FN69] ... The plaintiffs properly pled a claim ... upon which other relief can be granted ...
>
> FN69. *Industrial Development Board of the Town of Section, Alabama v. Fuqua Industries Inc.*, 523 F.2d 1226, 1235 (5th Cir.1975) ("Under the liberal pleading standard required by the federal rules, the complaint here would seem to encompass relief based on any suitable theory...."); ... *Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir.1946) ("'... every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.' Accordingly, a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant...").

Therefore, any new Equal Protection argument urged by Petitioners Cerda and Prado apply equal to the entire putative class. And so long as the operative facts were properly pled, (as they were),[3] even if they had not sought relief with respect to Respondents

---

[3] The operative facts were specifically pled in Paragraph 33 of Petitioners' First Amended Petition and Class Action Complaint.

3

confiscating lawfully issued documents, such as drivers' licenses, and failing to return them when the person is no longer detained, (which relief they did request), [4] that claim would be properly before the Court. Plaintiffs are therefore baffled by Respondents' repeated assertion that this claim was not properly raised.

The same controversy exists in the *Ascencio* case, where the Government urges that because specific forms of relief were not requested in the complaint, they cannot be granted by the Court. Plaintiffs have repeatedly demonstrated that this is incorrect as a matter of law. [5] The Government has never attempted to rebut this showing, or the cases upon which it is based. Rather, they simply continue to make the same claim, with no regard for the fact that it is unfounded under existing law, and with no attempt to make a nonfrivolous argument for the reversal or modification of existing Fifth Circuit precedent which is directly on point.

**B. THE SAME INCORRECT ASSERTION THAT PLAINTIFFS ARE LIMITED TO THE LEGAL THEORIES AND RELIEF REQUESTED IN THEIR PETITION UNDERLIES THE ASSERTION THAT THIS COURT CANNOT GRANT CLASS-WIDE RELIEF, AND, EVEN IN THAT CONTEXT, IS INCORRECT AS A MATTER OF LAW.**

Respondents urge, (RespOPP:7), that, under 8 U.S.C. §1252(f)(1):

> the Court lacks the jurisdiction to enter any such class
> wide relief and therefore to certify a class for such

---

[4] In the Habeas count, Petitioners requested, *id*. at page 14:

> They further request that, upon their release from
> custody, all lawfully possessed documents, (with the sole
> exception of their "green cards"), personal papers, and
> other property confiscated from them by Respondents be
> returned to them, and that they be given appropriate
> proof of their status as LPRs.

Similar relief was requested in the form of a declaratory judgment, *id*. at page 16, and injunctive relief, *id*. at page 17.

[5] *See, e.g.*, Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, [Docket No. 149], at page 15.

4

purpose.

First, this is incorrect as a matter of civil procedure. *See, Neumont v. Monroe County, Fla.*, 198 F.R.D. 554,557 (S.D.Fla. 2000):

> In deciding a motion for class certification the court must accept all allegations of the complaint as true and assume that cognizable claims are stated. *Eisen*, 417 U.S. at 177-78, 94 S.Ct. 2140. [6] While a determination of class certification does not focus on whether a plaintiff will ultimately prevail on the merits, a court may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied. *Id.; General Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("[s]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question."); *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir.1996)(a court must "understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues."). Although the plaintiff carries a "strict" burden of persuasion, *Sandlin v. Shapiro & Fishman*, 168 F.R.D. 662 (M.D.Fla.1996), the court is instructed to resolve any doubt in favor of class certification. *In re Carbon Dioxide Antitrust Litigation*, 149 F.R.D. 229, 232 (M.D.Fla.1993).

*See also*, Rule 23(c)(1), requiring the Court to determine class action status "[a]s soon as practicable" after commencement, and noting that any order "may be conditional, and may be altered or amended before the decision on the merits."

In this context, Respondents also refer only to Petitioners' First Amended Complaint, at 14-16, *id.*, ignoring Petitioners' discussion of the means of avoiding such a conflict. *See*, Plaintiffs' Response to Respondents' Preliminary Opposition to Petitioners' Application for Temporary Restraining Order and Motion for Preliminary Injunction," [Docket No. 17], at pp. 6-8, (footnotes in original):

---

[6] *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974).

5

Respondents' final jurisdictional argument, found at the very end of their brief, is that a class-wide injunction would be barred by 8 U.S.C. §1252(f)(1) (RsOPP:38-39). If the injunction were properly formulated, §1252(f)(1) would not create an obstacle.

By its terms, §1252(f)(1) applies only to injunctions restraining the operation of Chapter 4 of title II, [8 U.S.C. §1221 *et seq*], and does not apply to the means by which the parole authority of 8 U.S.C. §1182(d)(5) is administered. An injunction would not "enjoin or restrain the operation" of any provision of chapter 4, Title II if it simply mandated that Respondents inform all LPRs detained under 8 U.S.C. §1225(b)(2) of the existence of, and means for requesting, parole under 8 U.S.C. §1182(d)(5), and prior to denying a request, provide a "hearing in good faith, however summary." The fact that the person was detained pursuant to §1225(b)(2), like the fact that he or she is a lawful permanent resident, would simply be part of the definition of the group to whom the injunction applies, and would not affect the "operation" of chapter 4, Title II.

Similarly, §1252(f)(1) would not bar a class-wide declaratory judgment, under 28 U.S.C. §2201 *et seq*, together with 28 U.S.C. §1331 (federal question), and §1346(a)(2) (actions against Officers of the United States). And, by its terms, §1252(f) does not bar injunctions in individual cases, even where they go beyond the issue of parole, into the merits of the case. *See, Manuel Made* v. *Ashcroft,* 01Civ - 1039 (D.N.J. 2001), app. dismissed, holding that LPRs seeking readmission after *Fleuti*-type departures are not "arriving aliens" under 8 U.S.C. §1225(b)(2)(A), because IIRIRA did not abolish the *Fleuti* doctrine. [7] (Petitioners' Exhibit K, herein incorporated by reference). [8] Nor would class-wide declaratory relief,

---

[7]    *Rosenberg* v. *Fleuti*, 374 U.S. 449 (1963) (LPR who makes an innocent, casual, and brief trip abroad is not seeking "entry" on his return, and is not subject to exclusion proceedings).

[8]    In *Made*, which was virtually identical to the posture of the Petitioners herein, the resident was not only released on recognizance, but proceedings were terminated on the basis that he was not seeking admission. INS appealed to the BIA, but essentially abandoned its appeal, and the BIA sustained the order

> coupled with a procedure under which class members could receive expedited treatment of individual habeas petitions, be prohibited by §1252(f), even where the content of the declaratory judgment, and individual injunctions, addressed matters within the scope of Chapter 4, Title II, of the Act. [8 U.S.C. §1221 et seq].

As seen above, an injunction could easily be drafted in a manner which avoided any conflict with 8 U.S.C. §1252(f)(1). It could simply require Respondents to give notice of parole under 8 U.S.C. §1182(d)(5)(A) and a parole hearing to any LPR seeking admission as a returning resident whom the inspecting officer considered to be seeking admission, within the meaning of 8 U.S.C. §1101(a)(13)(C).

Nor would 8 U.S.C. §1252(f) prohibit declaratory relief. Therefore, 8 U.S.C. §1252(f) does not provide a valid basis for refusing to certify the instant class. The Government's refusal to address these points constitutes a tacit admission of their validity. [9]

## C.  THE REQUIREMENTS FOR CLASS CERTIFICATION HAVE BEEN MET

Petitioners seek to represent the class of all LPRs:

>    (a)   who: (1) have sought or will seek admission at a port of entry within the geographical area encompassed by the Harlingen District of the Immigration and Naturalization Service, and (2) were at that time placed in removal proceedings as "arriving aliens" under 8 U.S.C. §§1101(a)(13)(C) and 1225(b)(2) and are

---

of the Immigration Judge terminating proceedings. *Id.*

    [9]   Similarly the contention that the class is over-broad because it includes some who have not been denied parole and others who have received parole misses the point.  Some have not been denied parole because they never learned of its existence, and thus never requested it. This is the point of the notice claim. Obviously, they cannot be required to have requested parole if they do not know of its existence. And, as previously discussed, class members who are out on parole could face the same problem in the future, if again stopped at a port of entry, when counsel was not readily available to prepare and submit a request for them.

still under such proceedings, or will then be
placed in such proceedings; and
(3) were not then and have not subsequently
been arrested on a warrant issued by the
Attorney General, within the meaning of 8
U.S.C. §1226(a), and
(4) have been, are, or will be either detained
by Respondents pending their removal hearings
under 8 U.S.C. §1225(b)(2)(A), or returned to
Mexico to await their hearings, under 8 U.S.C.
§1225(b)(2)(C), and
(b)   all such former LPRs whose removal orders are or may
still be subject to some form of judicial review, either
in habeas corpus, or through a petition for review.

Plaintiffs consider the class definition to be appropriate,
particularly since it can be amended later if necessary.

### 1. NUMEROSITY IS SATISFIED

In the space of a few months, about a dozen members of the putative
class have contacted Petitioners' counsel. [10] This represents the
tip of the iceberg. Assuming that fewer than half of newly detained
members of the putative class have contacted the undersigned, one
could infer that there are, at the very least, one or two new such
persons per week, easily enough to satisfy numerosity. *See, e.g.;*
*Orantes-Hernandez v. Smith,* 541 F.Supp. 351,370 (C.D.Cal. 1982)

(Where class size is unknown but general knowledge and common sense
indicate that it is large, numerosity is satisfied.), and *Grant v.*
*Sullivan,* 131 F.R.D. 436,446 (M.D.Pa.1990) (a court "may certify a
class even if it is composed of as few as 14 members").

Several other factors weigh in favor of certification.  First,
putative class members are literally under the exclusive control of
the Respondents.  Joinder is impractical, if not impossible, where

------

[10]    Apart from those who have been joined or have already
requested joinder, there have been others, including Irma Gonzalez-
Rodriguez, A11 379 226; Sonia Edith Sanchez-Rivera, A90 745 454;
Elisa Barron-Iracheta, A44 082 136; Aracely De La Garza-Perez, A36
597 289; and Jose Rosales-Lopez, A91 240 328.

potential class members are under Respondents' control, are unaware of the instant litigation, and cannot be contacted by Petitioners.

Second, the facts that only injunctive and declaratory relief are sought, and that the class includes future members, mitigate in favor of certification. *Pederson v. Louisiana State University*, 213 F.3d 858 (5th Cir. 2000) (Fact that proposed class includes unknown, unnamed future members, making joinder impractical, weighs in favor of certification). *See also, Garcia v. Gloor*, 618 F.2d 264,267 (5th Cir.1980) ("The basic question is practicability of joinder, not numbers of interested persons per se."). As more fully explained in *Shipes v. Trinity Industries*, 40 Fair Empl.Prac.Cas. (BNA) 1119, 1982 WL 1759 (E.D.Tx. 1982), at *8:

> The requirement of numerosity is not to be resolved on the basis of an arbitrary numerical calculation, but rather with reference to the particular circumstances of the action. *General Telephone Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318,330 (1980). The core of the numerosity requirement involves an analysis of the practical realities which allegedly render joinder of all putative class members impracticable, as opposed to impossible. *See Garcia v. Gloor*, 618 F.2d 264 (5th Cir. 1980). As a general matter, smaller classes are more readily certified when the relief sought is, at least in part, injunctive. In such instance, the benefits would inure not only to the known class, but also to a future class of indefinite size (here, future employees at the two plants). *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975); *see* Rule 23(b)(2), and discussion of that Rule below. Properly considered, the plaintiff class should include these unknown future members. The joinder of such persons is unmistakenly and intrinsically impracticable. *Jack v. American Linen Service*, 498 F.2d 122, 124 (5th Cir. 1974). *See also Adams v. Jefferson Davis Parish School Board*, 76 F.R.D. 621, 622 (E.D. La. 1977).

Under all of the circumstances of the instant litigation, there is no question but that the putative class is sufficiently numerous that joinder would be not only impracticable, but impossible.

9

## 2.   THERE ARE QUESTIONS OF LAW COMMON TO THE CLASS

One overriding question of law is presented herein, to wit, whether 8 U.S.C. §1182(d)(5)(A) and 8 C.F.R. §212.5(b) are being applied in a manner consistent with the rights of lawful permanent residents of the United States to Due Process of Law, and Equal Protection, when seeking readmission to the United States.  This question, and the derivative issue of notice, and the claimed right to a hearing on parole requests made under  §1182(d)(5)(A), are common to all putative class members.   Nonetheless, Respondents assert that commonality is lacking with respect to two sub-groups.

### a.   Commonality Exists With LPRs Under Judicial Review

First, Respondents assert that commonality is lacking with respect to LPRs whose cases are already in the judicial arena, since they "fall under a different form of detention," (RespOPP:9). Specifically, Respondents assert that such persons are subject to detention under 8 U.S.C. §1231(a), rather than §1225(b)(2) (RespOPP:9), and that, after ninety days, they may seek release from the INS District Director.  *Id.*  As a result, Respondents claim that "the alien's equal protection challenge is altogether removed," since aliens subject to detention under that provision "may seek release only from the district director," *id.*  From this Respondents conclude as follows, *id.*, at pp. 10-11:

> Such aliens no longer can allege that other similarly situated aliens are given a hearing before a different adjudicator.  Accordingly, there is no commonality of issues, and class certification would be improper.

Respondents overlook the fact that Equal Protection vis-a-vis LPRs detained within the U.S. is only one of several legal theories propounded by Petitioners.  Moreover, persons in that category are not entitled to "a hearing before a different adjudicator."  To the contrary, they get no hearings at all, which was the crux of the problem in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

10

Respondents also would lump the sub-class defined in subpart (b) together with the "lifers" addressed by the Supreme Court in *Zadvydas*, and the former resident who had been "permanently excluded as a security risk," but was indefinitely detained because no other country would accept him, in *Shaughnessy v. U.S. ex rel Mezei*, 345 U.S. 206 (1953). Again, this misses the point. Putative class members whose cases are undergoing judicial review are not akin to the aliens in *Zadvydas* or *Mezei*, both of which involved detention **after** the person's legal battle to retain his or her status as an LPR was definitively lost. Here, Petitioners seek to represent only those whose cases have moved from the administrative to the judicial forum. Most of their defenses are grounded in constitutional claims, which can **only** be heard once the administrative process has been completed. It would constitute pure legal sophistry to assert that the Due Process and Liberty Interests of an LPR had been extinguished because his case had moved from the administrative forum, (where his claims could not be addressed), to a judicial tribunal, (where they could). [11]

It would be particularly ironic since the named Plaintiffs who continue to be detained herein are on the verge of crossing that threshold. Whether this occurs before or after the class is certified is irrelevant. It is a foregone conclusion that it will occur, as their defenses are solely constitutional. And they are certainly competent to represent a subclass which they will inevitably join, sooner rather than later, if they are not given hearings on their parole requests in the very near future. And while a change statutory provision under which they are detained might defeat one aspect of the Equal Protection claim, it would not change the nature of their remaining claims, based on their liberty

---

[11]    *See, for example, Salazar-Regino v. Trominski*, C.A. B-02-045, Petitioner's Opposition to Respondents' Motion to Dismiss, filed on or about May 30, 2002, for an exposition of these issues.

11

interests, including freedom from arbitrary detention, and their
interest in rejoining their families in the United States.

### b. Commonality Exists With LPRs Returned to Mexico

Second, Respondents assert that commonality (and typicality) is
lacking with respect to LPRs returned to Mexico to await their
hearings.  (RespOPP:13-14).   However, they give absolutely no
reason why this minor factual difference should defeat either
requirement.  The legal claims they raise are identical.  Such LPRs
should be given notice of the existence of parole under 8 U.S.C.
§1182(d)(5)(A) and an explanation of how to request it, and they
should be given a hearing, before any request is finally denied.
This identity of the claims is independent of whether they are
detained at Los Fresnos, stranded in Mexico, or have been released
on parole, due solely to the intervention of counsel.   This
represents the heart of the commonality requirement.

### 3.  THE CLAIMS OF THE REPRESENTATIVE PARTIES ARE TYPICAL OF THOSE OF THE CLASS.

With respect to typicality, Respondents object both to the notice
portion of the action, and to Petitioners' desire to represent LPRs
who are returned to Mexico to await their hearings, asserting that,
because all of the Petitioners, (except Ms. Cerda, at the moment
her habeas was filed), [12] had learned of the existence of parole

---

[12]  Respondents find her participation "troublesome insofar as
she appears to be wholly unaware of this litigation," (RespOPP:
11,n.4).   This is inaccurate.  While she was not informed of the
existence of a legal remedy called "parole" before her habeas
petition and motion to consolidate were filed, this does not mean
that she was unaware that litigation would be brought on her behalf
and on behalf of others in her situation. Furthermore, immediately
after pleadings relating to her were filed, a request was filed for
parole for Ms. Cerda, who has since been released.

Respondents are attempting to set up a legal conundrum, under which
the issue of notice could never be addressed by this or any other
Court, because no-one could ever have standing. Under Respondents'
theory, no-one who had already heard of parole could have standing,

from counsel prior to the filing of the instant action, they are
not typical of those whom they seek to represent.  They do not,
however, explain why this fact would defeat typicality, even with
respect to the notice claim.  And they do not even appear to assert
that Plaintiffs' cases are not "typical" of the hearings claim.

Typicality is determined by the legal claims raised before this
Court, not by factual differences which are irrelevant to the
action. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)
(The test is whether the claims of the class representative are
typical of the claims of the class, not whether the individual is
typical of class members.).  *See also, James v. City of Dallas*, 254
F.3d 551,571 (5th Cir. 2001) (internal citations omitted):

> In order to meet the typicality requirement, "the claims
> or defenses of the parties [must be] typical of the
> claims or defenses of the class." ... "Like commonality,
> the test for typicality is not demanding.  It focuses on
> the similarity between the named plaintiffs' legal and
> remedial theories and the theories of those whom they
> purport to represent." ... "Typicality does not require
> a complete identity of claims.  Rather, the critical
> inquiry is whether the class representative's claims have
> the same essential characteristics of those of the
> putative class.   If the claims arise from a similar
> course of conduct and share the same legal theory,
> factual differences will not defeat typicality." ...

*See also, Kalodner v. Michaels Stores*, 172 F.R.D. 200,204-205 (N.D.
Dallas 1997) (internal citations omitted):

> The claims or defenses of representative parties must be
> typical of the claims or defenses of the class. ...

---

and if suit was filed before they learned of its existence, their
participation would be "troublesome."  Accepting this theory would
violate the basic maxim that "equity will not suffer a wrong to be
without a remedy." *In re Jones*, 77 B.R. 541,550 (Bkrtcy. N.D.Tex.
1987).  It was to avoid such a dilemma, for example, that the
doctrine of "capable of repetition yet evading review" was created.

13

> However, the claims need not be identical.... Courts
> routinely find that similar legal theories satisfy this
> requirement even where significant factual distinctions
> are present. ...
>
> The typicality requirement protects class members from
> representation by a party who is "preoccupied with a
> defense which is applicable only to himself." ... Thus,
> class certification is inappropriate where a putative
> representative is subject to unique defenses which
> threaten to become the focus of the litigation.

Under these criteria, there is no question but that the claims of
the Petitioners meet the "typicality" requirement.  All are LPRs,
placed in removal proceedings in the Harlingen INS District on the
basis that they are allegedly seeking admission within the meaning
of 8 U.S.C. §1101(a)(13)(C). Whether or not they learned of the
existence of parole through counsel, or not at all, is not relevant
to the claims raised before this Court.  Nor is it relevant whether
they are detained at PISPC, or were returned to Mexico.  The legal
theories are, for the most part, identical.

### 4.   THE REPRESENTATIVE PARTIES, AND THEIR COUNSEL, WILL FAIRLY AND ADEQUATELY PROTECT THE INTERESTS OF THE CLASS.

Insofar as class status is sought, the instant case involves only
injunctive and declaratory relief.  As noted in *Pottinger v. City
of Miami*, 720 F.Supp. 955,959 (S.D.Fla,1989):

> The "adequacy of representation" requirement is met if
> the named representatives have interests in common with
> the proposed class members and the representatives and
> their qualified attorneys will properly prosecute the
> class action. *Gonzales v. Cassidy,* 474 F.2d 67,72 (5th
> Cir.1973). The plaintiffs are seeking the same type of
> declaratory and injunctive relief for themselves as they
> seek for the class members.

Plaintiffs herein "seek the same type of declaratory and injunctive
relief for themselves as they seek for the class members." This is
not a case involving potential conflicts of interest. *See, Coleman*

14

*v. Pension Ben. Guar. Corp.*, 196 F.R.D. 193,198 (D.D.C. 2000):

> [I]n determining the adequacy of class representation, the Court must assess whether the putative class counsel is qualified to prosecute this action, and whether any conflicts of interest exist between plaintiffs and the absent class members. *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C.Cir.1997).

And perhaps most importantly, absent class members have little if any hope of vindicating their rights, outside the context of the instant litigation. *See, Wright v. Circuit City Stores, Inc.*, 201 F.R.D. 526 (N.D.Ala.2001) (emphasis added):

> Class actions serve three principal functions: (1) facilitating judicial economy by the avoidance of multiple suits on the same subject matter; (2) **providing a feasible means for asserting the rights of those who "would have no realistic day in court if a class action were not available;"** and (3) deterring inconsistent results and assuring a uniform, singular determination of rights and liabilities. *Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 345-46 (S.D.Ga.1996) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 550, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and *First Federal of Michigan v. Barrow*, 878 F.2d 912, 919 (6th Cir.1989)).

Respondents do not allege any conflict of interest between the representative parties and absent class members, or, except for Plaintiff Cerda, appear to challenge their adequacy as class representatives. Respondents do, however, appear to challenge counsel's competency, and seek *voir dire*. The undersigned will gladly submit to such *voir dire*, even in the absence of any showing by Respondents that the undersigned counsel *do not have* the skills, resources, and inclination to vigorously prosecute the instant action on behalf of all putative class members. *See, Hewlett v.*

15

*Premier Salons Intern., Inc.* 185 F.R.D. 211,218 (D.Md., 1997) ("In the absence of proof to the contrary, courts presume that class counsel is competent and sufficiently experienced to prosecute vigorously the action on behalf of the class.")

Respondents' counsel has appeared opposite the undersigned in prior actions. *See, Dominguez-Perez et al v. Reno et al,* CA No. B-96-116 (successful class action seeking work permits and Social Security numbers for applicants for Certificates of Citizenship). The undersigned has also appeared before this Court in countless other actions. *See, e.g., Cantu-Salinas et al v. Trominski et al,* CA B-97-183 and the approximately 50 related cases, successfully arguing that AEDPA §440(d) could not be applied retroactively to preclude eligibility for relief under §212(c) of the Act. [13]

**D. MS. CERDA HAS STANDING, AS SHE ALLEGED SUBSTANTIAL INJURY FROM THE FACT THAT SHE SPENT ALMOST A MONTH IN DETENTION WITH NO KNOWLEDGE OF THE EXISTENCE OF PAROLE, AND HER CLAIM IS CLEARLY RIPE**

Ms. Cerda's presence is obviously "troublesome" for Respondents. It disrupts their attempt to set up a logical barrier, under which Plaintiffs' notice claim could never be heard. Because her individual habeas petition was filed before she had heard of parole, Respondents must find some other way of undermining her participation. Grasping for straws, they seized upon standing, and ripeness. However, neither doctrine supports their position.

First, it is true that neither Ms. Cerda, nor any other named Plaintiff who has been granted parole, can represent the class on the issue of whether they are entitled to a due process hearing

---

[13]    A PACER search reveals over 50 cases the undersigned has brought (or defended) at the Fifth Circuit since 1995. (Plaintiffs Exhibit N, herein incorporated by reference). Most of these cases originated in this Court, although the District Court PACER does not permit a search for cases under the attorney's name.

before their requests for parole are denied.    Nonetheless, Ms.
Cerda is the ideal class representative on the issue of notice.
She spent almost a month in detention, with no awareness whatsoever
that there existed anything called parole, or any means of seeking
release from detention.    She was on the verge of requesting her
deportation, which request had been thwarted only by the fact that
her deportation officer was unavailable.    Her hearing was only a
few days away when she finally heard of, and contacted the
undersigned.    She was already so desperate it had been her
intention to request her deportation at that time.    In fact, it
took considerable persuasion and "hand-holding" to dissuade her.

Once the habeas action and motion to consolidate were filed, a
parole request was made on Ms. Cerda's behalf.    It was granted
within days, and she has since been released on bond. [14]    It
therefore stands to reason that, had she learned earlier of the
existence of parole, and of the means for requesting it, [15] she
could have been released much earlier.    This constitutes
constitutional injury. *See, Loa-Herrera v. Trominski*, 231 F.3d
984,987,n.4 (5th Cir. 2000) (limiting standing analysis to the claim
regarding substitute documentation, because "the plaintiffs
adequately allege injury in the balance of their complaint," and
finding that Plaintiffs had standing on that claim as well).

It would therefore be perfectly appropriate to certify Plaintiffs

---

[14]    Both Mr. Prado, and Ms. Cerda, have now been released on
parole bond.    Plaintiffs' Exhibit M, herein incorporated by
reference.    This underscores the fact that, had they been given
notice of parole, and a hearing, they would have been released much
more quickly.    This delay is injury, and confers standing.

[15]    Respondents consistently overlook the fact that the notice
claim involves not only an advisal of the fact that parole exists,
but also of the means for requesting it:    at the very least, the
name and address of the person to whom it should be directed, and
an indication of the factors to be considered.

Hernandez and Gonzalez as representatives of the class on the issue of conducting a hearing before an impartial adjudicator on parole requests, before they are finally denied, and to certify Ms. Cerda, and all the other Plaintiffs, on the issue of notice of the availability of parole, and the means for requesting it.

WHEREFORE, it is respectfully urged that the instant motion be granted, and that the class be so certified. As previously noted, Rule 23(c)(1), Federal Rules of Civil Procedure, mandates that such a decision be made as early as possible in the litigation, while permitting the issue to be revisited later, if necessary.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney            Thelma O. Garcia, Attorney
17891 Landrum Park Road               301 E. Madison
San Benito, TX 78586                  Harlingen, TX 78550
(956) 421-3226                        (956) 425-3701
(956) 421-3423 (fax)                  (956) 428-3731 (fax)
Fed. ID.  1178
Texas Bar 03052800

### CERTIFICATE OF SERVICE

I certify that the foregoing was faxed to Ernesto Molina, Attorney, at (202) 616-4975, on June 16, 2002, and that a copy thereof was mailed, first class postage prepaid, to Mr. Molina, at P.O. Box 878, Ben Franklin Sta., Washington, D.C. 20044, on June 17, 2002.



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al,          )
                                         )
v.                                       )          C.A. No. B-01-206
                                         )
E.M. TROMINSKI, et al.                   )
_____ )


EXHIBIT "M" IN SUPPORT OF

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO THEIR
(OPPOSED) MOTION FOR CLASS CERTIFICATION.

Sent By: INS;



**U.S. Department of Justice**
Immigration and Naturalization Service

HLG50/1.1.2

*2102 Teege Avenue*
*Harlingen, Texas 78550*

June 6, 2002

Law Office of Lisa S. Brodyaga
17891 Landrum Park Rd.
San Benito, Texas 78586

Reference: Ruben Dario PRADO Rivera A34 586 508

Dear Ms. Brodyaga:

Your request for the release on parole of Mr. Ruben Dario PRADO Rivera from service custody has been reviewed. It has been determined a parole bond in the amount of $3,000.00 will be set. It must be clear that this discretion *does not* confer any immigration status or travel to the United States (unless you request and receive advanced parole) or immunity from future removal proceedings. Employment is authorized.

Sincerely,

Aaron L. Cabrera
Acting Assistant District Director
for Detention & Removals

Admission Number

**601607582 09**

PAROLEE DETAINED
OR THE 2 h n A:

DECEMBER 06, 2002

PURPOSE: Released on Parole
Bond pending immigrative
proceeding: pend at legal data.

PIC   6/7/02   BPA

**EMPLOYMENT AUTHORIZED**

1 Family Name
**P R A D O   R I V E R A**

2 First (Given) name
**R U B E N   D A R I O**

3. Birth Date (Day/Mo/Yr)
**2 0 0 9 5 9**

4 Country of Citizenship
**M E X I C O**

5. Sex (Male or Female)
**M A L E**

6 Passport Number
**A 3 4 5 8 6 5 0 8**

7 Airline and Flight Number

8. Country Where You Live
**U S A**

9 City Where You Boarded

10 City Where Visa Was Issued
**U S A**

11 Date Issued (Day/Mo/Yr)

12 Address While in the United States (Number and Street)
**3 7 5   M E D I A   L U N A   APT #108**

13 City and State
**B R O W N S V I L L E   T X   7 8 5 20**

| 18. Occupation | 19. Waivers |
|---|---|
| 20. INS File **A - 34 586 508** | 21. INS FCO **HLG** |
| 22. Petition Number | 23. Program Number |
| 24. ☒ Bond | 25. ☐ Prospective Student |

26. Itinerary/Comments

RELEASED ON BOND PAROLE PENDING DECISION BY
EOIR IN IMMIGRATION PROCEEDINGS.

27. TWOV Ticket Number

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al,        )
                                      )
v.                                    )        C.A. No. B-01-206
                                      )
E.M. TROMINSKI, et al.                )
_____ )

EXHIBIT "N" IN SUPPORT OF

PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO THEIR
(OPPOSED) MOTION FOR CLASS CERTIFICATION.

 

## Party/Attorney Selection Page

| Case No. | Party/Attorney Name | Short Title |
|---|---|---|
| 0-10349 | Brodyaga , Lisa S | Goonsuwan v Ashcroft |
| 0-41239 | Brodyaga , Lisa S | Curiel-Sanchez v Trominski |
| 0-41389 | Brodyaga , Lisa S | Sauceda-Ramirez v Ashcroft |
| 0-60360 | Brodyaga , Lisa S | Moreno-Estrada v Ashcroft |
| 0-60738 | Brodyaga , Lisa S | Torres-Castillo v Reno |
| 0-60913 | Brodyaga , Lisa S | Lopez-Rodriguez v Ashcroft |
| 1-60138 | Brodyaga , Lisa S | Zamora-Santillan v Ashcroft |
| 1-60159 | Brodyaga , Lisa S | Vela-Gonzalez v Ashcroft |
| 1-60160 | Brodyaga , Lisa S | Torres-Monsivais v Ashcroft |
| 1-60271 | Brodyaga , Lisa S | Flores-Gonzalez v Ashcroft |
| 1-60294 | Brodyaga , Lisa S | Salinas-DeLeon v Ashcroft |
| 1-60374 | Brodyaga , Lisa S | Martinez-Rios v Ashcroft |
| 1-60461 | Brodyaga , Lisa S | Galan v Ashcroft |
| 2-60286 | Brodyaga , Lisa S | Barrera-De Zavala v Ashcroft |
| 2-60418 | Brodyaga , Lisa S | Santana-Jaimes v Ashcroft |
| 94-41203 | Brodyaga , Lisa S | Raza-Espinoza v INS |
| 95-40359 | Brodyaga , Lisa S | Lopez-Rios v Trominski |
| 95-40726 | Brodyaga , Lisa S | Loa-Herrera v Trominski |
| 95-40853 | Brodyaga , Lisa S | Jimenez v Trominski |
| 95-60330 | Brodyaga , Lisa S | Echavarria-Chapa v INS |
| 95-60485 | Brodyaga , Lisa S | Elizondo v INS |
| 95-60549 | Brodyaga , Lisa S | Barrera-Garcia v INS |
| 96-60078 | Brodyaga , Lisa S | Ramirez-Conde v INS |
| 96-60155 | Brodyaga , Lisa S | Villegas-Alfaro v INS |
| 96-60753 | Brodyaga , Lisa S | Hernandez-Delgado v INS |
| 97-40900 | Brodyaga , Lisa S | Chavez-Ortiz v Trominski |
| 97-40901 | Brodyaga , Lisa S | Lara v Trominski |
| 97-60083 | Brodyaga , Lisa S | Medrano-Lopez v INS |
| 97-60202 | Brodyaga , Lisa S | Lezama-Romero, Et Al v INS |
| 97-60242 | Brodyaga , Lisa S | Soto-Benavides v INS |
| 97-60248 | Brodyaga , Lisa S | Elizondo-Garza v INS |
| 97-60270 | Brodyaga , Lisa S | Montiel v INS |
| 97-60290 | Brodyaga , Lisa S | Munoz-Torres v INS |
| 97-60294 | Brodyaga , Lisa S | Garcia-Garcia v INS |

| 97-60296 | Brodyaga , Lisa S | Ramirez-Conde v INS |
| 97-60303 | Brodyaga , Lisa S | Rojas De Noriega v INS |
| 97-60310 | Brodyaga , Lisa S | Garza-Pacheco v INS |
| 97-60320 | Brodyaga , Lisa S | Torres-Espino v INS |
| 97-60322 | Brodyaga , Lisa S | Barrera-Garcia v INS |
| 97-60330 | Brodyaga , Lisa S | Chavez-Ortiz v INS |
| 97-60348 | Brodyaga , Lisa S | Lerma-De Garcia v INS |
| 97-60370 | Brodyaga , Lisa S | Medrano-Lopez v INS |
| 97-60391 | Brodyaga , Lisa S | Lopez-Rodriguez v INS |
| 97-60495 | Brodyaga , Lisa S | Gonzalez-Garcia v INS |
| 97-60567 | Brodyaga , Lisa S | Cantu-Salinas v INS |
| 97-60796 | Brodyaga , Lisa S | Garcia v INS |
| 98-41314 | Brodyaga , Lisa S | Chavez-Ortiz v Trominski |
| 98-41320 | Brodyaga , Lisa S | Barrera-Garcia v Trominski |
| 98-41321 | Brodyaga , Lisa S | Soto-Benavides v Trominski |
| 98-41322 | Brodyaga , Lisa S | Munoz-Torres v Trominski |
| 98-41323 | Brodyaga , Lisa S | Medrano-Lopez v Trominski |
| 98-41325 | Brodyaga , Lisa S | Cantu v Trominski |
| 98-41329 | Brodyaga , Lisa S | Alaniz-Gonzalez v Trominski |
| 98-41333 | Brodyaga , Lisa S | Ortiz-Barroso v Trominski |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/16/2002 13:38:46 | | |
| **PACER Login:** | rd0243 | **Client Code:** | |
| **Description:** | pty select | **Search Criteria:** | Brodyaga, Lisa |
| **Billable Pages:** | 2 | **Cost:** | 0.14 |

Home   PACER   Next                                              Help