UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al, )
)
v.                             )     C.A. No. B-01-206
)
E.M. TROMINSKI, et al.         )
_____)

EXHIBIT "O" IN SUPPORT OF
PETITIONER'S (OPPOSED) MOTION FOR CLASS CERTIFICATION.

Petitioners, through counsel, herewith file Exhibit "O" in support of their pending motion requesting that the instant case proceed as a class action, [1] to wit, the decision of the Board of Immigration Appeals, denying the appeal of Petitioner Grimaldo, and petition for habeas corpus challenging said decision, filed this day.

In their Opposition to Petitioners' motion for class certification, Respondents asserted that commonality was lacking with respect to LPRs, (such as Petitioner Grimaldo), whose cases are already in the judicial arena, since they "fall under a different form of detention," (RespOPP:9), to wit, 8 U.S.C. §1231(a). As a result, Respondents claim that "the alien's equal protection challenge is altogether removed," since aliens subject to detention under that provision "may seek release only from the district director," id. From this Respondents concluded, id., at pp. 10-11, that:

> Such aliens no longer can allege that other similarly situated aliens are given a hearing before a different adjudicator. Accordingly, there is no commonality of issues, and class certification would be improper.

However, such persons are not entitled to "a hearing before a different adjudicator." To the contrary, they can ask the District Director for parole, as Mr. Grimaldo previously did, but if that

---

[1] Respondents' Opposition to said motion will be referred to as "Respondents' Opposition," and cited as (RespOPP:___).

request is denied, there is no procedure for a hearing. This was the crux of the problem in *Zadvydas v. Davis,* 533 U.S. 678 (2001).

The decision of the BIA is only a two line affirmation of the Immigration Judge's decision, and gives no consideration at all to the arguments he made on appeal. Moreover, the decision of the Immigration Judge is clearly incorrect as a matter of law. It would constitute pure legal sophistry to assert that Mr. Grimaldo's Due Process and Liberty Interests had been extinguished because his case had moved from the administrative forum, where his claims were not meaningly addressed, to a judicial tribunal. Therefore, there should be no doubt but that Petitioner Grimaldo is competent to represent the subclass of LPRs whose cases have moved from the administrative, to the judicial, arena.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Fed. ID. 1178
Texas Bar 03052800

Thelma O. Garcia, Attorney
301 E. Madison
Harlingen, TX 78550
(956) 425-3701
(956) 428-3731 (fax)

## CERTIFICATE OF SERVICE

I certify that the foregoing was faxed to Ernesto Molina, Attorney, at (202) 616-4975, on June 18, 2002, and that a copy thereof was mailed to him, first class postage prepaid, at P.O. Box 878, Ben Franklin Sta., Washington, D.C. 20044, also on June 18, 2002.

/s/