UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ISRAEL HERNANDEZ-LEIJA, et al, | § | |
| Petitioner, | § | |
| | § | |
| VS | § | CIVIL ACTION NO. B-01-206 |
| | § | |
| E. M. TROMINSKI, et al, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioners Israel Hernandez-Leija, Carlos Omar Calvillo-Lopez, Jorge Rivera-Pulido, Jose Antonio Esparza and Dionicio Grimaldo-Barrientos have filed an application for writ of habeas corpus pursuant to 28 U.S.C. §2241, a request for class action certification, and a request for declaratory and injunctive relief. (Doc. 1, 2, 3).[1] After considering the pleadings in the case, the record, live testimony, and the applicable law, the undersigned concludes that the Petitioners have established a right to federal habeas corpus relief, a right to class certification, and a right to declaratory and injunctive relief. For the reasons set forth below, this court recommends that Petitioners' application for habeas corpus relief be granted, Petitioners' application for class certification be granted, and Petitioners' application for declaratory and injunctive relief be granted.

## JURISDICTION AND VENUE

Jurisdiction herein is appropriate under 28 U.S.C. §§ 2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against officers of the United States), and pursuant to 28 U.S.C. § 2201 et seq (Declaratory Judgment Act). Many of the alleged acts and omissions complained of

---

[1] Petitioner Grimaldo-Barrientos' pleadings are currently in abeyance, however, his claims are still relevant to the proposed class. Therefore, his circumstances are outlined in order to provide a thorough account.

by the Petitioners occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, three of the five named Petitioners are currently detained by Respondents at the Port Isabel Service Processing Center ("PISPC") in Bayview, Texas, which is within the jurisdiction of this Court.

## BACKGROUND

Petitioner Jose Antonio Esparza is a native and citizen of Mexico, and lawful permanent resident of the U.S., who obtained his temporary, and then permanent residence as a Special Agricultural Worker. He was detained by Respondents, without bond, at PISPC from approximately December 29, 2001 until January 10, 2002, when he was released.

Petitioner Dionicio Grimaldo-Barrientos is a native and citizen of Mexico, who has been a lawful permanent resident of the United States, ("LPR"), who has resided in this country since he was about eleven years old. He is currently detained by Respondents, without bond, at PISPC.

Petitioner Carlos Omar Calvillo-Lopez is a native and citizen of Mexico, and lawful permanent resident of the United States, who has resided in the U.S. since he was about nine years old. He is currently detained by Respondents, without bond, at PISPC.

Petitioner Jorge Rivera-Pulida is a native and citizen of Mexico and lawful permanent resident, who obtained his temporary, and then permanent residence as a Special Agricultural Worker. He was detained by Respondents, without bond, at PISPC, but on or about January 24, 2002, he was released. He is also currently detained by Respondents, without bond, at PISPC.

*Facts*

For the purposes of the matters before the Court, it is only necessary to summarize the underlying facts of this case. Each Petitioner is a lawful permanent resident. Each Petitioner was arrested on drug charges with the exception of Petitioner Calvillo-Lopez, who was charged with assault. Petitioners Hernandez-Leija and Calvillo-Lopez received deferred adjudication. The charges against Jose Antonio-Esparza were dismissed soon after his arrest. It is unknown to this Court what sentences, if any, Petitioner Rivera-Pulida and Grimaldo-Barrientos recieved.

As a result of the criminal charges filed, not one of the Petitioners was arrested on a warrant issued by the Attorney General pursuant to 8 U.S.C. § 1226(a) or placed in deportation proceedings, except as hereinafter described.

Each Petitioner exited the United States for a brief period of time. On their return to the United States, they each applied "for admission" as a "returning resident." As a result of the criminal actions described above, each Petitioner was detained at the port of entry and placed under removal proceedings as an "arriving alien" who was "seeking admission" within the meaning of 8 U.S.C. § 1101 (a) (13) (C).

At no time after Petitioner's detention did Respondents give the Petitioners any form of notice of the possibility of "parole" pursuant to 8 U.S.C. §1182(d)(5).[2]

*Petitioners' Request for Class Certification*

Counsel for the Petitioners seek to represent the class of all LPRs:

---

[2] As used herein, "parole" means permitting a person to go at liberty within the U.S., without being "admitted" as defined by 8 U.S.C. §1101(a)(13). This may occur while the person is under removal proceedings, but is not limited to such circumstances. The term "conditional parole" means that a person arrested on a warrant issued by the Attorney General is allowed to go at liberty, under specified conditions, while removal proceedings are pending.

    (a)    who: (1) have sought or will seek admission at a port of entry within the geographical area encompassed by the Harlingen District of the Immigration and Naturalization Service, and (2) were at that time placed in removal proceedings as "arriving aliens" under 8 U.S.C. §§ 1101 (a)(13)(C) and 1225(b)(2) and are still under such proceedings, or will then be placed in such proceedings; and
(3) were not then and have not subsequently been arrested on a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a), (4) have been, are or will be either detained by Respondents pending their removal hearings under 8 U.S.C. §1225(b)(2)(C), and
    (b)    all such former LPRs whose removal orders are or may still be subject to some form of judicial review, either in habeas corpus, or through a petition for review.

The above class, Petitioners argue, is so numerous that joinder of all members present and future would be impracticable. Petitioners claim that there are questions of law and/or fact which are common to the class. Additionally, they contend that the claims of the representative parties are typical of the claims of the class and that the representative parties, and their counsel, can adequately and fairly protect the interests of the class. Petitioners further assert that the INS has acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief, and/or corresponding declaratory relief to the class as a whole.

*Respondent's Opposition to Petitioner's Request for Class Certification*

Respondent's assert this Court lacks jurisdiction to issue the relief sought by the proposed class. Respondents urge that 8 U.S.C. § 1252 (f) (1), which states:

> Regardless of the nature of the action or claim or of the identity of the party or parties bringing the action, no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of part IV of this subchapter, as amended

4

>by the Illegal Immigration and Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such part have been initiated;

controls Petitioner's request, especially as applied to a class. Respondents also argue that Petitioners do not satisfy the requirements of Federal Rule of Civil Procedure 23(a) for class certification. Respondents further assert that Petitioners seek to represent aliens with final orders of removal and these aliens are subject to an entirely different procedure than other aliens. Respondents challenge nearly all the bases upon which Petitioners rely for certifying the class.

## FORMS OF RELIEF

### *Habeas Corpus*

Petitioners assert that their detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico. These claims are cognizable in habeas corpus under 28 U.S.C. § 2241. Petitioners request that their habeas petitions be granted, and that preliminary and permanent injunctions issue, requiring that Respondents grant Mr. Hernandez-Leija, Mr. Calvillo, and Mr. Grimaldo a prompt hearing on their request for bond and that at said hearing, their entitlement to bond be adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community.

### *Declaratory Judgment*

Petitioners also seek a Declaratory Judgment, on their own behalf and on behalf of all others similarly situated, declaring, as a violation of the Due Process Clause, the detention of LPRs as "arriving aliens" under 8 U.S.C. §§ 1101(a)(13)(C) and 1225(b)(2):

>(1) without advising them of the possibility of, and procedures for requesting parole under 8 U.S.C. §1182 (d) (5), and

5

(2) without affording them a prompt hearing on any request for parole before an Immigration Judge or other impartial adjudicator, and

(3) without adjudicating, at said hearing, their entitlement to parole, with or without payment of a bond, in a manner consistent with determinations made under 8 U.S.C. §1226(a)(2) for granting bond or "conditional parole" to otherwise similarly situated LPRs arrested on warrants issued by the Attorney General, and detained pending a decision on whether they are to be removed from the U.S., to wit, without (a) recognizing that because they are LPRs, Petitioners have certain liberty interests and fundamental rights which in and of themselves satisfy the "urgent humanitarian reasons or significant public interest" criteria of 8 U.S.C. §1182(d)(5)(A), and therefore, (b) adjudicating such applications on the basis of whether the LPR presents a "security risk" or "risk of absconding," which are the additional criteria of 8 C.F.R. §212.5(a), and the same criteria employed in determining whether otherwise similarly situated LPRs should be granted bond or "conditional parole" under 8 U.S.C. §1226 (a)(2).

*Injunctive Relief*

Petitioners further seek a preliminary and permanent injunction, restraining and enjoining Respondents from detaining LPRs as "arriving aliens" under 8 U.S.C.§§ 1101(a)(13)(C) and 1225(b)(2), without advising them of the possibility of, and procedure for requesting parole under 8 U.S.C. §1182(d)(5), and without granting them a prompt hearing on any requests for parole before an Immigration judge or other impartial adjudicator.

## ANALYSIS

*The Issue of Class Certification*

Rule 23(a) of the Federal Rules of Civil Procedure sets forth the prerequisites for a class action. They are as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical

6

of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[3]

Additionally, Rule 23(b) dictates that an action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.[4]

In the present case, although there is no way to determine exactly how many LPRs are or will be held without being made aware of the possibility of parole or the procedures involved in applying for parole, the Petitioners claim they are so numerous that joinder would be impracticable. Although the burden of proof falls squarely on the proponent for class certification, the Court is aware that when deciding a motion for class certification, the court is to accept all allegations of the complaint as true and assume that cognizable claims are stated.[5]

Respondents claim this Court lacks authority to certify the instant case because the Immigration and Nationality Act of 1996 was amended to prohibit any court, other than the Supreme Court, from exercising jurisdiction or authority to enjoin or restrain the operation of the provisions of 8 U.S.C. §§ 1221-1231, except when applying such provisions to an individual alien against

---

[3] FED. R. CIV. P. 23(a).

[4] FED. R. CIV. P. 23(b)(2). Although when the conditions of Rule 23(b)(1)(A), (B), or (b)(3) are met and coupled with the prerequisites of Rule 23(a), a class may be certified, Rule 23(b)(2) is most applicable to the issues in the present case.

[5] Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 177-78 (1974).

whom proceedings under these sections have been initiated.[6] Petitioners argue, however, that a properly formulated injunction would not run afoul of the limits outlined above because § 1252 (f) (1) does not apply to the means by which the parole authority of 8 U.S.C. § 1182 (d) (5) is administered. Petitioners do not request an injunction restraining the operation of 8 U.S.C. § 1221 *et seq*; rather they are requesting an injunction merely mandating Respondents to inform all LPRs detained under 8 U.S.C. § 1225 (b) (2) of the existence of and means for requesting parole under 8 U.S.C. § 1182 (d) (5). Petitioners also request that, prior to denying a request, Respondents provide a hearing in good faith, however summary. Petitioners further argue that the class is merely being defined through 8 U.S.C. § 1225 (b) (2), therefore, an injunction as applied to them would not affect the operation of 8 U.S.C. § 1221 *et seq*. This Court is simply utilizing the statute as a means by which to appropriately categorize the class, not issuing an injunction enjoining the operation of the statute. Therefore, the Court's exercise of authority in this context is not prohibited.

Respondents urge that the purported class lacks commonality because aliens subject to final order of deportation fall under a different form of detention and therefore different procedures upon arrival at a port of entry. Respondents claim that because the class would constitute two different groups of aliens, their equal protection interests are also different. Petitioners have further specified that the putative class consists of individuals whose cases have moved from the administrative to the judicial forum; therefore, Respondents' fail to recognize the overreaching circumstance in which the putative class stand. Moreover, Respondents claim that the putative class is over-broad, however, the issue before the Court concerns notice of the availability and procedures for requesting parole, and because of the possibility of repetition each time a class member leaves and re-enters the United

---

[6] 8 U.S.C. § 1252 (f) (1).

8

States, the fact that some putative class members have already been granted or denied parole is irrelevant.

The questions of law and the claims made by the named Petitioners of the proposed class are common to the class as a whole. Additionally, counsel for the Petitioners guarantee, based on their experience and expertise, that the representative parties (and their counsel) will represent the interests of the class fairly and adequately. Therefore, the Petitioners have satisfied Rule 23(a) in this case.

*Due Process Analysis and Petitioner's Right to Relief Under 28 U.S.C. § 2241*

The Fifth Amendment Due Process Clause guarantees that "no person shall...be deprived of life, liberty, or property, without due process of law."[7] The Due Process Clause encompasses both a substantive and procedural right to due process.[8] Substantive due process forbids the government to engage in conduct that "shocks the conscience,"[9] or interferes with rights "implicit in the concept of ordered liberty."[10] Procedural due process prohibits the government from depriving an individual's life, liberty, or property in an unfair manner.[11]

---

[7] U.S. CONST. amend. V

[8] See El-Banna v. Hansen, 02 CV 501 (N.D. Ohio 2002) (Doc. #13).

[9] See id. at 6 (quoting Rochin v. California, 342 U.S. 165, 172 (1952).

[10] See id. (quoting Palko v. Connecticut, 302 U.S. 319, 325-26 (1937).

[11] See United States v. Salerno, 481 U.S. 739, 746 (1987); Matthews v. Eldridge, 424 U.S. 319, 333-35 (1972).

Legal permanent residents enjoy the most rights under the immigration laws of the United States.[12] LPRs retain the right to reside permanently within this country until a final order of removal is entered.[13] Although Congress has plenary power to expel, exclude, and detain aliens, that power is "subject to important constitutional concerns."[14] Due process is among those concerns and "freedom from imprisonment–from government custody, detention, or other forms of physical restraint–lies at the heart of the liberty that Clause protects."[15] This freedom should also translate to the right to be apprised of the availability and procedure for requesting parole by LPRs.

## RECOMMENDATION

For the reasons set forth above, Petitioners' writ of habeas corpus under 28 U.S.C. § 2241 should be GRANTED. The court should certify the class of all legal permanent residents:

> (a) who: (1) have sought or will seek admission at a port of entry within the geographical area encompassed by the Harlingen District of the Immigration and Naturalization Service, and (2) were at that time placed in removal proceedings as "arriving aliens" under 8 U.S.C. §§ 1101 (a)(13)(C) and 1225(b)(2) and are still under such proceedings, or will then be placed in such proceedings; and
> (3) were not then and have not subsequently been arrested on a warrant issued by the Attorney General, within the meaning of 8 U.S.C. §1226(a), (4) have been, are or will be either detained by Respondents pending their removal hearings under 8 U.S.C. §1225(b)(2)(C), and

---

[12] Kim v. Ziglar, 276 F.3d 523, 528 (9th Cir. 2002).

[13] See id.

[14] See id. at 529 (quoting Zavydas v. Davis, 533 U.S. 678 (2001)).

[15] Zadvydas 533 U.S. at 690.

10

  (b)  all such former LPRs whose removal orders are or may still be subject to some form of judicial review, either in habeas corpus, or through a petition for review.

This class satisfies the prerequisites of Rule 23 (a) in that the class is so numerous that joinder of all members is impracticable, there are questions of law and/or fact common to the class, and the representative parties will fairly and adequately protect the interests of the class. In addition to fulfilling the Rule 23 (a) prerequisites, the class also complies with Rule 23 (b)(2) because the Respondents have acted or refused to act on grounds generally applicable to the class, namely by failing to give the class notice of the availability and procedures for obtaining parole. These actions and refusals to act make final injunctive and corresponding declaratory relief appropriate to the class as a whole, as is provided by Rule 23 (b)(2) of the Federal Rules of Civil Procedure.

  This Court recommends that the government afford Petitioners Hernandez-Leija and Calvillo a bond hearing within 10 days of the proposed order being signed by the district court. At said hearing, the immigration judge shall state clearly, on the record, the basis of an individualized determination whether any condition or combination of conditions of release will reasonably ensure the Petitioners will not flee and will not endanger the public.

  A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

DONE at Brownsville, Texas this 9th day of October, 2002.

_____
Felix Recio
United States Magistrate Judge

---

[16]See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).