34

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 8 2002

Michael N. Milby
Clerk of Court

ISRAEL HERNANDEZ-LEIJA,      )
    et al,      )
                    )
    Plaintiffs/Petitioners,  )
                    )      No. B-01-206
v.      )
                    )
E.M. Trominski, et al.,      )
                    )
    Defendants/Respondents.  )
_____)

## DEFENDANTS/RESPONDENTS' OBJECTIONS TO
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants/Respondents E.M. Trominski and John Ashcroft (collectively referred to as "Defendants") hereby file their Objections to the Magistrate Judge's *Report and Recomendation* ("The Report") filed on October 10, 2002, and legal memorandum in support thereof. For the Court's convenience, Defendants are filing an *Appendix for Memorandum of Law in Support of Defendants/Respondents' Objections to The Magistrate Judge's Report and Recommendation* ("Appendix") of the exhibits cited in the legal memorandum. The Defendants respectfully submit that the Court should reject the Report, deny the motion for class certification, deny the motion for a preliminary injunction, and dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) & (6).

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

DAVID V. BERNAL
Assistant Director
Office of Immigration
     Litigation

LISA M. PUTNAM
Special Assistant U.S. Attorney
Ga. Bar No. 590315/
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Fax:  (956) 389-7057

LISA M. PUTNAM

for ERNESTO H. MOLINA, JR.
Senior Litigation Counsel
Attorney in Charge
Ca. Bar No. 18134
U.S. Dept. of Justice
Civil Division
Office of Immigration
     Litigation
P.O. Box 878
Washington, DC  20044
Tel:  (202) 616-9344
Fax:  (202) 616-4975
Date:  October 18, 2002

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA,    )
    et al,    )
            )
    Plaintiffs/Petitioners,    )
            )    No. B-01-206
    v.    )
            )
E.M. Trominski, et al.,    )
            )
    Defendants/Respondents.    )
_____)

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS/RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration
    Litigation

ERNESTO H. MOLINA, JR.
Senior Litigation Counsel
Attorney in Charge
Ca. Bar No. 18134
U.S. Dept. of Justice
Civil Division
Office of Immigration
    Litigation
P.O. Box 878
Washington, DC  20044
Tel:  (202) 616-9344
Fax:  (202) 616-4975

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Ga. Bar No. 590315/
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Fax:  (956) 389-7057

# TABLE OF CONTENTS

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING . . . . 1

STATEMENT OF THE ISSUES PRESENTED TO BE RULED UPON
BY THE COURT . . . . . . . . . . . . . . . . . 2

BACKGROUND . . . . . . . . . . . . . . . . . . 2

    A.   Factual Background . . . . . . . . . . . 2

    B.   The Report and Recommendation . . . . . . . 4

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . 6

ARGUMENT. . . . . . . . . . . . . . . . . . . 8

I.   THE COURT SHOULD REJECT THE REPORT'S RECOMMENDATION
    THAT THE COURT CERTIFY THE CLASS . . . . . . . . 8

    A.   The Court Is Without Authority To Certify
       Class In The Instant Case. . . . . . . . . 8

    B.   The Plaintiffs Class Lacks Commonality Where
       It Includes Aliens Subject To Post-Order
       Detention . . . . . . . . . . . . . . 9

    C.   The Report Improperly Presumes Numerosity
       Where Plaintiffs Made No Showing In Their
       Initial Motion . . . . . . . . . . . . 10

    D.   Plaintiffs' Claims Are Not Typical Of The Class . 12

    E.   Plaintiffs Are Not Adequate Representatives. . . 12

II.  THE COURT SHOULD REJECT THE REPORT AND DISMISS THE
    CLAIMS OF PLAINTIFFS CALVILLO AND HERNANDEZ-LEIJA
    BECAUSE THEY ARE NO LONGER IN INS DETENTION . . . . 13

III. THE COURT SHOULD REJECT THE REPORT AND DISMISS
    PLAINTIFFS' CLAIM REGARDING INDIVIDUALIZED NOTICE OF
    PAROLE UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO
    STATE A CLAIM . . . . . . . . . . . . . . 14

IV.  ADOPTION OF THE REPORT WOULD EXCEED JUDICIAL AUTHORITY BY
    SUPPLANTING EXPRESS CONGRESSIONAL IMPOSITION OF THE PAROLE
    STANDARD ON ARRIVING LAWFUL PERMANENT RESIDENT ALIENS
    SEEKING ADMISSION . . . . . . . . . . . . . 16

i

V.    THE REPORT INCORRECTLY EVALUATES THE LAW REGARDING DUE
      PROCESS AND PLAINTIFFS' CLAIMS TO A RIGHT TO REQUEST PAROLE
      BEFORE AN IMMIGRATION JUDGE. . . . . . . . . . .    18

      A.    <u>Marcello v. Bonds</u> Controls This Case . . . . .    18

      B.    Even Under <u>Mathews v. Eldridge</u>, Plaintiffs Have Been
            Afforded Due Process . . . . . . . . . . .    19

            1.    Plaintiffs have no liberty interest in parole    19

            2.    The balance of due process factors favors the
                  government . . . . . . . . . . . . .    21

            3.    Plaintiffs show no actual prejudice. . . .    22

CONCLUSION . . . . . . . . . . . . . . . . . .    24

APPENDIX

CERTIFICATE OF SERVICE

ii

## TABLE OF AUTHORITIES

### FEDERAL CASES

Amanullah v. Nelson,
        811 F.2d 1 (1st Cir. 1987) . . . . . . . . . .   21

Carlson v. Landon,
        342 U.S. 524 (1952) . . . . . . . . . . . .   20

Cervantes-Gonzales v. INS,
        232 F.3d 684 (9th Cir. 2000) . . . . . . . .   21

City of West Covina v. Perkins,
        525 U.S. 234 (1999) . . . . . . . . . . . .   15

Connecticut Board of Pardons v. Dumschat,
        452 U.S. 458 (1982) . . . . . . . . . . . 20, 21

Dusenbery v. United States,
        122 S. Ct. 694 (2002). . . . . . . . . . . 14, 15

Eisen v. Carlisle and Jacquelin,
        417 U.S. 156 (1974) . . . . . . . . . . . 10, 11

Federal Crop Insurance, Corp. v. Merrill,
        332 U.S. 380 (1947) . . . . . . . . . . . 15, 16

Fiallo v. Bell,
        430 U.S. 787 (1977) . . . . . . . . . . . .   16

Finlay v. INS,
        210 F.3d 556 (5th Cir. 2000) . . . . . . . .   20

Fleming v.Travenol Laboratories, Inc.,
        707 F.2d 829 (5th Cir. 1983) . . . . . . . .   11

Garcia-Mir v. Smith,
        766 F.2d 1478 (11th Cir. 1985). . . . . . . .   16

Gisbert v. U.S. Attorney General,
        998 F.2d 1437 (5th Cir. 1993) . . . .    7, 17, 20, 21, 23

Harisiades v. Shaughnessy,
        342 U.S. 580 (1952) . . . . . . . . . . . 16, 17

Jay v. Boyd,
        351 U.S. 345 (1956) . . . . . . . . . . . .   20

Jean v. Nelson,
    727 F.2d 957 (11th Cir. 1987) . . . . . . . 16, 21

Kleindienst v. Mandel,
    408 U.S. 753 (1972) . . . . . . . . . . 16, 17

Landon v. Plasencia,
    459 U.S. 21 (1982). . . . . . . . . . 19, 20, 22

Lewis v. Continental Bank,
    494 U.S. 472 (1990) . . . . . . . . . . . 13

Los Angeles v. Lyons,
    461 U.S. 95 (1990). . . . . . . . . . . . 13

Marcello v. Bonds,
    349 U.S. 302 (1955) . . . . . . . . . . 7, 18

Mathews v. Diaz,
    426 U.S. 67 (1976). . . . . . . . . . . . 16

Mullane v. Central Hanover Bank & Trust,
    339 U.S. 306 (1950) . . . . . . . . . . 7, 14

Pederson v. Louisiana State University,
    213 F.3d 858 (5th Cir. 2000) . . . . . . . 11

Reno v. American-Arab Anti-Discrimination Committee,
    525 U.S. 471 (1999) . . . . . . . . . . . . 9

Sierra v. INS,
    258 F.3d 1213 (10th Cir. 2001). . . . . . . 19

Tefel v. Reno,
    180 F.3d 1286 (11th Cir. 1999),
    cert. denied, 530 U.S. 1228 (2000) . . . . . 20

United States ex rel. Barbour v. District Director,
    491 F.2d 573 (5th Cir. 1974),
    cert. denied, 419 U.S. 873 (1974). . . . . . 16

United States ex rel. Knauff v. Shaughnessy,
    338 U.S. 537 (1950) . . . . . . . . . . . 18

United States, ex rel. Mezei v. Shaughnessy,
    345 U.S. 206 (1953) . . . . . . . . . 10, 16, 20

iv

_Wing Wong v. United States_,
       163 U.S. 228 (1896)  .   .   .   .   .   .   .   .   .   .   20

_Zadvydas v. Davis_,
       533 U.S. 678 (2001)  .   .   .   .   .   .   .   .  9, 10, 19

_Zeidman v.  J. Ray McDermott & Co., Inc._,
       651 F.2d 1030 (5th Cir. 1981) .  .  .   .   .   .   .   11

**FEDERAL STATUTES**

**Selected Sections of
the Immigration and Nationality Act of 1952, as amended**

Section 212(d)(5)(A),
       8 U.S.C. § 1182(d)(5)(A) (2000)  .   .   .   .   .   .  17, 23

Section 231,
       8 U.S.C. § 1221 (2000)  .   .   .   .   .   .   .   .   .   . 4

Section 235,
       8 U.S.C. § 1225.  .   .   .   .   .   .   .   .   .   .   . 6, 9

Section 235(b)(2),
       8 U.S.C. § 1225(b)(2).  .   .   .   .   .   .   .   .   . 4, 8

Section 241(a),
       8 U.S.C. § 1231(a) (Supp. 1997)  .   .   .   .   .   .   . 9

Section 241(a)(1)(A),
       8 U.S.C. § 1231(a)(1)(A) (2000)  .   .   .   .   .   .   . 9

Section 241(a)(1)(A),
       8 U.S.C. § 1231(a)(2) (Supp. 1997)  .   .   .   .   .   10

Section 241(a)(6),
       8 U.S.C. § 1231(a)(6) (Supp. 1997)  .   .   .   .   .   . 9

Section 1252(f)(1),
       8 U.S.C. § 1252(f)(1) (Supp. 1997)  .   .   .   .   . 4, 6, 8

**Selected Sections of
the Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(6)  .   .   .   .   .   .   .   .   .   . 14

Fed. R. Civ. P. 20  .   .   .   .   .   .   .   .   .   .   .   . 3

Fed. R. Civ. P. 23(a) . . . . . . . . . . . 4, 5, 11

Fed. R. Civ. P. 23(b) . . . . . . . . . . . 6, 12

Fed. R. Civ. P. 23(b)(2) . . . . . . . . . . . 4, 5

Fed. R. Civ. P. 23(c) . . . . . . . . . . . . 11

## FEDERAL REGULATIONS

8 C.F.R. § 241.3 (2002). . . . . . . . . . . . . 9

8 C.F.R. § 241.4(c) . . . . . . . . . . . . . . 9

## MISCELLANEOUS

141 Cong. Rec. S7803, 7823 (daily ed. June 7, 1995) . . . 17

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The instant case involves five aliens who filed a *Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief* on December 7, 2002.  Docket Entry 1.  On January 14, 2002, plaintiffs filed their *First Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief* ("First Amended Complaint").  Docket Entry 2.  Plaintiffs essentially raise two claims:  (1) that they are entitled as a matter of due process to specific notice of the availability of parole; and (2) that they are entitled as a matter of due process to a hearing before an "impartial adjudicator," *i.e.*, an immigration judge, as opposed to the District Director, on their applications for parole.

On January 14, 2002, Plaintiffs also filed their *Application for Temporary Restraining Order and Motion for Preliminary Injunction with Incorporated Points and Authorities* ("TRO Motion").  Docket Entry 3.  On January 23, 2002, Defendants filed their response to the TRO motion.  Docket Entry 9.  A hearing on the TRO Motion was held before Magistrate Judge Recio on January 24, 2002.

Plaintiffs filed their *Opposed Motion for Class Certification* on May 22, 2002.  Docket Entry 18.  Defendants filed their reply on June 12, 2002.  Docket Entry 24.

Defendants filed *Defendants/Respondents' Motion to Dismiss* on May 24, 2002.  Docket Entry 19.  Plaintiffs responded to that motion on May 28, 2002.  Docket Entry 21.

1

**STATEMENT OF THE ISSUES PRESENTED TO BE RULED UPON BY THE COURT**

1.  Whether the Court should reject the Report's suggestion that class should be certified.

2.  Whether the Court should reject the Report and dismiss the claims of Plaintiffs Calvillo and Hernandez-Leija where they are no longer in INS detention.

3.  Whether the Court should reject the Report and dismiss Plaintiffs' claim that they are entitled to individualized notice of parole where the availability of parole is published in reporters.

4.  Whether the Court should reject the Report's decision to displace Congress' chosen requirements for parole where Congress' decision can be supported by a facially legitimate and bona fide reason.

5.  Whether the Court should reject the Report and dismiss Plaintiffs' claim that due process entitles them to a hearing before an immigration judge rather than the district director.

**BACKGROUND**

**A.   Factual Background**

In addition to the facts generally discussed in the report, several other facts should be mentioned.  Plaintiffs Israel Hernandez-Leija ("Hernandez"), Carlos Omar Calvillo-Lopez ("Calvillo"), Jorge Rivera-Pulvida ("Rivera"), Jose Antonio Esparza ("Esparza"), Dionicio Grimaldo-Barrientos ("Grimaldo"), and Ruben Prado-Rivera ("Prado")[1] (collectively referred to as

_____

[1] Since the initiation of this lawsuit, Plaintiffs have sought to add Prado as a named plaintiff.  See Plaintiffs' *Unopposed Motion of Ruben Dario Prado-Rivera to Be Joined as A Named Plaintiff in the Instant Action, Seeking A Writ of Habeas Corpus and Class Action Complaint for Declaratory and Injunctive Relief* ("Prado's Motion").  Docket Entry 16.  Prado raises some of the same claims raised by the other named plaintiffs, but does not allege to have never received notice of the availability of parole and raises an equal protection claim not raised by the other plaintiffs.  See Prado's Motion at 5.  However, the Court
(continued...)

2

"Plaintiffs") admit that upon consulting an attorney, they learned of parole and did apply for it.  First Amended Complaint at ¶¶ 13, 19, 27, 32, 39; Plaintiffs' Exhibit J at 1 (Appendix at 14).  Subsequently, Esparza, Calvillo, and Rivera were granted parole.  See Plaintiffs' Exhibit F at 3 (Appendix at 4); Government's Exhibits ("Gov't Exh.") 1 & 2 (Appendix at 28 & 30).

Moreover, since the time of Defendants/Respondents' Motion to Dismiss, there have been other developments regarding the named plaintiffs.  Hernandez-Leija was ordered removed on August 5, 2002.  Gov't Exh. 5 (Appendix at 32).  He was removed to Mexico.  Gov't Exh. 6 (Appendix at 34).  Furthermore, Calvillo's removal proceedings were administratively terminated because he is detained in a local jail on drug charges.  Gov't Exh. 7 (Appendix at 37).  Furthermore, Grimaldo was ordered removed, but the Board of Immigration Appeals reopened his case for consideration for a waiver of inadmissibility under INA § 212(c). Gov't Exh. 8 (Appendix at 39).

---

[1](...continued)
has not acted on that motion, and the Report has not made any equal protection finding.  Thus, Prado's equal protection claim will not be addressed.

Plaintiffs have also sought to add Patricia Cerda ("Cerda") as a plaintiff.  See Opposed Motion of Ana Patricia Cerda-Cardenas.  Docket Entry 20.  In Cerda's individual petition for writ of habeas corpus raising claims regarding parole (see case no. 02-109 (S.D. Tex.)), the government has moved to dismiss her claim as moot because she has been granted parole (Gov't Exh. 9, Appendix at 41) and because at the time she filed she had not exhausted her administrative remedies.  Thus, joinder of her case is improper under Fed. R. Civ. P. 20.

3

## B.   The Report and Recommendation

The Report and Recommendation states, without discussion
that the Court retains jurisdiction.  Report 1-2.

In the "Analysis" section, the Report states that while
Plaintiffs' bear the burden of proof for class certification, the
court must accept as true all of their allegations.  Report at 7.
The Report states that INA § 242(f)(1) does not prohibit the
Court from entering an injunction in this case because Plaintiffs
do not seek an injunction of the operation of 8 U.S.C. § 1221, et
seq., but merely "defined" the class using 8 U.S.C. § 1225(b)(2).
Report 8.

The Report rejects Defendants' argument that there is a lack
of commonality among members of the proposed plaintiff class.
Report 8.  The Report notes that Plaintiffs have specified that
the class includes individuals before the judicial forum and that
Defendants therefore fail to recognize the overreaching
circumstance in which the putative class stands.  Id.  The Report
similarly repudiates Defendants' claim that the class is over-
broad by suggesting that "the issue before the Court concerns
notice of the availability and procedures for requesting parole,
and because of the possibility of repetition each time a class
member leaves and re-enters the United States, the fact that some
putative class members have already been granted or denied parole
is irrelevant."  Report 8-9.  The Report determined that the
questions of law raised by the Plaintiffs are common among the

4

class as a whole.  _Id._  The Report also stated that Plaintiffs'
counsel are competent to handle a class action.  _Id._

The Report then provides a "Due Process Analysis."  Report
at 9.  The Report generally notes that "LPRs retain the right to
reside permanently within this country until a final order of
removal is entered."  _Id._  While observing that Congress has
plenary authority to expel and detain aliens, the Report
indicates that such authority is subject to constitutional
limitations.  _Id._  The Report states that the Due Process Clause
is among the concerns and that "freedom from imprisonment" is
among those rights.  _Id._  The Report then indicates that the
right to be apprized of the availability and procedure for
requesting parole should be included.  _Id._

In a section entitled "Recommendation," the Report suggests
that the petition for writ of habeas corpus should be granted.
Report 10.  The Report also suggests that a class should be
certified.  _Id._  The Report determines that all of the
prerequisites of Fed. R. Civ. P. 23(a) have been met as well as
Fed. R. Civ. P. 23(b)(2).  _Id._ at 10-11.

The Report further recommends that the government afford
Plaintiff Hernandez-Leija and Calvillo a "bond" hearing within 10
days of the proposed order being signed by the Court.  Report 11.
"At said hearing, the immigration judge shall state clearly, on
the record, the basis of an individualized determination whether
any condition or combination of conditions will reasonably ensure

the [Plaintiffs] will not flee and will not endanger the public."
Id.

### SUMMARY OF ARGUMENT

The Court should reject the Report's suggestion to certify
the class.  The Court lacks authority to certify a class for
injunctive relief because 8 U.S.C. § 1252(f)(1) prohibits
enjoining the operation of 8 U.S.C. § 1225, which Plaintiffs seek
to do.  The class lacks commonality because it includes aliens
with final orders of removal who are subject to separate
detention requirements, including mandatory detention for ninety
days.  Moreover, Plaintiffs failed to allege or make any showing
in their initial motion that they satisfied the numerosity
requirement for certification or that they satisfied another
criterion under Fed. R. Civ. P. 23(b).  Class certification is
also improper because at the time the lawsuit was filed, the
Plaintiffs had notice of the availability of parole and therefore
do not have typical claims.  Finally, Plaintiffs are inadequate
representatives because four of the five plaintiffs have been
released on parole and the fifth was issued a final order, but
has since been returned to pre-final order status with knowledge
of the availability of parole.

The Court should reject the Report's order for parole
hearings for Calvillo and Hernandez-Leija as moot where Calvillo
was previously granted parole and Hernandez-Leija has been
deported.

6

The Court should dismiss Plaintiffs' due process claim of an entitlement to individualized notice. Under <u>Mullane v. Central Hanover Bank & Trust</u>, 339 U.S. 306 (1950), Plaintiffs have been afforded notice of the availability of parole by publication of the statute and regulation in publicly available reporters.

The Court should reject the Report's change to the standard for parole. The parole is justified by a "facially legitimate and bona fide reason" insofar as limiting the entrance of aliens is a necessary function of policing the nation's borders and protecting the public.

Finally, the Report errs in determining that due process entitles Plaintiffs to a parole hearing before an immigration judge. The Supreme Court has already held that resident aliens seeking admission to the United States are not entitled to an "independent adjudicator." <u>Marcello v. Bonds</u>, 349 U.S. 302 (1955). Moreover, parole is discretionary relief in which no liberty interest is implicated. <u>Gisbert v. U.S. Attorney General</u>, 998 F.2d 1437, 1443 (5th Cir. 1993). Furthermore, the balance of hardships favors the government, which has a weighty interest in parole procedures, and the interest of Plaintiffs in a hearing before an immigration judge is minimal insofar as four of the five plaintiffs were able to obtain parole without an immigration judge. Finally, Plaintiffs fail to show actual prejudice; insofar as four of the five Plaintiffs obtained parole, they cannot show the outcome of their cases would have been different.

7

## ARGUMENT

**I.    THE COURT SHOULD REJECT THE REPORT'S RECOMMENDATION THAT THE COURT CERTIFY THE CLASS**

### A.    The Court Is Without Authority To Certify Class In The Instant Case

The Court should reject the Report because this Court is without authority to enjoin the operation of INA § 235(b)(2). INA § 242(f)(1) provides:

> Regardless of the nature of the action or claim . . . no court (other than the Supreme Court) shall have jurisdiction or authority to enjoin or restrain the operation of the provisions of chapter 4 of title II [8 U.S.C. §§ 1221-1231], as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, other than with respect to the application of such provisions to an individual alien against whom proceedings under such chapter have been initiated.

8 U.S.C. § 1252(f)(1) (Supp. 1997).

The Report attempts to avoid the application of INA § 242(f)(1) by suggesting that Plaintiffs do not seek to enjoin the operation of the statute and that Plaintiffs have merely "defined" the class using INA § 235(f)(1). Report 8. The Report, itself, however, identifies that Plaintiffs seek "a preliminary and permanent injunction, restraining and enjoining [Defendants] from detaining LPRs as 'arriving aliens' under [8 U.S.C. § 1225(b)(2)]. . . ." Report 6 (emphasis added). Indeed, the Report's "Analysis" section fails to explain the First Amended Complaint which, under Claim 3, requests an order enjoining Defendants "from detaining LPRs." First Amended Complaint at 15-16. Because Plaintiffs seek an injunction of the

8

detention authority of the Attorney General under 8 U.S.C. §
1225, INA § 242(f)(1) deprives the Court of jurisdiction to issue
class-wide relief. See Reno v. American-Arab Anti-Discrimination
Comm., 525 U.S. 471, 481-82 (1999).

**B.  The Plaintiffs Class Lacks Commonality Where It
Includes Aliens Subject To Post-Order Detention**

The Court should reject the Report's evaluation of the
commonality of Plaintiffs' claims.  Aliens with final orders of
removal stand in a significantly different position than those
alien in removal proceedings.

Aliens under final orders of removal based on charges of
inadmissibility are subject to entirely different procedures.
First, once an alien has a final order of removal, they are no
longer subject to detention under INA §§ 235 or 236.  Rather,
such aliens are detained under INA § 241(a), 8 U.S.C. § 1231(a)
(Supp. 1997).  Under INA § 241(a), an alien must be detained for
90 days after the entry of a final order of removal, and the
Attorney General is not permitted to release them during that
period.  8 U.S.C. § 1231(a)(1)(A) & (a)(2) (Supp. 1997); 8 C.F.R.
§ 241.3 (2002).  After ninety days, the Attorney General may
continue to detain certain types of criminal aliens.  8 U.S.C. §
1231(a)(6) (Supp. 1997).  However, such aliens may seek release
from the district director.  8 C.F.R. § 241.4(c).  The Supreme
Court has stated that the mandatory detention period of ninety
days and an additional ninety days of detention thereafter are
"presumptively reasonable." Zadvydas v. Davis, 533 U.S. 678, 701
(2001).  Aliens subject to this period of mandatory detention are

not entitled to release on parole.   Moreover, aliens who are

citizens of Mexico (such as the Plaintiffs) are generally able to

be returned immediately within the removal period.   Thus, these

aliens do not have the same interest as pre-final order aliens.

     Furthermore, constitutionally, post-final exclusion order

aliens have extraordinarily limited due process rights, if any.

The Supreme Court has explained that a resident alien who is

subject to an order of exclusion has no due process rights

implicated in his continued detention.   <u>United States ex rel.</u>

<u>Mezei v. Shaughnessy</u>, 345 U.S. 206, 214-16 (1953).   The Supreme

Court recently reaffirmed the continued validity of <u>Mezei</u>.

<u>Zadvydas</u>, 533 U.S. at 693.   Accordingly, such aliens subject to

final orders cannot make the same claim to a right to notice or a

right to an independent adjudicator based on due process.   Thus,

aliens in such circumstances lack commonality with other members

of the class.

### C.   The Report Improperly Presumes Numerosity Where Plaintiffs Made No Showing In Their Initial Motion

     The Court should reject the Report's evaluation of

numerosity because Plaintiffs have made no showing of the numbers

involved in the class.   The Report acknowledges that Plaintiffs

have the burden of making such a showing.   Report 7.   However,

the Report continues by stating that "the court is to accept all

allegations of the complaint as true and assume that cognizable

claims are stated."   <u>Id.</u>, (<u>citing</u> <u>Eisen v. Carlisle and</u>

<u>Jacquelin</u>, 417 U.S. 156, 177-78 (1974)).   The Report's reliance

on <u>Eisen</u> is mistaken.   <u>Eisen</u> involved questions of whether a

10

litigant was required to provide notice to class members under Fed. R. Civ. P. 23(c) and whether costs for such notice could be allocated (in advance of certifying class) to the non-moving party by making a finding of the likelihood of success of the claims. Eisen, 417 U.S. at 176-78. Eisen says nothing about "accept[ing] all the allegations of the complaint as true."

Moreover, the Report's suggestion that all of the allegations in the "complaint" should be deemed true has no bearing on the separate motion to certify the class. The movant bears the burden of making a showing on every point, especially numerosity. Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 10389 (5th Cir. 1981). "[T]he 'mere allegation that the class is too numerous to make joinder practicable,' . . . by itself, is insufficient." Pederson v. Louisiana State University, 213 F.3d 858, 868 (5th Cir. 2000), quoting Fleming v. Travenol Laboratories, Inc., 707 F.2d 829, 833 (5th Cir. 1983). In their initial motion, Plaintiffs made no effort to show (over even allege) numerosity. Thus, they failed their burden and the Court should deny class certification.[2]

---

[2]  Plaintiffs also failed to properly make a showing regarding several other prerequisites for class.  The Report also notes that Plaintiffs' counsel "guarantee" that they will represent the interest of the class fairly and adequately. However, no such showing was made in the motion for class certification.  Furthermore, the Rule 23(a) requirement is not whether Plaintiffs can "guarantee" that they will be adequate counsel, but whether they show it.  Thus, the Court should reject the Report and deny class certification.

Moreover, the Plaintiffs' original motion also failed to make any effort at explaining which element of Fed. R. Civ. P.
                                        (continued...)

11

### D.    Plaintiffs' Claims Are Not Typical Of The Class

Plaintiffs cannot represent the class on the issue of notice because each Plaintiff has received notice of the availability of parole and applying for parole.  See First Amended Complaint at ¶¶ 13, 19, 27, 32, 39; Prado's Motion ¶ 8.[3]  The propriety of class is assessed at the time the Court certifies class. Accordingly, their claims are not typical of the class, and the Court should deny the Class Motion.

### E.    Plaintiffs Are Not Adequate Representatives

Plaintiffs are not adequate representatives.  There are five plaintiffs in this case.  Of those five, four are no longer in INS detention:  Calvillo, Esparza, Hernandez-Leija, and Rivera. As aliens released from INS custody, they cannot represent the claims of the class, as their claims are moot.

The only remaining plaintiff is Grimaldo.  Grimaldo, however, was ordered removed and was subject to mandatory detention under INA § 241.  However, the Board has since reopened his case, restoring him to a status where he may seek parole.  In returning to such a status, he does so with full knowledge of the availability of parole and cannot represent the class on that matter.[4]

_____

[2](...continued)
23(b) was also satisfied.  Accordingly, class should have been denied.

[3]  The only person who is unaware of parole is Movant Cerda-Cardenas.  However, her participation in the instant litigation is troublesome insofar as she appears to be wholly unaware of this litigation, and no party with proper standing represents her interest.  See Cerda-Cardenas Motion at 4.

(continued...)

II. **THE COURT SHOULD REJECT THE REPORT AND DISMISS THE CLAIMS OF PLAINTIFFS CALVILLO AND HERNANDEZ-LEIJA BECAUSE THEY ARE NO LONGER IN INS DETENTION**

The Court should reject the Report's recommendation that Defendants should provide Plaintiffs Calvillo and Hernandez-Leija with hearings before an immigration judge because the claims of Calvillo and Hernandez-Leija are moot. Neither Calvillo nor Hernandez-Leija is in INS custody.[5]

A litigant must have suffered, or be threatened with, an actual injury traceable to the defendants and likely to be redressed by a favorable judicial decision. **Lewis v. Continental Bank**, 494 U.S. 472, 477 (1990). While a suit may have been considered alive at the inception of the action, "[t]he parties must continue to have 'personal stake in the outcome' of the lawsuit." **Id**. at 478, **citing Los Angeles v. Lyons**, 461 U.S. 95, 101 (1990).

Here, neither Calvillo nor Hernandez-Leija are in INS custody. On August 5, 2002, Hernandez-Leija was ordered removed by an immigration judge. **See** Gov't Exh. 5 (Appendix at 32). He has since been returned to Mexico. Therefore, his claims are moot, and the Report on that matter should be rejected.

---

[4](...continued)
[4] Even those aliens sought to be added as plaintiffs are inadequate representatives. Prado does not claim to have lacked notice of parole. Furthermore, Cerda has been released on parole. Accordingly, her claims, the claims of Esparza, Rivera, Calvillo, and Hernandez-Leija, are moot, and she is an inadequate representative.

[5] The Court should likewise dismiss the claims of Esparza and Rivera, who have been released on parole.

13

Similarly, Calvillo is no longer in active procedings.[6]  On October 1, 2002, Calvillo's removal proceedings were administratively closed.  See Gov't Exh. 7 (Appendix at 37).  He is presently detained in a local county jail where he is facing drug charges.  Id.  Thus, his claims are moot, and the Report should be rejected to that extent.

### III. THE COURT SHOULD REJECT THE REPORT AND DISMISS PLAINTIFFS' CLAIM REGARDING INDIVIDUALIZED NOTICE OF PAROLE UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM

The Court should dismiss Plaintiffs' claim that they have a right to individual notice of their privilege to apply for parole into the United States pending removal proceedings.  The Report suggests that since lawful permanent resident aliens have some due process rights, there must be a due process right to notice of the availability of parole.  Report 10.  The Report's analysis should be rejected.

The Report's analysis disregards the Supreme Court's jurisprudence regarding due process rights to "notice."  The Supreme Court recently explained that, in evaluating whether individualized notice is required, the Mathews v. Eldridge due process test is not the appropriate test.  Dusenbery v. United States, 122 S.Ct. 694, 699 (2002).  "[W]e have never viewed Mathews as announcing an all-embracing test for deciding due process claims."  Id. at 699.  "[S]ince [Mullane v. Central

---

[6]  Of course, Calvillo's claims were already moot because he was previously granted parole.  See Defendents/Respondents's Motion to Dismiss at 9 & Gov't Exh. 1 (Appendix at 28).  Thus, Calvillo's claims were previously moot.

Hanover Bank & Trust, 339 U.S. 306 (1950)] was decided, we have
regularly turned to it when confronted with questions regarding
the adequacy of the method used to give notice." Id. (citations
omitted). Under Mullane, the relevant question is whether notice
was "reasonably calculated under all the circumstances."
Dusenbery, 121 S.Ct. at 700.

Accordingly, the Report errs in failing to follow the
Supreme Court's Mullane decision and its progeny, including City
of West Covina v. Perkins, 525 U.S. 234 (1999). In West Covina,
the Court observed that notice of the seizure of property was
necessary so that owners would be aware of who is responsible for
their loss. Id. at 241. However, the Court pointedly noted:

> No similar rationale justifies requiring
> individualized notice of state law remedies
> which, like those at issue here, are
> established by published, generally available
> state statutes and case law. Once the
> property owner is informed that his property
> has been seized, he can turn to these public
> sources to learn about the remedial
> procedures available to him. The City need
> not take other steps to inform him of his
> options.

Id. at 241 (citations omitted). The Supreme Court has long held
that publication of government procedures is sufficient notice of
those procedures. Federal Crop Insurance, Corp. v. Merrill, 332
U.S. 380, 384 (1947). The instant case is not different from
West Covina or Dunesbury. Here, each Plaintiff was given
individualized notice that he was being placed in, and detained
pursuant to, removal proceedings under INA § 240. Parole is a

15

matter of public record.  Thus, under West Covina, the form of notice afforded to Plaintiffs is sufficient.[7]

## IV. ADOPTION OF THE REPORT WOULD EXCEED JUDICIAL AUTHORITY BY SUPPLANTING EXPRESS CONGRESSIONAL IMPOSITION OF THE PAROLE STANDARD ON ARRIVING LAWFUL PERMANENT RESIDENT ALIENS SEEKING ADMISSION

Adoption of the Report would improperly usurp Congressional and Executive authority by supplanting Congress' expressly imposed parole standard.

The standard of review of Congress' choice to impose the parole standard is an extremely deferential one.  United States ex rel. Barbour v. District Director, 491 F.2d 573 (5th Cir. 1974), cert. denied, 419 U.S. 873 (1974); see also Garcia-Mir v. Smith, 766 F.2d 1478, 1485 (11th Cir. 1985); Jean v. Nelson, 727 f.2d 957, 976 (11th Cir. 1987).  The Court's authority does not extend to supplanting the choices of Congress or the Executive. United States ex rel. Mezei v. Shaughnessy, 345 U.S. 206, 216 (1953); Harisiades v. Shaughnessy, 342 U.S. 580, 590-91 (1952). The proper standard of review for evaluating choices made by Congress and the Executive is whether such denial is based upon a "facially legitimate and bona fide reason." Fiallo v. Bell, 430 U.S. 787, 794 (1977), quoting Kleindienst v. Mandel, 408 U.S. 753, 770 (1972).  Once a "facially legitimate and bona fide"

---

[7]  Of course, Defendants suggest that there is no cause to deviate from express Supreme Court precedent.  Even supposing that aliens do have some due process rights, their entitlement to due process is not greater than that afforded to U.S. citizens, who are subject to being put on notice by publicly available documents.  See Federal Crop Insurance, Corp. v. Merrill, 332 U.S. 380, 384 (1947).  Indeed, if anything, they have fewer rights.  See Mathews v. Diaz, 426 U.S. 67, 79-81 (1976).

reason is adduced, it is improper for a court to look behind that decision.  Kleindienst, 408 U.S. at 770.

In the instant case, the Report suggests that the Court should order an immigration judge to conduct an inquiry into whether Calvillo and Hernandez-Leija (and presumably the class) constitute a flight risk or a risk to public safety.  Report 11. Congress, on the other hand, provided that the Attorney General may grant parole only for "urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A).  It would be improper to displace Congress' policy choice.  Harisiades, 342 U.S. at 590-91.

Assuming the Report made an implicit substantive due process finding, there is no doubt of Congress' authority in this area. Congress has plenary authority to determine who is admitted into the United States and under what conditions.  See United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 544 (1950).  The Fifth Circuit affirmed Congress authority in this area.  Gisbert, 998 F.2d at 1443.  Thus, Congress has ample authority to require a lawful permanent resident alien to seek parole.

Insofar as a facially legitimate and bona fide reason is necessary to defend Congress' choice, the choice is easily defended by the need to police the nation's borders.  The Supreme Court has already found such a reason to be adequate.  Mezei, 345 U.S. at 215-16.  The 1996 reforms by Congress were concerned with recidivism and the threat to the populace.  141 Cong. Rec. S7803, 7823 (daily ed. June 7, 1995).  Subjecting criminal resident

17

aliens to parole clearly serves that purpose.  Accordingly,

Congress had sufficient reason to impose the parole requirement.

**V.   THE REPORT INCORRECTLY EVALUATES THE LAW REGARDING DUE PROCESS AND PLAINTIFFS' CLAIMS TO A RIGHT TO REQUEST PAROLE BEFORE AN IMMIGRATION JUDGE**

**A.   Marcello v. Bonds Controls This Case**

The Report fails to follow Marcello v. Bonds, 349 U.S. 302

(1955), on the requirement of an impartial adjudicator.  Report

9-10.[8]  The Supreme Court has expressly held that resident aliens

are not entitled to an independent adjudicator.  See Marcello v.

Bonds, 349 U.S. 302 (1955).  In Marcello, the Supreme Court

expressly rejected the claim that resident aliens are entitled to

an independent adjudicator even in deportation proceedings:

> The contention is without substance when
> considered against the long-standing practice
> in deportation proceedings, judicially
> approved in numerous decisions in the federal
> courts, and against the special
> considerations applicable to deportation
> which the Congress may take into account in
> exercising its particularly broad discretion
> in immigration matters.

Id. at 311.

Thus, the Court should reject the Report, follow Supreme

Court precedent, and dismiss Plaintiffs' due process claim.

---

[8]  For present purposes, only the conceivable procedural due process argument will be discussed.  In passing, it bears mentioning that a substantive due process challenge to the decision to delegate parole determinations to the district directors would require only a "facially legitimate and bona fide reason" to be justified.  Insofar as the Attorney General, like Congress, may make such a choice to better police the borders and maintain closer, direct control over the borders in the interests of national safety, that is enough to justify the choice.

**B.    Even Under Mathews v. Eldridge, Plaintiffs Have Been Afforded Due Process**

While the Mathews v. Eldridge test is not the appropriate test of Congress's and the Attorney General's authority in this area, Plaintiffs' claim is utterly without merit even under that test.

**1.    Plaintiffs have no liberty interest in parole**

The Court should reject the Report's implicit suggestion that Plaintiffs have a due process right in parole. Lawful permanent resident aliens, such as Plaintiffs, have limited liberty interests.

It is true that in determining whether or not a lawful permanent resident alien will be excluded from the United States, the alien may have some liberty interests. See Landon v. Plasencia, 459 U.S. 21, 33 (1982).[9] That, however, does not translate into a liberty interest to be at liberty in the United

_____

[9] The Report's reliance on the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001), to infer that Plaintiffs have rights in this area is mistaken. Zadvydas made no finding regarding a liberty interest in discretionary release. Rather, the Supreme Court merely commented that to hold that a deportable alien could be held indefinitely would present a serious constitutional question and declined to decide the issue. Zadvydas, 533 U.S. at 690. If anything, the Zadvydas Court expressly noted that aliens at the border do not possess the same rights as aliens within the United States, acknowledging that the former type of alien is not "in" the United States and does not obtain the protection of the Fifth Amendment. Id. at 693. This is not a case involving potentially indefinite detention. Indeed, Plaintiffs, as citizens of Mexico, can be removed immediately (as some already have been). The Plaintiffs here are all detained at the border and are not within the scope of Zadvydas. See Sierra v. INS, 258 F.3d 1213, 1218 (10th Cir. 2001). Therefore, their due process rights are at a minimum. Plasencia, 459 U.S. at 33.

States pending those proceedings.[10]  The Supreme Court has
already determined that resident aliens are subject to detention
during the removal process and whatever release procedures are
afforded.  <u>Mezei</u>, 345 U.S. at 215-16; <u>Carlson v. Landon</u>, 342 U.S.
524, 538 (1952); <u>Wing Wong v. United States</u>, 163 U.S. 228, 235
(1896).  Indeed, the Supreme Court has stated that even lawful
permanent resident aliens are subject to "exclusion" proceedings
(now "removal proceedings" subject to "grounds of
inadmissibility").  <u>Plasencia</u>, 459 U.S. 21, 30 (1982).

Further, the Supreme Court has also clearly stated that
whatever due process rights resident aliens have, such rights do
not attach to every facet of their proceedings.  <u>See</u> <u>Jay v. Boyd</u>,
351 U.S. 345 (1956).  In <u>Jay</u>, the Supreme Court held that a
resident alien has no constitutional or statutory right to a
hearing regarding the grant of suspension of deportation.  <u>Id.</u> at
353-58.  Insofar as parole is no less discretionary, the
Plaintiffs have no right to a hearing regarding parole.  <u>See</u>
<u>Gisbert</u>, 998 F.2d at 1443.

Indeed, the Fifth Circuit has determined that aliens lacks a
liberty interest in discretionary relief.  <u>Finlay v. INS</u>, 210
F.3d 556 (5th Cir. 2000), <u>citing</u> <u>Tefel v. Reno</u>, 180 F.3d 1286,

---

[10]   Neither the Report nor the Plaintiffs can credibly
suggest that they have a liberty interest in parole as a result
of their generalized interest in being free from restraint.  The
Supreme Court, in very similar circumstances, has determined that
state prisoners do not have a liberty interest in procedures to
commute their sentences because such procedures are
discretionary.  <u>See</u> <u>Connecticut Board of Pardons v. Dumschat</u>, 452
U.S. 458 (1982).  Similarly, plaintiffs have no liberty interest
in discretionary relief.  <u>Finlay v. INS</u>, 210 F.3d at 557-58.

1299-1300 (11th Cir. 1999), <u>cert</u>. <u>denied</u>, 530 U.S. 1228 (2000).
The Fifth Circuit has also held that aliens subject to exclusion
proceedings have no liberty interest in parole. <u>Gisbert</u>, 998
F.2d at 1443; <u>Cervantes-Gonzales v. INS</u>, 232 F.3d 684, 688 (9th
Cir. 2000); <u>Amanullah v. Nelson</u>, 811 F.2d 1, 8 (1st Cir. 1987);
<u>Jean v. Nelson</u>, 727 F.2d 957, 972 (11th Cir. 1984); <u>see also</u>
<u>Connecticut Bd. of Pardons v. Dumschat</u>, 452 U.S. 458, 264-65
(1982). Indeed, this is particularly appropriate for an alien at
the border, like the plaintiffs, where the only rights aliens
have are those afforded by Congress. <u>Gisbert</u>, 988 F.2d at 1442.
Accordingly, Plaintiffs have no liberty interest in parole, and
the Court should reject the Report and dismiss Plaintiffs' claim.

### 2. The balance of due process factors favors the government

The balance of the risk of erroneous deprivation is minimal,
the value of additional procedures is de minimus, and government
retains a strong interest in the procedures presently afforded
for parole.

The risk of an erroneous deprivation of parole is minimal.
Congress has placed parole within the unfettered discretion of
the Attorney General. <u>Gisbert</u>, 988 F.2d at 1443. Because there
is no case in which the Attorney General must grant parole, the
risk of an erroneous deprivation is minimal. <u>Id.</u>

Moreover, the value of additional procedures - namely, a
hearing before an immigration judge - is negligible. Plaintiffs
point to nothing that can be done in a request to an immigration

21

judge which cannot be presented to the District Director. Indeed, looking at their particular cases, four of the five plaintiffs obtained parole without hearings before an immigration judge, despite their "minimal" showings before the district director.  Indeed, Plaintiffs have not suggested that there is anything which can be submitted to the immigration judge which cannot be submitted to the District Director.  Thus, the probable value of additional procedures would be minimal.

As for the government interest in the present procedures, the Supreme Court has already stressed the weighty interest of the government.  Plasencia, 459 U.S. at 34.  Here, the Attorney General has elected to delegate parole authority to the District Director.  The importance of this choice cannot be underestimated, particularly in today's world climate.  The parole decision is one of sovereign prerogative, and stands as a last protection against the entry of aliens whose presence Congress and the Executive deem not to be in the national interest.  The Attorney General's delegation reflects a desire to reserve that sovereign authority in a manner more accountable to the needs of the Executive.  The government's interest clearly outweighs the utility of additional procedures.

### 3.    Plaintiffs show no actual prejudice

Furthermore, Plaintiffs fail to show actual prejudice in the denial of a hearing before an immigration judge.  The cases of Plaintiffs Esparza, Rivera, and Calvillo demonstrate that a

22

returning lawful permanent resident alien seeking admission can obtain parole even without a hearing before an immigration judge.

The remaining plaintiffs must affirmatively show that the result would be different for an immigration judge applying the same criteria set forth in § 212(d)(5)(A). They cannot. Plaintiffs have had every opportunity to develop their parole requests to the District Director. There is no reason to believe that an immigration judge applying § 212(d)(5)(A) would reach any different result. Indeed, this is particularly true where, as the Fifth Circuit explained, INA § 212(d)(5)(A) does not mandate the parole of any particular alien. <u>Gisbert</u>, 988 F.2d at 1443. Accordingly, their due process claims lack merit.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

23

## CONCLUSION

For the foregoing reasons, the Court should decline to adopt the Report and Recommendation, deny the motion for class certification, and grant Defendants/Respondents' Motion to Dismiss.

Respectfully submitted,

ROBERT D. McCALLUM, JR.            MICHAEL T. SHELBY
Assistant Attorney General         United States Attorney
Civil Division                     Southern District of Texas

DAVID V. BERNAL                    LISA M. PUTNAM
Assistant Director                 Special Assistant U.S. Attorney
Office of Immigration              Ga. Bar No. 590315/
    Litigation                     Federal Bar No. 23937
                                   P.O. Box 1711
                                   Harlingen, Texas 78551
                                   Tel:  (956) 389-7051
for ERNESTO H. MOLINA, JR.         Fax:  (956) 389-7057
Senior Litigation Counsel
Attorney in Charge
Ca. Bar No. 18134
U.S. Dept. of Justice
Civil Division
Office of Immigration
    Litigation
P.O. Box 878
Washington, DC  20044
Tel:  (202) 616-9344
Fax:  (202) 616-4975
ATTORNEYS FOR DEFENDANTS/RESPONDENTS

Date:  October 18, 2002

24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA,       )
    et al,                    )
                              )
    Plaintiffs/Petitioners,   )
                              )      No. B-01-206
    v.                        )
                              )
E.M. Trominski, et al.,       )
                              )
    Defendants/Respondents.   )
_____)

APPENDIX FOR MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS/RESPONDENTS' OBJECTIONS TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

DAVID V. BERNAL
Assistant Director
Office of Immigration
    Litigation

ERNESTO H. MOLINA, JR.
Senior Litigation Counsel
Attorney in Charge
Ca. Bar No. 18134
U.S. Dept. of Justice
Civil Division
Office of Immigration
    Litigation
P.O. Box 878
Washington, DC  20044
Tel:  (202) 616-9344
Fax:  (202) 616-4975

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Ga. Bar No. 590315/
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Fax:  (956) 389-7057

ATTORNEYS FOR DEFENDANTS/RESPONDENTS

## TABLE OF CONTENTS

Plaintiffs' Exhibit F . . . . . . . . . . . . . . . . . . . . . . . 1

Plaintiffs' Exhibit J . . . . . . . . . . . . . . . . . . . . . 13

Government's Exhibit 1 . . . . . . . . . . . . . . . . . . . 27

Government's Exhibit 2 . . . . . . . . . . . . . . . . . . . 29

Government's Exhibit 5 . . . . . . . . . . . . . . . . . . . 31

Government's Exhibit 6 . . . . . . . . . . . . . . . . . . . 33

Government's Exhibit 7 . . . . . . . . . . . . . . . . . . . 36

Government's Exhibit 8 . . . . . . . . . . . . . . . . . . . 38

Government's Exhibit 9 . . . . . . . . . . . . . . . . . . . 40

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA,                )
CARLOS OMAR CALVILLO-LOPEZ,             )
JORGE RIVERA-PULVIDA,                   )
JOSE ANTONIO ESPARZA, and              )
DIONICIO GRIMALDO-BARRIENTOS,           )
  In their own name and right,      )
  and on behalf of all others       )
  similarly situated,               )
                                        )
v.                                      )        C.A. No.   01-206
                                        )
E.M. TROMINSKI, INS DISTRICT            )
  DIRECTOR, and                     )
JOHN ASHCROFT, ATTORNEY                 )
  GENERAL OF THE UNITED STATES.     )
—————————————————————————————          )

EXHIBIT "F" IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al )
                                )
v.                               )      C.A. No.  01-206
                                )
E.M. TROMINSKI, et al.        )
_____ )

DECLARATION OF JOSE ANTONIO ESPARZA-MORALES

I, Jose Antonio Esparza-Morales, hereby declare under penalty of perjury of the laws of the United States as follows:

I am a native and citizen of Mexico, born March 25, 1955, in Villa Garcia, Zacatecas, Mexico.  I worked in agriculture in the United States for a number of years, as a result of which, I obtained temporary resident status, and, in 1590, became a lawful permanent resident.  In recent years, I had been working in a hatchery in Maine.  In about March of 2001, I was injured at work. When the injury did not heal on its own, my employer finally sent me to a doctor, who discovered that I had broken a bone in my hand.  After several months of treatment, during which I was only able to work part-time, because may hand would swell up after moderate exertion, I was fired.  I obtained an attorney, who was going to help me obtain some form of compensation.  But because I was no longer working, and had no income, in late September, 2001, I returned temporarily to be with my family in Mexico. I would communicate periodically with my attorney's office in Maine, but as of my last contact, in about November of 2001, nothing had been arranged.

On or about December 11, 2001, a man I had known about ten years ago, called "Limon," asked me to drive a car across the border for him.  Unaware that there was anything wrong, I agreed, but at the border, in Rio Grande City, it was discovered that there was marijuana secreted in the vehicle.  I was detained by INS, and placed under removal proceedings. While I was being processed, INS

confiscated my wallet, and everything in it. Included were my LPR card, my current Texas drivers license, an my previous, expired drivers license, my Social Security card, a number of business cards, addresses and telephone numbers, including those of my attorney, my former employer in Maine, and my relatives in the Rio Grande Valley, Texas. I also had pictures of my family, some old coins, and one of those new gold colored U.S. dollars. Neither my wallet, nor any of its contents, has ever been returned to me.

After Immigration finished with me, they passed me to the DEA "the narcs." Among other things, the agent stripped off my belt, and threw it in the trash, saying that it wasn't worth anything. Eventually, I was taken to jail, and criminal charges were instituted. Since I did not have any money, or any way of communicating with my family, I was represented by Tomas Lindenmuth, of the McAllen Public Defenders Office. Eventually, the criminal charges were dropped, and on December 29, 2001, I was sent to the Immigration detention facility in Bayview, Texas.

Still I did not have any means of communicating with my family, or money to hire a lawyer. I had been told that I did not have a right to an immigration bond. I asked why, since I was a lawful permanent resident, and was told that it was because I had stopped at the bridge. It was my understanding that I would simply be deported. It did not seem that there was any other possibility. No-one ever told me that I might be able to be "paroled" into the United States, much less that it might be possible without paying a bond, or even that I might be able to fight my case while I was detained. I was given a hearing notice for January 15, 2002, and thought that I would be deported on that day. But on or about January 7, 2002, I was interviewed by a woman by the name of Rosa, from PROBAR. She came back the next day, and told me their office could not represent me, but that I should call Lisa Brodyaga, who was the only one who might be able to help me. So on January 9, I called Ms. Brodyaga. She came to see me the next morning, and helped me prepare a request for parole, which she took to the head of the INS

2

Deportations branch, in Harlingen.  He immediately arranged for my release, without paying a bond.  At about 6:00 p.m., I was being processed for release, and they asked me for the address where I would be staying.  I told them that I did not have it, because my papers had been confiscated by INS when I was arrested in Rio Grande City.  Unfortunately, my wallet was not sent to PISPC with the rest of my personal belongings.  So I again called Attorney Brodyaga, who came out to pick me up at PISPC, and gave me a place to spend the night, at Refugio del Rio Grande.  Once I was there, the Coordinator helped me call my family in Mexico, and through them, I was able to get the phone number of relatives in La Joya, Texas.  Later this afternoon, they will come pick me up, and I will be able to stay with them while my immigration case is resolved.

The foregoing was read and translated to me in Spanish by Attorney Lisa Brodyaga, and is true and correct to the best of my knowledge and belief.  Further Declarant sayeth not.


_Jose A Esparza_
Jose Antonio Esparza
January 11, 2002

## CERTIFICATE OF TRANSLATOR

I, Lisa S. Brodyaga, hereby declare that I am competent in the English and Spanish languages, that the foregoing was prepared by me on the basis of the information provided by the Declarant, both through his oral testimony, and the documents in his possession. I further declare that I read the translated the same to him in Spanish, and that he did declare that it was true and correct to the best of his knowledge and belief, and in witness thereof, did sign the same in my presence, this 11th day of January, 2002.


_Lisa S. Brodyaga_
Lisa S. Brodyaga

3

00004

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

In removal proceedings under section 240 of the Immigration and Nationality Act

File No _A91 288 206_

In the Matter of

Respondent: ESPARZA-MORALES, Jose Antonio _____ currently residing at:
**(956) 547 1759**

_Pispc/usins  Contact Duty Supervisor Los Fresnos TX  78501_ _____
(Number, street, city, state and ZIP code)                                    (Area code and phone number)

☒ 1  You are an arriving alien

☐ 2  You are an alien present in the United States who has not been admitted or paroled

☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below

The Service alleges that you:

1. You are not a citizen or national of the United States.
2. You are a native of MEXICO and a citizen of MEXICO.
3. You were admitted to the United States as a resident alien on or about 12/02/1990.
4. On 12/11/2001 you were an arriving alien driving a 1989 Mercury Grand Marquis Tx plates "XYW27V" and you presented your resident alien card.
5. A search of your vehicle revealed 59 lbs of marijuana concealed in the roof of the vehicle you were driving.
6. You are ineligible for admission to the United States because the Consular or Immigration Officer has reason to believe that you are or

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law.

Section 212 (a) (2) (C) of the Immigration and Nationality Act (Act), as amended, in that a consular or immigration officer knows or has reason to believe you are an alien who is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abettor, conspirator, or

### SEE CONTINUATION FORM I-831 ATTACHED

☐  This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐  Section 235(b)(1) order was vacated pursuant to   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: _____
_201  E  Jackson  ST  Harlingen  TX  78550_
(Complete Address of Immigration Court, Including Room Number if any)
on _To be Set_  at _To be Set_  to show why you should not be removed from the United States based on the
(Date)            (Time)
charge(s) set forth above

_IMMIGRATION INSPECTOR_
(Signature and Title of Issuing Officer)

Date: _12/11/2001_

_RIO GRANDE CITY, TX_
(City and state)

See reverse for important information

Form I-862 (Rev. 4-1-97)
**00005**

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form _____ I-862

| ...en's Name<br>ESPARZA-MORALES, Jose Antonio | File Number<br>A91 283 206 | Date<br>12/11/2001 |
|---|---|---|

ALLEGATIONS CONTINUED:

    have been an illicit trafficker of a controlled substance, or were or
have been a knowing assister, abettor, conspirator, or colluder with
others in the illicit trafficking of a controlled substance.


You are ineligible for admission to the United States because the consular or
immigration officer has reason to believe that you are or have been an illicit
trafficker of a controlled substance, or were or have been a knowing assister,
abettor, conspirator, or colluder with others in the illicit trafficking of a
controlled substance.


PROVISIONS CONTINUED:

colluder with others in the illicit trafficking in any such controlled
substance.

Signature
___ N LONGORIA, JR

Title
IMMIGRATION INSPECTOR

_2_ of _2_ Pages

00006

Fm I-831 Continuation Page (Rev. 6-12-92)

## Notice to Respondent

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have the opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by an immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make such an application to the immigration judge.

Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before _____

_____
(Signature of Respondent)

Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on __12/11/2001__ , in the following manner and in
                                                                    (Date)
compliance with section 239(a)(1)(F) of the Act:

☒ in person          ☐ by certified mail, return receipt requested          ☐ by regular mail

☐ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the ____Spanish____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
(Signature of Respondent if Personally Served)

_____
(Signature and Title of Officer)   I.I

00007

Form I-862 (Rev. 4-1-97)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION



DEC 27 2001

UNITED STATES OF AMERICA      §
                              §
v.                            §      Criminal No. M-01-3398-M
                              §
JOSE ANTONIO ESPARZA-MORALES  §

### GOVERNMENT'S MOTION TO DISMISS THE CRIMINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America through MICHAEL T. SHELBY, United States

Attorney in and for the Southern District of Texas, and respectfully requests that the Court dismiss

the CRIMINAL COMPLAINT in the above-captioned and numbered cause without prejudice for

the reason that the government no longer desires to prosecute

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

By: _Robert Wells, Jr._____

ROBERT WELLS
Assistant United States Attorney
1701 West Highway 83, Suite 305
McAllen, Texas 78501
(210) 630-3170

Tomas Lindenmuth
630-2995

00008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. M-01-3398-M |
| | § | |
| JOSE ANTONIO ESPARZA-MORALES | § | |

## CERTIFICATE OF CONSULTATION

On this __27__ th day of December, 2001, I spoke to the attorney of record, Miguel Nogueras, regarding the Government's Motion to Dismiss the Criminal Complaint Without Prejudice and he was unopposed.

_Robert Wells, L_
Assistant United States Attorney

## CERTIFICATE OF SERVICE

On this __27__ th day of December, 2001, a copy of the Government's Motion to Dismiss Criminal Complaint Without Prejudice was hand delivered to Miguel Nogueras at 1701 W. Hwy. 83, McAllen, Texas 78501.

_Robert Wells, L_
Assistant United States Attorney

00009

UITED STATES COURTS
THERN DISTRICT OF TEXAS
FILED

? 2 7 2001

col N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

UNITED STATES OF AMERICA §
§
v. §   Criminal No. M-01-3398-M
§
JOSE ANTONIO ESPARZA-MORALES §

## ORDER OF DISMISSAL

On this date came on to be considered the Government's Motion to Dismiss the Criminal Complaint in the above-styled and numbered cause without prejudice for the stated reason that the government no longer desires to prosecute, and the Court hereby GRANTS said Motion. It is, therefore,

ORDERED, ADJUDGED, and DECREED that the Criminal Complaint in the above-styled and numbered cause be DISMISSED without prejudice.

It is further ORDERED that the Clerk of the United States District Court deliver a copy of this Order to the United States Marshal for the Southern District of Texas, counsel for defendant, and counsel for the Government.

Signed at McAllen, Texas on this the 27th day of December, 2001.

JUDGE PRESIDING

To: Cecilia Ruiz, ADDD
    INS _____, Texas
From: Jose Antonio Esparza
    A#11 ___ ___

1/10/02
P.I.S.P.C.
(Port Isabel Service Processing
Center, Bayview, Tx)

Dear Mr. Ruiz,

I hereby request That I be paroled out of custody,
while my _____ proceedings are pending. I am a
lawful permanent resident, and am being held as an
_____ on the grounds That INS has "reason to
believe" That I am a drug trafficker, even though The
criminal charges against me were dismissed. If released,
I will be able to get an attorney to help me, but I do not
have The funds to hire an _____. I want to fight for my
existence, but would have a hard time doing so if I am
detained. If released, I will go to live at The following address:

I will provide The address later. INS took my papers when I was detained, so I do not
addresses and phone numbers when I _____ have it at This _____.
I have been in INS custody since December 29, 2001, at PISPC.
The above was prepared for me by Attorney Lisa Brodyaga,
who read and translated it into Spanish. It is true and
correct to The best of my knowledge and belief.

Jose A. Esparza

00011

Departure Number

**604333043 01**

Released under parole
pending Immigration proceedings

Immigration and
Naturalization Servi
I-94
Departure Record

RIO    01/10/02

A91 288 206

14 Family Name
E S P A R Z A   M O R A L E S

15 First (Given) Name          16 Birth Date (Day, Mo, Yr)
J O S E   A N T O N I O      2 5 0 3 5 5

17 Country of Citizenship
M E X I C O

Warning - A nonimmigrant who accepts unauthorized employment is subject to
deportation

Important - Retain this permit in your possession; *you must surrender it when you
leave the U.S.* Failure to do so may delay your entry into the U.S. in the future.

You are authorized to stay in the U.S. only until the date written on this form. To
remain past this date, without permission from immigration authorities, is a
violation of the law.

Surrender this permit when you leave the U.S.:
   · By sea or air, to the transportation line;
   · Across the Canadian border, to a Canadian Official;
   · Across the Mexican border, to a U.S. Official

Students planning to reenter the U.S. within 30 days to return to the same school,
see "Arrival-Departure" on page 2 of Form I-20 prior to surrendering this permit.

Record of Changes

EMPLOYMENT AUTHORIZED

Port:                                         Departure Record

Date:

Carrier:

Flight #/Ship Name:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


ISRAEL HERNANDEZ-LEIJA, et al        )
                                     )
v.                                   )        C.A. No.   01-206
                                     )
E.M. TROMINSKI, et al,               )
_____)


EXHIBIT "J" IN SUPPORT OF

UNOPPOSED MOTION OF RUBEN DARIO PRADO-RIVERA
TO BE JOINED AS A NAMED PLAINTIFF IN THE INSTANT ACTION,
SEEKING A WRIT OF HABEAS CORPUS AND CLASS ACTION COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF


00013

# LAW OFFICES OF LISA S. BRODYAGA

### 17891 Landrum Park Rd.
### San Benito, Texas 78586
### (956) 421-3226
### FAX: 421-3423
May 1, 2002

Immigration & Naturalization Service          HAND DELIVERED
2102 Teege and/or 1709 Zoy
Harlingen, TX 78550

Attn:   Cecilio Ruiz, ADDD&D
Re:     Ruben Dario Prado-Rivera
        A34 586 508
        REQUEST FOR PAROLE

Dear Mr. Ruiz:

Ruben Dario Prado is a lawful permanent resident, who is currently
detained as an "arriving alien" on the basis of a conviction in
February 2000, for (simple) possession of approximately one gram,
or less, of cocaine. He has been an LPR for approximately thirty
years. His wife, Maria Norma Prado, (nee, De Leon), A17 250 020,
is also an LPR (since she was a toddler). The couple has four
children, ages 9 to 18. Mr. Prado's parents and siblings are also
United States citizens. Most of the pertinent documents are
attached, although I do not yet have a copy of his wife's I-551.

As you know, the issue of whether an LPR convicted of simple
possession of a controlled substance is eligible for relief from
removal has been, and continues to be, the source of substantial
litigation. Under the law as it was interpreted at the time he
pled guilty, Mr. Prado was eligible for cancellation of removal. [1]
The fact that he was not placed in proceedings at that time is a
fairly good indication that he had such a strong case that INS did
not consider it worth their while to put him in proceedings.

It is our position that it violates Due Process to apply a change
in the law retroactively, where the adverse impact on a person is
so dramatic, and results in completely unexpected consequences.
See, INS v. St. Cyr, 121 S.Ct. 2271 (2001) (finding that, to resolve
constitutional questions, the Court would assume that Congress did
not intend the repeal of §212(c) to apply retroactively. This
applies even though the change is one of interpretation, and not a

---

    [1]    Matter of K-V-D-, Int. Dec. 3422 (BIA 1999). See also,
Matter of L-G-, 21 I&N Dec. 89 (BIA 1995).

statutory amendment. [2] I mention this solely by way of noting that, while Mr. Prado may not be considered eligible for cancellation under current interpretations, there are very strong constitutional arguments to made in his favor. As a result, the case will not be resolved quickly, and his prolonged detention, at public expense, (but without public benefit), is likely to result.

There has been a lot of discussion lately about the new "Zero Tolerance" directive. Although I have not yet seen it, [3] I would be very surprised if it purported to completely abolish your discretion to take lawful acts, such as to grant parole, under 8 U.S.C. 1182(d)(5), to a lawful permanent resident, where such parole would be in the public interest.

As in prior cases, I believe that a review of the file, and of the documentation submitted herewith, will demonstrate that Mr. Prada is neither a threat to the community, nor a flight risk. As husband, father, and provider for a family of five, his release on parole, with a reasonable bond, if you consider it appropriate, would clearly be in the public interest. Not only would it save the public coffers from the expense of maintaining his family, but it would also alleviate the emotional suffering which is wife and children, (not to mention his parents), are already enduring.

Thank you for your prompt consideration.

Sincerely,

Lisa S. Brodyaga,
Attorney at Law

Encl/ As stated.

---

[2] See, BMW of North America v. Gore, 517 U.S. 559,574 (1996) ("Elementary notions of fairness enshrined in this Court's constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a State may impose"); NLRB v. Bell Aerospace Co, 41 U.S. 267, 290-95 (1976) (noting that it could be inappropriate in some circumstances to adopt new interpretations through adjudication); and Ruangsuwang v. INS, 599 F.2d 39, 44 (9th Cir. 1978) (same).

[3] A copy was requested under the Freedom of Information Act.

2

[05/12/02 SUN 13:32 [TX/RX NO 9169]

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

Removal proceedings under Section 240 of the Immigration and Nationality Act:

File No. A34 586 508

In the Matter of:

Respondent: **PRADO RIVERA, RUBEN DARIO**

currently residing at:

**PISPC, Rt 3 Box 341, Los Fresnos TX 78566**

**956-547-1759**

(Number, street, city, state, and ZIP code)

(Area code and phone number)

1. You are an arriving alien.

2. You are an alien present in the United States who has not been admitted or paroled.

3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that

1. You are not a citizen or national of the United States;
2. You are a native of Mexico and a citizen of Mexico;
3. On April 29, 2003 you applied for admission into the United States presenting your Resident Alien card.
4. A search of the TECS system revealed that on February 11, 2000 in Brownsville, Texas, you were found guilty of possession of a controlled substance and sentenced to 2 years confinement and 4 years probation.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(1)(A)(iii)(I)

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

Section 235(b)(1) ordered was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an Immigration Judge of the United States Department of Justice at:

EOIR, 201 E Jackson St, Harlingen TX 78551

(Complete Address of Immigration Court, including Room Number, if any)

on _to be set_ at _to be determined_ to show why you should not be removed from the United States based on the charge(s)
(Date) (Time)
set forth above.

Special Operations Inspector
(Signature and Title of Issuing Officer)

_April 29, 2002_

Brownsville, Texas
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97) N

00016

05/12/2002 14:34 9564124429

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF A COPY OF
ORIGINAL BIRTH CERTIFICATE OF

Carlos Alexander Prado

AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-
VILLE, TEXAS VOLUME 109 PAGE 330

Melissa Dennany Morales, CITY SECRETARY, BY _____
Catarino Flores
01-05-1995

CERTIFICATE OF BIRTH

STATE OF TEXAS

| | | |
|---|---|---|
| 1. NAME | CARLOS | ALEXANDER PRADO |

VALLEY REGIONAL MEDICAL CENTER

BROWNSVILLE

CAMERON

TEXAS

RUBEN DARIO PRADO

White

ALICIA DE LEON

Mexico

02/15/1993

02/26/1959 Mexico

09/04/1962 Mexico

387 AVENIDA ESTRELLA

405 E PRICE RD BLDG A

RODOLFO WALSS M.D.

2-21-93

00017

05/13/02  11:01 FAX 956 389 7057    HLG DISTRICT COUNSEL    ☒014

[05/12/02  SUN 13:32  [TX/RX NO 9169]



[05/12/02 SUN 13:32  [TX/RX NO 9169]

STATE OF TEXAS — CERTIFICATE OF BIRTH

BUREAU OF VITAL STATISTICS

1. Place of Birth — County: CAMERON
City: HARLINGEN
Name of Hospital: HARLINGEN CITY-COUNTY CENTER, 2137 E. 22ND ST.

Name of Child: ERICA LIZETTE PRADO
Date of Birth: MARCH 26, 1969

Sex: FEMALE

FATHER
Name: DAVID PRADO
Color or Race: CAUC.
Age: 29
Birthplace: MEXICO
Usual Occupation: PAINTER

MOTHER
Name: EDITH R. AKERSON
Color or Race: CAUC.
Age: 24
Birthplace: MEXICO
Residence: 2137 E. 22ND ST., HARLINGEN, CAMERON, TEXAS 78520
Date: 3-31-69

Registrar's No.: 7865-A
89-630

THIS IS TO CERTIFY THAT THIS IS A TRUE COPY OF THE ORIGINAL BIRTH CERTIFICATE OF
ERICA LIZETTE PRADO
AS IT APPEARS IN THE RECORDS OF THE CITY OF BROWNS-
VILLE, TEXAS VOLUME   98   PAGE 507

MARGARITA G. GARCIA, CITY SECRETARY, BY Martha Ann Ochoa

00019

/02 11:02 FAX 956 389 7057     HLG DISTRICT COUNSEL

05/12/02 SUN 13:32 [TX/RX NO 9169]

TEXAS DEPARTMENT OF HEALTH
BUREAU OF VITAL STATISTICS
CERTIFICATE OF BIRTH
STATE OF TEXAS

Ruben Prado

Male

Cameron

Brownsville Medical Center

Brownsville Texas

Prado

Single

Prado

Mario

Mexican

Self Employed

Painter

Alicia

Mexico

De Leon

None

635 Aves. del Sol

Rosa Alicia Prado

Brownsville Texas 78520

Olanda Prado

Brownsville, Texas 78520

Feb-27-1984

Feb-28-1984

Rosa Alicia Prado

Yolanda Prado Guerra

Ruben Prado

0002

05/12/02 SUN 13:32 [TX/RX NO 8169]



To any Person Authorized by the Laws of the State of Texas to Celebrate the Rites of Matrimony in the State of Texas, Greeting.

YOU ARE HEREBY AUTHORIZED TO SOLEMNIZE THE RITES OF MATRIMONY

Between _____ RUFO PARDO PRADO

and _____ ADELA NORMA DE LEON

Witness my official signature and seal of office at Brownsville, Texas, the _____ day of NOVEMBER A.D. 81

Joe G. Rivera, Clerk of County Court

Deputy, Cameron County, Texas

I hereby certify that on the (7th) (Seventh) day of November 1981 I united in Marriage the parties above named

Rufo Prado Witness my hand this 7th day of November A.D. 81

Alex P. Perez, Justice of Peace
974 E. Harrison, Brownsville, TX 78520
CITY OF PRECINCT, Cameron

Received and filed for record the 17TH day of NOVEMBER 1981
and recorded the 17 day of NOV A.D. 81 in Book 96 Page 185

Joe G. Rivera, County Clerk
CINDY ANN GARZA, Deputy

00021

[05/12/02 SUN 13:32 [TX/RX NO 9169]







[05/12/02 SUN 13:32  [TX/RX NO 9169]

**BIRTH REGISTRATION CARD**
CITY OF BROWNSVILLE
BUREAU OF VITAL STATISTICS

Registrar's File No. __74-4859__ Vol. No. __72__ Page No. __11__

Name __MARIO ALBERTO PRADO__

Date of Birth __12-16-74__  Sex __M__  Color __W__

Place of Birth __BROWNSVILLE,     TEXAS__   __78520__

Date Filed __12-19-74__   Date Issued __06-10-88__

This is a true certification of name and birth facts as recorded in the CITY of BROWNSVILLE'S BUREAU OF VITAL STATISTICS.

MARGARITA G. GARCIA,
CITY SECRETARY
By _____  City of Brownsville
Cameron County, Texas





00023

[05/12/02 SUN 13:32 [TX/RX NO 9769]

RECORD OF BIRTHS

TEXAS DEPARTMENT OF HEALTH
BUREAU OF VITAL STATISTICS
CERTIFICATE OF BIRTH
STATE OF TEXAS

Form 101—Rev. A — The Word Co., with file, Temple, Tex. For quick level (1) starting for 1 1960.

BIRTH NO.

**CHILD**
- 1. PLACE OF BIRTH
  - a. COUNTY: Cameron
  - b. CITY OR TOWN (If outside by limits, give precinct no.): Brownsville, Texas
  - c. NAME OF HOSPITAL OR INSTITUTION: 2464 Boca Chica Blvd.
  - d. IS PLACE OF BIRTH INSIDE CITY LIMITS: YES ☒ NO ☐
- 2. USUAL RESIDENCE OF MOTHER (Where does mother live)
  - a. STATE: Texas
  - b. COUNTY: Cameron
  - c. CITY OR TOWN (If outside city limits, give precinct no.): Brownsville
  - d. STREET ADDRESS (If rural, give location): 308 Cedar
  - e. IS RESIDENCE INSIDE CITY LIMITS: YES ☒ NO ☐
  - f. IS RESIDENCE ON A FARM: YES ☐ NO ☒
- 3. NAME (Type or Print)
  - a. (First): Miguel
  - b. (Middle): Angel
  - c. (Last): Prado
- 4. DATE OF BIRTH: April 11, 1969
- 5. SEX: Male
  - TWIN ☐  TRIPLET ☐
  - 6a. THIS BIRTH: SINGLE ☒
  - 6b. IF TWIN OR TRIPLET, WAS CHILD BORN: 1st ☐  2nd ☐  3rd ☐
- 7. COLOR OR RACE: White

**FATHER**
- 7. NAME: Dario
- 9. AGE (At time of this birth): 39 YEARS
- 11a. USUAL OCCUPATION: Labor
- 11b. KIND OF BUSINESS OR INDUSTRY: Trade Winds
- 11. COLOR OR RACE: White

**MOTHER**
- 12. MAIDEN NAME: Everada Prado
- 14. AGE (At time of this birth): 35 YEARS
- 14. BIRTHPLACE (State or foreign country): San Luis Potosi, Mexico

- 15. BIRTHPLACE (State or foreign country): San Luis Potosi, Mexico
- 16. CHILDREN PREVIOUSLY BORN TO THIS MOTHER (Do NOT include this child)
  - a. How many OTHER children are now living: 3
  - b. How many OTHER children were born alive but are now dead: 1
  - c. How many children were born dead after 20 weeks pregnancy: 

- 17. INFORMANT: Mrs. Everada Prado

- 18. I hereby certify that this child was born alive on the date stated above.
  - 18. ATTENDANT AT BIRTH: M.D. ☒  D.O. ☐  MIDWIFE ☐  OTHER ☐
  - 18b. HOUR: 11:15 A.M.
  - 19a. ATTENDANT'S SIGNATURE: Santiago Gonzalez M.D.
  - 19b. ATTENDANT'S ADDRESS: 2464 Boca Chica Blvd.
  - 19a. DATE SIGNED: April 15, 1969

- 20a. REGISTRAR'S FILE NO.: 69-862
- 20a. DATE REC'D BY LOCAL REGISTRAR: 4-23-69
- 20a. REGISTRAR'S SIGNATURE: J.W. Sloss

**FOR MEDICAL AND HEALTH USE ONLY (This Section MUST be filled out)**
- 21. LEGITIMATE: Yes
- 22. LENGTH OF PREGNANCY: COMPLETED WEEKS: 40
- 23. WEIGHT AT BIRTH: 6 LB. 8 OZ.
- 24. WAS X-RAY PROPHYLAXIS USED: YES ☒  NO ☐
- 25. WAS SEROLOGIC TEST MADE: YES ☒  NO ☐
- 26. WAS PRENATAL CARE GIVEN: IF YES, CIRCLE MONTH OF PREGNANCY OF FIRST VISIT: 1 2 3 (4) 5 6 7 8 9 OR PARENTAL CARE: YES ☒  NO ☐
- 27. CONGENITAL OR OTHER ABNORMALITY: IF YES, DESCRIBE: YES ☐  NO ☒

THIS IS TO CERTIFY THAT THIS IS A TRUE C... A COPY OF
THE ORIGINAL BIRTH CERTIFICATE OF
Miguel Angel Prado,
• IT APPEARS IN THIS RECORDS OF THE CITY OF BROWNSVILLE
53
TITLE: TEXAS VOLUME J.W. Sloss CITY REGISTRAR, RX
County Clerk
Print

00024

95642134243    05/12/2002  14:34

[05/12/02 SUN 13:32 [TX/RX NO 9169]

UNITED STATES OF AMERICA

No. 21420120

CERTIFICATE OF NATURALIZATION

Personal description of holder as of date of naturalization.

Date of birth: October 25, 1930

Sex: Male

Height: 5 feet 5 inches

Marital status: Married

Country of former nationality:

Mexico

INS Registration No. A13 636 119

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

(signature) Dario Prado
(complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

Dario Prado

The Attorney General having found that:

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

U.S. District Court for the Southern District of Texas

at: McAllen, Texas

on: FEB 13 96

that such person is admitted as a citizen of the United States of America.

(signature)
Commissioner of Immigration and Naturalization

at: Harlingen, Texas

Dario Prado

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY

FORM N-550 REV. 7-91

05/12/2002 14:34 9569213923



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,        )
    et al,                     )
                               )
    Plaintiffs/Petitioners,    )
                               )    No. B-01-206
    v.                         )
                               )
E.M. Trominski, et al.,        )
                               )
    Defendants/Respondents.    )
_____)


GOVERNMENT'S EXHIBIT 1

NOTICE OF GRANT OF PAROLE
TO CARLOS OMAR CALVILLO-LOPEZ

00027



U.S. Department of Justice
Immigration and Naturalization Service

2102 Teege Avenue
Harlingen, Texas 78550

March 1, 2002

Law Office Thelma O. Garcia
301 E. Madison
Harlingen, Texas 78550

Dear Ms. Garcia:

RE: Carlos Omar Calvillo-Lopez
    A44 332 239

    Your request has been reconsidered, based upon an interview with the detainee and a review of the facts. Your client is hereby released from service custody pending a hearing before the Executive Office for Immigration Review.

Sincerely,

Cecilio L. Ruiz, Jr.
Assistant District Director
for Detention/Removals
Harlingen District

00028

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,          )
  et al,                         )
            )
  Plaintiffs/Petitioners,    )
            )  No. B-01-206
  v.                             )
            )
E.M. Trominski, et al.,          )
            )
  Defendants/Respondents.    )
_____)

GOVERNMENT'S EXHIBIT 2

NOTICE OF GRANT OF PAROLE
TO JORGE RIVERA PULIDO

00029



**U.S. Department of Justice**
Immigration and Naturalization Service

2102 Teege Avenue
Harlingen, Texas

January 11, 2002

South Texas Pro Bono Asylum Representation Project
301 E. Madison Avenue
Harlingen, Texas 78550

Dear Mrs. Linsky

This is in response to your request for parole of Jorge RIVERA PULIDO,
A91 289 619. Your client is currently in Immigration proceedings pending a decision by the
Executive Office of Immigration Review (EOIR).

A thorough review of this case revealed that your client was convicted on
Febuary 10, 1993 for possession of 200 pounds of Marijuana in Harris County, Texas. No
information in his file nor history of any criminal records reveals that your subject would appear
to pose a possible flight risk or danger to the community.

The INS has concluded that your client is eligible for release from INS custody upon
posting a $1,500.00 parole bond. This release does not effect the forthcoming decision by the
Executive Office of Immigration Review (EOIR).

Sincerely,

Cecilio L Ruiz, Jr.
Assistant District Director
For Detention & Deportation

00030

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,      )
    et al,                   )
                             )
    Plaintiffs/Petitioners,  )
                             )   No. B-01-206
    v.                       )
                             )
E.M. Trominski, et al.,      )
                             )
    Defendants/Respondents.  )
_____)


GOVERNMENT'S EXHIBIT 5

ORDER OF THE IMMIGRATION JUDGE
IN REMOVAL PROCEEDINGS FOR
PLAINTIFF ISRAEL HERNANDEZ-LEIJA

IMMIGRATION COURT
RT 3 BOX 341   BUENA VISTA DR
LOS FRESNOS, TX   78566

In the Matter of

Case No.: A44-078-561

HERNANDEZ-LEIJA, ISRAEL
Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Aug 5, 2002.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X] The respondent was ordered removed from the United States to
    MEXICO or in the alternative to

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to MEXICO or in the
     alternative to

[ ]  Respondent's application for voluntary departure was granted until
       upon posting a bond in the amount of $ _____
     with an alternate order of removal to MEXICO.

[ ]  Respondent's application for asylum was ( )granted  ( )denied
     ( )withdrawn.

[ ]  Respondent's application for withholding of removal was ( )granted
     ( )denied ( )withdrawn.

[ ]  Respondent's application for cancellation of removal under section
     240A(a) was ( )granted  ( )denied  ( )withdrawn.

[ ]  Respondent's application for cancellation of removal was ( ) granted
     under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
     ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
     respondent be issued all appropriate documents necessary to give
     effect to this order.

[ ]  Respondent's application for a waiver under section _____ of the INA was
     ( )granted  ( )denied  ( )withdrawn or ( )other.

[ ]  Respondent's application for adjustment of status under section _____
     of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
     was ordered that respondent be issued all appropriate documents necessary
     to give effect to this order.

[ ]  Respondent's status was rescinded under section 246.

[ ]  Respondent is admitted to the United States as a _____ until _____.

[ ]  As a condition of admission, respondent is to post a $ _____ bond.

[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.

[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

[ ]  Proceedings were terminated.

[ ]  Other: _____

Date: Aug 5, 2002

Appeal: (Waived)/Reserved   Appeal Due By: Sep 4, 2002

ELEAZAR TOVAR
Immigration Judge

GPI

00032

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,          )
    et al,                       )
                                 )
    Plaintiffs/Petitioners,      )
                                 )      No. B-01-206
    v.                           )
                                 )
E.M. Trominski, et al.,          )
                                 )
    Defendants/Respondents.      )
_____)

GOVERNMENT'S EXHIBIT 6

EXECUTED WARRANT OF REMOVAL/DEPORTATION
FOR PLAINTIFFS ISRAEL HERNANDEZ-LEIJA

00033

U.S. Department of Justice
Immigration and Naturalization Service

**Warrant of Removal/Deportation**

File No: <u>A44 078 561</u>
Date:   <u>August 5, 2002</u>

**To any officer of the United States Immigration and Naturalization Service:**

<u>HERNANDEZ-Leija, Israel</u>
( Full name of alien )

who entered the United States at          <u>Roma, TX</u>          on          <u>March 28, 1993</u>
( Place of entry )                                    ( Date of entry )

is subject to removal/deportation from the United States, based upon a final order by:

[X] An immigration judge in exclusion, deportation, or removal proceedings
[  ] A district director or a district director's designated official
[  ] The Board of Immigration Appeals
[  ] A United States or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 237(a)(2)(B)(i)  of the Immigration and Nationality Act .

I, the undersigned officer of the United States by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:  the Appropriation: "Salaries & Expenses, Immigration and Naturalization Service, 2002" including the expenses of an attendant, if necessary

( Signature of INS official )
Aaron L. Cabrera
Acting Director for  Detention and Removal
Harlingen Field Office
( Title of INS officia l )
August 5, 2002,  Harlingen, TX
( Date and office location )

*You are required to retain this permit in your possession and to surrender it to the transportation line at the time of your departure unless you (arrive).*

Form I-205(Rev. 4-1-97)N

To be completed by Service officer executing the warrant:
Name of alien being removed
    HERNANDEZ-Leija, Israel

Port, date, and manner of removal: _Brownsville Texas 08-01-02 Afoot Mexico_



Photograph of alien
removed



Right index fingerprint
of alien removed

_____
( Signature of alien being fingerprinted )

_____
( Signature and title of INS official taking print )

Departure witnessed by: _____

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here [ ]


Departure Verified by: _____
                        ( Signature and title of INS official )


Form I-205 (Rev 4-1-97)N


00035

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,           )
    et al,                        )
                                  )
    Plaintiffs/Petitioners,       )
                                  )     No. B-01-206
    v.                            )
                                  )
E.M. Trominski, et al.,           )
                                  )
    Defendants/Respondents.       )
_____)

GOVERNMENT'S EXHIBIT 7

ORDER OF THE IMMIGRATION JUDGE
ADMINISTRATIVELY CLOSING REMOVAL PROCEEDINGS
FOR PLAINTIFF CARLOS OMAR CALVILLO-LOPEZ

00036

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of: CALVILLO-LOPEZ, CARLOS OMAR
Case No.: A44-332-239

IN REMOVAL PROCEEDINGS

THELMA O. GARCIA, ESQ.
LAW OFFICES OF THELMA O. GARCIA
301 E. MADISON
HARLINGEN, TX 78550

DISTRICT COUNSEL, INS

ORDER OF THE IMMIGRATION JUDGE

It is HEREBY ORDERED that the case be administratively closed and be considered no longer pending before the Immigration Judge for the following reason:

( )    Upon joint request by both parties.

( )    Neither the respondent nor any representative on the respondent's behalf appeared for the hearing and the Service expressed no opposition.

(✓)    Other: _Respondent detained in County jail for criminal offense._

If either party in this case desires further action on this matter, at any time hereafter, a written motion to recalendar the case (including a certificate of service on the opposing party) must be filed with the Office of the Immigration Court having administrative control over the Record of Proceeding in this case.

_David Ayala_
DAVID AYALA
Immigration Judge
Date: Oct 1, 2002

Appeal: WAIVED (A/I/B)
Appeal Due By: Oct 31, 2002

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)  PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] INS
DATE: _10/1/02_ -  BY: COURT STAFF
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

JGC

00037

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,        )
    et al,                     )
                               )
    Plaintiffs/Petitioners,    )
                               )    No. B-01-206
    v.                         )
                               )
E.M. Trominski, et al.,        )
                               )
    Defendants/Respondents.    )
_____)


GOVERNMENT'S EXHIBIT 8

ORDER OF THE BOARD OF IMMIGRATION APPEALS
REOPENING REMOVAL PROCEEDINGS FOR
PLAINTIFF DIONICIO GRIMALDO BARRIENTOS

00038

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:    A34 646 445 - Harlingen

Date:    SEP 2 6 2002

In re:  DIONICIO GRIMALDO-BARRIENTOS

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:    Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:    Lisa M. Putnam
                         Assistant District Counsel

ORDER:

   PER CURIAM.  The respondent and Immigration and Naturalization Service in this case have filed a motion to reopen proceedings, contending that this Board erred in affirming the Immigration Judge's decision denying the application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).

   As all parties have jointly agreed to reopening of the case in accordance with 8 C.F.R. § 3.2(c)(3)(iii), the record is remanded to the Immigration Judge to afford the respondent an opportunity to apply for relief under section 212(c) of the Act.

                    _____
                         FOR THE BOARD

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISREAL HERNANDEZ-LEIJA,     )
    et al,                   )
                             )
    Plaintiffs/Petitioners, )
                             )    No. B-01-206
    v.                     )
                             )
E.M. Trominski, et al.,    )
                             )
    Defendants/Respondents. )
_____)

**GOVERNMENT'S EXHIBIT 9**

**GRANT OF PAROLE TO PATIRICIA CERDA-CARDENAS**

00040

08/06/02  08:56 FAX 956 389 7057          HLG DISTRICT COUNSEL                    ☒002



**U.S. Department of Justice**
Immigration and Naturalization Service

HLG50/1.1.2

2102 Teege Avenue
Harlingen, Texas 78550

June 3, 2002

Law Office of Lisa S: Brodyaga
17891 Landrum Park Rd.
San Benito, Texas 78586

Reference: Ana Patricia CERDA-Cardenas A44 344 250

Dear Ms. Brodyaga:

Your request for the release on parole of Ms. Ana Patricia CERDA-Cardenas from service custody has been reviewed and is granted. She will be released once a parole bond in the amount of $1,500.00 has been received. It must be clear that this discretion *does not* confer any immigration status or travel to the United States (unless you request and receive advanced parole) or immunity from future removal proceedings. Employment is authorized.

Sincerely,

Aaron L. Cabrera
*Acting Assistant District Director*
*for Detention & Removals*

00041

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2002, a copy of (1) **Defendants/Respondents' Objections to the Magistrate Judge's Report and Recommendation,** (2) **Memorandum of Law in Support of Defendants/Respondents' Objections to the Magistrate Judge's Report and Recommendation,** and (3) the **Appendix for Memorandum of Law in Support of Defendants/Respondents' Objections to The Magistrate Judge's Report and Recommendation** was served on Plaintiffs by U.S. Mail, first-class postage, addressed to:

Lisa Brodyaga
17891 Landrum Park Road
San Benito, TX  78586

LISA PUTNAM

ERNESTO H. MOLINA, JR.
Senior Litigation Counsel