United States District Court
Southern District of Texas
FILED

OCT 2 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISRAEL HERNANDEZ-LEIJA, et al   )
                                )
                                )
v.                              )   C.A. No.   01-206
                                )
                                )
E.M. TROMINSKI, et al,          )
_____)

PETITIONERS' OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Petitioners, through counsel, hereby state the following objections to the Magistrate Judge's Report and Recommendation, (herein cited, by page, as (R&R:___)).

I.   OBJECTIONS
A.   PETITIONER GRIMALDO

In the Report and Recommendations, (R&R:1,n.1), the U.S. Magistrate Judge made the observation that "Petitioner Grimaldo-Barrientos' pleadings are currently held in abeyance." This is not quite accurate. Mr. Grimaldo filed a separate habeas corpus proceeding pending, C.A. B-02-130, to contest the order of removal entered against him by the Immigration Judge, and affirmed by the Board of Immigration Appeals, ("BIA"). That proceeding was held in abeyance when INS agreed to seek reopening from the BIA. On September 26, 2002, the BIA granted the motion to reopen, and remanded the case to the Immigration Judge for a hearing on relief. Consequently, a motion was filed to dismiss that habeas proceeding, as moot.

However, that simply returns Mr. Grimaldo to the category of LPRs who are being detained by INS at the Port Isabel Processing Center as "arriving aliens," without access to parole hearings. This also moots INS' prior complaint that Mr. Grimaldo's case was different because he was under an administratively final order of removal. He is no longer under a final order of removal. Procedurally, he

is in exactly the same situation as he was when the instant case was filed. He has requested, and been denied, parole from the INS District Director, and continues to be detained.

### B. PETITIONERS HERNANDEZ-LEIJA AND CALVILLO

Petitioners concur that the Court should dismiss Petitioners Hernandez-Leija and Calvillo-Lopez from the instant action.

As noted by INS, Petitioner Hernandez-Leija abandoned his struggle, and accepted his removal, in order to get out of detention. He is therefore no longer a lawful permanent resident, nor is his immigration case subject to any form of judicial review. Consequently, he is no longer a member of the proposed class.

With respect to Petitioner Calvillo-Lopez, the facts as stated by the Government are also correct.[1] The Court could not, therefore, order a remedy in his case, since he is not currently detained by the Respondents.

### C. OPPOSED MOTION OF PATRICIA CERDA TO BE JOINED AS A NAMED PLAINTIFF, AND/OR TO CONSOLIDATE HER INDIVIDUAL PETITION FOR REVIEW

Petitioners also object to the fact that the Magistrate Judge did not address the (opposed) motion of Ana Patricia Cerda to be joined as a named Plaintiff herein, and/or for her individual petition, CA B-02-109, to be consolidated with the instant action.

One of the "complaints" that the government has frequently voiced is that the named Plaintiffs who initially filed the instant action

---

[1] Counsel for Petitioners was out of town at a conference, and just received INS' Objections to the Report and Recommendation of the Magistrate Judge. Other than to the extent of concurring in their request that Petitioners Hernandez-Leija and Calvillo-Lopez be dismissed, Petitioners will respond separately to Respondents' Objections, no later than October 30, 2002.

had all been advised, (by their attorneys), of the existence of parole prior to the filing of this petition. In order to ensure that the complaint is fully addressed, the habeas petition of Ms. Cerda was filed *before* counsel explained to her the existence of the remedy of parole, under 8 U.S.C. §1182(d)(5)(A). Her facts, and her participation, are therefore important to this action.

On May 28, 2002, Petitioners filed a motion in the instant case that she be joined as a named Plaintiff, and that her individual petition be consolidated. They urge that this motion be granted.

**D. THE REPORT AND RECOMMENDATION MENTIONS, BUT DOES NOT ADDRESS, THE QUESTION OF WHETHER THE PLAINTIFF CLASS IS ENTITLED TO NOTICE OF THE RIGHT TO PAROLE UPON DETENTION BY INS.**

In his Report and Recommendation, the Magistrate Judge correctly found, as fact, (R&R:3), that:

> At no time after Petitioners' detention did Respondents give the Petitioners any form of notice of the possibility of "parole" pursuant to 8 U.S.C. §1182(d)(5).

The Magistrate Judge also noted, (R&R:5-6,8), that Plaintiffs seek both declaratory and injunctive relief on the issue of whether the Plaintiff class is entitled to such notice, at the time they are detained for hearing, under the authority of 8 U.S.C. §1101(a)(13)(C) and §1225(b)(2)(A). [2] However, the Magistrate did not include this issue in his analysis, or his recommendations. Plaintiffs therefore urge that the Court consider the arguments and briefs which they have previously filed on this issue, (*see, e.g.,* Plaintiffs' Opposition to Defendants/Respondents' Motion to Dismiss, filed May 28, 2002, at pp. 6-16), [3] and grant such relief.

---

[2] In defining the class, (R&R:10), the Magistrate erroneously referred to 8 U.S.C. §1225(b)(2)(C), rather than §1225(b)(2)(A).

[3] *See also, Cerda-Cardenas v. Trominski et al*, CA B-02-109, Opposition to Respondents' Motion to Dismiss, of August 28, 2002.

3

Therefore, Petitioners object to:

1) The characterization by the Magistrate Judge, (R&R:1,n.1), that Petitioner Grimaldo's "pleadings are currently in abeyance,"
2) The fact that the Magistrate Judge did not include Petitioner Grimaldo-Barrientos among those Petitioners for whom he recommends that the Court require INS to provide a parole hearing within 10 days of any Order signed by the District Court, (R&R:11). In fact, Petitioner Grimaldo is the only named Plaintiff for whom such a hearing is currently necessary, as he is the only one still detained by INS as an "arriving alien," and
3) The fact that the Magistrate Judge failed to recommend that the Court grant the pending motion of Ana Patricia Cerda to be joined as a named Plaintiff herein and for her individual habeas petition, CA B-02-109, to be consolidated with the instant action, and
4) The fact that the Magistrate Judge made no recommendation with respect to Plaintiffs' request for declaratory and injunctive relief with respect to the issue of providing notice of the possibility of parole, under 8 U.S.C. §1182(d)(5)(A), when an LPR is detained by Respondents for removal proceedings, pursuant to 8 U.S.C. §1101(a)(13)(C) and §1225(b)(2)(A), and his failure to recommend that such relief be granted.

## II. DISMISSAL OF PLAINTIFFS HERNANDEZ-LEIJA AND CALVILLO-LOPEZ

Petitioners also concur in the suggestion that Israel Hernandez-Leija and Carlos Calvillo-Lopez be dismissed from the action.

Respectfully Submitted,

/s/ Lisa S. Brodyaga

Lisa S. Brodyaga, Attorney          Thelma O. Garcia, Attorney
17891 Landrum Park Road             301 E. Madison
San Benito, TX 78586                Harlingen, TX 78550
(956) 421-3226                      (956) 425-3701

4

(956) 421-3423 (fax)                              (956) 428-3731 (fax)
Fed. ID.  1178
Texas Bar 03052800

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, and proposed order, were mailed to Ernesto Molina, Attorney, OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044, on this 21st day of October, 2002.

